UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL No. 3166<br>Case No. 25-md-03166-RS |
| This document relates to:<br><br>ALL ACTIONS | **PRETRIAL ORDER NO. 1** |

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred to this Court certain lawsuits relating to the alleged targeting and grooming of minors on the Roblox, Discord, Snap, and Meta platforms and related claims for fraudulent and negligent misrepresentation, negligence, failure to warn, and design defect. The Court orders as follows:

1. **Applicability of Order.** The provisions of this Order shall govern the practice and procedure in the actions transferred to this Court for pretrial proceedings as part of MDL No. 3166. This Order also applies to all related cases filed in the Northern District of California and all "tag-along" actions later filed in, removed to, or transferred to this Court. *See* Panel Rule 1.1(h).

2. **Consolidation.** The civil actions governed by this Order are consolidated for pretrial purposes. Any tag-along action transferred to this Court or filed in this District will be automatically consolidated with this action without the need for future motions or orders. Pretrial consolidation does not mean the actions should be consolidated for trial, nor does it make any

entity a party to an action in which it wasn't named, served, or added in accordance with the Federal Rules of Civil Procedure. To facilitate consolidation, all parties to this MDL must notify the Panel of any related or tag-along action of which they are or become aware. *See* Panel Rules 7.1, 7.2.

3. **Master docket file.** The Clerk of Court will maintain a master docket case file under the style "In Re: Roblox Corporation Child Sexual Exploitation and Assault Litigation" and the identification "MDL No. 3166." When a pleading applies to all actions, this shall be indicated in the caption by the words "This document relates to: ALL ACTIONS." When a pleading applies to only certain actions, this shall be indicated in the caption by the words "This document relates to: [individual case(s), as identified by this Court's case number(s)]."

4. **Filing.** Each attorney of record must become a Northern District of California ECF user with a user ID and password. If counsel has not already done so, counsel must register immediately and be issued a user ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf. All documents must be filed in the master docket, 25-md-3166. Documents that pertain to only certain actions must also be filed in the individual cases to which the document pertains.

5. **Appearances**. Counsel who appeared in a transferor court prior to transfer don't need to enter an additional appearance before this Court. The requirement that *pro hac vice* counsel retain local counsel is waived. Counsel are advised that the Court typically requires in-person as opposed to telephonic appearances for those wishing to participate at a hearing.

6. **Interim liaison counsel.** Before the initial case management conference, counsel for the plaintiffs shall confer and seek consensus on the selection of interim liaison counsel. Interim liaison counsel will be for the purposes of arranging the initial conferral among counsel to prepare the submissions and coordinate discussion of the agenda for the initial case management conference only. Interim liaison counsel will handle administrative matters on behalf of the plaintiffs in their liaison group. For example, liaison counsel shall be authorized to receive orders and notices from the Court, the Panel, or from the transferee court on behalf of all parties within

their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred as liaison counsel shall be shared equally by all members of the liaison group.

7. **Lead counsel.** The Court anticipates appointing a plaintiffs' lead counsel to coordinate and conduct pretrial activities. The Court requires individual applications for a lead counsel position, and any attorney who has filed an action in this MDL may apply. Applications must be filed in the master docket by January 12, 2026.

Each attorney's application must include a resume not exceeding two pages and a letter not exceeding three pages (single-spaced). The letter should address:

i. professional experience in this type of litigation, including MDL experience as lead or liaison counsel and/or service on any plaintiffs' committees or subcommittees;

ii. professional experience and familiarity with the subject matter of this litigation;

iii. the names and contact information of judges before whom the applicant has appeared in the matters discussed in response to (i) above;

iv. present and future ability to commit to time-consuming litigation;

v. ability and willingness to work cooperatively with others;

vi. resources available to prosecute this litigation in a timely manner; and

vii. ability to maintain reasonable fees and expenses.

Applications may also include an attachment indicating the names of other counsel who have filed cases in this MDL and who support the applicant's appointment as lead counsel.

