# Exhibit 3

Case 3:25-md-03166-RS   Document 90-3   Filed 01/16/26   Page 1 of 18

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**PRETRIAL ORDER NO. 18**
**(Plaintiff and Defense Leadership Appointments)**

The Court thanks all counsel who applied and made oral presentations for Plaintiff leadership positions in the MDL. The undersigned is thoroughly impressed with the quality of the applicant pool from which it has selected, with difficulty, the following leadership team.

Having carefully considered the submissions of counsel, including those applications submitted in accordance with Pretrial Order No. 5 (ECF No. 96) and presentations required under Pretrial Order No. 8 (ECF No. 144), the Court hereby appoints the following leadership team to fairly, effectively, and efficiently represent the interests of their respective side in this litigation.

I. **Leadership Appointments**

    **A. Plaintiffs' Leadership**

**Lead Counsel**

    Christopher Seeger
    Seeger Weiss

**Co-Lead Counsel**

| | |
|---|---|
| Bryan Aylstock<br>Aylstock, Witkin,<br>Kreis & Overholtz | Ellen Relkin<br>Weitz & Luxenberg |

The Court intends for this three-member group—one Lead Counsel supported by two Co-Lead Counsel—to collaboratively lead and coordinate the activities of all Plaintiffs' attorneys in the litigation and, in consultation with the Executive Committee, make all decisions—strategic, procedural, and/or substantive—on behalf of all Plaintiffs. In the event of a disagreement, the decision of Lead Counsel will control.

**Plaintiffs' Liaison Counsel**

    Christopher Paulos
    Levin Papantonio

**Plaintiffs' Executive Committee**

| | |
|---|---|
| Virginia Buchanan, Co-Chair<br>Levin Papantonio | Tracy Finken, Co-Chair<br>Anapol Weiss |
| Chris Hellums<br>Pittman, Dutton, Hellums,<br>Bradley & Mann | Troy Rafferty<br>Rafferty, Domnick,<br>Cunningham, Yaffa |
| Buffy Martines<br>Laminack, Pirtle & Martines | Michael Sacchet<br>Ciresi Conlin |

Case No. 3:25-md-3140-MCR-HTC

Case 3:25-md-03140-MCR-HTC   Document 180   Filed 01/06/25   Page 4 of 18

Page 3 of 17

Tara Sutton
Robins Kaplan

## Steering Committee

Roger Denton, Chair
Wright & Schulte

Virginia Anello
Douglas & London

R. Eric Kennedy
Weisman, Kennedy & Berris

Ava Cavaco
Nigh Goldenberg Raso & Vaughn

Katharine Krottinger
Monsour Law Firm

Adam Gomez
Grant & Eisenhofer

Jon Mann
Pittman, Dutton, Hellums, Bradley & Mann

Savannah Green
Aylstock, Witkin, Kreis & Overholtz

Carmen Scott
Motley Rice

Caleb Seeley
Seeger Weiss

## Science and Experts Subcommittee

Douglass Kreis, Co-Chair
Aylstock, Witkin, Kreis & Overholtz

Brian Devine, Co-Chair
Seeger Devine

Rosemarie Bogdan
Harding Mazzotti

Adam Gomez
Grant & Eisenhofer

Sara Castronuova
Douglas & London

Ashley Liuzza
Stag Liuzza

Ava Cavaco
Nigh Goldenberg Raso & Vaughn

Brendan McDonough
Weitz & Luxenberg

Case No. 3:25-md-3140-MCR-HTC

| | |
|---|---|
| Cynthia Garber<br>OnderLaw | Bonnie Rickert<br>Hilliard Law |

### Law and Briefing Subcommittee

| | |
|---|---|
| David Frederick, Co-Chair<br>Kellogg Hansen | Michael Sacchet, Co-Chair<br>Ciresi Conlin |
| Colleen Garvey<br>Stranch Jennings | C. Hogan Paschal<br>Fishman Haygood |
| Genevieve Outlaw<br>Robinson Calcagnie | Justin Presnal<br>Simmons Hanly |

