# Exhibit 6



OFFICE OF THE ATTORNEY GENERAL
STATE OF FLORIDA
DEPARTMENT OF LEGAL AFFAIRS

CONSUMER PROTECTION
SUBPOENA DUCES TECUM

**IN THE INVESTIGATION OF:**            **Roblox Corporation**
                                        **AG CASE NO: L25-3-1021**

**TO: Roblox Corporation**
ROBLOX CORPORATION
Legal Department
3150 South Delaware Street
San Mateo, CA 94403;
CORPORATION SERVICE COMPANY
1201 Hays Street
Tallahassee, FL 32301-2525;
legal@roblox.com

**SERVED VIA ROBLOX LAW ENFORCEMENT PORTAL,
CERTIFIED MAIL, AND EMAIL**

**THIS INVESTIGATIVE SUBPOENA DUCES TECUM** is issued pursuant to the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes, in the course and authority of an official investigation. Your attention is directed to Sections 501.204, and 501.206, Florida Statutes (2024), printed and attached hereto.

**YOU ARE HEREBY COMMANDED** to produce all documentary material and other tangible evidence as described herein, that is in your possession, custody, or control, or in the possession, custody, or control of your agents or employees, and to make it available for inspection and copying or reproduction before Attorney -

Assistant Attorney General **Jayden Mougin** and/or other Assistant Attorney(s) General on **May 16, 2025, at 9:00 a.m.** at the following location:

OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
3507 East Frontage Road, Suite 325
Tampa, FL 33607

**ALTERNATIVELY,** this subpoena may be complied with by delivering copies of all the requested materials, prior to the date set forth above to Investigator Richard Lyon at Richard.Lyon@myfloridalegal.com. The production of material in response to this demand shall include the following:

**SEE ATTACHED ADDENDUM**

**WITNESS**, the Department of Legal Affairs at **Tampa**, Florida, this 16th day of April, 2025.

JAMES UTHMEIER
ATTORNEY GENERAL

_/s/ Jayden Mougin_
Jayden Mougin
Attorney - Assistant Attorney General
Florida Bar No. 1060094
Office of the Attorney General
Consumer Protection Division
3507 East Frontage Road, Suite 325
Tampa, FL 33607
Telephone: (813) 287-7950
Facsimile: (813) 281-5515
Jayden.Mougin@myfloridalegal.com

**501.204 Unlawful acts and practices.—**
(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
(2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2017.

**501.206 Investigative powers of enforcing authority.—**
(1) If, by his or her own inquiry or as a result of complaints, the enforcing authority has reason to believe that a person has engaged in, or is engaging in, an act or practice that violates this part, he or she may administer oaths and affirmations, subpoena witnesses or matter, and collect evidence. Within 5 days, excluding weekends and legal holidays, after the service of a subpoena or at any time before the return date specified therein, whichever is longer, the party served may file in the circuit court in the county in which he or she resides or in which he or she transacts business and serve upon the enforcing authority a petition for an order modifying or setting aside the subpoena. The petitioner may raise any objection or privilege which would be available under this chapter or upon service of such subpoena in a civil action. The subpoena shall inform the party served of his or her rights under this subsection.
(2) If matter that the enforcing authority seeks to obtain by subpoena is located outside the state, the person subpoenaed may make it available to the enforcing authority or his or her representative to examine the matter at the place where it is located. The enforcing authority may designate representatives, including officials of the state in which the matter is located, to inspect the matter on his or her behalf, and he or she may respond to similar requests from officials of other states.
(3) Upon failure of a person without lawful excuse to obey a subpoena and upon reasonable notice to all persons affected, the enforcing authority may apply to the circuit court for an order compelling compliance.
(4) The enforcing authority may request that an individual who refuses to comply with a subpoena on the ground that testimony or matter may incriminate him or her be ordered by the court to provide the testimony or matter. Except in a prosecution for perjury, an individual who complies with a court order to provide testimony or matter after asserting a privilege against self-incrimination to which he or she is entitled by law shall not have the testimony or matter so provided, or evidence derived therefrom, received against him or her in any criminal investigation or proceeding.
(5) Any person upon whom a subpoena is served pursuant to this section shall comply with the terms thereof unless otherwise provided by order of the court. Any person who fails to appear with the intent to avoid, evade, or prevent compliance in whole or in part with any investigation under this part or who removes from any place, conceals, withholds, mutilates, alters, or destroys, or by any other means falsifies any documentary material in the possession, custody, or control of any person subject to any such subpoena, or knowingly conceals any relevant information with the intent to avoid, evade, or prevent compliance shall be liable for a civil penalty of not more than $5,000, reasonable attorney's fees, and costs.

