# Exhibit 8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC.,
PASSENGER SEXUAL ASSAULT
LITIGATION

_____/

This Order Relates To:

ALL ACTIONS

MDL No. 3084 CRB

**PRETRIAL ORDER NO. 5:
DISCOVERY SCHEDULE AND
INITIAL MOTIONS**

On October 6, 2023, the Court ordered that "all outstanding discovery proceedings are stayed, and no further discovery shall be initiated." Pretrial Order No. 1, Dkt. No. 2. On December 6, 2023, the Court ordered Co-Lead Counsel and the PSC to meet and confer with Defendants regarding, among other things, a discovery plan and schedule for filing a master complaint and initial motions. Pretrial Order No. 4, Dkt. No. 152 at 5. The Court ordered Plaintiffs' Liaison Counsel and Defendants to jointly file a proposed pretrial order regarding discovery on those topics. Id. at 6. The parties were unable to agree on the terms of such an order, and on December 21, they submitted competing proposals and supporting memoranda. Dkt. Nos. 168, 171.

Having carefully considered the parties' proposals, the Court establishes the following schedule and procedures. Although this Order adopts elements from both parties' proposals, it differs in some respects from each.

1. <u>**Scope of Order**</u>

This Order shall govern the practice and procedure in those actions transferred to

this Court by the Judicial Panel on Multidistrict Litigation ("the Panel") pursuant to its Transfer Order of October 4, 2023 (Dkt. No. 1), any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

This Order and all subsequent Pretrial Orders shall be binding on all parties and their counsel in all cases currently pending in or subsequently added to In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation, MDL No. 3084, and shall govern each case in the proceedings unless the Order explicitly states that it does not apply to specific cases or that it applies only to specific cases.

The inclusion of any action in this MDL, whether such action was or will be filed originally or directly in the United States District Court for the Northern District of California or was or will be transferred or removed from some other court, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.

**2. Cooperation**

The parties agree to work together to coordinate discovery to the maximum extent feasible to promote the efficient and speedy resolution of this MDL.

**3. Discovery Stay**

The stay on discovery sought from Defendants is lifted as to discovery requests (including written discovery, depositions, and third-party discovery) authorized by Co-Lead Counsel.

**4. Plaintiffs' Disclosure Obligations**

A.      All Plaintiffs must produce to Defendants a bona fide ride receipt from an Uber trip connected to the alleged incident by **February 15, 2024**.  For those cases where a receipt is not readily available, Plaintiffs' counsel must disclose to Defendants: (1) why the receipt is unavailable; (2) the name, phone number, and email address of the accountholder who ordered the ride; (3) the date of the ride, with as much precision as is reasonably possible; (4) the starting location and ending location of the ride, with as much

2

precision as is reasonably possible; (5) any other basic information that may assist Defendants in identifying the ride; and (6) if items (2) through (5) cannot be provided with precision or cannot be provided at all, an explanation as to why the information is not readily ascertainable.

The February 15 deadline shall apply only to cases currently pending in this MDL and those cases that are directly filed in this Court, removed to this Court, or transferred to the MDL on or before February 1, 2024. For any case that is filed in, removed to, or transferred to the MDL after February 1, 2024, the plaintiff must produce the above information to Defendants within 14 days of the case being filed in, removed to, or transferred to this Court.

B.      With the exception of Paragraph 4.A above, all discovery on Plaintiffs remains stayed. Co-Lead Counsel and the PSC shall meet and confer with Defendants as to the scope and terms of Plaintiff-related discovery, including plaintiff and defense fact sheets. By **January 15, 2024**, Co-Lead Counsel and Defendants shall submit joint or competing proposed orders, along with joint or competing fact sheets. If the parties submit competing proposals, each shall submit a memorandum (not to exceed ten pages) explaining why the Court should adopt that party's proposal.

5. **Service**

All discovery requests and written responses and objections may be served by email. For purposes of calculating the deadline to respond, email service will be treated the same as hand delivery. Defendants shall serve discovery requests and written responses and objections on Plaintiffs' Co-Lead Counsel and Plaintiffs' designated email service list. Plaintiffs shall serve discovery requests and written discovery responses and objections on Defendants' counsel.

