# Exhibit 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 8** |
| This Document Relates to:<br>ALL CASES | Upcoming CMC Dates:<br>February 23, 2024<br>March 22, 2024 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on January 26, 2024. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

**I.     Defendants' Motion to Certify Interlocutory Appeal**

The Court heard argument on defendants' motion to certify an interlocutory appeal and took the motion under submission. A separate order will issue.

**II.     Parties' Letter Briefs Regarding General Causation**

The Court also heard argument on defendants' request "to set early deadlines in the personal injury cases for the parties' disclosure of general causation experts and for filing and adjudicating Rule 702 motions concerning the admissibility of those experts' testimony." (Dkt. No. 536, Defs' Letter Br. at 1.)

In support of their position, defendants emphasized that: (1) the Judicial Panel on Multidistrict Litigation ("JPML") specifically referenced the efficiency benefits gained through centralization of *Daubert* motions in its transfer order (*see* Dkt. No. 1, JPML Order, at 2–3 & n.4), a point made by certain plaintiffs in their own briefs before the JPML; (2) causation runs through

the Second Amended Master Complaint ("SAC") and plaintiffs fail to plead facts alleging specific causation; (3) plaintiffs rely on cherrypicked studies which themselves recognize how contentious general causation is to establish and are otherwise inconsistent; and (4) reaching general causation at an earlier stage, when the court is not also juggling other issues including summary judgment challenges, is consistent with the purposes behind creating this MDL.

These arguments fail to persuade for several reasons. *First*, defendants' attack on the veracity of the studies cited in the SAC is more appropriately placed in a Rule 702 (*Daubert*) motion. *Second*, defendants' request appears to presume that expert testimony on general causation will be largely dispositive of plaintiffs' cases. Not necessarily. The SAC relies not only on expert reports discussing general causation (*see, e.g.*, Dkt. No. 494, SAC ¶¶ 96–116) but also alleges admissions from some defendants, such as internal documentation assessing a relationship between product use and addictive tendencies in young users (*see, e.g.*, SAC ¶¶ 19, 182, 219, 261, 272, 280–81, 323–26, 374–76, 755). *Third*, defendants acknowledged that they are not proposing this Court resolve issues regarding general causation within the next couple months. Thus, it is unclear what "early" resolution of the general causation issue would involve and how such resolution would advance the termination of this litigation.

For the foregoing reasons, defendants' request is therefore **DENIED**. As defendants are no doubt aware, disputes regarding expert testimony are typically at a later stage but prior to trial. As such, the Court will set deadlines that permit challenges to plaintiffs' experts well in advance of any bellwether trial.[1]

## III.    Sealing Motions

Pursuant to joint stipulation of the parties and good cause showing, Meta's Omnibus Sealing Stipulation Regarding Sealing Material in the Second Amended Master Complaint (Personal Injury) and TikTok's Omnibus Sealing Stipulation Regarding Plaintiffs' Master

---

[1] Defendants are reminded that they must identify as "experts" any employees who they wish to have testify in a bellwether trial on the basis of their expertise. Such individuals must identify the basis for their expert opinions and shall be subject to deposition.

Complaint (Local Government and School District) are **GRANTED**. (*See* Dkt. Nos. 540 & 542, respectively.)

The TikTok defendants' Omnibus Sealing Stipulation Regarding Exhibit C to Plaintiffs' SAC (Personal Injury) is **DEEMED WITHDRAWN** at their request. (*See* Dkt. No. 543.) The TikTok defendants subsequently filed a revised Omnibus Sealing Stipulation Regarding Exhibit C to Plaintiffs' SAC (Personal Injury). (Dkt. No. 576.) Pursuant to joint stipulation of the parties and good cause showing, that stipulation is **GRANTED**.

### IV.    Motion to Remand in *Youngers*

Plaintiff Joleen Youngers filed a motion to remand on December 21, 2023, in member case *Youngers v. Meta Platforms, Inc.*, No. 23-cv-00547-YGR (N.D. Cal. Dec. 21, 2023), although it was subsequently withdrawn. (*See* Dkt. No. 545, Agenda and Joint Statement for January 26, 2024, Case Management Conference at 5.) Ms. Youngers now requests that the Court grant her leave to re-file the motion and set a briefing schedule. Defendants oppose on the grounds that such a motion is premature. Without deciding whether remand is appropriate, the Court **GRANTED** plaintiff's request. Standard deadlines shall apply to briefing on the motion. There will be no argument unless specially scheduled by the Court.

