# Exhibit 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**[PROPOSED] ORDER REGARDING APPOINTMENTS OF GUARDIANS** *AD LITEM* |

Pursuant to Case Management Order No. 1 (ECF No. 75), this Order shall govern the process for the for the appointment of guardians *ad litem* for Plaintiffs who require one.

**GOVERNING LAW**

Pursuant to the Federal Rules of Civil Procedure "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a *guardian ad litem*." Fed. R. Civ. P. 17(c)(2). Therefore, the "court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* (emphasis applied).[1]

---

[1] California procedural law also states that a minor "shall appear either by a guardian or conservator of the estate or by a guardian *ad litem* appointed by the court in which the action or proceeding is pending, or by a judge thereof." Cal. Code Civ. Proc. § 372(a). While instructive, "this Court is not bound by California procedural law with regard to the appointment of a guardian *ad litem*." *A.G. v. South Bay Dreams Coop.*, No. 16-cv-02598, 2018 WL 2002370, at *1, n. 1 (S.D. Cal. April 30, 2018).

The capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). For example, an individual under the age of eighteen is a minor without the capacity to sue in California. *See* Cal. Fam. Code § 6502.

The decision to appoint a guardian *ad litem* under Rule 17(c) is at the sound discretion of the trial court and is typically made on an *ex parte* application. *See A.G.*, 2018 WL 2002370, at *2 (citing *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) and *Student A v. Berkeley Unified Sch. Dist.*, No. 17-cv-02510-MEJ, 2017 WL 2171254, at *1 (N.D. Cal. May 17, 2017) ("When there is no conflict of interest, the guardian *ad litem* appointment is usually made on *ex parte* application and involves minimal exercise of discretion by the trial court.")).

"Fit parents are presumed to act in the best interests of their children." *J.B. by & Through Billiet v. Tuolumne Cnty. Superintendent of Schools*, No. 19-cv-0858-NONE-EPG, 2021 WL 3115195, at *2 (E.D. Cal. July 22, 2021) (citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003)); *see also Brown v. Alexander*, No. 13-cv-01451-RS, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian *ad litem*, and so the court often appoints the parent as guardian ad litem upon receipt of an *ex parte* application without exercising much discretion.") (citation omitted). Absent a conflict of interest, "[a] parent is generally appointed guardian *ad litem*." *A.G.*, 2018 WL 2002370, at *3 (citing *Anthem Life Ins. Co. v. Olguin*, No. 06-cv-01165-AWI NEW (TAG), 2007 WL 1390672, at *3 (E.D. Cal. May 9, 2007)); *accord J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *2 (N.D. Cal. Sept.16, 2016). However, "[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian *ad litem* who is not a parent if that guardian would best protect the child's interests." *J.M.*, 2016 WL 4942999, at *1 (internal quotation marks omitted).

**REQUIRED PROCEDURE**

Consistent with the applicable law and rules set forth above, the Court orders as follows:

**A.    Cases Currently Pending in this MDL**

1. All individual plaintiffs who are "minors," i.e., they lack the capacity to sue in the state where they are domiciled, and whose cases have been filed or transferred to this MDL on the date of this Order, must submit to Plaintiffs' Liaison Counsel, within 30 days of this Order, (a) an *Ex Parte* Application for Appointment of Guardian *Ad Litem* ("Application") consistent with Attachment A hereto, or (b) an order demonstrating that a guardian, conservator, or other representative authorized to represent the minor's interest in this case has already been appointed by a state or federal court.

2. The Application requires the following information be submitted under penalty of perjury:

   a. The applicant's name and contact information (including address, email, and telephone number);

   b. The name, case number, state of domicile (and its minimum age of capacity), date of birth, and attorney of record of the minor plaintiff whom the applicant seeks to represent;

   c. The applicant's relationship to the minor plaintiff (e.g., parent or legal guardian, or a statement of the applicant's relationship to the minor plaintiff); and

   d. A statement affirming that the applicant is fully competent and qualified to understand and protect the rights of the minor plaintiff and has no interests adverse to the interests of that person.

3. Plaintiffs' Liaison Counsel shall compile the completed Applications and/or orders and submit them to the Court for consideration in a Consolidated *Ex Parte* Application for Appointment of Guardian *Ad Litem* ("Consolidated *Ex Parte* Application").

4. Applications submitted by parents or legal guardians shall be deemed presumptively approved upon filing. There is no apparent conflict between the applicants' parental responsibility and their obligation to assist the Court in "achieving a just and speedy determination of the action." *J.M.*, 2016 WL 4942999, at *2.

