| | |
|---|---|
| 1 | **AYLSTOCK, WITKIN,** |
|   | **KREIS, & OVERHOLTZ, PLLC** |
| 2 | Bryan F. Aylstock (*Pro Hac Vice*)_ |
|   | Hillary Nappi (*Pro Hac Vice*)_ |
| 3 | 17 E. Main Street Suite 200 |
|   | Pensacola, FL 32502, USA |
| 4 | Tel: (850) 202-1010 |
|   | baylstock@awkolaw.com |
| 5 | hnappi@awk-saa.com |

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL Np. 3166 |
| | Case NO. 25-md-3166 -RS |
| This document relates to: | **MEMBER CASE STATUS REPORT** |
| *Mary Doe, as next friend of minor plaintiff Jane Doe, v. Roblox Corporation and Discord Inc.* | |
| 3:26-cv-00297-RS | |
| Plaintiff, | |

This Member Case Status Report is submitted pursuant to Pretrial Order No. 1 ("PTO No. 1") entered on December 17, 2025, in *In re: Roblox Corporation Child Sexual Exploitation and Assault Litigation*, MDL No. 3166, Case No. 25-md-03166-RS, ECF No. 2, and the Court's Standing Orders. This report is non-binding, does not waive any claims or defenses, and may not be offered in evidence against a party in later proceedings, consistent with PTO No. 1, ¶ 10.

**1. Pending Motions in This Member Case**

☒ None

☐Yes

**2. Orders the Party Requests Be Stayed or Vacated**

☒ None

☐Yes

**3. Discovery Taken to Date**

☒ None

☐Yes

There has been no formal discovery taken to date, however, Plaintiff provided both Defendants with certain information to identify Plaintiff's accounts on Defendants' platforms.

**4. Critical Facts and Legal Issues**

In 2024, when Minor Plaintiff was just twelve years, she was targeted on Roblox by a predator claiming to be 19 years old. The predator exploited Minor Plaintiff's age and vulnerability to build a false emotional connection with her by promising friendship. The predator utilized the popular Roblox experience, "Headless Hangouts," to target Plaintiff. After capturing Minor Plaintiff's trust over the next two days, the predator transitioned their communication to Discord. This platform migration represents a common predatory tactic to move minor-victims to even more dangerous environments. The predator began regularly interacting with Plaintiff via Discord to build trust and establish a false friendship that would facilitate future manipulation and coercion. The following day, the predator falsely claimed that he was having issues with his Apple ID and requested that Minor Plaintiff help him with accessing his accounts. The predator ultimately convinced Minor Plaintiff to share her Apple ID information under the guise of helping the predator sign back into his accounts. The following morning, Minor Plaintiff awoke to multiple threatening messages from the predator. Minor Plaintiff learned that the predator had stolen her Apple ID and gained access to her passcodes, location, parents' contact information, and family phone numbers.

The predator demanded that Minor Plaintiff "be [his] whore for as long as [he] wants" and that Plaintiff send him explicit images and videos of herself in exchange for keeping her family's personal information to himself. Eventually, the Minor Plaintiff blocked the predator. Once the predator noticed that Plaintiff had blocked him, the predator distributed the exploitative videos to Plaintiff's Snapchat story, making them visible to all Minor Plaintiff's classmates and peers. The videos were subsequently screen-recorded from Snapchat and distributed throughout Minor Plaintiff's school community.

As a result of this sexual exploitation, Minor Plaintiff suffered significant emotional distress, psychological trauma, and mental anguish. Minor Plaintiff's experiences have led to a loss of trust, safety, and personal security, depriving her of the opportunity for a normal and healthy development. The injuries she sustained are severe, ongoing, and permanent, affecting her daily life and emotional health in lasting and immeasurable ways.

Plaintiff asserts claims arising from Defendants' fraudulent concealment and misrepresentations, negligent misrepresentation, multiple forms of negligence—including failure to warn, unreasonable design, and negligent undertaking—and strict liability based on design defects and failure to warn. Critical factual issues will be Defendants' knowledge of the risk to children on their platforms due to the prevalence of predators, the truth of safety representations Defendants made concerning their platforms, the reasonableness of the design of Defendants' platforms, and the foreseeability of injury to Minor Plaintiff. Critical legal issues will concern whether the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act bars enforcement of any alleged arbitration agreement, whether Minor Plaintiff disaffirmed any alleged arbitration agreement, and whether Minor Plaintiff entered a contract with Defendants in the first place. Additionally, the Court will have to decide whether Section 230 applies to Minor Plaintiff's claims, and whether the First Amendment protects Defendants' allegedly "editorial decisions."

**5. Issues Specific to the Member Case**

☒ None

☐ Yes

**6. Related Cases Pending in Federal or State Court**

☒ None

☐ Yes

***

Plaintiff respectfully submits this Member Case Status Report in compliance with PTO No. 1 and stands ready to provide any additional information the Court may require.

Dated: January 16, 2026                                  Respectfully submitted,

/s/ Bryan F. Aylstock
Bryan F. Aylstock *(Pro Hac Vice)*
Hillary Nappi  *(Pro Hac Vice)*
AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ, PLLC
17 E. Main Street Suite 200
Pensacola, FL 32502
 Tel: (850) 202-1010
BAylstock@awkolaw.com
hnappi@awk-saa.com


Terence R. Coates (0085579)
 MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com

*Attorney for Plaintiff*