Caleb Marker (SBN 269721)
  caleb.marker@zimmreed.com
Jessica M. Liu (SBN 358713)
  jessica.liu@zimmreed.com
**ZIMMERMAN REED LLP**
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781

*Counsel for Plaintiff*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>This document relates to<br><br>JANE DOE I.P., as next friend of minor plaintiff, JANE DOE I.D. v. ROBLOX CORPORATION, 3:25-cv-10948 | MDL No. 3166<br><br>Case No. 25-md-03166-RS<br><br>**MEMBER CASE STATUS REPORT** |

Pursuant to Pretrial Order No. 1 ("PTO No. 1") (ECF No. 2) entered on December 17, 2025 and the Court's Standing Orders, Plaintiff, by and through their counsel, respectfully submits this Member Case Status Report. This report is non-binding, does not waive any claims or defenses, and may not be offered in evidence against a party in later proceedings, consistent with PTO No. 1, ¶ 10.

**1. Pending Motions in this Member Case**

☒ None

☐ Yes

**2. Orders the Party Requests Be Stayed or Vacated**

☒ None

☐ Yes

**3. Discovery Taken to Date**

☒ None

☐ Yes

**4. Critical Facts and Legal Issues**

In 2023, when Plaintiff was just 12 years old, she was playing a game on the Roblox Platform when she encountered the Abuser, whose Roblox avatar virtually approached her and asked to be friends. The Abuser said that he was the same age as Plaintiff and told her that he lived close by. Through the Roblox Platform's games and communication functions, the Abuser exploited Plaintiff's age and trust to build a false friendship. After grooming Plaintiff on Roblox, the Abuser intensified his exploitation of Plaintiff and convinced her to move their communications to other channels: Instagram and Discord. Abuser started asking Plaintiff to send him pictures of her Roblox avatar, then pictures of herself, and eventually pictures of herself in the bath and shower. Plaintiff sent the photos. The Abuser then threatened to expose these explicit photos of Plaintiff, extorting Plaintiff to force her to cooperate with his requests.

In April 2024, Abuser asked Plaintiff to meet at a mall near her home. Plaintiff showed up at the mall expecting to meet a boy her own age; instead, she was met with a middle-aged man who appeared to be in his forties. The Abuser told her to come outside the mall and to get into his car. There, he told

Plaintiff how beautiful she was, then tried to touch and kiss her. Plaintiff escaped from the car and ran away.

Plaintiff has suffered, and continues to suffer, profound harm from the grooming, manipulation, and sexual abuse she experienced at the hands of the Abuser who targeted her through the Roblox Platform. Plaintiff's personality has changed drastically, becoming jumpy, nervous, quiet, and easily anxious. Her academic performance has also suffered due to the emotional trauma.

Plaintiff asserts claims arising from Defendant's fraudulent concealment and misrepresentations, negligent misrepresentation, multiple forms of negligence—including failure to warn, unreasonable design, and negligent undertaking—and strict liability based on design defects and failure to warn. Critical factual issues will be Defendant's knowledge of the risk to children on its platforms due to the prevalence of sex predators, the truth of safety representations Defendant made concerning its platform, the reasonableness of the design of Defendant's platform, and the foreseeability of injury to Minor Plaintiff. Critical legal issues will concern whether the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act bars enforcement of any alleged arbitration agreement, whether Minor Plaintiff disaffirmed any alleged arbitration agreement, and whether Minor Plaintiff entered a contract with Defendant in the first place. Additionally, the Court will have to decide whether Section 230 applies to Minor Plaintiff's claims, and whether the First Amendment protects Defendant's alleged "editorial decisions."

**5. Issues Specific to the Member Case**

☒ None

☐ Yes

**6. Related Cases Pending in Federal or State Court**

☒ None

☐ Yes

*\*\*\**

Plaintiff respectfully submits this Member Case Status Report in compliance with PTO No. 1 and stands ready to provide any additional information the Court may require.

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     |     |
| 2   |     |     | Respectfully submitted, |
| 3   |     |     | **ZIMMERMAN REED LLP** |
| 4   | Dated: January 19, 2026 | By: | /s/ Caleb Marker |

                          Caleb Marker
                          Jessica M. Liu
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781
caleb.marker@zimmreed.com
jessica.liu@zimmreed.com

Ryan J. Ellersick
14648 North Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Tel: (800) 493-2827
ryan.ellersick@zimmreed.com

June P. Hoidal*
Anna E. Jenks*
Katja Lange*
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
june.hoidal@zimmreed.com
anna.jenks@zimmreed.com
katja.lange@zimmreed.com

**EILERS LAW FIRM, APC**

Samuel L. Eilers
10727 Gabacho Drive
San Diego, CA 92124
Tel: (206) 375-0280
sam@eilerslawfirm.com

*Counsel for Plaintiff*

\**Pro hac vice* forthcoming.