January 19, 2026

<u>Via CM/ECF</u>
The Honorable Richard Seeborg
Chief United States District Judge
U.S. District Court, Northern District of California
450 Golden Gate Ave., Courtroom 3 – 17th Floor
San Francisco, CA 94102

Re:     ***In Re: Roblox Corporation Child Sexual Exploitation and Assault Litigation***,
**MDL No. 3166, Case No. 25-md-03166-RS**
**Joint Response in Support of the Appointment of Alexandra Walsh, Sarah**
**London, and Mark Lanier as Co-Lead Counsel**

Dear Judge Seeborg,

Pursuant to Case Management Order No. 1 (ECF 2), the undersigned attorneys and law firms ("Undersigned Counsel") respectfully submit this Joint Response in support of appointing Alexandra Walsh of Anapol Weiss, Sarah Ms. London of Girard Sharp LLP, and Mark Lanier of The Lanier Law Firm, PLLC to serve as Co-Lead Counsel in *In re: Roblox Corporation Child Sexual Exploitation and Assault Litigation*, MDL No. 3166.

Our law firms represent the overwhelming majority of plaintiffs in this MDL (underlined: approximately 83%), as well as thousands of other survivors with potential related claims. We have been involved in this case from the outset, informally organizing and working efficiently and effectively together under the leadership of Ms. Walsh and later Ms. London and Mr. Lanier for the benefit of all plaintiffs.

We are a diverse group of lawyers, ranging from seasoned MDL litigators to federal MDL newcomers with critical subject-matter expertise, including expertise representing survivors and litigating sexual abuse cases. We are diverse not only in our experience, skills, and background, but also in gender, firm size, and geographic representation.

Many of us have never worked together before this case. All of us, however, have earned each other's respect through a strong working relationship and a shared commitment to advancing the interests of all the plaintiffs in this MDL.

Collectively, we have carefully considered which attorneys are best suited to lead this MDL—who can adequately represent the diverse interests of all the important stakeholders and who can build and oversee the most appropriate leadership team. Having worked closely with Ms. Walsh, Ms. London, and Mr. Lanier throughout the development of this case, Undersigned Counsel unanimously support their appointment as Co-Lead Counsel.

**A.  Walsh, London, and Lanier have Demonstrated Effective Leadership and Earned the Trust and Confidence of the Largest Stakeholders in this Case.**

From the outset, Ms. Walsh and her firm, Anapol Weiss, have played a leading role in this

litigation. That firm filed the first case and immediately began coordinating with other plaintiffs' firms that followed. Over the course of more than a year, Ms. Walsh has guided a team of experienced attorneys who have worked collaboratively as a team to advance the interests of all plaintiffs.  Ms. London and Mr. Lanier have since joined and added effective leadership to this team. The combination of these three highly talented and experienced attorneys as Co-Lead Counsel, supported by a robust Executive and Plaintiffs' Steering Committee, will ensure a leadership structure with the necessary experience, interest, and subject matter expertise to effectively and efficiently litigate this MDL.

This group speaks for the overwhelming majority of the MDL plaintiffs and survivors. Currently, there are 103 cases in this MDL, and our group represents 86 of those filed cases (approximately 83% of the entire docket). Our firms also represent the majority of the leading faces in the Roblox litigation, including but not limited to:

- Michael Schlep, perhaps the most well-known Roblox survivor whose story and treatment by Roblox brought international attention to the platform's widespread predator problem. Roblox's decision to ban and threaten Schlep for his work exposing predators on the platform triggered a global backlash and served as one of the motivating factors behind Louisiana Attorney General Liz Murrill's decision to file the first of what would become numerous state attorney general lawsuits against Roblox.[1]

- The 13-year-old child (an MDL Plaintiff) whose story of sexual exploitation and abuse by a serial adult predator on Roblox and Discord was featured in the Louisiana Attorney General's lawsuit against Roblox.

- The Iowa minor (an MDL Plaintiff) whose tragic kidnapping and sex trafficking, by an adult she was groomed by on Roblox, was featured in the Iowa Attorney General's lawsuit against Roblox.

- The Oklahoma mom and daughter (MDL Plaintiffs) whose tragic story was highlighted as a motivating factor for Oklahoma Attorney General Genter Drummond to begin investigating and exploring legal action against Roblox.

- The Texas child (an MDL Plaintiff) whose tragic story and rape as a 10-year-old, in her own home, by an adult predator met on Roblox was featured in the Texas Attorney General's complaint against Roblox. This was the only case where the parties briefed Defendant's (meritless) arguments for dismissal under Section 230, the First Amendment, and for failure to state a claim before transfer to this MDL.

- The Florida child (an MDL Plaintiff) whose violent rape as an 11-year-old by an adult predator  met on Roblox was featured in the Florida Attorney General's complaint against Roblox.

---

[1] *See The Sunday Times*, "Meet Schlep, the Roblox grooming survivor turned paedophile hunter," Venetia Menzies, Sept. 7, 2025, available at: https://www.thetimes.com/culture/gaming/article/roblox-grooming-survivor-paedophile-hunter-db9fg6gfp.

Over the past year, Undersigned Counsel, working closely with Ms. Walsh, Ms. London, and Mr. Lanier, have devoted substantial time and resources to investigating, researching, developing, and litigating the cases in this MDL. The earliest lawsuits filed by survivors against Defendants were all filed by Co-Lead Applicants and Undersigned Counsel, as well as nearly all actions filed prior to the petition seeking MDL consolidation. Alongside Ms. Walsh, Ms. London, and Mr. Lanier, our firms have retained and consulted with nearly a dozen experts and consultants to, among other things, assist with understanding the technical aspects of the platform, ESI evidence and preservation, industry standards, and the product defects and systemic failures leading to the sexual grooming, extortion, and abuse of these platforms' most vulnerable users. This investment of manpower and resources has been integral to the advancement of these cases.

Working with Ms. Walsh, Ms. London, and Mr. Lanier, Undersigned Counsel has also contributed to the major legal developments in this litigation to date. These efforts include preparing for anticipated discovery on Defendants' early arbitration motions; briefing Plaintiffs' positions on defenses lodged under Section 230, the First Amendment, and other merits issues in the only case where Roblox had moved to dismiss before consolidation (*Doe v. Roblox*, 3:25-cv-00128 (S.D. Tex.)); probing Roblox's preservation policies, or lack thereof, for critical Plaintiff account information, resulting in a court-ordered certification process (*Doe v. Roblox*, 2:25-cv-05715 (E.D. Pa.); *Doe v. Roblox*, 2:25-cv-05768 (E.D. Pa.)); and shaping Plaintiffs' arguments demonstrating why these cases are not subject to arbitration. This group also worked with Ms. Walsh, Ms. London, and Mr. Lanier to support creation of this MDL, filing several memoranda in support of Ms. Walsh's petition for consolidation, and to craft Plaintiffs' initial Case Management Statement (ECF 90). Among other things, this group has been actively engaged with Defendants about the preservation of user data and design changes that Roblox has made to the platform, identifying the early preservation needs set forth in Plaintiffs' Case Management Statement (ECF 90).

In sum, Undersigned Counsel have had the opportunity to work closely with Ms. Walsh, Ms. London, and Mr. Lanier and to witness their leadership firsthand. On behalf of the largest group of stakeholders in this case, Undersigned Counsel strongly support the appointment of Ms. Walsh, Ms. London, and Mr. Lanier as co-lead counsel.

**B.    Walsh, London, and Lanier Have Assembled a Highly Qualified and Diverse Team that Is Ready To Serve the Plaintiffs in this MDL.**

Thanks to the collective efforts described above, Undersigned Counsel all have wide experience in this litigation—and in working with Ms. Walsh, Ms. London, and Mr. Lanier. These Co-Leads would therefore have access to a group of attorneys who would be willing and able to confront any legal issues that may arise in this MDL and to help Ms. Walsh, Ms. London, and Mr. Lanier efficiently manage and lead this MDL in the context of the related actions by victims and State Attorneys General that will be proceeding concurrently in state courts. This section offers an overview of Undersigned Counsel, their experience with Ms. Walsh, Ms. London, and Mr. Lanier, and the support they could provide.

**Gould Grieco & Hensley, PLLC**

Gould Grieco & Hensley, PLLC ("GGH"), along with Milberg PLLC, represent more than 4,500 clients with potential claims against Defendants, and is counsel of record in 12 cases transferred into this MDL, including some of the earliest lawsuits against Roblox.

GGH has been involved in this unique case from the very beginning – and for good reason. The firm is broadly regarded as one of the nation's preeminent sexual abuse law firms, with an established track record leading some of the most complex and impactful cases on behalf of survivors of sexual abuse. GGH has over 60 attorneys, paralegals, victim advocates, and investigators, who are almost exclusively dedicated to representing survivors of sexual abuse. GGH's involvement in this case has been led by Martin D. Gould, a founding partner of the firm and Chair of the firm's Sexual Abuse Practice Group.

Mr. Gould has been representing survivors of sexual abuse and exploitation for over 10 years. He has been involved in nearly every type of sexual abuse case, ranging from claims against other online tech companies such as Backpages.com to claims against the Boy Scouts of America, universities, hospital systems, professional sports teams, private and public schools, state and municipal entities, mental health facilities, Fortune 500 companies, wealthy individual perpetrators (Jeffrey Epstein), and religious institutions. Mr. Gould and the GGH team have successfully represented and continue to represent thousands of survivors of sexual abuse.

In the past two years (2024-2025), Mr. Gould and the GGH team have led cases securing over $500 million on behalf of clients, with over $450 million recovered on behalf of survivors of sexual abuse and exploitation; over 140 settlements exceeding $1 million; and over 115 settlements exceeding $2 million. Using creative legal strategies and subject matter expertise, in addition to securing significant recoveries on behalf of survivors in global multi-plaintiff litigations (in state court proceedings), Mr. Gould and his firm have also secured numerous record recoveries on behalf of individual survivors, including a $21.3 million settlement on behalf of a minor who was sexually abused at a hotel (one of the largest settlements in the country for an individual survivor); a $10 million settlement in a clergy abuse case (the largest clergy settlement in the country for an individual survivor); and a recent $17.5 million settlement in a school abuse case (the highest reported recovery for a school sexual abuse case in Illinois). GGH's work has produced precedent, reforms, heightened public awareness, and influenced legislation and regulatory oversight in many jurisdictions.

Mr. Gould and the GGH team have become seasoned in the many aspects of representing survivors and litigating sexual abuse cases, including developing a deep familiarity with the types of claims that are or can be successful; anticipated legal defenses and strategies; successful investigation tactics; treatment options and resources for survivors; the psychological dynamics of child exploitation and grooming; how to effectively prepare and produce survivors and their family members for depositions to ensure plaintiff discovery proceeds in a timely manner; coordination with national, state, and local law enforcement agencies; navigating parallel criminal proceedings and investigations; working with the National Center for Missing & Exploited Children; handling sensitive evidence, including preserving and/or reporting CSAM; relevant oral and written discovery, including ESI; familiarity with the industry liability and

damages experts and consultants (psychological, forensic, etc.); and trial preparation.

Mr. Gould is writing in strong support for the appointments of Ms. Walsh, Ms. London, and Mr. Lanier as co-lead counsel in this MDL from a unique perspective. While Mr. Gould has subject matter expertise in many important aspects of the case, he has never litigated in a federal MDL. He was a "newcomer," who had never been a part of the MDL leadership organizing, and lacked meaningful connections to the firms that have traditionally dominated federal MDLs. Consequently, at the outset of this case, Mr. Gould had serious concerns GGH would get boxed out despite the firm's relevant background, experience, and clients' stake in the litigation.

Ms. Walsh and later Ms. London and Mr. Lanier quickly dispensed Mr. Gould's concerns, mentoring Mr. Gould and the GGH team through the MDL process, recognizing the diverse and relevant skillsets of the various firms involved, and enlisted GGH to oversee important work (irrespective of the firm's newcomer status). In short, Ms. Walsh, Ms. London, and Mr. Lanier are the type of MDL lead counsel the federal judiciary is looking for, who have and will build a diverse leadership team based on merit and relevant experience, guided by what is best for the plaintiffs and case rather than prioritizing friendships with firms, patronage, or horse trading.

**The Joel Bieber Firm**

The Joel Bieber Firm (JBF) is uniquely positioned to lend expertise in the area of sexual exploitation and assault as well as providing collectively over 50 years of experience in the area of mass torts. JBF is a medium-sized law firm headquartered in Richmond, Virginia, with additional offices in Virginia Beach, Virginia; Greenville, South Carolina; Tryon, North Carolina; Towson, Maryland; and Philadelphia, Pennsylvania. Since its founding in 1997, JBF has litigated highly complex cases on behalf of injured persons across the country, both in the context of individual proceedings as well as consolidated mass tort proceedings. JBF also specializes in delivering experienced legal counsel to Attorneys General and state agencies, navigating high- stakes legal and regulatory matters.  JBF has a team of lawyers dedicated to and assigned to this litigation who have been working closely with Ms. Walsh, Mr. Lanier and Ms. London in litigating these cases.

*Melissa Fry Hague* brings nearly 20 years of experience in complex product liability and sexual abuse litigation, representing clients in both individual cases and large-scale mass tort actions in state and federal courts. During the first decade of her career, Mrs. Hague litigated and tried mass tort cases. Over the past two decades, she has actively litigated over 15 multidistrict litigations, serving in leadership positions in many of them. Notably, she second-chaired a six-week federal court trial involving a highly complex MDL bellwether medical device case.

Ms. Hague is one of the nation's leading sexual assault lawyers. Currently, she heads her firm's sexual assault practice. Over the past 10 years, she has built a survivor-centered sex abuse practice dedicated to representing victims of sexual abuse in civil court. She was among the attorneys who represented survivors of Larry Nassar's abuse and helped secure a settlement totaling several hundred million dollars against Michigan State University and USA gymnastics.  Ms. Hague regularly litigates sexual abuse cases against the catholic church, Uber, massage parlors, airlines, juvenile detention centers, fraternities and other institutions that have

perpetuated sexual abuse.  She has worked with leading experts and has developed specialized knowledge around the science of trauma, PTSD, and the long-term effects of trauma caused by child sexual abuse. Ms. Hague has also worked with some of the nation's leading experts who have studied the permanent effects PTSD has on the brain.

In addition to her litigation practice, Mrs. Hague is a nationally recognized speaker frequently presenting at conferences across the country on trauma-informed legal representation and litigating PTSD as a permanent injury.  She also conducts educational workshops for parents on internet safety aimed at protecting children against online predators. Her passion for protecting survivors of sexual abuse—and for advocating on behalf of children—extends well beyond the courtroom.

*Melissa Binstock Ephron* has a decade of complex litigation experience specifically focused on consumer fraud, products liability, and personal injury, both on an individual basis and in the context of mass tort litigation.  Mrs. Ephron has been involved in over a dozen mass tort litigations spanning across the country, representing thousands of individuals harmed by defective products, many of which had or have a consumer fraud component. Mrs. Ephron has a deep understanding of MDL litigation strategy and has been intimately involved in the development of the Roblox litigation from its nascent stages.

*Teresa Jauregui* has close to two decades of experience involving complex litigation involving computer crime, online exploitation, and digital evidence. Ms. Jauregui started her career working with the Federal Bureau of Investigation Cybercrime and Economic Crime Units throughout law school in Boston, Massachusetts. She also served a year working with the Massachusetts U.S. Attorney's Office Cybercrime Unit prior to joining the Suffolk County District Attorney's Office in 2013. For nine years, Ms. Jauregui investigated and prosecuted a wide range of serious felonies, ranging from child sexual assault to homicide in Boston and in Pennsylvania with the York County District Attorney's Office. In 2021, Ms. Jauregui joined the National Child Protection Task Force to serve as their Chief Legal Officer. During her tenure as Chief Legal Officer, Ms. Jauregui provided legal expertise to law enforcement and prosecutors investigating complex cases involving missing and exploited children domestically and internationally.

In conjunction with the other signatories to this Response, JBF represents a substantial share of the potential stakeholders in this important litigation, and their dedicated team of lawyers have first-hand knowledge and experience of the zealous leadership provided by Ms. Walsh, Mr. Lanier and Ms. London and their deep commitment to this specific litigation.  JBF joins the other signatories to this Response in supporting Ms. Walsh, Ms. London, and Mr. Lanier for co-leadership of this MDL.

**<u>Dolman Law Group</u>**

Matthew Dolman and his firm, the Dolman Law Group (DLG), currently represent the largest number of MDL plaintiffs, 46 of the 103 cases in the MDL, including the minor survivor of sexual abuse featured in the Florida Attorney General's lawsuit, and over 2,700 additional clients with vetted claims against the platform for enabling or facilitating child sexual abuse and

exploitation. DLG was the second law firm to file a lawsuit against Roblox alleging the facilitation of sexual predation of a minor.  Mr. Dolman and his firm, who have represented survivors of sexual abuse in numerous other cases across the country, became involved in the case after concerned parents reached out prompting his initial research and investigation, including reviewing *Bloomberg*'s expose on the systemic sexual predation of minors on the Roblox gaming platform.

Mr. Dolman and his firm have been representing clients groomed and abused via Roblox for over a year, and involved in this litigation from the outset. DLG has witnessed Ms. Walsh leadership since the inception of this case, and later the leadership of Ms. London and Mr. Lanier. Mr. Dolman and his firm have played a key role taking a supporting or leadership role in many aspects of the case, including helping Ms. Walsh organize the interested firms early on and facilitate countless meetings among those law firms involved. In that regard, Mr. Dolman helped recruit many of the Undersigned Counsel, who joined Ms. Walsh and later Ms. London and Mr. Lanier in leading the investigation and litigation over the past year. This became the inner core of our working group that commenced meetings over a year ago, organized by Ms. Walsh and Pat Huyett of Anapol Weiss.

DLG maintains an active trauma informed sexual abuse practice where he represents hundreds of survivors in both individual and consolidated litigations against a wide array of defendants.  The firm's survivor focused abuse practice features a former sex crimes prosecutor in Sara Beller, a former Federal Prosecutor in Michael Baudinet, and a veteran litigator in Jamie Mauhay Powers, with significant experience representing the interests of survivors in California and Florida state courts.

Mr. Dolman is a nationally recognized trial attorney, considered a preeminent sexual abuse lawyer, who has served as lead counsel on hundreds of high exposure civil lawsuits. He has personally recovered over $400 million on behalf of individuals injured due to negligence. To date, the DLG has recovered over $900 million in settlements and verdicts for victims of negligence.  Mr. Dolman presently represents individual survivors of foster care sexual abuse along with survivors of abuse in both public and private schools.

DLG Partner Stanley Gipe is a recognized litigator and a Board-Certified Civil Trial Lawyer by the Florida Bar.  Mr. Gipe has served as a lead counsel on hundreds of high exposure cases with numerous recorded verdicts in Florida state courts. He presently represents numerous survivors of sexual abuse facilitated by the Church of Jesus Christ of Latter Day Saints.  DLG attorney Sara Beller is a former sex crimes Prosecutor, who currently represents sexual abuse survivors who were abused in foster care, schools and juvenile detention facilities. DLG attorney Michael Baudinet is a former Assistant United States Attorney.  As a Federal Prosecutor, Mr. Baudinet investigated and prosecuted claims against both individuals and groups who targeted, exploited and abused children.

DLG attorneys have also served on leadership in multidistrict litigation, including, *In re, Baby Food Products Liability Litigation* before the Honorable Jacqueline Corely for the Northern District of California and *In re. Suboxone Film Products Liability Litigation* before the Honorable J. Philip Calabrese for the Northern District of Ohio.

**Wagstaff & Cartmell, LLP**

Wagstaff & Cartmell has been involved in this litigation since Anapol Weiss filed the first case. The firm currently represents hundreds of clients with potential claims against Roblox and is counsel of record in 7 cases that are already part of this MDL. We have witnessed firsthand Alex Walsh, Sarah London, and Mark Lanier's leadership and trial skills in this case and prior complex cases.

Wagstaff & Cartmell is a litigation boutique with a national reputation for handling high-stakes and complex litigation, including mass torts, class actions, and multi-district litigation. Our attorneys have been appointed by courts to leadership positions in numerous MDLs, and our firm has helped achieve billions of dollars in recoveries for plaintiffs in cases of national importance. Our leadership experience spans a diverse array of MDLs, including *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 (N.D. Cal.) (Plaintiffs' MDL Sub-Committee and co-lead trial counsel in upcoming bellwether trial), pending before Judge Yvonne Gonzalez Rogers in this District; *In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2913 (N.D. Cal.) (Plaintiffs' Steering Committee and co-lead trial counsel with Sarah Ms. London and Dena Sharp in bellwether trial); and numerous other pharmaceutical, medical device, and consumer protection MDLs.

Our firm's involvement in this case has been led by Tyler W. Hudson, a seasoned trial lawyer with extensive experience in complex litigation, mass and class actions, and MDLs. Mr. Hudson has been deeply involved in this litigation from the outset—participating in the informal coordination among this group of plaintiffs' firms, contributing to investigative work on the defendants, engaging in legal research and analysis on priority issues such as arbitration and Section 230 defenses, and assisting in efforts to ensure uniformity in the plaintiff vetting process.

Led by Ms. Walsh, Ms. London, and Mr. Lanier, this group of plaintiffs' firms is remarkably cohesive and has performed an unusually large amount of substantive work to advance the interests of all plaintiffs at the outset of the litigation. As such, Ms. Walsh, Ms. London, and Mr. Lanier have already proven to be effective leaders in this litigation. Our firm has also had the privilege of working with each of them in prior complex litigation matters, and they have demonstrated not only exceptional legal acumen but an inclusive leadership style that prioritizes the diverse perspectives and skill sets of all participating firms—regardless of firm size or prior MDL experience. We are confident that they will provide cohesive and effective leadership for all plaintiffs in this MDL.

**Milberg PLLC**

Milberg has spent more than five decades protecting victims' rights and has recovered more than $50 billion for clients, earning a national reputation as one of the nation's leading plaintiffs' firms. Its attorneys bring deep legal expertise, rigorous ethical standards, and a proven record of success in major mass-tort and class-action litigation. Milberg is widely recognized as a powerhouse in mass torts, having led or co-led numerous multidistrict litigations against some of the most powerful pharmaceutical, medical-device, and corporate defendants.

More than five years ago, Milberg established a dedicated mass arbitration department to ensure that mandatory arbitration provisions are not used to silence individuals with legitimate claims. Despite the existence of arbitration clauses, this department successfully resolved two major class actions—securing a $65 million settlement against Meta and a $35 million settlement against Snap—demonstrating its effectiveness in holding powerful technology companies accountable. That work ultimately led Milberg to this matter, which the firm regards as among the most consequential of its time. Here, the claims being pushed out of court are those of children—our most vulnerable—who suffered significant harm due to inadequate safeguards. The attempt to remove these claims from judicial review raises concerns even more serious than those Milberg has confronted in prior cases.

In recent months, Milberg has also built a robust department dedicated to representing survivors of sexual abuse. In partnership with Gould Grieco & Hensley, the firm represents more than 4,500 clients. Working alongside the other signatories, Milberg represents a substantial share of the potential stakeholders in this litigation. Guided significantly by the leadership of Ms. Walsh, Ms. London, and Mr. Lanier, Milberg has collaborated on threshold issues, contributed to strategic development, and worked to ensure that the strongest possible path forward is advanced for these victims. This work continues Milberg's longstanding commitment to advocating for those harmed by powerful institutions and systems.

Melissa H. Nafash, a partner and Co-Chair of Milberg's Mass Arbitration Practice, is a key contributor to these efforts. She advocates for individuals harmed by powerful institutions and navigates legal systems that too often impede access to justice. Before her leadership in mass arbitration, she focused on mass-tort and complex litigation, including high-stakes product-liability matters involving large-scale, systemic harm. Her experience representing individuals injured by medical devices and pharmaceutical products, and her service on multiple trial teams and a Plaintiffs' Steering Committee informs her approach to protecting vulnerable claimants in demanding and consequential cases. Over the past several months, Ms. Nafash has collaborated closely with Ms. Walsh, Ms. London, Mr. Lanier, their firms, and Undersigned Counsel, including before the JPML. She submitted a brief highlighting the benefits of consolidation with respect to the arbitration issue and contributed to additional JPML briefing and Plaintiffs' initial MDL filings.

Accordingly, Milberg joins the other signatories in supporting Ms. Walsh, Ms. London, and Mr. Lanier for co-leadership of this MDL. These attorneys and their firms have demonstrated exceptional leadership, skill, and unwavering commitment to this litigation.

## Cooper Masterman PLLC

Cooper Masterman PLLC represents several victims with claims against Defendants in this MDL, including as counsel in several cases that have been or will be transferred to this Court.[2] Throughout these efforts, Cooper Masterman, along with Undersigned Counsel, has

---

[2] Cooper Masterman is also counsel of record in *Doe v. Roblox*, No. 4:25-cv-04693 (S.D. Tex.), which was included in Conditional Transfer Order 1 (ECF 8), but which the Southern District of Texas had not yet formally transferred to this Court as of the time of this filing.

collaborated with Ms. Walsh, Ms. London, Mr. Lanier, and their highly respected firms. Cooper Masterman supports these three attorneys as the ablest to lead this specific litigation.

Founded in 2022, Cooper Masterman offers top-notch legal services to mass-tort plaintiffs and other victims, particularly through law-and-briefing work. The firm's founders, Davis Cooper and Joe Masterman, came from a litigation boutique in Washington, D.C., with a specialty in constitutional and appellate litigation. Davis now serves on the Plaintiffs' Steering Committees for *In re Acetaminophen – ASD-ADHD Products Liability Litigation* (S.D.N.Y., MDL No. 3043) and *In re Suboxone (Buprenorphine/Naloxone) Film Products Liability Litigation* (N.D. Ohio, MDL No. 3092). Joe clerked for a federal district court, federal appellate court, and the United States Supreme Court, and he currently serves on the Plaintiffs' Steering Committee for *In re Baby Food Products Liability Litigation* (ND. Cal., MDL No. 3101).

Cooper Masterman has worked closely with the dedicated group of attorneys led by Ms. Walsh, Ms. London, and Mr. Lanier since the beginning of this litigation—indeed, since filing, with Ms. Walsh's firm, the second federal case on behalf of a victim against Roblox and Discord (*Doe v. Roblox*, No. 3:25-cv-00128 (S.D. Tex.)). As discussed above, this was the only case to reach substantive briefing on Section 230, the First Amendment, and Defendants' other dismissal arguments before transfer to this MDL, and Cooper Masterman helped write Plaintiff's response. Cooper Masterman has been privileged to continue to collaborate in this litigation with Ms. Walsh, Ms. London, Mr. Lanier, their respective firms, and with all Undersigned Counsel, including before the JPML, where Cooper Masterman submitted a brief highlighting some of the overarching legal issues that favored consolidation, and in preparing Plaintiffs' initial MDL filings.

Together with the rest of Undersigned Counsel, Cooper Masterman represents a substantial share of the potential stakeholders in this important litigation. Thanks in large part to Ms. Walsh, Ms. London, and Mr. Lanier's insights and experience, Cooper Masterman has developed the trauma-informed practices and other specific tools needed to vet potential claims and to address the issues that may arise in these unique and sensitive cases. And Plaintiffs as a whole have at the ready the collaborative team needed to bring this MDL to an efficient resolution.

Cooper Masterman therefore joins Undersigned Counsel in supporting Ms. Walsh, Ms. London, and Mr. Lanier for co-leadership of this MDL. These attorneys and their firms have demonstrated their leadership, skill, and deep commitment to this specific litigation.

## Weitz & Luxenberg

Weitz & Luxenberg has worked closely with the dedicated group of attorneys led by Ms. Walsh, Ms. London, and Mr. Lanier since the beginning of this litigation, and is uniquely positioned to assist Plaintiffs in the MDL. Weitz has been involved in litigation against Roblox since August of 2023, when it commenced a class action lawsuit against the company for facilitating the efforts of online casinos that were permitting adolescent Roblox users to gamble using Roblox's digital currency, Robux. *See Colvin v. Roblox Corp.*, 725 F. Supp. 3d 1018 (N.D. Cal. 2024). Through the *Colvin* action, Weitz began working with Ms. Walsh and her team

before they commenced the first sexual abuse case against Roblox. Weitz attorney James Bilsborrow has been working closely with Ms. Walsh, Ms. London, and Mr. Lanier ever since, as well as each of the undersigned firms, to develop this important action. Weitz currently represents hundreds of clients, many of whom are teenagers and adolescents, and is counsel of record in three cases in the MDL. We strongly support the leadership applications of Ms. Walsh, Ms. London, and Mr. Lanier.

For over 35 years, Weitz has represented individuals seeking to obtain redress for corporate and institutional malfeasance. The firm has been appointed by courts to litigate some of the nation's largest and most complex matters, including multidistrict litigation in this Court against social media platforms for causing harm to teens and adolescents, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 (N.D. Cal.) (Plaintiffs' Steering Committee Leadership), class and mass tort litigation against those responsible for promoting the use of Juul e-cigarettes among teens, *In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2913 (N.D. Cal.) (Co-Lead Counsel), and litigation against Monsanto for injuries arising from exposure to Roundup herbicides, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (N.D. Cal.) (Co-Lead Counsel). In addition, for the past decade Weitz has represented thousands of survivors of institutional sex abuse in New York State. The firm is strongly positioned to assist lead counsel with the unique issues that arise in multidistrict litigation as well as in cases involving sexual abuse.

James Bilsborrow is a Partner and Co-Chair of the firm's Environmental, Toxic Tort and Consumer Protection department. Mr. Bilsborrow is lead counsel in the *Colvin* matter against Roblox, where he and his colleague, Aaron Freedman, have spent the past year learning how the company operates and the technologies it employs, identifying its key personnel and departments, litigating key written discovery and preservation issues, and reviewing tens of thousands of documents produced in discovery. Mr. Bilsborrow and Mr. Freedman have deposed several Roblox witnesses, including its former head of Trust & Safety and key engineers.

Mr. Bilsborrow was also appointed by this Court as a member of the Plaintiffs' Steering Committee Leadership in *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 (N.D. Cal.). There, Mr. Bilsborrow was chair of a general liability team litigating the plaintiffs' case against Snap, the creator of Snapchat and a named defendant in this case. Mr. Bilsborrow, along with Mr. Freedman and their co-counsel, negotiated the identity of key custodians, search terms, written discovery, and Rule 30(b)(6) topics. Mr. Bilsborrow and Mr. Freedman also deposed multiple key Snap witnesses, including its current CEO. Weitz's experience litigating against both Roblox and Snap will be an asset to the leadership team in this case.

Aside from those matters listed above, Mr. Bilsborrow has been appointed by courts across the country to litigate a variety of complex class and multidistrict litigation, including *In re East Palestine Train Derailment*, No. 4:23CV0242 (N.D. Ohio) (Plaintiffs' Executive Committee); *In re Dicamba Herbicides Litig.*, No. 1:18-md-02820-SNLJ (E.D. Mo.) (Plaintiffs' Executive Committee); *In re Bio-Lab Class Action*, No. 24-cv-4407-SEG (N.D. Ga.) (Plaintiffs' Executive Committee); and *Baker v. Saint-Gobain Performance Plastics Corp.*, No. 16-cv-917 (N.D.N.Y.) (Co-Lead Counsel).

Respectfully,

By:    /s/ *Martin D. Gould*
　　　Martin D. Gould
　　　Steven L. Vanderporten
　　　Jennifer Cascio
　　　**GOULD GRIECO & HENSLEY,**
　　　**PLLC**
　　　101 N. Wacker Drive, Suite 100
　　　Chicago, Illinois 6006
　　　P: (847) 420-5931
　　　Email: martin@gghlaw.com
　　　Email: steven@gghlaw.com
　　　Email: jennifer@gghlaw.com

By:    /s/ *Melissa Fry Hague*
　　　Joel Bieber
　　　Melissa Fry Hague
　　　Melissa Ephron
　　　Teresa Jauregui
　　　**THE JOEL BIEBER FIRM**
　　　Two Liberty Place
　　　50 S. 16th Street, Suite 1700
　　　Philadelphia, PA 19102
　　　P: (267) 554-2414
　　　Email: jbieber@joelbieber.com
　　　Email: mhague@joelbieber.com
　　　Email: mephron@joelbieber.com
　　　Email: tjauregui@joelbieber.com

By:    /s/ *Matthew Dolman*
　　　Sara D. Beller
　　　Matthew Dolman
　　　R. Stanley Gipe
　　　**DOLMAN LAW GROUP**
　　　800 N. Belcher Road
　　　Clearwater, FL 33765
　　　P: (727) 451-6900
　　　Email: sara.beller@dolmanlaw.com
　　　Email: matt@dolmanlaw.com
　　　Email: stan.gipe@dolmanlaw.com

By:    /s/ *Tyler W. Hudson*
　　　Tyler W. Hudson
　　　J. Kirk Goza
　　　Zachery E. Galyon
　　　**WAGSTAFF & CARTMELL LLP**
　　　4740 Grand Avenue, Suite 300
　　　Kansas City, MO 64112
　　　P: (816) 701-1100
　　　Email: thudson@wcllp.com
　　　Email: jgoza@wcllp.com
　　　Email: zgalyon@wcllp.com

By:    /s/ *Melissa H. Nafash*
　　　Melissa H. Nafash
　　　**MILLBERG, PLLC**
　　　405 East 50th Street
　　　New York, NY 10022
　　　P: (212) 946-9305
　　　Email: mnafash@milberg.com

　　　Gary M. Klinger
　　　Melinda Maxson
　　　**MILLBERG, PLLC**
　　　227 W. Monroe Street, Suite 2100
　　　Chicago, IL 60606
　　　P: (866) 252-0878
　　　Email: GKlinger@milberg.com
　　　Email: mmaxson@milberg.com

By:    /s/ *P. Davis Cooper*
　　　P. Davis Cooper
　　　Joseph O. Masterman
　　　**COOPER MASTERMAN, PLLC**
　　　1717 Pennsylvania Avenue NW
　　　Suite 1025
　　　Washington, DC 20006
　　　P: (202) 866-0171
　　　davis@coopermasterman.com
　　　joe@coopermasterman.com

By:    <u>*/s/ James Bilsborrow*</u>
James Bilsborrow
Devin Bolton
Aaron Freedman
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
P: (212) 558-5500
Email: jbilsborrow@weitzlux.com
Email: dbolton@weitzlux.com
Email: afreedan@weitzlux.com