UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL No. 3166<br><br>Case No. 3:25-md-03166-RS |
| This document relates to:<br><br>ALL ACTIONS | **STIPULATED [PROPOSED] ORDER REGARDING APPOINTMENTS OF GUARDIANS** *AD LITEM*<br><br>Judge Richard Seeborg |

This Order shall govern the process for the appointment of guardians *ad litem* for Plaintiffs who require one.

## GOVERNING LAW

Pursuant to the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Therefore, the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.*

The capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). For example, an individual under the age of eighteen is a minor without the capacity to sue in California. *See* Cal. Fam. Code § 6502.

Cooley LLP
Attorneys at Law
San Francisco

Stipulated [Proposed] Order
Regarding Appointments of Guardians
Ad Litem | Case No. 3:25-md-03166-RS

The decision to appoint a guardian *ad litem* under Rule 17(c) is at the sound discretion of the trial court and is typically made on an ex parte application. *See A.G. v. S. Bay Deams Coop.*, 2018 WL 2002370, at *2 (S.D. Cal. Apr. 30, 2018) (citing *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014); *Student A v. Berkeley Unified Sch. Dist.*, 2017 WL 2171254, at *1 (N.D. Cal. May 17, 2017) ("When there is no conflict of interest, the guardian *ad litem* appointment is usually made on ex parte application and involves minimal exercise of discretion by the trial court.") (citation omitted)).

"Fit parents are presumed to act in the best interests of their children." *J.B. by & Through Billiet v. Tuolumne Cnty. Superintendent of Schools*, 2021 WL 3115195, at *2 (E.D. Cal. July 22, 2021); *see also Brown v. Alexander*, 2015 WL 7350183, at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion.") (citation omitted)). Absent a conflict of interest, "[a] parent is generally appointed guardian *ad litem*." *A.G.*, 2018 WL 2002370, at *3. However, "[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *J.M. v. Liberty Union High Sch. Dist.*, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (internal quotation marks omitted).

## REQUIRED PROCEDURE

Consistent with the applicable law and rules set forth above, the Court orders as follows:

**I.    CASES CURRENTLY PENDING IN THIS MDL**

1.    All individual Plaintiffs who are "minors," i.e., lack the capacity to sue in the state where they are domiciled, and whose cases have been filed or transferred to this MDL on the date of this Order, must submit to Plaintiffs' Liaison Counsel, within 30 days of this Order, (a) an Ex Parte Application for Appointment of Guardian *Ad Litem* ("Application") substantially in the form of <u>Attachment A</u>, or (b) an order demonstrating that a guardian, conservator, or other representative authorized to represent the minor's interest in this case has already been appointed

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIPULATED [PROPOSED] ORDER
REGARDING APPOINTMENTS OF GUARDIANS
*AD LITEM* | CASE NO. 3:25-MD-03166-RS

by a state or federal court. Applications for plaintiffs proceeding pseudonymously shall be submitted on a confidential basis for filing under seal. Applications for plaintiffs not proceeding pseudonymously may be filed publicly.

2. The Application requires the following information be submitted under penalty of perjury:

    a. The applicant's name and contact information (including address, email, and telephone number);

    b. The name, case number, state of domicile (and its minimum age of capacity), date of birth, and attorney of record of the minor plaintiff whom the applicant seeks to represent;

    c. The applicant's relationship to the minor plaintiff (e.g., parent or legal guardian, or a statement of the applicant's relationship to the minor plaintiff); and

    d. A statement affirming that the applicant is fully competent and qualified to understand and protect the rights of the minor plaintiff and has no interests adverse to the interests of that person.

3. Plaintiffs' Liaison Counsel shall compile the completed Applications and/or orders and submit them to the Court for consideration in a Consolidated Ex Parte Application for Appointment of Guardian *Ad Litem* ("Consolidated Ex Parte Application"). For Plaintiffs proceeding under pseudonym, all identifying information in the Application shall remain under seal and the Court's order appointing the guardian *ad litem* shall use only the Plaintiffs' designated pseudonyms. The Consolidated Ex Parte Application may be filed under seal without an administrative motion to seal.

4. Applications submitted by parents or legal guardians shall be deemed presumptively approved upon filing. Nothing in this Order shall preclude any Defendant from later moving to challenge, modify, or revoke the appointment of a guardian ad litem upon a showing of good cause, including the existence of an actual or potential conflict of interest.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

STIPULATED [PROPOSED] ORDER
REGARDING APPOINTMENTS OF GUARDIANS
*AD LITEM* | CASE NO. 3:25-MD-03166-RS

5. Absent the filing of an objection, the presumptive approval shall become final 15 days after the Consolidated Ex Parte Application is filed. Plaintiffs' Liaison Counsel shall provide a consolidated proposed order to the Court appointing those approved applicants.

6. For applicants who are not the minor plaintiff's parent or legal guardian, the Application shall be taken under consideration by the Court. Any objection must be filed within 15 days of the filing of the Consolidated Ex Parte Application.

7. Should a minor plaintiff not propose a guardian ad litem within 30 days of this Order, Plaintiffs' Liaison Counsel shall work with counsel for the minor plaintiff and/or the Court to identify a suitable candidate. *See Anthem Life Ins. Co. v. Olguin*, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007) ("If a close relative is unavailable and the child has no conflict-free general representative, the court may appoint a friend of the plaintiff or his family, a professional who has worked with the child, or in desperate circumstances, a stranger whom the court finds to be especially suitable for representing the child's interests.").

II. **CASES SUBSEQUENTLY FILED IN OR TRANSFERRED TO THE MDL**

1. Minor plaintiffs whose cases are filed or transferred to this MDL after the date of this Order shall, within 30 days of filing or transfer, whichever is later, file either (a) an Ex Parte Application for Appointment of Guardian *Ad Litem* ("Application") substantially in the form of Attachment A, together with a proposed Order substantially in the form of Attachment B to be filed on the public docket, or (b) an order demonstrating that a guardian, conservator, or other representative authorized to represent the minor's interest in this case has already been appointed by a state or federal court. Plaintiffs proceeding pseudonymously shall file the Application under seal and the proposed Order on the public docket. The Application may be filed under seal without an administrative motion to seal. Plaintiffs not proceeding pseudonymously may file both the Application and proposed Order on the public docket.

2. For Plaintiffs proceeding pseudonymously, the sealed Application shall contain all identifying information required by Attachment A. The proposed Order shall use only the minor plaintiff's designated pseudonym and shall be filed separately as a public record upon the Court's approval.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIPULATED [PROPOSED] ORDER
REGARDING APPOINTMENTS OF GUARDIANS
*AD LITEM* | CASE NO. 3:25-MD-03166-RS

3. The same presumptions and procedures set forth in Section A.4-7., *supra*, shall apply.

4. Liaison Counsel for Plaintiffs shall remain available to assist the Court in managing Applications going forward as needed.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

STIPULATED [PROPOSED] ORDER
REGARDING APPOINTMENTS OF GUARDIANS
*AD LITEM* | CASE NO. 3:25-MD-03166-RS

**Attachment A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | Case No. 3:25-md-03166-RS<br><br>MDL No. 3166 |
| This Document Relates to:<br><br>[SPECIFIC CASE CAPTION] | **EX PARTE APPLICATION AND [PROPOSED] ORDER FOR APPOINTMENT OF GUARDIAN *AD LITEM*** |

Pursuant to this Court's Order Regarding Appointments of Guardian *Ad Litem*, the undersigned Applicant hereby seeks an appointment as a guardian ad litem in this litigation.

1. Guardian *Ad Litem* Applicant Name:

2. Pseudonym for Guardian *Ad Litem*:

3. Applicant Contact Information:

    a. Address:

    b. Telephone number:

    c. Email:

4. The Applicant seeks to represent the interests of the following plaintiff (referred to hereinafter as "Minor Plaintiff") in the above-captioned litigation:

    a.    Name:

    b.    Pseudonym for Minor Plaintiff:

    c.    State of Domicile:

    d.    Minimum Age of Capacity to Sue in State of Domicile:

    e.    Date of Birth:

    f.    Case Number:

    g.    Attorney of Record:

5.    The Minor Plaintiff is a minor without the capacity to sue pursuant to the laws of their state of domicile.

6.    The Minor Plaintiff has no other appointed guardian or conservator of their estate authorized to act on their behalf in this litigation.

7.    The Court should appoint a guardian ad litem pursuant to the Court's Order Regarding Appointments of Guardian *Ad Litem*.

8.    The applicant and proposed guardian *ad litem* has the following relationship to the Minor Plaintiff they are seeking to represent (*select one*):

    a.    ☐ Parent

    b.    ☐ Legal Guardian

    c.    ☐ Not Related (*explain relationship*):

9.    The Applicant is fully competent and qualified to understand and protect the rights of the person they will represent and has no interests adverse to the Minor Plaintiff, or, if any potential conflicts exist, fully discloses them herein. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed.)*

Submitted by:

Date: _____

_____            _____
Attorney Name (Printed)                                                    Attorney Signature

**APPLICANT DECLARATION**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Date: _____

_____        _____
Applicant Name (Printed)                                Applicant Signature

**CONSENT TO ACT AS GUARDIAN *AD LITEM***

I consent to the appointment of guardian *ad litem* under the above petition.

Date: _____

_____        _____
Applicant Name (Printed)                                Applicant Signature

**[Proposed order appointing guardian *ad litem* filed separately as public record]**

Cooley LLP
Attorneys at Law
San Francisco

8

Ex Parte Application and [Proposed]
Order for Appointment of Guardian Ad
Litem | Case No. 3:25-md-03166-RS

**Attachment B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>[SPECIFIC CASE CAPTION] | Case No. 3:25-md-03166-RS<br><br>MDL No. 3166<br><br>**[PROPOSED] ORDER FOR APPOINTMENT OF GUARDIAN *AD LITEM*** |

Based on the ex parte application, the Court finds that it is reasonable and necessary to appoint a guardian *ad litem* for the Minor Plaintiff as requested.

The Court orders that the applicant identified is hereby appointed guardian *ad litem* for the Minor Plaintiff.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

331650059