**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Phone:  (805) 270-7100
Fax:       (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
E-Mail: kgrombacher@bradleygrombacher.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL No. 3166 |
| | Case No. 25-md-03166-RS |
| | **PLAINTIFFS' STATUS REPORT** |
| This document relates to: | |
| ALL ACTIONS | |

Plaintiffs respectfully submit this Status Report in accordance with the Court's January 30, 2026 Order Appointing Plaintiffs' Co-Lead Counsel and Directing Parties to Meet and Confer (ECF No. 137).

## I. SELECTION OF A SPECIAL MASTER OR MAGISTRATE JUDGE FOR DISCOVERY COORDINATION AND DISPUTES

Plaintiffs' counsel submit that appointment of a special discovery master for discovery coordination and disputes is appropriate in this MDL and will facilitate a more expeditious resolution of all issues and assist the parties and the Court in making this MDL more efficient. At the Initial Case Management Conference, the Court indicated that it was inclined to appoint a special master given the significant demands already placed on this District's magistrate judges, which supports the need for dedicated oversight of the significant discovery expected in this MDL. While Plaintiffs were prepared to exchange a list of three names of potential special discovery masters with Defendants, Defendants declined to participate in such exchange.

## II. SELECTION OF AN AGREED-UPON ADR MEDIATOR

Given that the plaintiffs in this MDL are minors who have suffered severe trauma, prolonged litigation carries a significant risk of compounding that harm. Accordingly, establishing an early and proactive resolution framework is critically important. To this end, the parties recently exchanged proposals for neutrals to be selected as the ADR Mediator. The parties are presently meeting and conferring regarding those proposals, and no selection has been made to date.

Plaintiffs request that whichever individual is selected—whether by agreement of the parties or by the Court—be appointed as the "Settlement Master." Pursuant to Rule 53(b)(2)(A), the special master would assist the Court with settlement matters only. The Settlement Master would not have formal coercive authority to compel the making of any agreement or the granting of any concession; however, as relates to settlement, the Settlement Master would have the full authority provided in Rule 53(c). Plaintiffs propose that the Settlement Master be vested with the power to:

1. Order the parties to meet face-to-face and engage in serious and meaningful negotiations;
2. Construct an efficient procedure to engage the parties in settlement negotiations,

including:

    a. Establish a list of information needed from each party in order to facilitate settlement;

    b. Create a form and a timetable for the exchange of such information;

    c. Order production of all necessary information; and

    d. Conduct in-person settlement negotiations with the parties and their counsel in all cases;

3. Order the appearance of any persons necessary to settle any claims completely;

4. Make recommendations to the Court concerning any issues that may require resolution in order to facilitate settlement or to efficiently manage the litigation; and

5. Direct, supervise, monitor, and report on implementation and compliance with the Court's orders, and make findings and recommendations on remedial action, if required.

Additionally, pursuant to Rule 53(b)(2)(B), the Settlement Master may communicate *ex parte* with the Court at any time. The Settlement Master also may communicate *ex parte* with a party or counsel on purely administrative matters and in attempting to mediate these cases.

### III. DISCOVERY

#### A. Exchange of Plaintiff Names and Account Information, immediate preservation of evidence, Rule 26(f)

**Meta and Snap**

As a compromise to resolve disputes over Plaintiffs' preliminary discovery demands, and to enable Meta and Snap to identify accounts relevant to Plaintiffs' claims for preservation purposes, Meta and Snap have reached the following agreement with Plaintiffs:

1. Plaintiffs will diligently search for and provide to Snap and Meta as soon as possible: (1) a username (*i.e.*, "handle"), user ID, or URL for all accounts used by Plaintiffs; (2) all phone numbers used by Plaintiffs and/or their parents or guardians that are tied to a Snapchat or Instagram account used by Plaintiff; (3) all email addresses used by Plaintiffs and/or their parents or guardians that are tied to a Snapchat or Instagram account used by Plaintiff; and (4) all known and available identifying information, including but not limited to names and usernames, for the alleged perpetrators involved in each Plaintiff's case.

2. Snap will search for and make reasonable efforts to identify all Plaintiff Snapchat

accounts that are directly connected to the specific phone numbers and email addresses provided by Plaintiffs. Meta will search for and make reasonable efforts to identify all Plaintiff Instagram accounts that are directly connected to the specific Instagram usernames / account URLs, phone numbers, and email addresses provided by Plaintiffs. Plaintiffs agree that Snap and Meta are not required to search for any additional accounts beyond those directly connected to the Plaintiff-provided information. Snap and Meta have asked Plaintiffs to agree that, to the extent Plaintiffs provide identifying information for different or additional accounts at a later point in time, and Snap and Meta are able using that information to identify those accounts for preservation purposes, Plaintiffs will not argue that, by virtue of having not preserved those accounts earlier, Snap or Meta spoliated evidence. Plaintiffs are considering Snap and Meta's request and will continue to meet and confer with them about including such a provision or similar provision in the Roblox UAIO.

    3.    Subject to entry by the Court of an order similar to the User Account Identification Order entered in MDL 3047 (which the Parties shall promptly negotiate and seek to reach agreement on) (the "Roblox UAIO"), Snap and Meta will notify Plaintiffs of the identified Plaintiff accounts, and Plaintiffs will confirm which account(s) belong to them. Plaintiffs can then use Snap's "Download My Data" function or Meta's "Download Your Information" function to download account-specific data.[1]

    4.    For any identified Plaintiff account a Plaintiff attests belongs to them and is relevant to their claims, but they cannot access, the Plaintiff will provide consent under the Stored Communications Act for Snap or Meta (as applicable) to disclose user account information, after which the applicable Defendant will (subject to entry by the Court of the Roblox UAIO) produce for those account(s) the data generated through their "Download My Data" and "Download Your Information" functions, respectively.

    5.    Plaintiffs agree not to seek a Rule 30(b)(6) deposition (or any other formal

---

[1] Snap's "Download My Data" function provides a comprehensive record of account activity, including: login history, profile information; saved chat history; Snap memories; and location data. Meta's "Download Your Information" function provides data regarding, e.g., an account's: login history and account information; user & public profiles; user activity; saved chat history; interactions with ads or advertisers; location history; search history; and activity received from apps and websites off Instagram.

discovery), a Rule 26(f) conference, or a Rule 26(f) report with or of Meta or Snap unless and until the Court orders that discovery is open in this MDL for all purposes. Meta and Snap agree to negotiate initial discovery-related orders with Plaintiffs (e.g., a Protective Order, ESI Protocol, and Rule 502(d) (clawback) order), and in connection with those negotiations, to share ESI-related information (such as sources of relevant discovery) informally with Plaintiffs. These agreements are without prejudice (1) to Snap and Meta's position that discovery should be stayed pending the resolution of Defendants' motions to dismiss or (2) to Plaintiffs' position that discovery should *not* be stayed; and the Parties reserve all rights and arguments in that regard.

**Roblox and Discord**

The parties have conferred on this issue. Plaintiffs previously made a proposal for a mutual exchange of information and have received Roblox's and Discord's respective proposals on this issue this afternoon and are evaluating such proposals. The parties continue to meet and confer.

### B. Reproduction of Responsive Non-Privileged Discovery Produced in Connection with Related Government Investigations

Plaintiffs' position remains that Defendants should promptly reproduce discovery produced in any court case, government investigation, or government hearing regarding sexual-exploitation risks to minor users on their platforms and actual or considered changes to their platforms relating to these risks. This information is facially relevant to the claims in this case, and the burden on Defendants of reproducing it here is negligible and significantly outweighed by the benefits to the Court and the parties of early disclosure. In similar MDLs, early reproduction of prior productions has facilitated the efficient progression of discovery and helped advance the litigation. The parties are conferring regarding this issue and have presently reached neither resolution nor an impasse.

### C. Proposed CSAM Preservation Order

Plaintiffs' Counsel has circulated Proposed Order Governing CSAM Preservation. The parties are presently meeting and conferring regarding such Order.

## IV. SHORT-FORM AND MASTER COMPLAINTS

Upon consideration, Plaintiffs' Leadership believes that a master complaint is not appropriate for this MDL. First and foremost, Plaintiffs' Leadership is concerned that a master

complaint and short-form process would unnecessarily delay the bellwether selection and resolution of cross-cutting issues for the individual minor plaintiffs. In addition, while there are substantial similarities in many of the allegations, no minor plaintiff should be forced to adopt those allegations as their own, and moreover, the individual allegations as to each minor plaintiff may require much more detail than plaintiffs in other MDL proceedings. Finally, the more recent trend in MDLs is not to have master complaints to avoid issues of merger which could ultimately divest the MDL Court of jurisdiction altogether. That said, the parties have had multiple and productive meet and confers as to a bellwether process by which cross cutting issues can be efficiently and expeditiously resolved by this Court, and a process by which those rulings, if generally applicable, could inform other cases in this MDL moving forward.

## V.     BRIEFING SCHEDULE WITH RESPECT TO PRELIMINARY MOTIONS

Plaintiffs propose a pilot program whereby the parties select representative cases with cross-cutting threshold issues to be determined by this Court. The Parties are conferring regarding this proposal; however, the general framework is as follows:

- The parties engage in a detailed conference regarding the legal and factual issues underlying any arbitration or other proposed pleadings motions which Defendants intend to file.
- Plaintiffs shall have 3 weeks from the date of the conference to amend any complaints as they deem necessary.
- The parties will meet and confer regarding the number and selection of the pilot cases. If they cannot agree, they shall make proposals to the Court.

Plaintiffs propose that the parties confer regarding an extended briefing schedule for such motions which can be proposed to the Court once Plaintiffs have a complete understanding of the motions and issues to be decided.

///

///

///

///

| | | |
|---|---|---|
| 1 | Date: February 20, 2026 | Respectfully submitted, |
| 2 | | By: /s/Kiley Grombacher |

Date: February 20, 2026

Respectfully submitted,

By: /s/Kiley Grombacher
**BRADLEY/GROMBACHER, LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
Fax: (805) 270-7589
kgrombacher@bradleygrombacher.com
Plaintiffs' State/Federal Liaison

Bryan Aylstock
**AYLSTOCK, WITKIN, KREIS**
**& OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Telephone: (850) 202-1010
Fax: (850) 916-7449
baylstock@awkolaw.com

Sarah London
**GIRARD SHARP LLP**
601 California St #1400, San Francisco, CA 94108
Telephone: (866) 981-4800
Fax: (415)981-4800
slondon@girardsharp.com

Alexandra M. Walsh
**ANAPOL WEISS**
14 Ridge Square, NW, 3rd Floor Washington, DC 20016
Telephone: (771) 224-8065
Facsimile: (215) 735-2211
awalsh@anapolweiss.com

Lead Counsel for Plaintiffs

7
PLAINTIFFS STATUS REPORT