# EXHIBIT B

1                    UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3   Before The Honorable Araceli Martinez-Olguin, District Judge

4

5   LITTON, et al.,                )
                                    )
6            Plaintiffs,            )
                                    )
7   vs.                            )   No. C 25-03088-AMO
                                    )
8   ROBLOX CORPORATION, et al.,     )
                                    )
9            Defendants.            )
    _____ )

10

11                                 San Francisco, California
                                    Thursday, January 29, 2026
12

13   <u>TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
                RECORDING 11:01  - 11:20 = 19 MINUTES</u>

14

15   <u>APPEARANCES</u>:

16   For Plaintiffs:
                                    Bradley Grombacher, LLP
17                                  31365 Oak Crest Drive
                                    Suite 240
18                                  Westlake Village, California
                                       91361
19                       BY:  KILEY L. GROMBACHER, ESQ.

20                                  Aylstock, Witki, Kreis and
                                       Overhotlz
21                                  17 East Main Street
                                    Suite 200
22                                  Pensacola, Florida 32502
                         BY:  BRYAN F. AYLSTOCK, ESQ.

23

24            (APPEARANCES CONTINUED ON NEXT PAGE)

25

2

```
 1  For Plaintiffs:

 2                              Hilliard Law
                                719 South Shoreline Boulevard
                                Corpus Christi, Texas 78401
 3                      BY:     BONNIE J. RICKERT, ESQ.

 4                              Grant and Eisenhofer
                                123 Justison Street
 5                              Seventh Floor
                                Wilmington, Delaware 19801
 6                      BY:     ADAM J. GOMEZ, ESQ.

 7                              Burg Simpson
                                40 Inverness Drive East
 8                              Englewood, Colorado 80112
                        BY:     SETH A. KATZ, ESQ.
 9
                                Bullock Legal Group
10                              3662 Cedarcrest Road
                                Suite 320
11                              Acworth, Georgia 30101
                        BY:     CARUSUSANA WALL, ESQ.
12
                                Parafinczuk Wolf, P.A.
13                              5550 Glades Road
                                Suite 500
14                              Boca Raton, Florida 33431
                        BY:     JOHN A. BRUEGGER, ESQ.
15
                                Scott and Scott
16                              7718 Wood Hollow Drive
                                Suite 105
17                              Austin, Texas 78731
                        BY:     RYAN ZIMINSKAS, ESQ.
18
                                Reich and Binstock
19                              4265 San Felipe
                                Suite 1000
20                              Houston, Texas 77027
                        BY:     ROBERT J. BINSTOCK, ESQ.
21
                                Gomez Trial Attorneys
22                              755 Front Street
                                San Diego, CA 92101
23                      BY:     JOSHUA R. HARRIS, ESQ.

24

25
```

*Echo Reporting, Inc.*

3

1   APPEARANCES:  (Cont'd.)

2   For Defendants:

                              Orrick, Herrington & Sutcliffe
3                               LLP
                              355 South Grand Avenue
4                             Suite 2700
                              Los Angeles, CA 90071
5                        BY:  DAVID P. FUAD, ESQ.

6                             Hueston Hennigan LLP
                              523 West Sixth Street
7                             Suite 400
                              Los Angeles, California 90014
8                        BY:  MOEZ M. KABA, ESQ.

9                             Dechert LLP
                              633 West Fifth Street
10                            Suite 4900
                              Los Angeles, California 90071
11                       BY:  JAY L. BHIMANI, ESQ.

12  Transcribed by:           Echo Reporting, Inc.
                              Contracted Court Reporter/
13                            Transcriber
                              echoreporting@yahoo.com
14

15

16

17

18

19

20

21

22

23

24

25

4

1  <u>Thursday, January 29, 2026</u>                    <u>11:01 a.m.</u>

2                  P-R-O-C-E-E-D-I-N-G-S

3                       --oOo--

4          THE CLERK:  Calling Civil Matter 25-3088, Litton,

5  et al. v. Roblox Corporation, et al., and all other related

6  cases.

7      Counsel, please speak into the microphone to state your

8  appearances for the record, starting with the Plaintiffs.

9          MS. GROMBACHER (via Zoom):  Kiley Grombacher on

10  behalf of Plaintiffs Litton and Woolsey.

11          MR. AYLSTOCK (via Zoom):  Good morning, your

12  Honor.  Bryan Aylstock on behalf of Plaintiff Litton.

13          MS. RICKERT (via Zoom):  Good morning, your Honor.

14  Bonnie Rickert on behalf of Plaintiffs Mathews, Sullivan,

15  Goble, Cox, and Dodson.

16          MR. GOMEZ (via Zoom):  Good morning, your Honor.

17  Adam Gomez, Grant and Eisenhofer, on behalf of Plaintiff

18  Guillermo Galarza.

19          MR. KATZ (via Zoom):  Good morning, your Honor.

20  Seth Katz from Burg Simpson on behalf of Brown versus

21  Roblox.

22          MS. WALL (via Zoom):  Good morning, your Honor.

23  Carasusana Wall on behalf of Plaintiffs Davis, Hart, Jule,

24  Owens, Vannorstrand, Phillips on behalf of NP, and Phillips

25  on behalf of DP.

5

1          MR. BRUEGGER (via Zoom):  Good morning, your

2 Honor.  John Bruegger from Parafinczuk Wolf, and that's

3 P-A-R-A-F-I-N-C-Z-U-K, Wolf, on behalf of Plaintiffs

4 Chandler, Bacalso, and Jackson.

5          MR. ZIMINSKAS (via Zoom):  Good morning, your

6 Honor.  Ryan Ziminskas with Scott and Scott on behalf of

7 Hendricks v. Roblox, et al.

8          MR. BINSTOCK (via Zoom):  And good morning, your

9 Honor.  Robert Binstock here from Reich and Binstock, here

10 on behalf of the Friery Plaintiff.

11          THE COURT:  Good morning to Plaintiffs' counsel.

12     Defense counsel, if you would, please.

13          MR. FUAD (via Zoom):  Thank you.  Good morning,

14 your Honor.  David Fuad on behalf of Defendant Roblox

15 Corporation.

16          MR. KABA (via Zoom):  Good morning, your Honor.

17 Moez Kaba on behalf of Defendant Epic.

18          MR. BHIMANI (via Zoom):  Good morning, your Honor.

19 Jay Bhimani for Microsoft, and for Mojang in the cases in

20 which Mojang has been served.

21          THE COURT:  Thank you, and good morning to you

22 all.  I just want to confirm something.  I understand that

23 we may be missing Plaintiffs' counsel from Jesse v. Roblox,

24 25-7964, as well as Johnson v. Roblox, 25-10314.  Can I

25 get -- if you happen to be here on those cases, this is your

6

1 time to state your appearance.  Otherwise, we'll just make

2 sure to note that you are missing, and I'll have fun with

3 that later.

4      Okay.  All right, folks.  We're here today for a case

5 management conference in all of these related video game

6 addiction cases.  I want to thank you all for submitting the

7 joint case management statement.  Contained therein, right,

8 I was presented with two scheduling proposals, one from a

9 subset of Plaintiffs and one from Defendants.  The rest of

10 the Plaintiffs opted not to submit a proposal, and I did

11 note that the tack there seemed to be "We're going to wait,

12 and show up and talk with you about it at the case

13 management conference."

14      Your opportunity to present something to me was in the

15 case management statement.  I'm not going to take the time

16 to hear from the plethora of you today about what you think

17 we should do instead.  I appreciate your noting your

18 concerns with the two proposals that were put forward, but

19 that was your opportunity to put something in front of me.

20 So please take this as a lesson learned.  The written

21 statements are the time to give me proposals.  I'm not going

22 to wait for you to present things to me for the first time

23 at a setting.

24      So I have two proposals.  I've looked at them, and in

25 looking at them, my purpose for having you all do this

7

1  became all the more crystalized, right?  I'm trying to find
2  the most efficient way to move you all forward, and to my
3  mind, that means deciding threshold issues that cut across
4  the cases first.
5      So, from this moment, where you all are sort of at
6  different places, procedurally, though, everyone is very
7  much at the beginning.  I will say that, at this moment, it
8  isn't clear to me which cases present the best issues, and
9  it isn't clear to me that the first ones filed or the first
10 ones briefed are the best ones to go first.
11     So, in light of that, I'm not going to go with
12 Defendants' proposal because, while I appreciate the
13 expediency or the ease with which I could just pick up the
14 fully briefed motions that are already there.  It's not
15 clear to me that those are the best cases that present the
16 issues most squarely.  So here's what I want -- or that
17 what's happening in Litton and Chandler, which I think are
18 the two farthest along, actually, are representative of
19 what's going on in all of the cases.
20     So here's what I'm going to ask you all to do.  I want
21 you all to -- this will not surprise you, probably.  I want
22 you all to keep meeting and conferring, because here's what
23 I want from you all by February 16th.  I think that's the
24 date you all had -- that the group of Plaintiffs who
25 proposed a submission of some cases -- I picked up that date

8

1  and went with it, at least.

2      By the 16th of February, I want the parties to propose

3  six pilot cases.  If you can agree amongst yourselves which

4  those six cases should be, I'll take a joint proposal.  If

5  you cannot agree which -- if Plaintiffs and Defendants

6  cannot agree, then here's what I want.  What I want is three

7  cases from Defendants, three cases from Plaintiffs, and what

8  I want those submissions to focus on is why those cases

9  should be chosen, right?

10      Highlight for me the cross-cutting issues that are

11  presented in these cases that you're asking me to pick.  If

12  it's a joint submission, if it's Plaintiffs and Defendants

13  together, then I'm going to give you 12 pages,

14  double-spaced, right?  The idea is to give you about a page

15  each to describe the cases for me.  If they're separate

16  submissions, you each get six pages, and I will then look at

17  those.  I will take those under consideration, and I will

18  select the pilot cases.  I'm likely going to pick four,

19  right?  I'm likely going to pick four.

20      And once I've selected those pilot cases, I'm going to

21  ask you all to meet and -- the parties -- you will figure

22  out sort of how that goes, how it goes.  I want you all to

23  then start talking about a briefing schedule in those cases,

24  right?  I know, in Litton and Chandler, right, we have --

25  there are stipulations like "Yes, do jurisdiction first, and

9

1  then take up the arbitration," and if you all can do that in

2  those, in the pilot cases, great.

3      So that's how we will begin to proceed.  The remaining

4  cases, I'm not going to stay them.  I saw that in

5  Defendants' proposal.  I don't want to stay them.  What I am

6  going to do with the other cases -- and here's the piece I

7  want the rest of -- I really want Plaintiffs' counsel to

8  hear -- is you'll be put on a deferred schedule.

9      My hope is that we will take up these pilot cases

10  first.  You all will be watching what happens in these --

11  you'll be -- first, you'll be part of this conversation

12  about trying to select these pilot cases, and then, while I

13  understand that you are not bound by my rulings in these

14  other cases, because you have these individual cases, the

15  goal is to hope that it still informs your thinking, and

16  Defendants, as well, for that matter, of how I am looking at

17  the issues as they were presented to me in the pilot cases,

18  right?

19      I think, if I remember correctly from the case

20  management statement, arbitration is going to be an issue

21  that cuts across, right?  And you -- so I'm sure that one,

22  two, three, all of the pilot cases may have arbitration in

23  them.  Great.  Again, the later cases aren't bound by my

24  rulings there, but you should have some -- you'll -- it

25  should give you strong signals about how I'm looking at

10

1 these issues.

2      So what I do want you all to do while the four cases

3 are proceeding -- here's what I want to say to the rest of

4 Plaintiffs' counsel.  If your case is not selected as one of

5 the pilot cases, please don't think that -- your case isn't

6 stayed.  Here's what you all will start thinking about.  I

7 want you all to get accustomed to the idea that you're going

8 to be coordinating amongst yourselves, and start

9 contemplating, right -- I'm confident that every Plaintiff's

10 attorney in this room is sure that they are going to go into

11 discovery, past the initial forms of discovery that have

12 been sought and requested here.  I'm talking about the

13 merits discovery.

14      So start contemplating that.  Start thinking about

15 that.  Start thinking about what common discovery there is

16 between your cases, amongst your cases, because I will

17 expect you to do that as one cohesive group, right?  I

18 will -- the things that are common you should do together.

19 You should not expect that each of you are going to get a

20 30(b)(6) deposition of the same witness.  They're not going

21 to have to present their witnesses again and again and

22 again, right?  So, if there are things that you can do

23 together, you're going to be expected to do it together.

24      And all of this is my way of saying to you that while

25 you may think that what you're doing is waiting, you're not

11

1  waiting.  What I'm expecting you to do is just start
2  planning, and perhaps even writing down and conferring about
3  a joint discovery plan, because what you should also expect
4  is that I'm going to refer discovery in these matters to a
5  magistrate judge, and that magistrate judge is going to be
6  the one to whom you're going to present a written discovery
7  plan for how you're going to ensure that there is just
8  efficiencies in how you all move forward.
9      I have one last little note here to myself, which is
10 just to tell you that I know you -- I'm sure that you all
11 are accustomed to being the captains of your ships.  Here,
12 you're going to be an armada.  So you're going to have to
13 work together, right?  We are not 20 -- you are not -- I
14 think I have you at 23, so I have that in my notes, which
15 is, right, don't expect 23 30(b)(6) depositions.  You are no
16 longer 23 captains on 23 ships.  You will sail together as
17 best as you can because, in some ways, you're going to the
18 same destination.
19     All right.  And the goal in all of this is, again, just
20 to resolve these things as efficiently as possible, so let
21 me summarize this one more time, just so you've got it.
22 Your proposal regarding pilot cases, with an explanation of
23 why those cases are best suited to go first, those are due
24 February 16th, 2026, and then just a note to start giving
25 good, deep thought to a common discovery plan, when and if

12

1  discovery opens, and expect that to need to be submitted to
2  a magistrate judge for their approval before you start
3  serving requests of any sort.

4      I'm still speaking with some of my magistrate judge
5  colleagues about who has bandwidth, so I say to you loosely,
6  I'm going to -- I imagine that that person is going to
7  want -- well, I'm going to ask them to make sure that they
8  look at your plan before you all start engaging in
9  discovery.  The other piece that I will likely -- I want you
10 to know that this is something I'm going to say to that
11 magistrate judge.

12     I got this from one person who thought it -- well,
13 expect that it will be -- that it will -- expect that the
14 magistrate judge to whom discovery is referred will likely
15 want discovery lead counsel, so that it is clear who speaks
16 for the Plaintiffs, even if it's just them presenting what
17 may become as large a consensus as they could, with
18 differing -- with other opinions and voices from different
19 Plaintiffs' counsel also shared, right, just so that it
20 becomes clear for the Court from whom communication is
21 coming, even when they are not in a position -- even when
22 there is not a consensus among you about particular things.

23     All right.  That is everything I had on my list for
24 today.  I always ask Plaintiffs if they need anything else,
25 so I'm going to turn to you all, and if you have -- the

13

1 chagrin you see is just trying to imagine the queue that's

2 about to form at this microphone, but I'm going to go ahead

3 and turn to the Plaintiffs and ask, what else do you all

4 need today?

5        MS. GROMBACHER:  Hi.  Kiley Grombacher.  Just one

6 housekeeping issue.  Josh Harris is on the Zoom.  He's

7 counsel for Jesse and Johnson.  So he's present on Zoom,

8 although he's not appearing in the courthouse.

9        THE COURT:  Thank you.

10        MS. GROMBACHER:  The other piece is, Litton has a

11 Rule 11 motion that has been filed that at least Plaintiffs

12 are eager to have heard by the Court, so I wanted to get the

13 Court's thoughts on that.  We can argue it now, we can argue

14 it --

15        THE COURT:  We're not arguing it now.  It's not on

16 calendar now.  Keep going.

17        MS. GROMBACHER:  We can argue it whenever it's

18 convenient for the Court's calendar, but we do think it's

19 important.  This is a rule that -- a motion they filed in

20 other cases, or letters that they've sent, and I think that

21 it's important for those to be heard, because it might

22 be something that happens in other litigations, as well, if

23 it's not kind of dealt with in this case.

24        THE COURT:  So my sense is that -- so often in

25 cases, I try to take Rule 11 motions up quickly.  I think

14

1 that is the right course, usually.  I think that's one of

2 the reasons I'm trying to figure out if -- how -- whether

3 Litton is actually among the cases who -- that are in the

4 first batch --

5            MS. GROMBACHER:  Okay.  Understood.

6            THE COURT:  -- because, if Litton isn't one of the

7 things that's moving first, then, while I appreciate you may

8 not want the motion pending, it may need to.

9            MS. GROMBACHER:  Okay.  Understood.  It is hanging

10 over our heads a bit on the Plaintiffs' side.  We've never

11 had this filed before.  We'd like to get this heard.

12            THE COURT:  What I was going to do, so we're going

13 to --

14            MS. GROMBACHER:  Thank you, your Honor.  Totally

15 understand.  Thank you very much.

16            THE COURT:  Go ahead.

17            MR. BRUEGGER:  Good morning, your Honor.  John

18 Bruegger from Parafinczuk Wolf.  One brief, brief issue.  As

19 the captains of 23 individual ships, I have no doubt that

20 we're going to be able to work together and pick either six

21 joint cases or three from each side, but, in the highly,

22 highly unlikely event that the captains of these ships

23 cannot choose three per side to go forward, and there's some

24 dispute as to that, does the Court have any --

25            THE COURT:  You have six pages.  That's what --

15

1  you're going to figure that out.

2          MR. BRUEGGER:  Okay.

3          THE COURT:  So I'm -- no.  I'm not qualifying that

4  in any way, shape, or form.  You all figure out which six

5  cases -- I'm sorry -- which three cases, if you can't with

6  them, which three cases present the issues, because that's

7  how I'm going to pick.  I'm going to pick -- if there is an

8  arbitration agreement that ostensibly applies to a larger

9  number of the Plaintiffs than others, maybe pick that case.

10      Like, that's what I'm looking for.  I'm looking for the

11  case that lets me decide an issue that applies to as many of

12  the cases as possible.  So this is where it serves you all

13  to not necessarily try to prioritize your own case as the

14  one that gets chosen, but, rather, the one -- or find the

15  issue that you think actually cuts across.  That's what I'm

16  looking for.  So, no, I'm not qualifying it.  You're not

17  going to get more pages.  That's where we are.

18          MR. BRUEGGER:  Your Honor, thank you very much.

19  that is very helpful as we discuss this.

20          THE COURT:  Anyone else from Plaintiffs' counsel?

21      All right.  Defendants?

22          MR. KABA:  Nothing from us, your Honor.  Thank you

23  for the guidance.

24          THE COURT:  All right.

25          MR. KABA:  We will get our filing in by the 16th.

16

1          THE COURT:  All right.  I'll look forward to
2    those.  I imagine -- and, again, you will see what comes,
3    but I imagine that you all will send them -- this is why I'm
4    trying to also keep them somewhat short, so that we can
5    quickly flip through them.  I need you all to tell me as
6    much -- I need you to tell me about the issues that
7    predominate.  I have some inklings from the motions that
8    have come so far, but I -- that's the point.

9          Right now I can't tell any difference between your 23
10   cases, so I need you to talk amongst yourselves, tell me
11   about your 23 cases, or really I'm asking you to tell me
12   about six of them, so that then I can pick four to just get
13   you all moving, and then -- and I should say this.  I
14   realize I may not have said this -- I may not have said that
15   it was in my notes.

16         After those initial round of motions, we'll take --
17   right?  You'll have orders on those initial motions, and
18   then we'll start getting the rest of you all on a schedule,
19   so that yes, you are still filing your motions, you are
20   still building your records, but you have some sense of what
21   I'm thinking about it, to the extent it informs your motion
22   practice thereafter, or at least tells you -- it may be the
23   rare exception where I tell you that you can incorporate
24   things by reference, so that ultimately it's like you want
25   to preserve something for appeal, but you don't need to burn

17

1  your pages, because you already saw what I did with the

2  arbitration agreement in -- the same arbitration agreement

3  in another case.  All right?  So this is what will happen to

4  the other 23 -- or 19.  Again, this is where we insert the

5  lawyer joke about math.  All right.

6       Counsel, if you don't need anything else from -- yes,

7  sir.

8            MR. FUAD:  One minor housekeeping point.  David

9  Fuad for Roblox, your Honor.  After your -- the Court's

10 order vacating all deadlines, Roblox waived service in two

11 cases.  We just wanted to confirm there's no active response

12 deadlines in any cases related before your Honor on these

13 matters.

14           THE COURT:  That's right, although I'm open -- I'm

15 not sure which two of the cases that is at this point.  I'm

16 open to hearing from Plaintiffs if -- in those cases, or any

17 of them, if there's a concern about that.  But right --

18 ideally -- let me tell you all, here's what's going to

19 happen.  I have not yet terminated the motions that are

20 pending, the motions that are pending in Litton or

21 Chandler -- some of them were in the middle of briefing --

22 but I will, but not until we figure out which cases are

23 first, not until there's a very clear plan for how to

24 proceed, right?  And, as brought up, I likely -- the motion

25 that won't go away just by virtue of -- because it -- well,

18

1 the Rule 11 motion in Litton won't go away.  I just need to

2 figure out where to situate it among everything else that's

3 going on in the batch of the cases.  Okay?

4          MR. FUAD:  Thank you, your Honor.

5          MR. KABA:  Sorry, your Honor.  Because we now

6 mentioned the different number of cases, I think, as far as

7 we can tell, there's three cases that are in the Northern

8 District of California for which your Honor has motions to

9 relate pending.  I don't know if the Court has already

10 granted that -- those motions to relate, but we -- at least

11 as of the date of our joint submission to you, the Court

12 hadn't yet done that, but, given the Court's reference to

13 23, I'm assuming it's forthcoming.

14          THE COURT:  Well, I understood -- I'll look --

15          MR. KABA:  You already did.

16          THE COURT:  -- but it's happened.

17          MR. KABA:  Okay.  Great.

18          THE COURT:  But you're right.  There were three.

19 I appreciated that.

20          MR. KABA:  Okay.

21          THE COURT:  The very first thing I did when I got

22 through the CMC was I saw those three and I checked, and

23 they had very diligently already been related.

24          MR. KABA:  Okay.  Great.  So it's just my calendar

25 entry that shows a conference in front of another judge in

19

1  this courthouse.  Okay.  Thank you.  I appreciate that.

2          THE COURT:  Yes.

3          All right, Counsel, thank you.  Have a good rest

4  of your day.

5          MR. BHIMANI:  Thank you, your Honor.

6      (Proceedings adjourned at 11:20 a.m.)

20

CERTIFICATE OF TRANSCRIBER

    I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

    I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



            Echo Reporting, Inc., Transcriber

                Wednesday, February 25, 2026