# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to:<br>All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

# CASE MANAGEMENT ORDER NO. 1

On February 21, 2025, the Court held an initial case management conference in the Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation, MDL No. 3140. This Order serves as a non-exhaustive recitation of the key points of discussion during the conference.[1]

**I.   Administrative Matters**

The Court advised the Parties that it will host a webpage for the MDL on its public website, which will include an overview of the case, relevant orders and filings, important dates, resources, and contact information for court personnel and leadership counsel. Additional suggestions are welcome.

The Court provided a short presentation of common docketing mistakes to avoid, which will be made available on the MDL website for future reference. The

---

[1] Approximately 54 attorneys appeared in person and another 70 by Zoom link.

Court reminded counsel that a modified *pro hac vice* admission procedure has been established for the MDL in PTO No. 4 (with forms attached).[2]  *See* ECF No. 6.

The Parties were also advised that all cases must be filed on the Court's docket, and no multi-plaintiff complaints will be allowed.[3]  However, multi-plaintiff claims involving injuries arising out of the same factual predicates, e.g., spousal loss of consortium, are presumptively properly joined.

Following a discussion on the benefits of a centralized litigation management and support firm for the MDL, the Court and Parties heard from BrownGreer PLC. At the conclusion of that presentation, the Parties and the Court agreed that BrownGreer's litigation support apparatus, MDL Centrality, would meet the unique needs of this litigation, and the Court agreed to appoint BrownGreer for that purpose,

---

[2] Counsel are reminded that the *pro hac vice* fee requirement has been waived for attorneys who have already paid a fee in a Depo-Provera case prior to transfer.  However, a motion on the master docket is required by all.  Good standing may be certified by the attorney on the form, and a notice of appearance after being granted *pro hac vice* admission is to be filed only on individual dockets.  *See* ECF No. 6 (PTO No. 4 and attached forms).

[3] In the MDL context, joining such cases violates Rule 20 of the Federal Rules of Civil Procedure.  Additionally, multi-plaintiff complaints in this context often lead to administrative complications and inefficiencies that can be avoided by adhering to the traditional rule that unrelated claimants must file individual complaints.  *See, e.g.*, *In re: Vioxx Prods. Liab. Litig.*, Case No. 2:05md1657, ECF No. 12181 (E.D. La. Sept. 5, 2007).  Thus, for any multi-plaintiff complaint eventually filed in this MDL, each Plaintiff will be subject to automatic severance and dismissal without prejudice.  All Plaintiffs, except for the first-named Plaintiff, will be dismissed without prejudice, with the right to refile an individual complaint.  All subsequent complaints filed by Plaintiffs who are severed and dismissed must be accompanied by appropriate filing fees and will be assigned separate civil action numbers by the Clerk.

after hearing no objection from any counsel.[4] BrownGreer should be present for the Parties' Rule 26 meeting (*see* Section III below) so that discussions may ensue regarding how BrownGreer can best serve the needs of the litigation.

Additionally, the Parties advised the Court that several state court proceedings have been filed in which diversity jurisdiction does not exist and that federal-state litigation coordination will be appropriate. The Court intends to coordinate with state courts and also appoint Federal-State Liaison Counsel for both Plaintiffs and Defendants.

**II.    Five Pilot Cases**

For effective management of this MDL, the Court has selected the following five Pilot cases to proceed through discovery and trial:

1.    *Donna Toney v. Pfizer Inc., Pharmacia & Upjohn Co., LLC, Pharmacia LLC*, Case No. 3:24cv624-MCR-HTC.

2.    *Alicia Wilson v. Pfizer Inc, Viatris Inc., Greenstone LLC, Pharmacia & Upjohn Co. LLC, and Pharmacia LLC, Prasco LLC d/b/a Prasco Laboratories*, Case No. 3:25cv100-MCR-HTC.

---

[4] The only caveat was the need for an agreement on pricing, which the Parties and BrownGreer will promptly discuss.

Case No. 3:25-md-3140-MCR-HTC

3.      *Kristina Schmidt v. Pfizer Inc., Viatris Inc., Greenstone LLC, Prasco Labs, Pharmacia & Upjohn*, Case No. 3:25cv81-MCR-HTC.

4.      *Rachel Valera-Arceo and Fredi Valera Arceo v. Pfizer Inc, Viatris Inc., Greenstone LLC, Prasco LLC d/b/a Prasco Laboratories, Pharmacia & Upjohn Co. LLC, and Pharmacia LLC*, Case No. 3:25cv98-MCR-HTC.

5.      *Allison Blonski v. Pfizer Inc. and Pharmacia & Upjohn*, Case No. 3:25-cv-00167-MCR-HTC.

The work of the MDL will be accomplished through the Pilot cases. In short order, the Defendants will be required to respond to the five Pilot complaints, raising all defenses. Common issues and defenses will be identified and ruled on early, and subsequent case specific discovery will essentially provide a vetting opportunity for the litigation that will narrow the issues for the entire MDL. There will be separate and specific discovery tracks for common defense issues such as preemption and general causation.[5] After resolution of these issues and with the Parties' input, the Court will establish a detailed case management order for traditional case-specific fact and expert discovery, including deadlines for *Daubert* [6] and dispositive motions.

---

[5] The Court expressed its preference for simultaneous discovery tracks of no more than 120 days for preemption and 180 days for general causation.

[6] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Case No. 3:25-md-3140-MCR-HTC

If the case is not dismissed or settled, it will be tried or remanded. The work done in these cases will be eligible for common benefit consideration.

### III.   Parties' Rule 26 Meeting and Agenda

The Parties are required to hold an in-person Rule 26 meeting on **March 3, 2025**. The results of the meeting will be incorporated into a Joint Rule 26 Report, which must be filed by the Parties on or before **March 7, 2025**.

At the Rule 26 meeting, Defendants must provide Plaintiffs with certain basic information about their corporate structure(s), including their legal names and citizenship of each, as well as their general corporate structures and organization. Other issues that should be discussed, and, to the extent possible, agreed on, include the following:

(1)   <u>Direct Filing</u>

The Parties should discuss the possibility of a direct filing stipulation, which could include that such filings (a) would not constitute a *Lexecon* waiver[7] by either side; (b) would not constitute a determination by the Court that jurisdiction or venue is proper in this district; and (c) would not impact choice of law questions, including the applicable statute of limitations that would otherwise apply to an individual case.

---

[7] *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

(2) <u>Service of Process</u>

The Parties should consider an abbreviated service procedure with BrownGreer's input.

(3) <u>Pleadings, Proposed Deadlines, Protective Protocols</u>

The Parties should discuss the benefits of master and short form pleadings. The Parties should propose scheduling deadlines for the Pilot cases, including length of discovery for the early common defenses, as well as deadlines for adding parties or amending pleadings.[8] The Parties also should discuss protocols for protecting sensitive information and submit a proposed Protective Order.

(4) <u>Threshold Proof of Use and Injury</u>

The Parties should discuss and formulate an early proof of use and injury disclosure process that will apply to all Plaintiffs in the MDL, including the Pilot cases. Plaintiffs will be required to provide documentary proof of use (e.g., clinical record, physician's prescription, pharmacy record) and proof of injury (e.g., medical record reflecting a meningioma diagnosis). The Parties should discuss and provide suggestions to the Court as to what would constitute sufficient documentation. The Parties should also discuss a *short* questionnaire for Plaintiffs (i.e., any form should

---

[8] To the extent the Parties propose deadlines longer than those contemplated by the undersigned, *see* Note 5, *supra*, they should provide a detailed explanation of the reason(s) why.

Case No. 3:25-md-3140-MCR-HTC

be limited to no more than five questions) requiring basic information such as product identification, including whether a brand and/or (authorized) generic drug was used; dates of use; and diagnosis. The Court believes 120 days from the filing of a complaint or from the date of the Court's forthcoming order for those cases with complaints already filed is sufficient time to comply with this requirement; however, the Court recognizes that a small subset of cases may require a longer period. The Parties must discuss this issue and present their positions to the Court in their Rule 26 report.

    (5)   <u>Computer Systems</u>

Defendants must also share appropriate, preliminary information about their IT infrastructure, as well as the locations of potentially discoverable material and how best to collect and retrieve it. IT personnel for Defendants must attend the conference.

    (6)   <u>Custodians</u>

Defendants should begin to identify the number and nature of key custodians of records on the issues of preemption and general causation, what information they have, and where custodial data may be located. To the extent that Defendants cannot yet identify individual custodians by name, the nature of custodians should be discussed (e.g., pharmacovigilance data custodian(s)).

Case No. 3:25-md-3140-MCR-HTC

(7)     ESI Protocol

Counsel must confer and cooperate in formulating a meaningful ESI protocol. At a minimum, the Parties should discuss and consider: (1) the sources of information that will be searched; (2) technical specifications as to the scope and form of production for each type of ESI (e.g., format, metadata); (3) what methods will be used to identify discoverable ESI (e.g., sampling, key word searches); and (4) a Federal Rule of Evidence 502(d) clawback provision. The Parties must also meaningfully discuss a joint technology-assisted review ("TAR") protocol addressing the technology and methodology to be used, as well as the joint development and/or disclosure of seed sets.

(8)     Phased Privilege Review

The Parties should confer and cooperate in formulating a phased privilege review schedule (i.e., preserve, review, produce, object, respond, and judicial review) that begins early in the discovery process for each discovery track. This should require the producing party to adhere to a steady but disciplined review schedule, allow the opposing party to receive privilege logs and responsive material earlier, and enable to the Court to review objections in quantities conducive to thorough and expeditious analysis.

Case No. 3:25-md-3140-MCR-HTC

(9)     Deposition Protocol

Counsel must also discuss whether a formal deposition protocol is appropriate and, if so, formulate a proposed protocol that addresses, among other things: (1) the scheduling and conduct of depositions, including who may attend and participate; (2) the possibility of freezing weeks of time for depositions; (3) how disputes arising during depositions will be resolved; (4) cross-noticing of federal-state depositions, if applicable; and (5) the possibility of videotaping depositions and trial testimony, and allowing interested parties to participate in depositions via the internet, as a means of curbing inefficiencies.

(10)    Special Master

The Parties should confer and advise of any objection(s) to the appointment of the Honorable David Herndon (Ret) to aid the Court in its management of the MDL.

(11)    Science Day

The Parties should discuss whether there is any benefit to holding a Science Day.  It may not be necessary or efficient, in light of an anticipated early general causation discovery track in the Pilot cases, but the Court requests input on this from the Parties.

Case 3:25-md-03140-MCR-HTC   Document 265-1   Filed 03/06/25   Page 11 of 13
Case 3:25-md-03140-MCR-HTC   Document 472   Filed 03/26/25   Page 110 of 312

Page 10 of 12

(12) <u>Medical Monitoring Class Actions</u>

Plaintiffs identified three class action medical monitoring cases. One appears on the MDL docket, *Makishia Greeno v. Pfizer Inc., et al.*, Case No. 3:25-cv-00148-MCR-HTC, and an additional case was recently filed in the Western District of Pennsylvania, *Christine Denelsbeck v. Pfizer, Inc.*, Case No. 2:25-cv-00230 (W.D. Pa.) (filed Feb. 18, 2025).[9] The Parties should discuss the medical monitoring class action issues and any anticipated briefing requests. The class certification motion deadline is **STAYED** until further order of the Court.

## IV. Conferences

### A. Discovery Conferences

Once discovery is underway on preemption and general causation, the Court will establish a schedule of telephone conferences to occur every two weeks.

### B. Case Management Conference

As stated in PTO No. 2, the second Case Management Conference to discuss the Parties' Rule 26 Report is scheduled for **March 10, 2025, at 9:00 a.m. CT**. Leadership should plan to arrive early for a preconference meeting. The Court will email the Parties' counsel about a time for the meeting and about representation at

---

[9] The third class action medical monitoring case counsel identified, that of *Patricia Bonilla v. Pfizer, Inc., et al.*, Case No. 2:25-cv-00080-WSH (W.D. Pa.), was voluntarily dismissed without prejudice on February 18, 2025.

Case No. 3:25-md-3140-MCR-HTC

the meeting once leadership is appointed.  Thereafter, the Court will hold a monthly Case Management Conference in person, preceded by a preconference meeting with Leadership.

V.  **Leadership**

As discussed, the Court has decided that it will consider a proposed Plaintiffs' leadership slate(s).  Submissions are due by **12:00 p.m. CT, on February 28, 2025**.[10]  The Court retains the option to appoint a slate of the Plaintiffs' choosing, appoint a modified slate if there is more than one proposal, or request applications for the following leadership and committee roles:  Lead Counsel (there may be more than one lead), Liaison Counsel, Executive Committee, Steering Committee, Federal/State Liaison Counsel, and Settlement Counsel.  The Court would also consider an ESI subcommittee, a Law and Briefing subcommittee, and a Science subcommittee.  By the same date, Defendants should propose individuals for the positions of Liaison Counsel, Federal/State Liaison Counsel, and Settlement Counsel.

Broad participation is encouraged.  The Court is looking for attorneys with demonstrated capacity, skill, reputation, and financial resources to fairly, effectively,

---

[10] Submissions should be emailed to Courtroom Deputy Barbara Rogers at Barbara_Rogers@flnd.uscourts.gov.

Case No. 3:25-md-3140-MCR-HTC

and efficiently lead the MDL. Importantly, the Court prefers a balanced leadership team that reflects diversity of all types and, in particular, leadership should reflect the diversity of the individual Plaintiffs that comprise this litigation. This does not by any means suggest that every single position requires female counsel, but simply that females should be adequately represented within leadership. Those with a demonstrated track record of successfully working with others, building consensus, and amicably managing disagreements are also preferred. A decision will be made promptly. If the Court reviews the proposed slate(s) and prefers to call for individual applications, interim leadership will be established, and an application form will be made available, with applications due by **March 7, 2025**. Leadership will be evaluated for re-appointment annually.

    **SO ORDERED**, on this 23rd day of February 2025.

        *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**

Case No. 3:25-md-3140-MCR-HTC