COOLEY LLP
Tiana Demas (*pro hac vice*)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
Telephone: +1 312 881 6500
Facsimile: +1 312 881 6598
Email: tdemas@cooley.com

Max A. Bernstein (305722)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222
Email: mbernstein@cooley.com

Attorneys for Defendant
ROBLOX CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 3166<br><br>Case No. 3:25-md-03166-RS<br><br>**DEFENDANTS' PROPOSAL REGARDING MOTION TO DISMISS BRIEFING STRUCTURE**<br><br>Judge Richard Seeborg |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' PROPOSAL REGARDING
MOTION TO DISMISS BRIEFING STRUCTURE
3:25-MD-03166-RS

Defendants respectfully ask the Court to adopt their proposed briefing structure for motions to dismiss. That approach—to address cross-cutting federal and certain state-law issues in **all** pending cases—would conserve resources, promote early resolution of critical issues, follow ample precedent, and cause no prejudice. It is also what the Judicial Panel on Multidistrict Litigation ("JMPL") envisioned, explaining that centralization would allow "coordinated handling of pretrial motions on several cross-cutting issues," including Section 230 of the Communications Decency Act, 47 U.S.C. § 230 and the First Amendment to the U.S. Constitution. ECF No. 1 at 2. By contrast, Plaintiffs' proposal—to select "pilot" cases—would create uncertainty about how the Court's rulings apply to non-pilot cases, risking protracted briefing and the possibility that Plaintiffs may engage in forum-shopping by dismissing the non-pilot cases after any adverse ruling and refiling elsewhere, including in the nascent Judicial Council Coordination Proceeding ("JCCP"). *See Coordination Proc. Special Title (Rule 3.550) Roblox Child Safety Cases*, JCCP No. 5440. This would undermine the very reasons the JPML formed this MDL. Should the Court nonetheless adopt a pilot process, it should impose several conditions, outlined below.

I. **The Parties' Competing Proposals on Motion to Dismiss Briefing[1]**

From this MDL's inception, Defendants have consistently stated their intent to file cross-cutting motions to dismiss all complaints on the following threshold, dispositive issues: (1) Section 230; (2) the First Amendment; and the common law pleading requirements for (3) fraudulent concealment/misrepresentation; (4) causation; (5) duty of care in negligence; and (6) existence of a "product" for product liability claims. *See* ECF No. 111 at 11; ECF No. 185-2 at 2. This approach is designed to test all pleadings on common issues that could dispose of or limit the claims.

Plaintiffs, in contrast, have proposed a "pilot program" in which the parties would select certain complaints for purposes of motion-to-dismiss briefing, Defendants would preview their arguments to Plaintiffs (who would then have an opportunity to amend),[2] and Defendants would

---

[1] Roblox and Discord do not in this submission address the briefing schedule for their motions to compel arbitration, which the parties agree cannot be set until Magistrate Judge Krishnan has decided certain disputes. Case Management Conference Tr. at 41:1-42:11 (Feb. 27, 2026). In submitting this proposal, Roblox and Discord do not waive their right to compel arbitration.

[2] Plaintiffs propose a similar amendment process for pilot motions to compel, to which Roblox and Discord do not consent. ECF No. 185-1 at 2.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' PROPOSAL REGARDING
MOTION TO DISMISS BRIEFING STRUCTURE
3:25-MD-03166-RS

move to dismiss those specially crafted complaints. ECF No. 178 at 6; ECF No. 185-1 at 2. Plaintiffs have not explained how the Court's rulings on those motions would affect the remaining cases.

## II.   The Court Should Adopt Defendants' Proposal—or at Least Meaningful Safeguards to Avoid Gamesmanship

### A.   Cross-Cutting Motions to Dismiss Provide for the Efficient Resolution of Critical Threshold Legal Issues

Cross-cutting motions provide the Court a streamlined mechanism to resolve, without discovery, the threshold legal issues listed above, *see supra* Section I, in all MDL cases—without uncertainty about how the rulings apply to various cases. This approach has important advantages.

Cross-cutting motions would most effectively allow the Court to expeditiously address Defendants' threshold defenses, which Defendants anticipate will be dispositive. *See* ECF No. 111 at 6-7; ECF No. 179 at 7. Notably, every federal appellate court to confront similar facts has held Section 230 is a bar. *See, e.g.*, *Doe v. Grindr, Inc.*, 128 F.4th 1148, 1153-54 (9th Cir. 2025) (Section 230 barred products liability, negligence, misrepresentation, and statutory claims brought by minor who alleged sexual abuse by adult he met on app); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (Section 230 barred negligence claim seeking to hold MySpace liable for "failure to implement measures that would have prevented" minor from communicating with adult abuser she met on website); *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 21 (1st Cir. 2016) (similar); *see also In re Facebook, Inc.*, 625 S.W.3d 80, 101 (Tex. 2021) (similar); *Doe II v. MySpace, Inc.*, 175 Cal. App. 4th 561, 576-75 (2009) (similar).

Regardless, early adjudication serves the primary purpose of centralization because the Court would address cross-cutting issues that raise questions of law across all cases and do not turn on facts unique to each plaintiff. This, in turn, could dramatically change the landscape of the MDL, including the number (if any) of defendants remaining, the discovery to be taken, and any discovery disputes that may arise. This benefit extends not only to the Section 230 and First Amendment issues, but also to the state-law issues.

Take, for example, Plaintiffs' fraud claims. In most complaints, Plaintiffs fail to allege that Defendants made a specific statement (much less a *false* statement) that the Plaintiff saw or relied

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' PROPOSAL REGARDING
MOTION TO DISMISS BRIEFING STRUCTURE
3:25-MD-03166-RS

on. ECF No. 111 at 8-9. As to Roblox and Discord, these complaints vaguely allege that Plaintiffs "believed that Roblox was safe" because it "was designed and marketed for kids" and "trusted that Discord was a safe place for Plaintiff to communicate with . . . friends." *E.g.*, Compl. ¶¶ 219-20, 3:25-cv-8076 (N.D. Cal.). As to Meta, Plaintiffs identify *no* statements *at all*. Similarly, as to Snap, not a single complaint alleges that Plaintiffs or their guardians saw or relied on any specific representation. MDL courts have resolved exactly these kinds of claims through cross-cutting motions to dismiss. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 745 F. Supp. 3d 869, 900 (N.D. Cal. 2024) (dismissing misrepresentation- and omission-based claims under California and Texas law); *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 3:23-md-03084, ECF No. 1719 (N.D. Cal.) (same as to New York, Illinois, Florida law). Plaintiffs' negligence and product-liability claims can likewise be addressed through cross-cutting motions to dismiss on state-law grounds. *See, e.g.*, *In re Social Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 702 F. Supp. 3d 809, 862-63 (N.D. Cal. 2023) (granting in part, denying in part cross-cutting motions to dismiss negligence and product liability claims).

*Second*, cross-cutting motions preserve Section 230 and First Amendment protections. If these defenses bar Plaintiffs' claims, they are meaningless if not adjudicated early to bar suit. *Fair Hous. Council of San Fernando Valley v. Roommates.com*, LLC, 521 F.3d 1157, 1163 (9th Cir. 2008) (en banc) ("close cases . . . must be resolved in favor of immunity" promptly to shield online platforms "not merely from ultimate liability, but from having to fight costly and protracted legal battles" in the first place); *see also, e.g., Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 408, 417 (6th Cir. 2014) (Section 230 provides "an immunity from suit rather than a mere defense to liability"); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) (same). By frontloading Section 230 and First Amendment questions, the Court could resolve all or most cases on federal grounds without even needing to delve into any state law issues, and the parties could be spared needless, costly discovery.

### B.   Pilot Motions to Dismiss Would Be Inefficient and Prejudicial

Plaintiffs' proposal would achieve none of these efficiencies and would risk significant prejudice to Defendants.

Cooley LLP
Attorneys at Law
San Francisco

4

Defendants' Proposal Regarding
Motion to Dismiss Briefing Structure
3:25-md-03166-RS

*First*, Plaintiffs' proposal would create inefficiencies. The approach contemplates a drawn-out process where the parties pick pilot complaints; Plaintiffs amend those pilot complaints; and only then would Defendants seek dismissal of those amended complaints. ECF No. 185-1 at 3. This iterative process is unnecessary and produces uncertainty as to how the Court's decision on Defendants' motions to dismiss will apply to the remaining (non-pilot) cases. Even if the Court adopts rules to guard against the resulting inefficiency, any such process would inevitably require further briefing (and potentially only after further amendments) in the remaining cases. By contrast, cross-cutting motions will provide clear guidance, across the board—regardless of how the Court rules.

*Second*, Plaintiffs' proposal threatens to prejudice Defendants. While Defendants believe there are ways to ensure the Court's pilot rulings could be applied to non-pilot cases, Defendants have serious concerns that a pilot process would enable Plaintiffs to pick cases in a manner that avoids dismissal of their weakest cases. *See* Tr. at 14:14-18; *see also id.* at 17:20-18:2 (Court observing a potential "whack-a-mole" problem).

Finally, the pilot process is vulnerable to gamesmanship. Plaintiffs have already taken inconsistent positions when it suits their goals—arguing to the JPML that these cases rest on such similar facts and law that they should be centralized but claiming now that individual case selection is required. It stands to reason that Plaintiffs will use the pilot process to circumvent any dismissal orders by this Court—such as by voluntarily dismissing their non-pilot cases and re-filing them elsewhere, including in state court where they are trying to form a JCCP. ECF No. 111-1 at 42-43. That is exactly what happened in the *Social Media* cases: after the state court sustained demurrers on four "representative" complaints filed by school districts, the remaining school district plaintiffs voluntarily dismissed their claims and refiled in the MDL, where other school districts had obtained more favorable rulings.

### C.    Pilot Motions to Dismiss Are Particularly Inappropriate for Meta and Snap

The pilot approach is particularly inappropriate as to Snap and Meta, which have been named, respectively, in only 15 and five cases. At the very least, Snap and Meta should be permitted to file cross-cutting motions across all these complaints, which could eliminate them as defendants.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' PROPOSAL REGARDING
MOTION TO DISMISS BRIEFING STRUCTURE
3:25-MD-03166-RS

This will bring needed clarity to the scope of the MDL. It will also allow the Court to focus on addressing one of Plaintiffs' central theories of liability: that when an adult perpetrator convinces a minor to switch from one platform to another to exchange messages, the second app is liable for harm flowing from those messages. Those claims are susceptible to arguments for dismissal in one fell swoop. *See L.W. through Doe v. Snap Inc.*, 675 F. Supp. 3d 1087, 1096 (S.D. Cal. 2023) (dismissing claims against Snap based on alleged failure to prevent CSAM); *Doe through Next Friend Roe v. Snap, Inc.*, 2022 WL 2528615, at *14 (S.D. Tex. July 7, 2022) (dismissing claims against Snap based on lewd messages sent to minors).

This Court has the discretion to structure the briefing in this manner—permitting Meta and Snap to move across pleadings and the remaining defendants to move in a pilot process. *In re Snowflake, Inc., Data Sec. Breach Litig.*, 2025 WL 4007421, at *1 (J.P.M.L. Aug. 7, 2025) (court has discretion to "address any differences among the cases and efficiently manage the various aspects of the litigation").

### III.   If the Court Adopts Any Pilot Process, It Should Include Procedural Protections to Limit Prejudice

If the Court adopts a pilot process for motions to dismiss, it should at least impose the following requirements.

*First*, the Court should make clear now that any ruling to dismiss claims in the pilot cases would presumptively apply to all other cases absent a showing by Plaintiffs that their cases are materially different. This approach, too, has precedent. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624, 630 (4th Cir. 2018) (granting summary judgment as to all MDL plaintiffs after they failed submit evidence that "would enable [their] claim to survive summary judgment given the court's prior rulings" on the claims of four bellwether plaintiffs). Crucially, to preserve the protections of Section 230 and the First Amendment, discovery should not open until these further proceedings are resolved. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (it is "sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' PROPOSAL REGARDING
MOTION TO DISMISS BRIEFING STRUCTURE
3:25-MD-03166-RS

*Second*, this Court should condition any order for pilot cases on Plaintiffs' agreement to not voluntarily dismiss their non-pilot complaints and refile them elsewhere, including in any JCCP.

*Finally*, any pilot process should allow Defendants to provide significant input into the selection process to ensure the cases are as representative as possible, including by implicating different states, defendants, and time periods.[3]

These requirements will ensure that the cases remaining after any pilot rulings can be resolved in the most efficient manner possible.

Dated:  March 6, 2026                    Respectfully submitted,

                                                        **COOLEY LLP**

*/s/ Tiana Demas*
Tiana Demas (*pro hac vice*)

Attorneys for Defendant
ROBLOX CORPORATION

**DAVIS WRIGHT TREMAINE LLP**

*/s/ Ambika Kumar*
Ambika Kumar (*pro hac vice*)

Attorneys for Defendant
DISCORD INC.

**O'MELVENY & MYERS LLP**

*/s/ Leah Godesky*
Leah Godseky

Attorneys for Defendant
SNAP INC.

---

[3] If the Court selects a limited number of states for purposes of motion-to-dismiss briefing, Snap and Meta respectfully suggest selecting the forum state (California) plus the four states implicated in the complaints pending against Meta: Colorado, Florida, Indiana, and Michigan. Doing so would be efficient, administrable, potentially resolve all claims against one Defendant, and resolve claims in five states that are broadly representative of those in the pool.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' PROPOSAL REGARDING
MOTION TO DISMISS BRIEFING STRUCTURE
3:25-MD-03166-RS

**COVINGTON & BURLING LLP**

*/s/ Isaac D. Chaput*
Isaac D. Chaput

Attorneys for Defendant
META PLATFORMS, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

**DEFENDANTS' PROPOSAL REGARDING
MOTION TO DISMISS BRIEFING STRUCTURE
3:25-MD-03166-RS**

**ATTESTATION**

I, Tiana Demas, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that concurrence to the filing of this document has been obtained from each signatory hereto.

Dated:  March 6, 2026

/s/ Tiana Demas
Tiana Demas (*pro hac vice*)

Attorneys for Defendant
ROBLOX CORPORATION

332983247

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' PROPOSAL REGARDING
MOTION TO DISMISS BRIEFING STRUCTURE
3:25-MD-03166-RS