UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, et al.,

          Plaintiffs,

    v.

ROBLOX CORPORATION, et al.,

          Defendants.

Case No.  25-md-03166-RS

**ORDER RE MOTION TO DISMISS BRIEFING**

On January 30, 2026, in an Order Appointing Plaintiffs' Co-Lead Counsel and Directing Parties to Meet and Confer, Plaintiffs and Defendants were instructed to meet and confer and submit status reports by February 20, 2026 with respect to several issues, including a briefing schedule for preliminary motions. The parties were unable to come to an agreement and, as instructed at the Case Management Conference on February 27, 2026, have submitted additional letter briefs outlining their respective positions regarding motion to dismiss briefing. Defendants request motion to dismiss briefing that would cut across and apply to all member cases whereas Plaintiffs request a pilot (i.e., bellwether) program in which both parties would contribute to selection of several representative complaints and motion to dismiss briefing would proceed as to those complaints only. Having considered the parties' proposals, the Plaintiffs' approach will be adopted as to motions to dismiss by Roblox and Discord and Defendants' approach will be adopted as to those by Snap and Meta as set forth below.[1]

---

[1] The parties agree regarding use of bellwethers for motion to compel briefing.

A pilot program, in contrast to Defendants' approach, preserves the efficiency gains intended by the MDL Panel when it consolidated and transferred these cases for pretrial proceedings. Dkt. 1. Defendants express "uncertainty as to how the Court's decision on Defendants' motions to dismiss will apply to the remaining (non-pilot) cases." Dkt. 206 at 5. However, it is not so opaque. It is in both Plaintiffs' and Defendants' best interests to select pilot cases which are representative of each side's strongest and weakest arguments and to apply the resulting rulings, representative of this Court's position on those cross-cutting issues, as appropriate to the non-pilot cases in negotiations and future proceedings rather than re-litigate the issues.

On the other hand, as to Meta and Snap, who are named in only fifteen and five cases respectively, it is more manageable to proceed as Defendants suggest, with each moving to dismiss on a cross-case basis. Meta and Snap would each be able to move in this way and the resulting decisions would apply to all cases in which either is named. The Court notes that, while this approach is manageable now, if Meta and Snap are named in additional cases, this approach may be revisited.

Accordingly, the parties are ordered to meet and confer regarding a schedule, which should include deadlines for the following: a conference regarding the most prevalent and important threshold issues to be resolved by the bellwether process, selection criteria for bellwether complaints, and the proposed number and selection of bellwether complaints; submission of joint or competing proposals on criteria for, number of, and selection of bellwether complaints; amendment of bellwether complaints; filing of opening briefs, responses, and replies for bellwether motions to compel; filing of opening briefs, responses, and replies for bellwether motions to dismiss; filing of opening briefs, responses, and replies for Meta and Snap motions to dismiss; and a hearing or hearings for motions to compel and dismiss. The parties are directed to provide these proposed deadlines in the form of days or weeks following a final decision regarding initial exchange of user account information. The parties should submit joint or competing proposals for this schedule by March 31, 2026.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: March 11, 2026

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California