# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE, ET AL.,                       .  Case No. 2:25-CV-04256-CFK
                                        .
              Plaintiffs,               .
                                        .
         vs.                            .
                                        .
ROBLOX CORPORATION, ET AL.,             .
                                        .
              Defendants.               .
. . . . . . . . . . . . . . . . . .     .
                                        .
JANE DOE, ET AL.,                       .  Case No. 2:25-CV-05709-CFK
                                        .
              Plaintiffs,               .
                                        .
         vs.                            .
                                        .
ROBLOX CORPORATION, ET AL.,             .
                                        .
              Defendants.               .
. . . . . . . . . . . . . . . . . .     .
                                        .
JANE DOE, ET AL.,                       .  Case No. 2:25-CV-05715-CFK
                                        .
              Plaintiffs,               .
                                        .
         vs.                            .
                                        .
ROBLOX CORPORATION, ET AL.,             .
                                        .
              Defendants.               .
. . . . . . . . . . . . . . . . . .     .
                                        .
JANE DOE, ET AL.,                       .  Case No. 2:25-CV-05768-CFK
                                        .
              Plaintiffs,               .
                                        .
         vs.                            .
                                        .
ROBLOX CORPORATION, ET AL.,             .
                                        .
              Defendants.               .  October 20, 2025
. . . . . . . . . . . . . . . . . .     .  10:08 A.M.

                    TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE CHAD F. KENNEY
              UNITED STATES DISTRICT COURT JUDGE




Deputy Clerk:            Christopher Kurek
                         James A. Byrne U.S. Courthouse
                         601 Market Street
                         Philadelphia, Pennsylvania 19106

Transcription Service:   Liberty Transcripts
                         9107 Topridge Drive
                         Austin, Texas 78750
                         (847) 848-4907
                         DBPATEL1180@GMAIL.COM

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

APPEARANCES:

For the Plaintiffs:        The Joel Bieber Firm
                           BY: MELISSA FRY HAGUE, ESQUIRE
                           Two Liberty Place
                           50 South 16th Street, Suite 1700
                           Philadelphia, Pennsylvania 19102
                           (804) 800-8000
                           Mhague@joelbieber.com

                           The Joel Bieber Firm
                           BY: TERESA KATHLEEN JAUREGUI, ESQUIRE
                           Two Liberty Place
                           50 South 16th Street, Suite 1700
                           Philadelphia, Pennsylvania 19102
                           (267) 554-2414
                           tjauregui@joelbieber.com

For Defendant              Cooley LLP
Roblox Corporation:        BY: TIANA DEMAS, ESQUIRE
                           110 North Wacker Drive
                           Suite 42nd Floor
                           Chicago, Illinois 60606
                           (312) 881-6500
                           tdemas@cooley.com

                           Dilworth Paxson LLP
                           BY: JAY KAGAN, ESQUIRE
                           1650 Market Street, Suite 1200
                           Philadelphia, Pennsylvania 19103
                           (215) 575-7354
                           jkagan@dilworthlaw.com

For Defendant              O'Melveny & Myers LLP
Snap Inc.:                 BY: LEAH GODESKY, ESQUIRE
                           1301 Avenue of the Americas
                           New York, New York 10019
                           (212) 326-2000
                           lgodesky@omm.com

                           White & Williams LLP
                           BY: NATALIE MOLZ, ESQUIRE
                           1650 Market Street, Suite 1800
                           Philadelphia, Pennsylvania 19103
                           (215) 864-7142
                           molzn@whiteandwilliams.com

the panel is going to designate this for Multidistrict Litigation.

MS. HAGUE: Your Honor, that is very possible that this case does get designated as Multidistrict Litigation (indiscernible). Through our discussions with Defense Counsel, it became aware to us that they may not be preserving the scope of data and information that is applicable to this particular litigation and, frankly, all the litigations, Your Honor, nationwide. And that their preservation may only be related to user-specific data as opposed to other data that we're noticing on a regular and daily basis is no longer publicly available that used to be publicly available.

So, Your Honor, it was our position that it was important no matter what direction this litigation goes to get a preservation order entered in place sooner rather than later.

THE COURT: Well, just because it's not publicly available doesn't mean that it's not being preserved.

MS. HAGUE: That's true, Your Honor. But as you could see from our papers, Defense Counsel has not given us any reassurances whatsoever that what was being preserved or not being preserved. When we sent a proposed preservation order to them, they simply responded saying they were unwilling to negotiate a preservation order. And to that extent, they also did not provide --

THE COURT: Well, they're not negotiating a

preservation order because they have a responsibility to preserve. What's your position?

MS. DEMAS: Your Honor, our position is as set forth in the papers. And as the Court correctly points out, yes, that what Plaintiffs' Counsel has pointed to and which, by the way, we saw for the first time in the motion for a preservation order, is just really speculation that because platforms with hundreds of millions of users and even more user-generated content engaged in moderation, that that somehow means that they're not privately preserving evidence. That is not the case.

What we cannot though locate right now because we do not have the Plaintiffs' usernames is their account information. And that is what we've asked for of every single plaintiff in every single case that's been filed across the country. And there are approximately 54 of them. And in every single case, we've been provided that information so that we can then identify the plaintiff's accounts and make sure that they're preserved. We cannot do that here because we don't have the usernames. Neither Roblox nor Snap --

THE COURT: Well, even if you don't have the username, it's being preserved.

MS. DEMAS: Well, Your Honor, there are regular kind of retention policies that the companies have with respect to certain types of data. And that differs across the platforms,

but I'll just give an example.

Chat data is not retained indefinitely.  And here we have an allegation that the Plaintiff had communications with a third-party criminal in the fall of 2023.  Because I cannot and because Roblox cannot identify the Plaintiff's accounts, I cannot preserve that account and make sure that the -- and I should say Roblox, I'm not personally preserving it, but I would coordinate with the Plaintiff to do that.  I cannot confirm or ensure that this chat data does not age out.

That is one example of the things that Roblox would do and I presume Snap would do if we have the usernames.

THE COURT:  Well, I mean, you're talking information on user information that's being aged out.  Are you telling your client that they can't be now aging out this information?

MS. DEMAS:  Well, Your Honor, to tell them that they cannot age out this information would require them to change their retention processes for the entire platform of hundreds of millions of users precisely because we cannot identify the Plaintiff's accounts.  Neither Roblox nor Snap require users to give their names to make an account.  I can --

THE COURT:  So your experience has been in other cases they're providing the user account information to you?

MS. DEMAS:  Absolutely, Your Honor.  And we have moved for the production of this information for early discovery in certain districts.  We cited in the papers to the

case in the Southern District --

THE COURT:  And the reason you're doing it is only at this stage only to use it to preserve the accounts?

MS. DEMAS:  Sorry, Your Honor, I want to make sure I heard you.

THE COURT:  And the reason you're getting that information is solely at this point to preserve the user accounts?

MS. DEMAS:  It's both for preservation purposes, Your Honor, and in order to be able to evaluate the claims.  It is --

THE COURT:  No.  So we're not evaluating claims at this point.

MS. DEMAS:  Your Honor, you asked me in other cases.

THE COURT:  Pardon me?

MS. DEMAS:  And I'm just explaining what we did for the other motions.

THE COURT:  And what's your objection to this?  I see you're looking in the air and shaking your head.  That's not helpful.

MS. HAGUE:  I'm just anxiously waiting to respond, Your Honor.  We don't object to providing the usernames.  We've already told Defense Counsel we would provide the usernames. In that initial meet and confer that we had with Defense Counsel when they initially asked us for the usernames, they

advised us they need the usernames in order to evaluate their ability to file a motion to compel for arbitration. Understandably so.

So in that discussion, we raised the issue of arbitration-related discovery which this Court has granted and Your Honor has ordered for parties to do on arbitration issues when it's done at the early stages. So we were in active negotiations, and we sent a list of items that we would request to be provided to us solely related to the arbitration issue. And we were in active negotiations on the exchange of discovery relating to arbitration at the time that they asked us for the usernames. We've never objected to it, Your Honor. We agreed to provide it as part of those negotiations.

And when Defense Counsel filed their cross-motion compelling the usernames, frankly, Your Honor, I was a little taken back and surprised because we had just exchanged emails on these negotiations and they were active. At no point in time did we refuse to provide them. It was my understanding, Your Honor, there were active negotiations on what discovery would be exchanged.

I'm glad Defense Counsel brought up the issue of their ability to preserve chats, which yes, they would need the username to do so. But also on that initial call, Your Honor, I asked them point blank what is your retention policy on chats because if they're already discarded, then you're not

preserving them. And we were told it's about a year. So any chats that my client had over their platform in 2023, according to them and their own retention policies and standard operating procedures, would already be gone. They wouldn't even have the ability to preserve them.

So that leaves the only real reason that they're asking for this information is to evaluate the arbitration claim, which we understand and we're fine with and we agreed to do that. But we were in the midst of negotiating what discovery would be exchanged on that particular issue.

MS. DEMAS: Your Honor, I was not on that call with Counsel, but the retention period for chats is not one year. My understanding it's two years which puts us precisely around the time where this data may be aging out. And I did speak to the attorney who was on the call with Ms. Hague, and my understanding is that they did not say one year. They were not able to commit on that call to the precise retention period.

I don't want to go into a "she said/she said." I think the real issue here, Your Honor, is that we are being stymied in our ability to preserve evidence. This is information that the Plaintiff should have. They should have their account information. It is not burdensome to provide it. And, yes, the parties, we did try and avoid court intervention. We had offered to provide to Plaintiffs half the categories of information they had asked for, even though we had not done

this in any other case.

And if we do end up filing a motion to compel arbitration anywhere, whether it's here, whether it's in a court that the JPML decides, if it should decide to make this an MDL transfer the case to, in every single arbitration motion we've filed, we have included a declaration with all the evidence we rely on. That is provided to opposing counsel as part of our motion, and they receive it.

What Counsel's really seeking here is discovery for the sake of discovery that may not be relevant to anything. We are just asking to be able to identify the Plaintiffs on our respective platforms so we can preserve information, first and foremost, and evaluate the claims and evaluate potential motions. And I hear, Your Honor, that that seems premature now given that there's a pending motion. But given the risk of evidence aging out, I'm afraid that if we don't get these usernames, then it may age out.

Now, obviously, Plaintiffs have their own preservation obligations, and I'm sure they're complying with it. And I hope they've been taking screenshots or something of that nature. But given the allegations in this case, with the timing of the alleged chats, I think we are running into, if we have not already run into, a place where evidence may age out, and we're trying to avoid that.

THE COURT: All right. So it seems to me that you're

willing to give them username information over.  So I think you should do that.

MS. HAGUE:  We are, Your Honor.  Our --

THE COURT:  So when can you do that?

MS. HAGUE:  So the user information that we have, Your Honor -- to clarify, so there's no misunderstanding, we have Roblox user information -- do not have the full username for Snapchat.  That being said, there was a criminal investigation.  The perpetrator is currently incarcerated.  There was extensive digital evidence obtained and preserved by a law enforcement agency.  And my understanding is they have it.  We've not been able to get it from them yet, understandably so.

And that preservation is relating to Snap, not Roblox.  So we have the Roblox username, and we have no problem turning that over, Your Honor.

THE COURT:  All right.  So when can you do that?

MS. HAGUE:  We can do it within the next five days, Your Honor.

THE COURT:  Okay, we could do that.

MS. HAGUE:  We would --

THE COURT:  So then that part is resolved.  In terms of the -- go ahead.

MS. GODESKY:  Your Honor, for Snap, may I just, having heard this for the first time about there not being a

CERTIFICATE

I, DIPTI PATEL, court approved transcriber, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and transcribed to the best of my ability.

_____

DIPTI PATEL, AAERT CET-997

Expires: December 6, 2026

Liberty Transcripts                    Date:  January 29, 2026