# EXHIBIT G

**From:** Sarah London <slondon@girardsharp.com>
**Sent:** Thursday, March 26, 2026 10:50 AM
**To:** Demas, Tiana
**Cc:** Kumar, Ambika
**Subject:** Re: Due outs from our call

**CAUTION: This Message Is From an External Sender**
This message came from outside your organization.

Hi Tiana and Ambika –

Thanks for the productive call yesterday. I had a chance to confer with the team this morning.

Below are our responses/questions regarding your proposals on the different topics.

1. **Arbitration-related information**

We need a bit more clarification on Defendants' position to assess. For the confirmed accounts, are Defendants willing to produce all data that is included in Roblox's "Right to Access Report" and Discord's "Request Data" package? Or are Defendants offering to produce a subset of this information consisting of IP address, DOB, login history, and transactional history? The full reports/packages contain additional account-level data that Defendants themselves rely upon in arbitration briefing, and Plaintiffs need the same information to evaluate assent, account activity, and the appropriateness of particular cases for bellwether selection.

Whatever information Defendants are willing to provide, Plaintiffs cannot agree to Defendants' proposed 17-week timeline for completing this process. Plaintiffs have proposed an 8-week schedule, which provides ample time for both sides to complete their obligations and ensures that the bellwether selection and arbitration briefing can occur without undue delay. Defendants' position on the schedule will inform Plaintiffs' willingness to consider compromises on the other issues discussed on our call and in this email. Plaintiffs remain willing to negotiate in good faith, but meaningful compromise is not possible unless the schedule is substantially shorter than the 17-week timeline Defendants propose.

2. **Preservation details**

Defendants' proposal to treat preservation details as self-evident from what is produced is insufficient. As we discussed, whether data appears in a production does not show whether earlier data was lost, deleted, never preserved or did not exist. Plaintiffs need to understand what account data is no longer available due to Defendants' retention policies and when it became unavailable.

3. **Third-party information**

We are open to a compromise on this issue but need to understand what specific information Defendants are willing to provide for the identified perpetrator accounts. We are not asking for the

perpetrator's other communications. We are asking for basic information that is relevant to preservation and Plaintiffs' claims. We may be willing to drop our requests for certain information, such as IP history, dates of last login, and dates of interactions with Plaintiffs, if Defendants agree to provide the following information:

- Associated email addresses and phone numbers (for preservation of relevant information on Plaintiffs' devices)
- Date of account creation (to confirm it is the correct account)
- DOB associated with account and changes to DOB (relevant to Plaintiffs' claims)
- Whether chat was preserved (Y/N)
- Date range preserved (Y/N)
- Whether any chats were discarded under retention policy (Y/N)
- If discarded under retention policy, when they were last available

4. **Application of Federal Rules**

We appreciate Defendants' willingness to enter a stipulation regarding the authenticity and admissibly of the account data, but we will need to review the proposed stipulation before determining whether it is sufficient. Please send as soon as you can.

On supplementation, Plaintiffs agree that Defendants need not monitor accounts in real time and produce any new information. Rather, Plaintiffs propose that Defendants must supplement in a timely manner if they discover new logins, purchases, or new accounts associated with a Plaintiffs' email address or phone number through their evaluation of cases for bellwether selection or any other purpose. That obligation would apply to all cases—not just those selected as bellwethers—because newly identified information can bear directly on bellwether selection.

Thank you and looking forward to further narrowing the issues.

Sarah

Get Outlook for Mac

---

**From:** Demas, Tiana <tdemas@cooley.com>
**Date:** Wednesday, March 25, 2026 at 6:21 PM
**To:** Sarah London <slondon@girardsharp.com>
**Cc:** Kumar, Ambika <ambikakumar@dwt.com>
**Subject:** Due outs from our call

EXTERNAL EMAIL
Sarah,

Thanks for the productive calls today.  To make sure everyone is on the same page, below are the due outs from tonight's continued call.

**Do outs**:
- **Roblox and Discord to get back to Ps on**

- o Proposed language for stipulation on admissibility
  - o Go back to clients on whether can provide default retention for chat content
- **Discord to get back to Ps on**
  - o Whether can provide BSI for third-party perpetrators
- **Ps to provide**
  - o Concrete proposal on supplementation

Best,
Tiana

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.