# EXHIBIT H

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

BEFORE THE HONORABLE MICHAEL L. MAU, JUDGE

DEPARTMENT NO. 20

---oOo---

JANE DOE, et al,

      Plaintiffs,

      VS.                              NO. 25-CIV-05901

ROBLOX, ET AL.,

      Defendants.

REPORTER'S TRANSCRIPT OF PROCEEDINGS

HELD ON FEBRUARY 6, 2026

A P P E A R A N C E S:

FOR PLAINTIFFS:          PAT HUYETT, ESQ.

FOR DEFENDANTS:          ERIK LAMPMANN-SHAVER, ESQ.
                         MAX A. BERNSTEIN, ESQ.
                         ADAM S. SIEFF, ESQ.(Via Zoom)

REPORTED BY:             LORNA TRAUBE, CSR 6206

THE COURT:  I tend to agree.  In fact, the EFAA, it is covering a quote, sexual assault dispute, end quote.  The fact that it is a dispute is directly indicating that these are allegations, it does not have to require a criminal conviction.  And the allegations that the perpetrator was charged, for this type of conduct, is inherently the nature of a dispute, using the common interpretation.  That's where the court believes it does fall within that portion of the definition of a sexual assault dispute.

Separate from that though, again, there are specific factual allegations, not graphic, of course, but there are specific factual allegations that this ten year-old plaintiff was manipulated, groomed, and kidnapped by the perpetrator.

That, along with the related statements on what she had to go through, qualify as a sexual assault dispute, at least under California law.

So with that, I will take a look at the Castro case before I adopt the tentative ruling.  So, I am going to pass this portion of the argument until I do so.

Is there anything else you want to address on the tentative for your case?

MR. BERNSTEIN:  Yes, Your Honor, we have one other issue that's tangential to the issues we discussed today.

Your Honor's tentative ruling addresses the applicability of the EFAA.  Obviously, as Your Honor knows, the parties briefed, quite extensively, other issues around, for example, disaffirmance of the contract, and had Your Honor found the EFAA did not apply.

So, we want to look ahead and be practical and efficient.  I am sure opposing counsel will have a different view of that statement, but let me explain the circumstance we are in.

If Your Honor were to adopt the tentative ruling as drafted, our client may decide to appeal.  I think that probably does not surprise you.

So if we appeal, we expect that plaintiffs will argue both that the EFAA applies, but also that the decision can be affirmed, in the alternative, on the basis that the Appellate Court should find that the plaintiffs disaffirmed.

And I am not conceding that that would be appropriate, or anything of the type, but it is possible that the Court of Appeal will consider disaffirmance on the appeal.

We, in a regular course of these cases, we check for ongoing use on the platform, because ongoing use on the platform is a kind of Black Letter Law argument against disaffirmance.  You can't both say I am disaffirming the contract and my relationship with Roblox,

and by the way, I am going to continue using Roblox at my pleasure. You can't do both.

We checked that at the time we filed the motion, and then we checked it again in advance of the hearing. So, when we checked it again in advance of this hearing, we found significant evidence that this plaintiff was continuing -- appears to have been continuing to use Roblox after the complaint was filed, and after the motion to compel was filed.

We found that out yesterday. We filed a declaration with the court yesterday, as soon as we could. I have offered to give opposing counsel a copy as well.

Where does this go? It is our view that if this is going to go up on appeal, it might as well go up on appeal once, rather than the possibility of twice.

So, we think this information regarding disaffirmance, and the fact that the plaintiff continued to use the platform, that that should be in the record on appeal.

And we think, of course, that plaintiff -- if they want, should have an opportunity to respond in the trial court to that evidence. Maybe we -- there is some explanation that goes beyond the data we have.

So, our proposal is that if the court is intending to adopt the tentative, that this information be considered. That plaintiffs, if they want to make a

request here, have some quick opportunity -- our intention is not to delay the ruling, have a quick opportunity to respond, but that this information be made available, so the appeal can be resolved all at once, rather than having the possibility where the court says, the EFAA does not apply, but on the facts available will say there is disaffirmance, and we end up back here saying, there are more facts, and the disaffirmance issue has to be relitigated, et cetera.  That is our proposal on that issue.  I will let counsel respond.

MR. HUYETT:  Yes, Your Honor.  We would request that the court disregard this declaration, as it is untimely and procedurally improper. Mr. Bernstein keeps referring to yesterday they found this information.

We were served with this declaration, this proposed supplemental declaration, at 11:16 last night. It introduces new factual material.  This is not new factual material to Roblox, as is apparent from the information that they are wanting to submit as part of the declaration.  This is information that Roblox, a lot of it, they have had for months.

So, we don't think it is proper for Roblox, after it receives the court's tentative ruling, to claim that it just found this information, put in a new declaration, and send it to us at 11:16 the night before

the hearing on the tentative ruling.  So, we would ask the court disregard it entirely, and enter the tentative ruling so this case can move forward.

THE COURT:  I am inclined to agree.  If your client takes this up on appeal on the EFAA question, which is essentially determinative on the tentative rulings on both of these calendar matters, the Court of Appeal will either affirm, or remand it back for further proceedings, if they overturn.

If they remand it back for further proceedings, we are likely going to have, I suspect, renewed motions to compel arbitration, where we are relitigating the remaining issues on the motion, which the court really has not laid out in its current tentative, because the court viewed the EFAA as essentially a pre-emptive threshold question.

If the EFAA applied, then the various other arguments that both defendants have made did not need to necessarily be addressed today.

MR. BERNSTEIN:  Your Honor, we are entirely amenable to that approach, if opposing counsel is representing they are not going to request the Court of Appeal affirm the decision on an alternative basis, including disaffirmance.  If that is the representation of opposing counsel, we agree this can be left to another day, to the extent it ever needs to

be addressed -- to the extent that plaintiff will make full throated arguments for affirmance on alternative grounds, namely disaffirmance, then that may not be left up to you and I, Your Honor; whether or not that's what the court does, the appellate court.

I will note, as to the timeliness, we think we have been very diligent.  We looked again, before the hearing, after collection of evidence in connection with the motion.  And I will say, Your Honor, this is information plaintiff had, and knew the moment that Plaintiff was using these platforms.

Frankly, Your Honor, plaintiff did not disclose to us or the court that they were making both a disaffirmance argument, while also knowing they were continuously using the platform, as recently as last week. We found this yesterday.  I don't believe opposing counsel was intending to suggest that we are being dishonest about that, we are not.  We combed the records again yesterday in preparing for the hearing, found this and filed it as quickly as possible.

It is not related to Your Honor's tentative, has no nexus with your tentative.  And I think we have been diligent and honest trying to raise this information now, to avoid other problems.

There are questions whether or not that's even in our interest, sequential appeals and all this.  I don't

think there is a fair accusation here that we have been withholding information that plaintiff had this whole time.  In fact, the plaintiff did not disclose, despite taking contrary positions before the court.

So, we don't need to go there.  We think this is a practical question, which is; if opposing counsel is saying that they are not arguing, in the alternative, for disaffirmance on appeal, then you are right, we can put it to bed.

If they are arguing that, we think it is practical to get that in the record.

THE COURT:  I don't know if Mr. Huyett can make that position clear this morning.

MR. HUYETT:  There is no way I can make a representation like that this morning, no appeal has been filed.  And I can't speculate what arguments we may or may not make as part of any appeal that's yet to be filed in this case.

THE COURT:  I think the only -- again, on a practical level, I can state that the court's current tentative, if adopted, does not address the disaffirmance argument; and therefore it may be unlikely that the Court of Appeals, if they are looking at this, upon review, would make a decision on that ground, when the trial court has not.  That's up to the Court of Appeals.