UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL No. 3166<br><br>Case No. 25-md-03166-RS |
| This Document Relates to:<br><br>ALL ACTIONS | **[PROPOSED] INSTAGRAM AND SNAP USER ACCOUNT INFORMATION ORDER** |

## I.    Purpose

In this coordinated litigation, individual Plaintiffs may not be able to recall or access their User Accounts associated with the platforms of Defendants Snap Inc. ("Snap") and Meta Platforms, Inc. ("Meta") (collectively, "Defendants"). To address these issues, the Court has approved the following Procedure as detailed herein in Section IV:

A.    Each Plaintiff shall provide to Snap and Meta a Plaintiff User Account Preservation Form ("Preservation Form," **Exhibit A**) that contains identifying information that Defendants may use to assist in efforts to identify and preserve a Plaintiff's User Account(s) that were used to communicate with the alleged perpetrators.

    1.    Following receipt of each Plaintiff's Preservation Form, Snap shall conduct a good faith search for and make reasonable efforts to identify all Plaintiff Snapchat accounts that are directly connected to the specific phone numbers and email addresses provided by Plaintiffs.

    2.    Following receipt of each Plaintiff's Preservation Form, Meta shall conduct a good faith search for and make reasonable efforts to identify all Plaintiff Instagram accounts that are directly connected to the specific Instagram usernames / account URLs, phone numbers, and email addresses provided by Plaintiffs.

    3.    Snap and Meta shall not be required to search for any additional accounts beyond those directly connected to the Plaintiff-provided information.

B.    Each Defendant shall then submit a User Account Identification Form ("Account Identification Form," **Exhibit B**) to each Plaintiff that submits a Preservation Form that contains certain basic subscriber information about User Accounts that the Defendant has reason to believe are or were registered to the Plaintiff based solely on the Defendant's reasonable investigation described above in Paragraphs A.1 and A.2, based on the information provided by the Plaintiff in the Preservation Form;

C.    Thereafter, each Plaintiff shall submit to each Defendant a signed Plaintiff User Account Confirmation and Consent Form ("Account Confirmation Form," **Exhibit C**) that (1) confirms whether the User Accounts identified by the Defendant in the Account

- 2 -

Identification Form are registered to Plaintiff; (2) consents under the Stored Communications Act for the Defendant to disclose user account information for those User Accounts; and (3) confirms that the signatory has the legal authority to consent to such disclosure for those User Accounts;

D.      For those inaccessible User Accounts for which Plaintiff has consented to disclosure, Snap and Meta shall produce for those User Account(s) the data generated through their "Download My Data" and "Download Your Information" functions, respectively.

Nothing in this Order shall affect the Parties' discovery obligations. This Order shall not provide Plaintiffs a basis to conduct discovery into any issue or process it addresses. Plaintiff's compliance with this order, including attempts to log in to their User Account shall not constitute an admission, waiver, estoppel, or concession regarding control of any account, consent, contractual assent, or ratification or enforceability of the terms of service, or any applicable contract, including arbitration provisions.

## II.      Definitions

A.      "User" means a Plaintiff who alleges that they suffered injuries related to their use of Defendants' platforms.

B.      "User Account" means an account registered to a User on one of Defendants' platforms. For clarity, an account is not a User Account under this Order merely because a Plaintiff has accessed the account without it being registered to the Plaintiff.

C.      "User Account Data Download" means a download of information associated with a User Account substantially similar to those available using the public tools provided by each Defendant for this purpose:

1.      Snap – "Download My Data" (available at https://accounts.snapchat.com/accounts/downloadmydata)

2.      Instagram – "Download Your Information" (available at https://help.instagram.com/181231772500920)

**III.    Data Management**

Plaintiffs shall electronically serve the Preservation Form and Account Confirmation Form on Meta at RobloxMDLMetaForms@cov.com, and Snap at mdl3166-service-snap@omm.com, and carbon copy Plaintiffs' Liaison Counsel at robloxmdlplaintiffsliaison@girardsharp.com. Defendants shall serve the Account Identification Form on plaintiffs' individual counsel via email, and carbon copy Plaintiffs' Liaison Counsel at robloxmdlplaintiffsliaison@girardsharp.com.

**IV.    Procedure**

A.    Account Confirmation and Consent by Plaintiffs:

1.    Preservation Forms Provided by Plaintiffs: Each Plaintiff shall[1] provide to Defendants information to facilitate the preservation of Plaintiff User Accounts in the Preservation Form, attached as **Exhibit A**.

a)    Timing of Preservation Forms: Each Plaintiff shall submit a Preservation Form completed to the best of their ability on the same day the Plaintiff files a Complaint. For any Plaintiff who has already filed a Complaint, a Preservation Form shall be filed within 30 days of entry of this Order. Plaintiffs have the option to submit to Defendants a Preservation Form prior to filing a case.

b)    Duty to Correct and Supplement: If a Plaintiff or their counsel learns that information provided in the Preservation Form is inaccurate or incomplete, they must promptly amend the Preservation Form and name it accordingly ("First Amended Preservation Form," "Second Amended Preservation Form," etc.).

2.    Account Identification Forms Provided by Defendants: Each Defendant shall submit to each Plaintiff an Account Identification Form, attached as **Exhibit B**, that provides certain basic subscriber information for User Accounts that the Defendant has reason to believe are or were registered to that Plaintiff. The information provided in the

---

[1] If a Plaintiff fails to provide a Preservation Form, Defendants have no obligation to comply with the remaining provisions of this Order. Defendants reserve their right to seek other relief in the event a Plaintiff fails to provide a Preservation Form as required by this Order.

[PROPOSED] INSTAGRAM AND SNAP USER ACCOUNT
INFORMATION ORDER
CASE NO. 25-MD-03166-RS

Account Identification Form is to assist a Plaintiff in determining whether an identified User Account is registered to Plaintiff.

    a)    <u>Timing of Providing Account Identification Form</u>: Each Defendant shall submit an Account Identification Form for each Plaintiff no later than 45 days after Plaintiff's submission of the Preservation Form. If a Plaintiff amends a Preservation Form, Defendants shall have 45 days after submission of the amended Preservation Form. If a Defendant requires more time to complete this identification for a particular Plaintiff, a Defendant may request a 15-day extension of the deadline to provide an Account Identification Form from counsel for Plaintiff, who shall not unreasonably withhold consent to a good faith request.

    b)    <u>Duty to Correct and Supplement</u>: If a Defendant or their counsel learns that the information contained in the Account Identification Form is inaccurate or incomplete regardless of whether the Preservation Form has been amended by a Plaintiff, Defendants must promptly inform Plaintiff and submit an amended Account Identification Form named accordingly ("First Amended Account Identification Form," "Second Amended Account Identification Form," etc.). If Plaintiff submits an Amended Account Form that does not result in any corrections or additions to the Account Identification Form, Defendants shall notify Plaintiff of such within the timeframe identified in Section IV.A.2.b.

3.    <u>Account Confirmation Form Provided by Plaintiffs</u>: Each Plaintiff shall submit to each Defendant a signed Account Confirmation Form, attached as **Exhibit C**, that identifies which User Accounts are registered to Plaintiff, and which User Accounts (if any) registered to Plaintiff are inaccessible despite Plaintiff's good faith and reasonable efforts. A User Account is "inaccessible" under this Order and for purposes of the Account Confirmation Form if a Plaintiff is unable to access it and is unable to regain access by using the processes each Defendant makes publicly available to users to regain access to their accounts. Before identifying a User

Account as inaccessible, a Plaintiff must make reasonable and good-faith efforts to regain access to the account using the processes each Defendant makes publicly available to users to do so. By way of example and not limitation, if a Plaintiff has forgotten the password to an account but retains access to the email address used to register the account, they must attempt to reset their password using that email address.

a) Timing of Providing Account Confirmation Form: Each Plaintiff shall submit an Account Confirmation and Consent Form for each Plaintiff within 30 days of receiving a User Account Identification Form or amendment thereto from Defendants.

b) Duty to Correct and Supplement: If a Plaintiff or their counsel learns that information provided on the Account Confirmation Form is inaccurate or incomplete, they must promptly inform Defendants and submit a corrected Account Confirmation Form. If a Plaintiff or their counsel learns that an account that they believed was registered to them on the Account Confirmation Form is not actually registered to them, they shall inform Defendants and, if associated account data has already been produced for an account not registered to the Plaintiff, the Plaintiff shall immediately delete all user data provided by Defendant(s) related to that account and any copies thereof or work product derived therefrom.

B. Account Retrieval by Defendants: After receiving a completed and signed Account Confirmation Form or amendment thereto as provided for in Section IV.A.3, each Defendant shall undertake the following steps:

1. For accounts not identified as registered to a Plaintiff on the Account Confirmation Form, Defendants need not take further action under this Order.

2. For User Accounts that a Plaintiff identifies on the Account Confirmation Form as registered to and accessible by that Plaintiff, Defendants need not take further action under this Order.

[PROPOSED] INSTAGRAM AND SNAP USER ACCOUNT
INFORMATION ORDER
CASE NO. 25-MD-03166-RS

3.     For User Accounts that a Plaintiff identifies on the Account Confirmation Form as registered to and inaccessible to that Plaintiff, Snap and Meta shall undertake the process described in Section IV.C.

C.     <u>Provision of User Account Data Downloads for Inaccessible User Accounts</u>: For each User Account identified in the Account Confirmation Form or amendment thereto as registered to that Plaintiff and as inaccessible as defined in Section IV.A.3, the Defendant on whose platform the account is located will, within 30 days of receiving a completed Account Confirmation Form from a Plaintiff, provide to that Plaintiff a User Account Data Download, if any, for each User Account associated with the usernames identified under Section IV.B.3. If a Defendant requires more time to complete this process for a particular Plaintiff, Defendant shall be entitled to one automatic 7-day extension of the deadline to provide a User Account Data Download upon written notice to Plaintiff's counsel. Any further extensions may be requested from counsel for Plaintiff, who shall not unreasonably withhold consent to a good-faith request.[2]

1.     Each Defendant may (in its sole discretion) send an email to the email address(es) associated in its systems with the accounts defined in Section IV.A.3 stating that a plaintiff in litigation has claimed they are the registered accountholder, that a download of data from the account will be provided to that plaintiff, and providing an opportunity for the holder of the email address(es) to object and state that the account is not registered to any plaintiff in litigation. If a Defendant receives, within seven days of sending the email, such a response, the Defendant shall inform Plaintiff and shall not be obligated to provide the User Account Data Download for that account to Plaintiff. However, Defendant shall not withhold production of User Account Data solely based on an objection. If an objection is received, the Parties shall promptly meet and confer regarding appropriate resolution. Defendant shall preserve the User

---

[2] If a Defendant objects to the sufficiency or accuracy of the information provided for any User Account in the Account Confirmation and Consent Form, that Defendant will meet and confer with counsel for the particular Plaintiff. If the issue cannot be resolved informally, the parties may raise it for consideration by the Court.

Account Data pending resolution. If the parties are unable to resolve an objection within fourteen (14) days, Defendant shall either produce the User Account Data Download or seek relief from the Court or Special Master. A Defendant may not withhold production indefinitely based on an unresolved objection.

2.    Method of Providing Download: Defendants may provide this User Account Data Download or another means of reasonably accessing the account data to a Plaintiff in the form of a link, secure file transfer, or other electronic means permitting the Plaintiff to retrieve a file containing the download using the link. The link, secure file transfer, or other electronic means need not remain operative for longer than 60 days from when it is provided to a Plaintiff. For clarity, Defendants are not required to produce User Account Data Downloads to Plaintiffs using the processes or specifications appropriate for producing documents in formal discovery.

3.    Consent as Required by Stored Communications Act:

a)    Defendants shall not be required to provide a User Account Data Download unless the User and, if the User is a minor or is deceased, a parent or legal guardian, has provided consent through the Account Confirmation Form under the Stored Communications Act, 18 U.S.C. § 2702(b)(3), for Defendants to divulge the contents of the User Account Data Downloads to counsel for Defendants and Plaintiffs for purposes of this Action. In the case of a deceased User, a parent or the administrator or executor of the deceased User's estate must provide consent through the Account Confirmation Form. By executing the Account Confirmation Form, a Plaintiff and, if the user is a minor, a parent or legal guardian, consents to the disclosure of their data within the meaning of the Stored Communications Act, 18 U.S.C. § 2702(b)(3). A Defendant's disclosure of User Account Data Download to a Plaintiff pursuant to the terms of this Order is a disclosure compelled by this Order, on which Defendants rely in good faith.

[PROPOSED] INSTAGRAM AND SNAP USER ACCOUNT
INFORMATION ORDER
CASE NO. 25-MD-03166-RS

b)      The Court expressly finds that the process outlined in this order satisfies the consent requirement of the Stored Communications Act and that any User Account Data Download provided by a Defendant pursuant to the process set forth in this Order is made "with the lawful consent of the originator or an addressee or intended recipient of such communication" pursuant to § 2702(b)(3).

D.      Other User Account Information Issues:

1.      If a Defendant has reason to believe that it is restricted or prohibited from providing information with respect to any particular Plaintiff or User Account in accordance with this Order under applicable law, including international law such as, for example, the European Union General Data Protection Regulation, that Defendant shall meet and confer with counsel for the particular Plaintiff. If the issue cannot be resolved informally, the parties may raise it for consideration by the Court.

2.      If a Plaintiff identifies an account on a Defendant's platform at issue in these proceedings believed to have been used by some other person in connection with the harms alleged, but for which that Plaintiff never was and is not the registered owner of such account(s), the parties shall meet and confer on the issue of whether or to what extent that Defendant is able to provide information or access to such account(s). If the issue cannot be resolved informally, the parties may raise it for consideration by the Court.

**IT IS SO ORDERED**.

Dated: _____

_____
AJAY S. KRISHNAN
United States Magistrate Judge

- 9 -

[PROPOSED] INSTAGRAM AND SNAP USER ACCOUNT
INFORMATION ORDER
CASE NO. 25-MD-03166-RS