Responses or objections must be filed in the master docket by January 19, 2026. Applicants and objectors will have the opportunity to address the Court briefly in person at the initial case management conference. The Court will appoint lead counsel as soon as possible thereafter. Counsel should be prepared to discuss the appropriate organization structure (e.g., steering committee) at the initial case management conference.

8. **Initial case management conference.** An initial case management conference will be held on January 30, 2026, at 9:30 am, in Courtroom 3, 17th Floor, 450 Golden Gate Avenue,

San Francisco, California. The case management conference will include discussion of the following matters:

    i. The appointment of lead counsel for the plaintiffs, and any further needs for organizational structure;

    ii. the responsibilities and authority of lead counsel in conducting pretrial activities, facilitating resolution of the MDL proceedings, and reporting to the court and non-leadership counsel;

    iii. the status of all litigation pending in this MDL matter;

    iv. any previously entered scheduling or other orders that should be stayed or vacated;

    v. priority claims and defenses likely to be presented;

    vi. factual and legal threshold issues likely to be presented;

    vii. whether consolidated pleadings should be prepared and a schedule for such;

    viii. a plan and schedule for exchange of information about the factual bases for parties' claims and defenses;

    ix. the possibility of bifurcating proceedings to address threshold issues before any plaintiff-specific questions;

    x. a schedule for discovery;

    xi. steps taken to preserve relevant evidence, including electronically stored information; and

    xii. whether any matters should be referred to a magistrate judge or master.

9. **Case management statements.** Plaintiffs and defendants shall each file a single, consolidated case management statement no later than January 16, 2026. These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. Statements must address the subjects this Court has set for discussion at the initial case management conference. Statements also must include a summary position statement indicating their preliminary understanding of the key facts involved in the litigation and the critical factual and legal issues. If the parties wish to discuss any other matters at the initial case

management conference, they should lay the groundwork for that discussion in their case management statements. The parties should also include a list of all known similar cases pending in federal or state court. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants. The submissions are not to exceed twenty (20) pages double-spaced.

10. **Member case status reports.** Each party also must submit a member case status report no later than January 16, 2026. These reports must include a list of all pending motions in the member case, together with their current status; any orders that the party requests be stayed or vacated, together with the party's reasoning; related cases pending in state or federal court, together with their current status; the member case's key facts and critical factual and legal issues; issues specific to the member case; and discovery taken to date. These reports will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. These reports are not to exceed five (5) pages double-spaced, and use of less space where possible is strongly encouraged.

11. **Conference appearances.** Counsel intending to participate at the initial case management conference must appear in person. Plaintiffs with similar interests may, without waiving defenses or affecting future representation, agree on a single attorney to attend the conference on their behalf. Those not actively participating in the conference may listen to it through Zoom, using the Zoom link in the Scheduling Notes on the Court's website at https://cand.uscourts.gov/judges/rs/seeborg-richard.

12. **Pending motions and discovery.** All pending motions must be renoticed once the Court sets a schedule for such motions. Any orders previously entered by a transferor court — including protective orders and evidence-preservation orders — shall remain in effect until this Court orders otherwise.

13. **Preservation of evidence.** Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, must exercise all reasonable efforts to notify parties and nonparties, including the employees of corporate or institutional parties, of their preservation obligations.

14. **Communication with the Court.** Unless otherwise ordered, all substantive communication with the Court must be written and e-filed. The Court recognizes that cooperation between plaintiffs' counsel and between defendants' counsel is essential for resolving complex litigation in an orderly and efficient manner. To that end, sharing information between plaintiffs' counsel and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the work-product protection, and cooperation of this kind shall not be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or work-product protection.

15. **Case website.** The parties should be prepared to discuss the establishment of a website accessible to counsel, parties, the public, and the press free of charge at the initial case management conference. Any website should include a list of dates and times of upcoming proceedings, along with significant court orders and other documents.

**IT IS SO ORDERED**.

Dated: December 17, 2025

_____
RICHARD SEEBORG
Chief United States District Judge