### ESI and Discovery Subcommittee

Douglas Monsour, Chair
Monsour Law Firm

| | |
|---|---|
| David Buchanan<br>Seeger Weiss | Jon Mann<br>Pittman, Dutton, Hellums,<br>Bradley & Mann |
| James Dugan<br>Dugan Law Firm | Janna Maples<br>Stranch Jennings |
| R. Eric Kennedy<br>Weisman, Kennedy<br>& Berris | Kelly McNabb<br>Lieff Cabraser |
| | Connor Sheehan<br>Dunn Sheehan |

### Trial Subcommittee

David Buchanan, Chair
Seeger Weiss

Alejandro Alvarez
Alvarez Law Firm

Brandon Henry
Wagstaff & Cartmell

Virginia Buchanan
Levin Papantonio

Justin Presnal
Simmons Hanly

Andrew Schwaba
Schwaba Law Firm

### Data Administration Subcommittee

Julia Merritt, Chair
Chaffin Luhana

Miriam Agrait
Rubenstein Law

Courtney Mohammadi
Pope McGlamry

Sindhu Daniel
Scott + Scott

W. Roger Smith
Beasley Allen

### Class Action Committee

Kevin Hannon, Chair
Singleton Schreiber

Bonnie Rickert
Hilliard Law

Sara Watkins
Robert Peirce & Associates

### Common Benefit Committee

Chris Hellums, Chair
Pittman, Dutton, Hellums, Bradley & Mann

Lee McGartland
McGartland Law Firm

**Pro Se Plaintiff Liaison Counsel**

Starr Culpepper
Culpepper & Associates

Shelby Yarbrough
Law Office of Barrett Yarbrough

**B. Defense Leadership**

**Defense Liaison Counsel**

Jeremy Branning
Clark Partington

**C. Joint Leadership Committees**

**State-Federal Liaison Joint Committee**

**State-Federal Liaison Counsel – Plaintiffs**

Katherine Cornell, Chair
Cornell Law

**California Liaison Counsel**

Peter Kaufman
Panish, Shea, Boyle, Ravipudi

**Pennsylvania Liaison Counsel**

Daniel Rihn
Robert Peirce & Associates

### Illinois Liaison Counsel

Roger Denton
Wright & Schulte

### State-Federal Liaison Counsel – Defendants

Jessica Bodger Rydstrom
Williams & Connolly

### Joint Settlement Committee

#### Plaintiffs

Christopher Seeger
Seeger Weiss

#### Defendants

Joseph Petrosinelli
Williams & Connolly

## II. Leadership Responsibilities

### A. Lead Counsel[1]

Lead Counsel has the following responsibilities:

1. Serve as spokesperson for all Plaintiffs during these coordinated pretrial proceedings in response to any inquiries by the Court or opposing counsel.

2. Make or submit any oral or written motions to the Court on behalf of the Plaintiffs, as well as oppose, when necessary, any motions submitted by the

---

[1] The below responsibilities of Lead Counsel are inclusive of Co-Lead Counsel's responsibilities.

Case No. 3:25-md-3140-MCR-HTC

Defendants involving matters within the Lead Counsel's sphere of responsibilities (except as to matters specifically directed to individual Plaintiffs and their counsel).

3. Negotiate and enter into stipulations with the Defendants regarding the litigation.

4. Chair and convene meetings of the Executive Committee for the purpose of proposing joint action and discussing and resolving matters of common concern.

5. Coordinate discovery on behalf of the Plaintiffs, consistent with the requirements of Fed. R. Civ. P. 26, and in conjunction with the Steering Committee and the ESI & Discovery Subcommittee.

6. Consult with and employ expert witnesses.

7. Delegate specific tasks to other counsel or designated committees, in a manner that ensures that the Plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided.

8. Maintain adequate time and disbursement records covering common benefit work of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses.

9. With the Settlement Committee, explore, develop, and pursue all settlement options pertaining to any claim or portion thereof in any case filed in this litigation.

10. Attend status and case management conferences, including preconference meetings with the Court and opposing counsel.

11. Ensure that court orders are followed, schedules are met, discovery is conducted consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive.

12. Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit repository, and, under reasonable terms and conditions, have those documents available for examination by all Plaintiffs and/or their attorneys. This responsibility may be satisfied through an agreement with BrownGreer to provide a document centrality service.

13. Perform any task necessary to carry out the functions of Lead Counsel to properly coordinate the Plaintiffs' pretrial activities.

14. Perform any other functions as may be expressly authorized and/or required by this Court.

**B.     Liaison Counsel**

Liaison Counsel for both Plaintiffs and Defendants have the following responsibilities:

1.     Maintain and distribute an up-to-date, comprehensive service list of all Plaintiffs' and Defendants' attorneys, respectively, involved in this MDL and promptly advise the Court of any changes.

2.     Serve as the point of contact between the Court and the Plaintiffs' leadership or Defense leadership.

3.     Attend status and case management conferences, including preconference meetings with the Court and opposing counsel.

4.     Perform any other functions as may be expressly authorized and/or required by this Court.

Liaison Counsel for Plaintiffs specifically has the following additional responsibilities:

1.     Keep *pro se* litigants apprised of the status and progress of the litigation, in consultation with *Pro Se* Plaintiff Liaison Counsel.

2.     Ensure that all Orders entered by this Court and all papers filed by the Defendants are timely distributed to all Plaintiffs' attorneys in the MDL.

3.     Receive and distribute to Plaintiffs' counsel, as appropriate, correspondence and pleadings not filed through CM/ECF.

4.      Assist Lead and Co-Lead Counsel and the Court in promoting a just and efficient MDL.

C.      **Executive Committee**

The Executive Committee should be under the supervision of the Lead and Co-Lead Counsel and led by the appointed Co-Chairs.  Plaintiffs' Liaison and Lead/Co-Lead Counsel also serve as members of the Executive Committee.  This Committee's responsibilities include the following:

1.      Coordinate and oversee the activities of Plaintiffs' counsel during these consolidated pretrial proceedings, as well as monitor and ensure that work conducted by Plaintiffs' counsel is reasonably necessary and avoids unnecessary costs and duplication of effort.

2.      Determine (after consultation other Plaintiffs' counsel, as appropriate) the Plaintiffs' position on all matters arising during pretrial proceedings.

3.      Coordinate the selection and management of any common issue and/or Pilot case discovery and trials.

4.      Perform any other task deemed necessary and proper for the Executive Committee to accomplish its responsibilities as defined by the Court's orders.

D.      **Steering Committee**

The Steering Committee, under the supervision of the Executive Committee, has the following responsibilities:

Case No. 3:25-md-3140-MCR-HTC

1. Work at the direction of, and in coordination with, the Executive Committee in support of specific tasks of designated counsel or designated committees in a manner that ensures that the Plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, across discovery, expert witness development, vetting, and briefing.

2. Perform any other task deemed necessary and proper for the Steering Committee to accomplish its responsibilities as defined by the Court's orders.

No general discovery or other common action or work in this litigation will be taken on behalf of the Steering Committee except at the direction, or with permission, of Lead/Co-Lead Counsel; provided, however, that any attorney aggrieved by any refusal of permission may seek Court review of the refusal.

E. **Steering Subcommittees**

1. **Science and Expert Subcommittee**

This Subcommittee is responsible for organizing and coordinating expert discovery and Rule 26 disclosures, as well as a plan for the submission and presentation of Rule 702/*Daubert* challenges.

2. **Law and Briefing Subcommittee**

This Subcommittee will work in consultation with Lead and Co-Lead Counsel, Plaintiffs' Liaison Counsel, and the Executive and Steering Committees to

Case No. 3:25-md-3140-MCR-HTC

Case 3:25-md-03140-MCR-HTC   Document 180   Filed 11/06/25   Page 14 of 17
Case 3:25-md-03140-MCR-HTC   Document 180   Filed 11/06/25   Page 14 of 17

Page 13 of 17

plan, research, and prepare the Plaintiffs' pleadings, motions, responsive briefs, proposed orders, and other written materials during this litigation.

### 3. Electronically Stored Information ("ESI") and Discovery Subcommittee

This Subcommittee will work to manage the receipt, production, organization, and review of ESI, including through any data management firm Plaintiffs may retain. This Subcommittee is also responsible for any modifications to privilege and confidentiality protocols. This Subcommittee is responsible for developing and proposing to the Court any modifications to the schedules for the initiation, conduct, and completion of discovery.

### 4. Trial Subcommittee

This Subcommittee is responsible for coordinating common trial preparation materials. This Subcommittee will also assemble and prepare "trial packages" that can be used in future cases, including cases that are remanded to transferor courts for trial.

### 5. Data Administration Subcommittee

The Data Administration Subcommittee will oversee the process of collecting and producing the required Plaintiff information, including Threshold Proof of Use and Proof of Injury required under Pretrial Order No. 17 (ECF No. 178), for each Plaintiff's claims. To that end, this Subcommittee will be required to engage with

all individual Plaintiffs' attorneys and *pro se* Plaintiffs[2] to ensure that such proof is timely submitted, that adequate records authorizations and supporting documentation are provided (when required), and that core deficiencies (if any) are timely cured. The Data Administration Subcommittee will liaise with the Data Administrator, BrownGreer, in this process, and assist BrownGreer in any ongoing data administration needs. This Subcommittee will also directly interface with the MDL Court and provide a report monthly to the MDL Judge, both orally at the case management conferences ("CMCs"), as well as in writing before the CMCs. The Court may require additional updates at a more frequent interval on an *ad hoc* basis.

F.  **Class Action Committee**

This Committee is responsible for overseeing the medical monitoring class action proceeding(s) and advising the Court as to issues that need to be addressed or briefed.

G.  **Common Benefit Committee**

The Common Benefit Committee will be responsible for administering the Common Benefit Fund and overseeing Plaintiffs' counsels' time and expense submissions, together with the Executive Committee.

---

[2] With the assistance of the *Pro Se* Plaintiff Liaison Counsel.

Case No. 3:25-md-3140-MCR-HTC

H.   *Pro Se* Plaintiff Liaison Counsel

*Pro Se* Liaison Counsel will be responsible for supporting *pro se* Plaintiffs by keeping them apprised of the status and progress of the litigation; informing them of the general requirements of the litigation, including to timely register for MDL Centrality access and provide threshold proof of use/injury; and acting as a resource for the Court, including the Clerk's Office, and BrownGreer for any future needs or requests regarding *pro se* Plaintiffs.

I.   **Federal/State Liaison Counsel and State-Specific Liaison Counsel**

1. Keep co-counsel and the Court apprised of any motions, orders, or other significant developments in applicable state court actions.

2. Provide the MDL Court with pertinent filings and all orders in any state court actions and provide the presiding judges in the state court actions with pertinent filings and all orders in the MDL action.

3. Assist with any coordinated court proceedings between the federal and state courts.

J.   **Settlement Committee**

The Settlement Committee is required to work collaboratively and cooperatively to explore, develop, and pursue settlement options pertaining to any claim in any case filed in this litigation, as well as to identify any factual or legal issues that may impede the settlement of any case(s).

### III. General Information

#### A. Leadership Structure

The organizational structure for Plaintiffs' leadership established in this Order may not be modified or expanded, except with prior written approval of the Court. This prohibition includes the formation of additional committees and/or subcommittees. If changes become necessary as the litigation progresses, Plaintiffs' leadership must so notify the Court and request a modification of the leadership structure.

#### B. Personal Nature of Appointments

All appointments are of a personal nature. Accordingly, each appointee must assume personal responsibility for the performance of his or her duties as set forth above. No other attorneys, including members of an appointee's law firm, may substitute for the appointee in the fulfillment of his or her exclusive duties, except with prior approval of the Court. The Court may add or replace appointees on their request, on request of the Plaintiffs' leadership team (for Plaintiffs' leadership), or on its own motion, if and as circumstances warrant.

#### C. Plaintiffs' Leadership Term of Appointments

All appointments are made for a one-year period and will expire on March 16, 2026. Counsel may apply for reappointment when their term expires. A reappointment application process will be established at an appropriate time in

advance of the expiration date. Applications for reappointment must detail the nature and scope of the attorney's work on this litigation, including the time and resources that he or she expended during the previous term.

**SO ORDERED**, on this 16th day of March, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**