## ADDENDUM

### Definitions

A. "Company" or "companies" as used herein means the addressee/recipients of this subpoena, **Roblox Corporation**, its parents, branches, departments, divisions, affiliates, subsidiaries, retail outlets, stores, franchises, successors, or predecessors, whether wholly owned or not, including, without limitation, any organization or entity in which said addressees have a management or controlling interest, together with all present and former officers, directors, agents, employees, sales people, brokers, representatives or anyone else acting or purporting to act, on behalf of the above-identified persons or entities, or through which **Roblox Corporation** may have conducted business. The term "you" and "your" shall be synonymous with **Roblox Corporation**.

B. "Document" or "documents" as used herein shall include all paper records and all electronically stored information, including the original and any non-identical copy (whether different from the original because of notations on such copy or otherwise, and including all draft versions of the original), of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, all correspondence, communications (as defined below in Paragraph E), web pages, social media communications, marketing materials, photographs, contracts (including drafts, proposals, and any and all exhibits thereto), drafts, minutes and agendas, memoranda (including inter and intra-office memoranda, memoranda for file, pencil jottings, diary entries, desk calendar entries, reported recollections, and any other written form of notation of events or intentions), transcripts and recordings of conversations and telephone calls, audio and video media files, books of account, ledgers, publications, professional journals, invoices, financial statements, purchase orders, receipts, canceled checks and all other paper or electronic documentary material of any nature whatsoever, together with any attachments thereto or enclosures therewith.

C. The term "any" shall be construed as synonymous with "all" and shall be all inclusive.

D. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the request more inclusive.

E. "Communication" or "communications" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, opinions or

ideas, or transmission or exchange of data or other information to another person, whether orally, person to person, in a group, by telephone, letter, personal delivery, intercom, fax, e-mail, text message, social media, online messaging, or any other process, electric, electronic or otherwise in any medium. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents.

F. "Person" means any individual and all entities, and, without limiting the generality of the foregoing, includes natural persons, employees, contractors, agents, consultants, vendors, telemarketers, consumers, customers, officers, directors, successors, assigns, joint owners, associations, partnerships, companies, joint ventures, corporations, affiliates, trusts, trustees, escrow agents and estates, and all groups or associations of persons.

G. "Related to" or "relating to" means in whole or in part constituting, containing, concerning, embodying, reflecting, discussing, describing, analyzing, identifying, stating, referring to, setting forth, dealing with, or in any way pertaining to.

H. "Child" or "Children" means an individual younger than 18 years of age.

I. "Safety Issue" or "safety issues" includes events or communications relating to child exploitation, kidnapping, child predators, child endangerment, child pornography, addictive use, material harmful to Children, or illegal activity.

J. "Personal Information" means information that is linked or reasonably linkable to an identified or identifiable child, including biometric information and unique identifiers to the child.

K. "Process" or "Processing" means any operation or set of operations performed on personal information or on sets of personal information, regardless of whether by automated means.

L. "User" or "Users" means any individual or entity utilizing or accessing the services provided by Your platform.

M. "Daily Active Users" means the number of unique users in the United States who used the online forum, website, or application at least 80 percent of the days during the previous 12 months.

## Instructions

N. This Subpoena is for the production of all responsive documents and information in your possession, custody or control regardless of whether such documents or information is possessed directly by you or your directors, officers, agents,

5

employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

O. Unless otherwise specified, original documents must be produced, and the originals of electronic files must be produced in accordance with paragraph P herein. If your "original" is a photocopy, then the photocopy would be and should be produced as the original. Said copy shall be legible and bound or stapled in the same manner as the original.

P. The documents to be produced pursuant to each request should be <u>segregated and specifically identified</u> to indicate clearly the particular numbered request to which they are responsive.

Q. If any responsive document or information cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

R. If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss or destruction.

S. Documents not otherwise responsive to this Subpoena shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by this Subpoena, or if such documents are attached to documents called for by this Subpoena and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

T. If you do not possess, control, or have custody of any documents responsive to any numbered request set forth below, <u>state this fact by so specifying in your response to said request</u>.

U. The use of the singular form of a word includes the plural and vice versa. In addition, the use of any tense of any verb includes all other tenses of the verb.

V. ***Electronically Stored Information*** (ESI) is to be produced in the form in which it is ordinarily maintained. For example, native files would include email, spreadsheets and word processing files. Responsive documents that exist in electronic format shall be provided in native format (e.g., Microsoft Word files (.doc) or Outlook (.pst), emails, spreadsheets and word processing documents) with standard metadata intact, as outlined below. Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The

list of reports shall be provided in native Excel (.xls) format. The database format will be requested for production after both parties agree on the format. Please include sufficient identification of the applicable software program to permit access to, and use of, each document. All attachments must be linked to their electronic documents. Native files should be provided in directories which are identifiable as responsive to a specific document request. All documents produced in native form should be produced on CDROM, DVDROM, External USB, or other similar drive media of a type that can be read by any standard computer. Unless otherwise agreed to, standard metadata in electronically stored information shall be preserved and produced, such as: Custodian, To, From, CC, BCC, Dates and Times (Sent, Received and Modified), Attachments, Links and Document types. A more complete list can be provided upon request. Questions regarding electronic production should be directed to the Assistant Attorney General whose name appears on this Subpoena. Arrangements will be made for the communication with the appropriate in-house technical expert.

W. If you claim the attorney-client privilege, work-product privilege, or any other privilege, for any document, provide a detailed privilege log that contains at least the following information for each document that you have withheld:

   1) The name of each author, writer, sender or initiator of such document or thing, if any;
   2) The name of each recipient, addressee or party for whom such document or thing was intended, if any;
   3) The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;
   4) The general subject-matter as described on such document; if no such description appears, then such other description sufficient to identify said document; and,
   5) The claimed grounds for withholding the document, including, but not limited to, the nature of any claimed privilege and grounds in support thereof.

X. TRADE SECRET PROTECTION. In the event you seek to assert trade secret protection under Florida Statutes section 119.0715, or other applicable Florida Statutes, for each document for which trade secret protection is claimed:

   1) Provide prior to, or simultaneous with, production of the document at issue, a sworn affidavit from a person with knowledge as to the basis for the trade secret claim, which complies with the following requirements:

      a. The affidavit should specify the bates range of the claimed trade secret documents at issue, generally describe the documents at

7

    issue, and provide evidence of the application of the trade secret exemption.

   b. The affidavit should attach a certification (similar in form to a traditional privilege log) that identifies the following information for each separate claimed trade secret document: (i) the bates range of the document; (ii) a description of the document sufficient to determine the application of the trade secret exemption; and (iii) the specific element(s) or provision(s) of section 688.002 that render the document at issue a trade secret exempted from public records.

 2) Segregate and separately label the documents claimed as trade secrets as follows:

   a. Documents produced electronically should be produced on separate CD or electronic media clearly labeled "Trade Secret" on the physical media as well in the title of the electronic folder or file;

   b. Documents produced in hard copy should be separated and each clearly labeled "Trade Secret."

 3) Any challenge to the application of the trade secret exemption shall be rebutted, if at all, only by you and not by the Office of the Attorney General, whose involvement shall be limited solely to providing notice to you of any challenge to your claim of trade secret protection. To the extent you seek to assert a trade secret exemption in connection with a public records request to the Office of the Attorney General, you shall be obligated to seek an appropriate protective order or otherwise establish the applicability of the trade secret claim and exemption. Failure to do so shall render the documents subject to production under any applicable public records requirements and not protected by a trade secret claim.

Y. DOCUMENT PRESERVATION. All document destruction or retention policies and practices and electronic file deletion or disk management policies and practices (including, but not limited to, reformatting practices) that could have the effect of altering or deleting information requested by this Subpoena should be suspended.

 1) Because electronically stored information is an important and irreplaceable source of evidence, you must take appropriate steps to preserve all potentially relevant documents within your control or [practical ability to access], which

8

includes, but is not limited to, preserving information from computer systems, removable or portable electronic media (like CDs/DVDs, USB drives), e-mail, text/instant messaging, "tweets" and other electronic correspondence at work and other locations, word processing documents, spreadsheets, databases, calendars, telephone logs, cell phones, voicemail, blogs, social media, internet usage files, website data, personal computers/laptops, personal data assistants (PDAs), servers, and archives/backup files, as well as other tangible documentation that will be relevant to the discovery of admissible evidence in this matter, so as to avoid any potential claims for spoliation of evidence. This request pertains not only to documents that are directly responsive to this Subpoena, but to all other documents that relate to the subject of our investigation as well.

2) Preservation of electronic data in its native format is essential, as a paper printout of text contained in a computer file does not completely reflect all information contained within an electronic file. Additionally, due to its format, electronic evidence can be easily altered, deleted, corrupted or otherwise modified. Accordingly, you are required to take every reasonable step to preserve this information until the resolution of this matter. This includes, but is not limited to, the following obligations:

   a) Discontinue all data destruction and overwriting/recycling processes of relevant data;
   b) Preserve passwords, decryption procedures (and accompanying software), access codes, ID codes, etc.; and
   c) Maintain all pertinent information and tools needed to access, review and reconstruct all requested or potentially relevant electronic data.

3) Your obligations under the law are ongoing and should be considered in force and effect until the resolution of this matter. Accordingly, with regard to electronic data and documents that are created subsequent to the date of this Subpoena, relevant evidence is not to be destroyed or overwritten and you should take whatever steps are necessary to avoid destruction of potentially-relevant evidence.

## WHEREFORE YOU ARE HEREBY COMMANDED TO PRODUCE:

Unless otherwise noted, the time period applicable to the following requests is January 2021, through the date upon which the response to this Subpoena is due and/or actually provided to the Office of the Attorney General, whichever occurs later in time. Responsive documents that exist in electronic format shall be provided in native format (e.g., Microsoft Word files (.doc) or Outlook e-mails(.pst), and Microsoft Excel spreadsheets (.xls). Where an excel sheet or summary exists which contains the information requested below, it may be produced in lieu of the original documents if the replacement is sufficient to show the requested information.

**Information to produce:**

1. Documents sufficient to show the amount of time spent on Your platform broken down by age for all Daily Active Users 16 or younger during the relevant time period.

2. Exemplars of all marketing materials that relate to Your platform's suitability for children.

3. Documents relating to the marketing of Your platform to Your youngest customers or demographic, including Children, including but not limited to the use of promotions and giveaways, social media platforms, celebrities, external partnerships, social media influencers, musicians, cartoon images, music and bright colors. This specification includes all internal documents, including marketing plans, relating to the marketing of these offerings, including the use of surveillance, direct mail/e-mail, data collection, hyper-personalization, targeting, and use of social networks.

4. Documents reflecting the steps You take to ensure Children are not exposed to mature content on Your platform.

5. Communications to or from a Florida User reporting abuse to You, including all abuse reporting forms.

6. Communications to or from the National Center for Missing & Exploited Children relating to Florida Users.

7. Documents relating to the harm experienced by Children who use Your platform, including but not limited to addiction, school performance, financial problems, familial issues, and property loss.

8. Documents supporting any representations made in Your marketing materials that suggest that Your Platform is safe for all ages.

9. Documents sufficient to show the requirements for creating new User accounts on Your platform, including all terms and conditions.

10. Documents sufficient to show parental control options relating to creating new User accounts on Your platform.

11. Communications relating to parental controls being circumvented by Children using Your platform.

12. Documents sufficient to show parental control options relating to Your chat features.

13. Documents sufficient to describe Your chat and game moderation capabilities.

14. Documents sufficient to show the age verification procedures You use relating to Child Users creating accounts on Your platform and any audits thereof.

15. Documents sufficient to identify your employees who were responsible for creating and enforcing your age verification protocols. Said documents should include the names, work title, address, and dates of employment of each employee as well as the name, work title, address, and dates of employment of that employee's direct supervisor.

16. Documents sufficient to show what Personal Information You Process on Children who use Your platform.

17. Documents sufficient to show all content moderation procedures and guardrails relating to Safety Issues on Your platform.

18. Complaints and communications relating to Florida Users and safety violations or Safety Issues on Your platforms.

19. Documents sufficient to identify pending or concluded litigation or other legal action relating to Safety Issues to which You have been a party to since January 2021.

20. Documents relating to any criminal prosecution of which You are aware, arising or alleged to have arisen from Children's contact with Your chat room users.

21. Documents relating to any criminal prosecution of which You are aware, arising or alleged to have arisen from Children's contact with You.

22. Documents, including but not limited to internal communications, external communications, manuals, standard operating procedures, and written directives prepared by You or on Your behalf relating to Child Safety Issues.

23. Communications relating to knowledge of Safety Issues and Your platform from January 2021 until the present.

24. Documents reflecting crime information, statistics, or reports of criminal activity relating to Your platform from external sources.

25. Corporate meeting minutes which involved Safety Issues, Children, guardrails, and means of protecting Children on Your platform from January 2021 until the present.

26. Communications and documents relating to the press release from the National Center on Sexual Exploitation naming Roblox to their Dirty Dozen in 2023 and 2024.

27. Documents reflecting the total number of accounts, broken down by month, that You have removed from Your platform from January 2021, until January 2025, due to Child Safety Issues.