6. **Discovery Schedule**

A.      *Rule 26 Initial Disclosures*. Defendants shall serve Rule 26 initial disclosures by **February 29, 2024**.

B.      *Initial Productions—Government Documents*. Defendants shall promptly

3

produce to Plaintiffs, prior to receipt of formal document requests from Plaintiffs, all documents Defendants produced to legislative, regulatory, or enforcement entities in connection with government investigations or inquiries within the United States of Uber with respect to sexual assault, including attempted assaults (except those investigations or inquiries conducted pursuant to grand jury subpoena), including all those by the California Public Utilities Department, and any associated privilege logs. The disclosures should encompass investigations and inquiries pertaining to alleged individual incidents, as well as those pertaining to alleged systemic failures to address patterns of sexual assault against passengers. Defendants shall make rolling productions and privilege logs of these Government Documents upon entry of the Protective Order and shall endeavor to complete those productions, including privilege logs, by **January 31, 2024**.

C.     *Initial Productions—Other Case Documents*. Defendants shall promptly produce to Plaintiffs, prior to receipt of formal document requests from Plaintiffs, all documents Defendants produced in any other Uber sexual assault cases, including arbitrations, and any other cases about the "Safe Rides Fee," including any associated privilege logs. Defendants may redact HIPAA-protected information of plaintiffs in those actions.

Upon entry of the Protective Order, Defendants shall make rolling productions and endeavor to complete those productions, including privilege logs, by **February 8, 2024**.

D.     *Substantial Completion of Defendant Document Production in Response to First Set of Requests for Production*. The parties shall endeavor to complete Defendants' productions of non-privileged, responsive documents in response to Plaintiffs' First Set of Requests for Production by September 1, 2024. The parties may apply (jointly or separately) for an extension of this deadline for good cause shown.

E.     *Other Discovery*. Co-Lead Counsel and the PSC shall meet and confer with Defendants about a pre-trial order regarding the timing of deposition discovery, a protocol for depositions, and expert discovery. The parties will submit a joint proposed pre-trial order or orders regarding depositions and expert discovery on or before **February 23,**

United States District Court
Northern District of California

**2024**.  If the parties are unable to agree on the contents of such order(s), then each shall submit its own proposal with a memorandum (not to exceed 10 pages) explaining why the Court should adopt that party's proposal.

**7.  Master Long-Form Complaint**

By **February 15, 2024**, Plaintiffs shall file a Master Long-Form Complaint ("Master Complaint").

**8.  Short Form Complaints**

By **February 29, 2024**, the parties shall file joint or competing proposals regarding the form and procedure for Short Form Complaints, including deadlines.  If the parties are unable to agree on the contents of such an order, then each shall submit its own proposal with a memorandum (not to exceed 10 pages) explaining why the Court should adopt that party's proposal.

**9.  Initial Motions**

A.  *Motions Regarding Uber's Terms of Use*.  By **February 9, 2024**, Defendants shall file any pretrial motion raising arguments about its Terms of Use Agreement(s) and their effect on Plaintiffs' ability to bring their claims in a coordinated or consolidated proceeding (the "Terms of Use Motion").  By February 23, 2024, Plaintiffs shall file their oppositions to any such motion.  By March 1, 2024, Defendants shall file any replies in support of such motion.

B.  *Answers or Other Rule 12 Motions*.  By **April 1, 2024**, Defendants shall file any answers or Rule 12 motions to dismiss the Master Complaint, in whole or in part, in some or all of the actions in this MDL (the "Rule 12 Motions").  By May 22, 2024, Plaintiffs shall file their oppositions to any Rule 12 Motions.  By June 19, 2024, Defendants shall file replies in support of any Rule 12 Motions.

C.  Defendants do not waive and shall be deemed to have preserved any defenses not addressed in the motions described in subparagraphs (A) and (B) above (the "Initial Motions"), including any available statute of limitations defenses, and nothing herein shall preclude the filing of additional Rule 12 or other dispositive motions following

the Court's ruling on the Terms of Use Motion or the Rule 12 Motions or at any other time permitted by the Court.

D.      Within 14 days of the Court's ruling on Defendants' first set of Rule 12 Motions, the parties shall meet and confer about a process and timetable for briefing any additional motions to dismiss pursuant to Rule 12 that Defendants intend to file, as well as other case management items in the litigation.  Within 30 days of the Court's ruling on Defendants' first set of Rule 12 Motions, the parties shall submit a joint proposed case management order.  If the parties are unable to agree on the contents of such an order, then each shall submit its own proposal with a memorandum (not to exceed 10 pages) explaining why the Court should adopt that party's proposal.

**10.** **Electronically Stored Information**

Co-Lead Counsel and the PSC shall meet and confer with Defendants to discuss the ESI protocols that will be followed in this case.  The parties shall also meet and confer regarding custodial sources and non-custodial sources of discovery and other ESI productions per the Northern District of California's Checklist for Rule 26(f) regarding ESI and per PTO No. 2 no later than **January 24, 2024**.  By **February 4, 2024**, the parties shall submit a joint proposed ESI Protocol.  If the parties are unable to agree on the contents of such a protocol, then each side shall submit its own proposed order regarding production of ESI with a memorandum (not to exceed 10 pages) explaining why the Court should adopt that party's proposal.  Nothing in this paragraph shall delay the initial productions called for under Paragraph 6.B and C, and Defendants are specifically directed to proceed with those productions after the entry of the Protective Order.

**11.** **Discovery Dispute Resolution**

Discovery disputes will be raised with Magistrate Judge Cisneros, and shall be resolved consistent with the procedures for discovery disputes as set forth in the Standing Order for Magistrate Judge Cisneros, with the following modifications.  The joint letter shall not exceed eight pages and need not include case management deadlines.  Any party may demand a formal meet and confer within one week's notice.  If the disagreement

United States District Court
Northern District of California

remains, the parties shall file a joint letter no later than ten days after the formal meet and confer. If either party seeks to modify those procedures, the parties may file joint or competing proposals before Judge Cisneros, along with memoranda (not to exceed ten pages) arguing for one proposal versus another.

**12. Table of Dates**

| Deadline | Event |
|---|---|
| January 15, 2024 | Parties shall submit joint or competing proposed orders regarding Plaintiff-related discovery |
| January 24, 2024 | Parties shall meet and confer regarding custodial sources and non-custodial sources of discovery and other ESI productions |
| January 31, 2024 | Defendants complete production of all documents produced to legislative, regulatory, or enforcement entities |
| February 4, 2024 | Parties submit joint or competing ESI protocols |
| February 8, 2024 | Defendants complete production of previously produced documents from any other Uber sexual assault case or any other cases about the "Safe Rides Fee" |
| February 9, 2024 | Defendants file Terms of Use Motion |
| February 15, 2024 | Plaintiffs submit initial disclosures to Defendants as set forth in Paragraph 4.A of this Order |
| February 15, 2024 | Plaintiffs File Master Long-Form Complaint |
| February 23, 2024 | Parties submit joint or competing proposed pretrial order(s) regarding depositions and expert discovery |
| February 29, 2024 | Parties submit joint or competing proposed orders regarding Short Form Complaint form and procedure |
| February 29, 2024 | Defendants serve Rule 26 Disclosures |
| April 1, 2024 | Answer to Master Complaint or Rule 12 motions to dismiss Master Complaint, in whole or in part |

| | |
|---|---|
| May 22, 2024 | Oppositions to Rule 12 motions to dismiss Master Complaint |
| June 19, 2024 | Reply in support of Rule 12 motions to dismiss Master Complaint |
| 30 days after the Court's ruling on Defendant's first set of Rule 12 Motions | Parties submit joint proposed case management order |
| September 1, 2024 | Defendants substantially complete productions of non-privileged responsive documents in response to First Set of Requests for Production |

**IT IS SO ORDERED.**

Dated: December 28, 2023

\_\_ _____ _____ _____
CHARLES R. BREYER
United States District Judge