### V.    Bellwether Protocols

Parties previously requested guidance from the Court regarding bellwether protocols. After hearing an update from parties regarding the current status of the Joint Council Coordination Proceedings ("JCCP") pending before Judge Kuhl and argument on appropriate discovery and related deadlines, the Court **ORDERED** parties to provide proposed trial schedules by **Friday, February 2, 2024**.[2] Further, the Court **SET** a hearing on such proposals for **Tuesday, February 6, 2024** at **9:00 a.m.**  This will likely be an informal process, off-the-record.  Only those responsible for this process, with decision-making authority, should attend.

---

[2] Parties should begin discussing the selection process for bellwether trials, and to the extent feasible, include selection process proposals in their filings.

Parties are advised that, given the JCCP's focus on individual plaintiff cases, this Court will prioritize for trial the local government and school district cases, as well as the state Attorney General cases, albeit some measure of individual cases should be prepared to proceed as well.

### VI.    Implementation Orders

Pursuant to joint stipulation of the parties and good cause showing, the Proposed Plaintiff User Account Information Order and Implementation Order Governing Adoption of Plaintiff Fact Sheet for Personal Injury Plaintiffs are GRANTED. (*See* Dkt. Nos. 550 & 551, respectively.)

Parties advised the Court they plan to file revised joint stipulations and proposed implementation orders relative to the Short-Form Complaints in the personal injury and local government and school district cases. Thus, the stipulations and proposed implementation orders pending at Dkt. Nos. 520 and 524, respectively, are DEEMED WITHDRAWN.

### VII.    State Attorneys' General Request

The state Attorneys General plaintiffs requested leave to file a state law appendix along with their Opposition to defendants' motion to dismiss their complaint. The request is GRANTED. The states' are advised that such appendix will not be counted towards their page limit.

### VIII.    Reappointment of Plaintiffs' Attorneys

The Court will address this issue in a separate order.

### IX.    Further Case Management Conferences

Parties are advised that the Further Case Management Conference scheduled for February 23, 2024 is advanced from **2:30 p.m.** to **9:30 a.m.** The Court SETS argument on the pending motion to dismiss claims brought personally against Meta CEO Mark Zuckerberg (*see* Dkt. No. 518) at the conference.

This terminates Dkt. Nos. 520, 524, 536, 540, 542, 543, 550, 551, 576.

IT IS SO ORDERED.

Dated: January 29, 2024

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

1  Lexi J. Hazam (SBN 224457)
2  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
3  San Francisco, CA 94111-3339
   Telephone: 415.956.1000
4  Facsimile: 415.956.1008
   lhazam@lchb.com
5

6  Christopher A. Seeger (*pro hac vice*)
   SEEGER WEISS, LLP
7  55 Challenger Road, 6th Floor
   Ridgefield Park, NJ 07660
8  Telephone: 973.639.9100
   Facsimile: 973.679.8656
9  cseeger@seegerweiss.com

10
   Previn Warren (*pro hac vice*)
11 MOTLEY RICE LLC
   401 9th Street NW Suite 630
12 Washington DC 20004
   Telephone: 202.386.9610
13 pwarren@motleyrice.com

14
   *Co-Lead Counsel for Plaintiffs*
15 *Additional parties and counsel listed on signature pages*

16              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
17

18 | IN RE: SOCIAL MEDIA | MDL No. 3047 |
   | ADOLESCENT | |
19 | ADDICTION/PERSONAL INJURY | Case No. 4:22-md-03047-YGR |
   | PRODUCTS LIABILITY LITIGATION | |
20 | | **JOINT NOTICE OF FILING** |
   | This Document Relates To: | **PROPOSED PLAINTIFF USER** |
21 | | **ACCOUNT INFORMATION ORDER** |
   | ALL ACTIONS | **AND RELATED FORMS** |
22 | | |
   | | Judge: Hon. Yvonne Gonzalez Rogers |
23 | | |
   | | Magistrate Judge: Hon. Peter H. Kang |
24

25
        The Personal Injury Plaintiffs' Co-Lead Counsel and Defendants' Counsel submit the
26
27 attached proposed Plaintiff User Account Information Order and related forms, Exhibit A – C, for

28

JOINT NOTICE OF FILING
Case No. 4:22-md-03047-YGR

1  the Court's consideration.   These materials are substantively identical to the materials adopted in

2  the JCCP.

3  DATED: January 22, 2024

4

5                                                    Respectfully submitted,

6                                                    */s/ Lexi J. Hazam*
                                                     LEXI J. HAZAM
7                                                    **LIEFF CABRASER HEIMANN &**
                                                     **BERNSTEIN, LLP**
8                                                    275 BATTERY STREET, 29TH FLOOR
                                                     SAN FRANCISCO, CA 94111-3339
9                                                    Telephone: 415-956-1000
                                                     lhazam@lchb.com
10

11                                                   CHRISTOPHER A. SEEGER
                                                     **SEEGER WEISS, LLP**
12                                                   55 CHALLENGER ROAD, 6TH FLOOR
                                                     RIDGEFIELD PARK, NJ 07660
13                                                   Telephone: 973-639-9100
                                                     Facsimile: 973-679-8656
14                                                   cseeger@seegerweiss.com

15
                                                     PREVIN WARREN
16                                                   **MOTLEY RICE LLC**
                                                     401 9th Street NW Suite 630
17                                                   Washington DC 20004
                                                     T: 202-386-9610
18                                                   pwarren@motleyrice.com

19
                                                     Co-Lead Counsel
20
                                                     JENNIE LEE ANDERSON
21                                                   **ANDRUS ANDERSON, LLP**
                                                     155 MONTGOMERY STREET, SUITE 900
22                                                   SAN FRANCISCO, CA 94104
                                                     Telephone:  415-986-1400
23                                                   jennie@andrusanderson.com

24
                                                     Liaison Counsel
25
                                                     JOSEPH G. VANZANDT
26                                                   **BEASLEY ALLEN CROW METHVIN**
                                                     **PORTIS & MILES, P.C.**
27                                                   234 COMMERCE STREET
                                                     MONTGOMERY, AL 36103
28

Telephone:  334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. GARDEN STREET, 9TH FLOOR
PENSACOLA, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

RON AUSTIN
**RON AUSTIN LAW**
400 Manhattan Blvd.
Harvey LA, 70058
Telephone: (504) 227–8100
raustin@ronaustinlaw.com

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone:  206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone:  212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

2926062.2

JOINT NOTICE OF FILING
Case No. 4:22-md-03047-YGR

1

2   JAYNE CONROY
    **SIMMONS HANLY CONROY, LLC**
3   112 MADISON AVE, 7TH FLOOR
    NEW YORK, NY 10016
4   Telephone:  917-882-5522
    jconroy@simmonsfirm.com
5
    CARRIE GOLDBERG
6   **C.A. GOLDBERG, PLLC**
    16 Court St.
7   Brooklyn, NY 11241
    T: (646) 666-8908
8   carrie@cagoldberglaw.com
9
    KIRK GOZA
10  **GOZA & HONNOLD, LLC**
    9500 Nall Avenue, Suite 400
11  Overland Park, KS 66207
    T: 913-451-3433
12  kgoza@gohonlaw.com
13
    SIN-TINY MARY LIU
14  **AYLSTOCK WITKIN KREIS &**
    **OVERHOLTZ, PLLC**
15  17 EAST MAIN STREET, SUITE 200
    PENSACOLA, FL 32502
16  Telephone:  510-698-9566
    mliu@awkolaw.com
17
18  ANDRE MURA
19  **GIBBS LAW GROUP, LLP**
    1111 BROADWAY, SUITE 2100
20  OAKLAND, CA 94607
    Telephone:  510-350-9717
21  amm@classlawgroup.com
22
    EMMIE PAULOS
23  **LEVIN PAPANTONIO RAFFERTY**
    316 SOUTH BAYLEN STREET, SUITE 600
24  PENSACOLA, FL 32502
    Telephone:  850-435-7107
25  epaulos@levinlaw.com
26
    ROLAND TELLIS
27  DAVID FERNANDES
    **BARON & BUDD, P.C.**
28  15910 Ventura Boulevard, Suite 1600

Encino, CA 91436
Telephone:  (818) 839-2333
Facsimile:  (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone:  215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone:  205.855.5700
fu@dicellolevitt.com

ROBERT H. KLONOFF
**ROBERT KLONOFF, LLC**
2425 SW 76TH AVENUE
PORTLAND, OR 97225
Telephone:  503-702-0218
klonoff@usa.net

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

ANTHONY K. BRUSTER
**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, TX 76092

(817) 601-9564
akbruster@brusterpllc.com

FRANCOIS M. BLAUDEAU, MD JD FACHE
FCLM
**SOUTHERN INSTITUTE FOR MEDICAL
AND LEGAL AFFAIRS**
2762 B M Montgomery Street, Suite 101
Homewood, Alabama 35209
T: 205.564.2741
francois@southernmedlaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone:  212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Plaintiffs*


COVINGTON & BURLING LLP

By:      */s/ Phyllis A. Jones*
Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

JOINT NOTICE OF FILING
Case No. 4:22-md-03047-YGR

FAEGRE DRINKER LLP

By:    /s/ Andrea Roberts Pierson
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP

By:    /s/ Jonathan H. Blavin
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva  (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com

Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C.  20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:      */s/ Brian M. Willen*
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White
Samantha A. Machock
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC,*
*Google LLC, and Alphabet Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAMS & CONNOLLY LLP

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC,
Google LLC, and Alphabet Inc.*

2926062.2

JOINT NOTICE OF FILING
Case No. 4:22-md-03047-YGR

**ATTESTATION**

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

**DATED:** January 22, 2024

/s/ Lexi J. Hazam

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **[PROPOSED] USER ACCOUNT INFORMATION ORDER** |

## I.      Purpose

In this coordinated litigation, individual plaintiffs may not be able to recall or access their user accounts associated with Defendants' platforms.  To address this issue, the Court has approved the following Procedure as detailed herein in Section IV:

A.      Each Plaintiff will submit to Defendants a Plaintiff User Account Preservation Form ("Preservation Form") that contains identifying information that Defendants may use to assist in efforts to identify and preserve a Plaintiff's User Accounts;

B.      Each Defendant will submit a User Account Identification Form ("Account Identification Form") to each Plaintiff that submits a Preservation Form that contains certain basic

1

subscriber information[1] about user accounts that the Defendant has reason to believe are or were registered to the Plaintiff based on the Defendant's reasonable investigation in this action (including the information provided by the Plaintiff in the Preservation Form);

C.     Thereafter, each Plaintiff will submit to each Defendant a signed Plaintiff User Account Confirmation and Consent Form ("Account Confirmation Form") that (1) confirms whether the User Accounts identified by the Defendant in the Account Identification Form are registered to Plaintiff and (2) consents under the Stored Communications Act for the Defendant to disclose user account information for those inaccessible User Accounts for which Plaintiffs have confirmed registration; and

D.     For those inaccessible User Accounts for which Plaintiff has consented to disclosure, the applicable Defendant will submit to the Plaintiff a User Account Data Download to facilitate Plaintiffs' completion of the Plaintiff Fact Sheet.

Nothing in this Order shall affect the Parties' preservation or discovery obligations. This Order shall not provide Plaintiffs a basis to conduct discovery into any issue or process it addresses.

## II. Definitions

A.     "User" means a Plaintiff who alleges that they were injured by their use of Defendants' platforms.

B.     "User Account" means an account registered to a User on one of Defendants' platforms. For clarity, an account is not a User Account under this Order merely because a Plaintiff has accessed the account without it being registered to the Plaintiff.

C.     "User Account Data Download" means a download of information associated with a User Account substantially similar to those available using the public tools provided by each Defendant for this purpose:

---

[1] If a Defendant has reason to believe that they are restricted or prohibited from providing information with respect to any particular Plaintiff in accordance with this Order under applicable law, including international law such as, for example, the European Union General Data Protection Regulation, that Defendant shall meet and confer with counsel for the particular Plaintiff. If the issue cannot be resolved informally, the parties may raise it for consideration by Magistrate Judge Kang through his Standing Order for Discovery in Civil Cases.

1.  Facebook:  Download Your Information (available at
    https://www.facebook.com/help/212802592074644)

2.  Instagram:  Download Your Information (available at
    https://help.instagram.com/181231772500920)

3.  Google/YouTube: Takeout for YouTube and YouTube Music ("All YouTube data
    included" option) (available at http://takeout.google.com)

4.  TikTok:  Requesting your data (available at https://support.tiktok.com/en/account-
    and-privacy/personalized-ads-and-data/requesting-your-data)

5.  Snapchat: Download My Data (available at
    https://accounts.snapchat.com/accounts/downloadmydata)

## III.   Data Management

The Parties have agreed to utilize the online "MDL Centrality" platform designed and provided by BrownGreer PLC and accessible at MDLCentrality.com to complete and serve the Preservation Form, Account Identification Form, and Account Confirmation Form.

## IV.   Procedure

A.  <u>Account Confirmation and Consent by Plaintiffs</u>:

1.  <u>Preservation Forms Provided by Plaintiffs</u>:  Each Plaintiff shall[2] provide to
    Defendants information to facilitate the preservation of Plaintiff user accounts in
    the Preservation Form, which was filed with the Court on May 12, 2023.  This
    Preservation Form is attached as Exhibit A.

    a)  <u>Method of Providing Preservation Forms</u>:  Preservation Forms shall be
        submitted to Defendants using MDL Centrality.

    b)  <u>Timing of Preservation Forms</u>: Each Plaintiff shall submit a Preservation
        Form completed to the best of their ability on MDL Centrality on the same
        day the Plaintiff files a Short-Form Complaint.  For any Plaintiff who has

---

[2] If a Plaintiff fails to provide a Preservation Form, Defendants have no obligation to comply with the remaining provisions of this Order.  Defendants reserve their right to seek other relief in the event a Plaintiff fails to provide a Preservation Form as required by this Order.

already filed a Short-Form Complaint, a Preservation Form shall be filed within 30 days of entry of this Order.  Nothing in this Order prevents Plaintiffs from submitting to Defendants a Preservation Form at an earlier date, and Plaintiffs have the option to submit to Defendants a Preservation Form on MDL Centrality prior to filing a case.

    c)    <u>Duty to Correct and Supplement:</u>  If a Plaintiff or their counsel learns that information provided in the Preservation Form is inaccurate or incomplete, they must promptly amend the Preservation Form and name it accordingly ("First Amended Preservation Form," "Second Amended Preservation Form," etc.).

2.    <u>Account Identification Forms Provided by Defendants:</u>  Each Defendant shall submit to each Plaintiff an Account Identification Form that provides certain basic subscriber information for user accounts that the Defendant has reason to believe are or were registered to that Plaintiff. The information provided in the Account Identification Form, which is attached as Exhibit B, is to assist a Plaintiff in determining whether an identified user account is registered to Plaintiff.  For purposes of this Order, a Defendant "has reason to believe" an account was registered to a Plaintiff if Defendant has identified that account as potentially associated with a Plaintiff using the Defendant's individual process for identifying accounts for purposes of this Action.

    a)    <u>Method of Providing Account Identification Forms:</u>  Defendants shall provide the Account Identification Forms to Plaintiffs using MDL Centrality.  BrownGreer PLC shall export the usernames in the Account Identification Form to the "Username" column of the Account Confirmation Form.

    b)    <u>Timing of Providing Account Identification Form:</u>  Each Defendant shall submit an Account Identification Form for each Plaintiff no later than 45 days after filing of the Plaintiff's Short-Form Complaint or Plaintiff's

submission of the Preservation Form on MDL Centrality, whichever is later. If a Plaintiff amends a Preservation Form, Defendants shall have 45 days after submission of the amended Preservation Form on MDL Centrality or filing of a Short-Form Complaint, whichever is later.  If a Defendant requires more time to complete this identification for a particular Plaintiff, a Defendant may request a 15 day extension of the deadline to provide an Account Identification Form from counsel for Plaintiff, who shall not unreasonably withhold consent to a good faith request.

c)      Duty to Correct and Supplement: If a Defendant or their counsel learns that the information contained in the Account Identification Form is inaccurate or incomplete regardless of whether the Preservation Form has been amended by a Plaintiff, Defendants must promptly inform Plaintiff and submit an amended Account Identification Form named accordingly ("First Amended Account Identification Form," "Second Amended Account Identification Form," etc.).  If Plaintiff submits an Amended Preservation Form that does not result in any corrections or additions to the Account Identification Form, Defendants shall notify Plaintiff of such within the timeframe identified in section 4(A)(2)(b).

3.      Account Confirmation Form Provided by Plaintiffs:  Each Plaintiff shall submit to each Defendant a signed Account Confirmation Form, attached as Exhibit C, that identifies which user accounts are registered to Plaintiff, and which user accounts (if any) registered to Plaintiff are inaccessible despite Plaintiff's good faith and reasonable efforts.  A user account is "inaccessible" under this Order and for purposes of the Account Confirmation Form if a Plaintiff is unable to access it and is unable to regain access by using the processes each Defendant makes publicly available to users to regain access to their accounts.  Before identifying a User Account as inaccessible, a Plaintiff must make reasonable and good-faith

efforts to regain access to the account using the processes each Defendant makes publicly available to users to do so, and using the information provided by Defendants through User Account Identification Forms, where applicable.  By way of example and not limitation, if a Plaintiff has forgotten the password to an account but retains access to the email address used to register the account, they must attempt to reset their password using that email address.

    a)    <u>Method of Providing Account Confirmation Form</u>:  Plaintiffs shall complete and submit the User Account Confirmation Forms using MDL Centrality.

    b)    <u>Timing of Providing Account Confirmation Form:</u>  Each Plaintiff shall submit an Account Confirmation and Consent Form for each Plaintiff within 30 days of receiving a User Account Identification Form or amendment thereto from Defendants on MDL Centrality.

    c)    <u>Duty to Correct and Supplement:</u>  If a Plaintiff or their counsel learns that information provided on the Account Form is inaccurate or incomplete, they must promptly inform Defendants and submit a corrected Account Confirmation Form.  If a Plaintiff or their counsel learns that an account that they believed was registered to them on the Account Confirmation Form is not actually registered to them, they shall inform Defendants and immediately delete the User Account Data Download provided to them for that account and any copies thereof or work product derived therefrom.

B.    <u>Account Review by Defendants</u>:  After receiving a completed and signed Account Confirmation Form or amendment thereto as provided for in Section III.A.3, each Defendant shall undertake the following steps:

    1.    For accounts not identified as registered to a Plaintiff on the Account Confirmation Form, Defendants need not take further action under this Order.

2. For User Accounts that a Plaintiff identifies on the Account Confirmation Form as registered to and accessible by that Plaintiff, Defendants need not take further action under this Order.

3. For User Accounts that a Plaintiff identifies on the Account Confirmation Form as registered to and inaccessible to that Plaintiff, Defendants shall undertake the process described in Section III.C.

C. <u>Provision of User Account Data Downloads:</u> For each User Account identified in the Account Confirmation Form or amendment thereto as inaccessible as defined in Section III.A.3, the Defendant on whose platform the inaccessible account is located will, within 30 days of receiving a completed Account Confirmation Form from a Plaintiff, provide to that Plaintiff a User Account Data Download, if any, for each User Account associated with the usernames identified under Section III.B.3. If a Defendant requires more time to complete this process for a particular Plaintiff, Defendant may request a 15 day extension of the deadline to provide a User Account Data Download from counsel for Plaintiff, who shall not unreasonably withhold consent to a good-faith request.[3]

1. Each Defendant may (in its sole discretion) send an email to the email address(es) associated in its systems with the accounts defined in Section III.A.3 stating that a plaintiff in litigation has claimed they are the registered accountholder, that a download of data from the account will be provided to that plaintiff, and providing an opportunity for the holder of the email address(es) to object and state that the account is not registered to any plaintiff in litigation. If a Defendant receives, within seven days of sending the email, such a response, the Defendant shall inform Plaintiff and shall not be obligated to provide the User Account Data Download for that account to Plaintiff.

---

[3] If a Defendant objects to the sufficiency or accuracy of the information provided for any user account in the Account Confirmation and Consent Form, that Defendant will meet and confer with counsel for the particular Plaintiff. If the issue cannot be resolved informally, the parties may raise it for consideration by Magistrate Judge Kang through his Standing Order for Discovery in Civil Cases.

2.   <u>Method of Providing Download:</u>  Defendants may provide this User Account Data Download or another means of reasonably accessing the account data to a Plaintiff in the form of a link, secure file transfer, or other electronic means permitting the Plaintiff to retrieve a file containing the download using the link. The link, secure file transfer, or other electronic means need not remain operative for longer than 60 days from when it is provided to a Plaintiff.  For clarity, Defendants are not required to produce User Account Data Downloads to Plaintiffs using the processes or specifications appropriate for producing documents in formal discovery.  If technologically feasible, the download file, link, or other method of providing the User Account Data Download shall be provided by Defendants to Plaintiffs through MDL Centrality.

3.   <u>Consent as Required by Stored Communications Act:</u>

a)   Defendants shall not be required to provide a User Account Data Download unless the User and, if the user is a minor, a parent or legal guardian, has provided consent through the Account Confirmation Form under the Stored Communications Act, 18 U.S.C. § 2702(b)(3), for Defendants to divulge the contents of the User Account Data Downloads to counsel for Defendants and Plaintiffs for purposes of this Action.  By executing the Account Confirmation Form, a Plaintiff and, if the user is a minor, a parent or legal guardian, consents to the disclosure of their data within the meaning of the Stored Communications Act, 18 U.S.C. § 2702(b)(3).  A Defendant's disclosure of User Account Data Download to a Plaintiff pursuant to the terms of this Order is a disclosure compelled by this Order, on which Defendants rely in good faith.

b)   The Court expressly finds that the process outlined in this order satisfies the consent requirement of the Stored Communications Act and that any User Account Data Download provided by a Defendant pursuant to the process set forth in this Order is made "with the lawful consent of the

originator or an addressee or intended recipient of such communication"
pursuant to § 2702(b)(3).[4]

**SO ORDERED.**

Dated: _____

_____
Y<small>VONNE</small> G<small>ONZALEZ</small> R<small>OGERS</small>
U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>

---

[4] The parties disagree about whether Defendants qualify as service providers under the Stored
Communications Act.  This order is not intended to resolve that dispute.

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR <br><br> MDL No. 3047 |
| | **PLAINTIFF USER ACCOUNT PRESERVATION FORM** |
| This Document Relates to: <br><br> ALL ACTIONS <br><br> . | |

The Plaintiff User named below submits this Plaintiff User Account Preservation Form, by and through the undersigned counsel, after reasonable investigation.  This information is Confidential pursuant to the Protective Order that has been or will be entered by the Court and is being provided solely for preservation purposes.

A.  Plaintiff User's full name:

_____

B.  Date of birth:

_____

C. For any Plaintiff User who is a minor, the full name of the Plaintiff's legal representative or guardian ad litem ("Representative") with authority to consent to the preservation of information and to receive information on the minor Plaintiff's behalf is:[1]

_____

D. City:

_____

E. State:

_____

F. Any phone number(s) that may have been used by Plaintiff User to create an account on a Defendant's platform:

_____

G. Any email address(es) that may have been used by Plaintiff User to create an account on a Defendant's platform:

_____

H. Known account username(s) used by Plaintiff User on Defendants' platforms:

- Facebook account URL link(s) used:

_____

- Instagram account username(s) (handles) and/or URL link(s) used:

_____

- YouTube account username(s) used:

_____

---

[1] To the extent the Court has appointed a guardian ad litem to represent the Plaintiff in this action at the time this form is transmitted, Plaintiff will attach the Court's order to this form.

- Snapchat account username(s) used:

  _____

- TikTok account username(s) used:

  _____

- Other:

  _____

I. Other identifying information that Plaintiff User wishes to provide that Defendants may be able to use to identify a Plaintiff User's account(s):

  _____

  _____

J. To the extent Plaintiff User's claims are predicated on use of any Defendant's platform via an account opened and used primarily by a user other than the Plaintiff User, the full legal name of the third party.

  _____

  _____

K. To the extent Plaintiff identifies any third party in response to Question J, identify:

| Third-party name | Defendant platform accessed | All known account identifying information (e.g., email address, phone number, URL, username or "handle") | Relationship of Plaintiff to third-party account holder | Estimated time period(s) during which Plaintiff used the third-party account |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

L. For preservation of third-party account(s) alleged to have been engaged in specific user-directed misconduct, identify:

| Name of the third-party bad actor | All known account identifying information | Platform on which the alleged misconduct occurred | Known (or approximate) date(s) of alleged misconduct |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

Case No. 4:22-MD-03047-YGR

MDL No. 3047

This Document Relates to:

Case Caption and Civil Action No.:

**USER ACCOUNT IDENTIFICATION
FORM**

This User Account Identification Form ("Account Identification Form") is to be completed by Defendants in response to a completed Plaintiff User Account Preservation Form ("Preservation Form"). The information Plaintiff provided in the Preservation Form should be considered in completing this Account Identification Form. In completing this Account Identification Form, the Defendant must provide information that is true and correct to the best of its knowledge based upon its reasonable investigation, including by review of documents or materials in its or its attorneys' custody or possession. If the requested information does not apply to a Defendant, the Defendant may answer, "N/A." If the requested information is not obtainable, the Defendant may answer "unknown." The information is Confidential pursuant to the Protective Order that has been or will be entered by the Court.

This Account Identification Form pertains to the following Plaintiff User:

_____

Plaintiff Name: _____

Date that this Account Identification Form was completed: _____

Defendant: _____

**A.      User accounts identified by Plaintiff in the Preservation Form.**

| Username |
|----------|
|          |
|          |

**B.** **Users accounts that Defendant has reason to believe are or were used by Plaintiff and not identified by Plaintiff in the Preservation Form (to the extent information categories are applicable to Defendant):**

- Username:

- Name Associated with Account:

- Associated Email Address(es):

- Associated Phone Number(s):

- Account Creation Date:

- Account Deletion Date:

- Last Login Date:

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR |
| | MDL No. 3047 |
| This Document Relates to: | **USER ACCOUNT CONFIRMATION AND CONSENT FORM FOR [PLATFORM]** |
| Case Caption and Civil Action No.: | |

The Plaintiff User named below (and, if the Plaintiff User is a minor or is deceased, the parent or legal guardian of the Plaintiff User) submits this form pursuant to the User Account Information Order entered in this action.

A.     <u>Plaintiff User</u>.  This form pertains to _____, who alleges that they were injured by their use of [Defendant]'s platforms.

B.     <u>Confirmation of Accounts.</u>  By completing this Form, the Plaintiff User confirms that: (i) the accounts for which "Yes" is selected in the "Registered to Plaintiff User?" column are accounts for which the Plaintiff User is the registered account holder, (ii) the accounts for which "No" is selected in the "Account is Accessible?" column are accounts registered to the Plaintiff User and are inaccessible to the Plaintiff User notwithstanding reasonable and good-faith efforts to regain access, and (iii) the accounts for which "Yes" is not selected in the "Registered to Plaintiff User?" column are accounts not registered to the Plaintiff User.

| Username | Registered to Plaintiff User? | Account is Accessible? |
|---|---|---|
| [Imported from Account List] | [Yes, No] | [Yes, No] |

1

| | | |
|---|---|---|
| | | |

**C.**  <u>Consent to Disclose Account Contents – Plaintiff User Is Not Deceased.</u> If Plaintiff User answered "No" to "Account is Accessible?" for any Username listed above, and Plaintiff User not deceased, Plaintiff User must complete and sign the following to consent to the disclosure of the contents of Plaintiff's User Account.

I, _____, am the registered account holder of the accounts, listed by username, for which I selected "Yes" in the "Registered to Plaintiff User?" column and "No" in the "Account Accessible?" column in the table above.  I have reviewed all information, including basic subscriber information, regarding each of these accounts provided in the User Account Identification Form and I have a good-faith belief that I am the registered account holder for all accounts so-identified herein.

I have made reasonable and good-faith efforts to regain access to all such accounts using the processes [Defendant] makes available to users to do so but have not regained access.  If I have forgotten my password and have access to the email address(es) that could be used to reset my password, I have attempted to reset my password.  I expressly and voluntarily consent to [Defendant]'s disclosure of the data and information associated with those accounts in its public account data download tool, or substantially similar tools, to counsel for Defendants and counsel for the Plaintiff User in the above-captioned litigation.  I agree that this consent form satisfies 18 U.S.C. § 2702(b)(3), which authorizes Defendants to divulge the contents of communications with the lawful consent of the originator or addressee or intended recipient of such communications.

I, _____, affirm that the foregoing is true and correct.  Executed on _____.


By:     _____
                    Plaintiff User

2

**D.** <u>Consent of Parent or Guardian to Disclose Account Contents – Plaintiff User is Deceased.</u>  If Plaintiff User is deceased and Plaintiff User's parent or guardian answered "No" to "Account is Accessible" for any username listed above, a parent or legal guardian must complete and sign the following to consent to the disclosure of the contents of the user account associated with that username.

I, _____, am the parent or legal guardian of the Plaintiff User named above.  I expressly and voluntarily consent to [Defendant]'s disclosure of the data and information associated with the accounts for which "Yes" is selected in the "Registered to Plaintiff User?" column and "No" is selected in the "Account Accessible?" column in the table above in [Defendant]'s public account data download tool, or substantially similar tools, to counsel for Defendants and counsel for the Plaintiff User in the above-captioned litigation.

I have reviewed all information readily available to me, including basic subscriber information, regarding each of these accounts provided in the User Account Identification Form and I have a good-faith belief that the decedent user is the registered account holder for all accounts so-identified herein.

To the extent that the Stored Communications Act applies, I agree that this consent form satisfies 18 U.S.C. § 2702(b)(3), which authorizes Defendants to divulge the contents of communications with the lawful consent of the originator or addressee or intended recipient of such communications.

I, _____, affirm that the foregoing is true and correct.  Executed on _____.

By: _____

Parent or Guardian