5. Absent the filing of an objection, the presumptive approval shall become final 15

- 3 -

[PROPOSED] ORDER REGARDING APPOINTMENTS OF
GUARDIAN AD LITEM
CASE NO. 4:22-MD-03047-YGR

days after the Consolidated *Ex Parte* Application is filed. Plaintiffs' Liaison Counsel shall provide a consolidated proposed order to the Court appointing those approved applicants.

6. For applicants who are not the minor plaintiff's parent or legal guardian, the Application shall be taken under consideration by the Court. Any objection must be filed within 15 days of the filing of the Consolidated *Ex Parte* Application.

7. Should a minor plaintiff not propose a guardian *ad litem* within 30 days of this Order, Plaintiffs' Liaison Counsel shall work with counsel for the minor plaintiff and/or the Court to identify a suitable candidate. *See Anthem Life Ins. Co.*, 2007 WL 1390672, at *2 ("If a close relative is unavailable and the child has no conflict-free general representative, the court may appoint a friend of the plaintiff or his family, a professional who has worked with the child, or in desperate circumstances, a stranger whom the court finds to be especially suitable for representing the child's interests.").

**B.     Cases Subsequently Filed in or Transferred to the MDL**

1. Minor plaintiffs whose cases are filed or transferred to this MDL after the date of this Order shall, within 30 days appearance, file either (a) an *Ex Parte* Application for Appointment of Guardian *Ad Litem* ("Application") consistent with Attachment A, or (b) an order demonstrating that a guardian, conservator, or other representative authorized to represent the minor's interest in this case has already been appointed by a state or federal court.

2. The same presumptions and procedures set forth in Section A.4.-7., *supra*, shall apply.

3. Liaison Counsel for Plaintiffs shall remain available to assist the Court in managing Applications going forward as needed.

IT IS SO ORDERED.

Dated: December 27, 2022

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

- 4 -

[PROPOSED] ORDER REGARDING APPOINTMENTS OF
GUARDIAN AD LITEM
CASE NO. 4:22-MD-03047-YGR

# Attachment A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**EX PARTE APPLICATION AND [PROPOSED] ORDER FOR APPOINTMENT OF GUARDIAN** *AD LITEM* |

Pursuant to this Court's Order Regarding Appointments of Guardian *Ad Litem*, the undersigned Applicant hereby seeks an appointment as a guardian *ad litem* in this litigation.

1. Guardian *Ad Litem* Applicant Name:
2. Applicant Contact Information:
    a. Address:
    b. Telephone number:
    c. Email:
3. The Applicant seeks to represent the interests of the following plaintiff (referred to hereinafter as "Minor Plaintiff") in the above-captioned litigation:
    a. Name:
    b. State of Domicile:

   c. Minimum Age of Capacity to Sue in State of Domicile:

   d. Date of Birth:

   e. Case Number:

   f. Attorney of Record:

4. The Minor Plaintiff is a minor without the capacity to sue pursuant to the laws of their state of domicile.

5. The Court should appoint a guardian *ad litem* pursuant to the Court's Order Regarding Appointments of Guardian *Ad Litem*, and the Minor Plaintiff has no other appointed guardian or conservator of their estate authorized to act on their behalf in this litigation.

6. The applicant and proposed guardian *ad litem* has the following relationship to the Minor Plaintiff they are seeking to represent is (*select one*):

   a. ☐ Parent

   b. ☐ Legal Guardian

   c. ☐ Not Related (*explain relationship*):

7. The Applicant is fully competent and qualified to understand and protect the rights of the person they will represent and has no interests adverse to the interests of that person. (*If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed*.)

Submitted by:

Date: _____

_____      _____
Attorney Name (Printed)           Attorney Signature

- 2 -   EX PARTE APPLICATION AND [PROPOSED] ORDER
FOR APPOINTMENT OF GUARDIAN AD LITEM
CASE NO. 4:22-MD-03047-YGR

**APPLICANT DECLARATION**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Date: _____

_____   _____
Applicant Name (Printed)              Applicant Signature

**CONSENT TO ACT AS GUARDIAN *AD LITEM***

I consent to the appointment of guardian *ad litem* under the above petition.

Date: _____

_____   _____
Applicant Name (Printed)              Applicant Signature

**ORDER**

Based on the foregoing, the Court finds that it is reasonable and necessary to appoint a guardian *ad litem* for the Minor Plaintiff identified in paragraph 3 as requested.

The Court orders that the above-identified Applicant is hereby appointed guardian *ad litem* for the Minor Plaintiff identified in paragraph 3, above.

**IT IS SO ORDERED.**

Date: _____

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE