# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 3166<br>Case No. 3:25-md-03166-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to these actions submit this Joint Case Management Statement in connection with the Case Management Conference scheduled for April 22, 2026, at 9:30 a.m. PST.

## I.    STATUS OF CASE FILINGS

### A.  Number of MDL Case Filings

As of April 15, 2026, there are 129 cases pending in this MDL, with 11 cases filed since the last Case Management Conference on February 27, 2026. All cases involve Defendant Roblox, 50 cases involve Defendant Discord, 19 cases involve Defendant Snap, and 5 cases involve Defendant Meta.

### B.  Status of Proposed JCCP

Approximately 18 cases are pending in the proposed JCCP. The Hearing for Petition on Coordination will be on April 17, 2026, at the Superior Court of San Mateo County.

## C. Other Related Cases and Related Government Actions and Investigations

### 1. Plaintiffs' Statement

Plaintiffs request that Defendants maintain and provide at each Case Management Conference a current list of all non-JCCP state court and non-MDL federal proceedings involving allegations that Defendants failed to prevent sexual predators from accessing and exploiting children on their platforms. Likewise, Plaintiffs request that Defendants maintain and provide at each case management conference a current list of regulatory and governmental actions and investigations related to the sexual exploitation of children on their platforms. This information is easily accessible by Defendants and will facilitate discovery of relevant documents from government investigations and litigations, discussed further in Section IV.C.

### 2. Defendants' Statement

Plaintiffs' request that Defendants provide lists of court proceedings and government investigations to each CMC, which Plaintiffs raise for the first time in this CMC statement, goes hand-in-hand with their improper attempt to brief a dispute on which the parties have not fully met and conferred to this Court instead of Judge Krishnan, to whom the court has referred all discovery disputes. ECF No. 188; *see* Section IV.C, *infra* (addressing Plaintiffs' request for discovery concerning other lawsuits, government investigations, and a Congressional inquiry). Should the underlying dispute become ripe, Defendants will brief it to Judge Krishnan, who can likewise address Plaintiffs' requests for lists.

## II. PRETRIAL ORDERS

The following pretrial orders are in place:

- Direct Filing Order (Dkt. 161);
- Order Regarding Plaintiffs and Guardians *Ad Litem* Who Wish to Proceed Anonymously (Dkt. 163);
- Order Referring Discovery Disputes to Magistrate Judge Ajay S. Krishnan (Dkt. 189);
- Order Regarding Motion to Dismiss Briefing (Dkt. 212);

- Order Regarding Motion to Compel Arbitration and Motion to Dismiss Briefing Schedules (Dkt. 269);
- Amended Order Regarding Appointments of Guardians Ad Litem (Dkt. 273); and
- Roblox and Discord User Account Information Order (Dkt. 290).

Meta, Snap, and Plaintiffs submitted a proposed User Account Identification Order for Judge Krishnan's consideration today. Dkt. 296.

The parties are meeting and conferring regarding the preservation of ESI generally, including orders concerning CSAM preservation and handling. The parties anticipate meeting and conferring about other proposed orders, such as an ESI Protocol, a Protective Order, a Privilege Log Protocol, a Fed. R. Evid. 502(d) Clawback Order, and a Discovery Dispute Resolution Protocol. Additionally, Plaintiffs are drafting a Common Benefit Timekeeping and Expenses Order, which will be submitted for the Court's consideration.

Plaintiffs seek to enter a proposed Order regarding the Handling, Inspection, and Reporting of Child Sexual Abuse Material ("CSAM"), which will provide protocols for how parties must handle any CSAM encountered during this case. Plaintiffs provided a draft of this Order to the Defendants on March 12, 2026, which is intended to ensure that CSAM is handled and in a manner that otherwise complies with applicable law.  The parties have set a meet and confer for no later than April 20, 2026 to discuss Plaintiffs' proposed Order and will be prepared to provide the Court with an update on meet and confer efforts at the Case Management Conference if requested.

## III.    ANTICIPATED MOTIONS

As directed by the Order entered regarding briefing of initial motions (Dkt. 269), the parties will first brief Defendants Roblox and Discord's bellwether motions to compel arbitration. The parties will submit either joint or competing submissions for the bellwether motion to compel selection process by April 24, 2026—two weeks from Judge Krishnan's entry of the User Account Information Order on April 10, 2026. Once the Court has ordered the selection process, the parties will then serve bellwether motion to compel selections two weeks after completion of the user data exchange— approximately June 22, 2026, as the data exchange ordered by Judge Krishnan will be completed

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:25-md-03166-RS

within 58 days of entry of the User Account Information Order. After an opportunity for Plaintiffs to amend, the parties will then brief motions to compel, which will be fully briefed 19 weeks from bellwether identification—near the end of November. After the Court has ruled on Defendants' motions to compel, the parties will then brief motions to dismiss.

## IV.    INFORMATION EXCHANGE AND DOCUMENT REPRODUCTIONS

### A.  Exchange of User Account Information

Under the User Account Information Order (Dkt. 290) entered as to Plaintiffs, Roblox, and Discord, the parties will complete the required exchange of information 58 days after entry of the Order (approximately by June 9, 2026).

Judge Krishnan denied without prejudice Plaintiffs' requests for an in-person Rule 26(f) conference with Roblox and Discord technical staff present and 30(b)(6) depositions on ESI so parties could address the time-sensitive dispute about the User Account Information Order. 4/8/2026 Tr. 6:1-7:8.

Judge Krishnan ruled that new Plaintiffs must identify all Roblox and Discord accounts they used within 3 days of filing complaints—and Plaintiffs who already filed complaints must do so no later than April 17, 2026. Absent leave of Court, the Parties may not rely on user account data they did not produce under the User Account Information Order to support briefing on bellwether motions to compel, except for user data that did not exist when Defendants provided Plaintiffs with the user account information or user data that was not in the Defendant's possession or control at the time of the information exchange. Defendants must produce any new account data to Plaintiffs within 5 days of discovering its existence.

### B.  Conference Regarding ESI and Preservation

Roblox, Discord, and Plaintiffs have agreed to hold a conference—with counsel meeting in person, to the extent schedules permit—to discuss preservation and ESI. The parties will exchange a list of topics and questions to cover before the conference and will gather responsive information from their clients. Defendants' clients and individuals knowledgeable about their ESI sources will not be physically present at the conference, but will be available to Defendants during the conference

as questions arise. If there are any disputes following this conference, Plaintiffs intend to promptly file a letter brief to Judge Krishnan seeking guidance on any unresolved issues.

### C. Reproduction of Documents from Prior Government Investigations and Litigations for Amended Complaint Drafting

#### 1. Plaintiffs' Statement

The parties met and conferred regarding Plaintiffs' request that Defendants promptly reproduce documents they previously produced in response to government investigations and litigations bearing on the child safety issues at the center of this MDL. Defendants have not agreed to Plaintiffs' proposal to follow the procedure employed in the *Social Media* MDL, in which Judge Gonzalez-Rogers required Defendants to submit for *in camera* review the government subpoenas to which they had previously responded, so that the Court could identify which requests were relevant to the MDL and order production of only the documents responsive to those requests. *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, Discovery Order No. 1 at 1, No. 4:22-md-03047, ECF No. 125 (N.D. Cal. Dec. 29, 2022) (attached as Ex. A).

Plaintiffs respectfully request that the Court order Defendants to promptly reproduce documents they previously produced in the government investigations and lawsuits described below that are relevant to this litigation and refer to Magistrate Judge Krishnan any scope disputes that the Parties cannot resolve in good-faith meet-and-confer. Judges in this District often recognize the value of early productions like these. *See* Ex. A at 2 (Social Media MDL) ("a narrow production of previously-produced relevant materials imposes little burden on the defendants and promotes judicial efficiency in this multi-district litigation"); *In re: Uber Techs., Inc. Passenger Sexual Assault Litig.*, Pretrial Order No. 5 at 3-4, No. 3:23-md-03084-CRB, ECF No. 175 (N.D. Cal. Dec. 28, 2023) (Ex. B); *see also In re: McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig.*, Order Regarding Discovery Letter Briefs, No. 21-md-02996-CRB (N.D. Cal. Mar. 17, 2023) (similar, albeit in response to formal RFPs) (Ex. C), *mot. for relief from nondispositive pretrial order denied*, ECF 510 (N.D. Cal. Apr. 12, 2023).

More than a dozen state attorneys general, federal regulators, and congressional oversight bodies have independently investigated and taken action against each of the Defendants based in part

on substantially the same conduct at issue in this MDL: that each Defendant knew its platform was used by sexual predators to access, groom, and exploit children; that each failed to implement readily available safeguards; and that each affirmatively misled children and families about the safety of its platform. Those proceedings have generated substantial documentary records—including internal safety assessments, CSAM-reporting data, communications with the National Center for Missing and Exploited Children ("NCMEC"), executive-level communications regarding known child exploitation risks, and responses to government subpoenas and CIDs—that are directly relevant to Plaintiffs' allegations and claims of duty, knowledge, notice, causation, and design defect, and to Defendants' anticipated Section 230 arguments. The principal proceedings, organized by Defendant, are as follows:

**(a) Roblox Corporation.**

At least ten state attorneys general and local governmental entities have sued or formally investigated Roblox based on its failure to prevent sexual predators from accessing and exploiting children on its platform:

**Louisiana (Aug. 2025).** Attorney General Liz Murrill filed the first state AG lawsuit against Roblox in August 2025, alleging violations of the Louisiana Unfair Trade Practices Act. The complaint alleges that Roblox's design permits adult predators to identify, contact, and groom child users, and that Roblox misrepresented its safety measures to parents and the public.

**Florida (Apr. 2025 / Dec. 2025).** Attorney General James Uthmeier issued an investigative subpoena to Roblox in April 2025—expressly seeking production of Roblox's marketing materials, age verification protocols, chat moderation policies, data on user-reported abuse, and communications with NCMEC—and subsequently filed a formal lawsuit in state court in December 2025. Florida separately opened a criminal investigation into Roblox's conduct.

**Kentucky (Oct. 7, 2025).** Attorney General Russell Coleman filed suit alleging that Roblox knowingly created a "hunting ground for child predators" through insufficient age verification, inadequate content filtering, and open channels enabling adults to communicate with minor users.

**Texas (Nov. 2025).** Attorney General Ken Paxton filed suit alleging that Roblox "knowingly facilitated the sexual exploitation of teen and preteen children and the distribution of child sexual abuse material ('CSAM') on its platform." A Texas state court has since allowed the state's deceptive-trade-practices claim to proceed, finding that Roblox's public safety representations to parents state a viable claim.

**Iowa (Dec. 2025).** Attorney General Brenna Bird filed suit approximately December 16, 2025. The filing was prompted in part by a reported incident in which a 13-year-old girl was kidnapped and assaulted by an adult she had met in a Roblox chat room.

**Tennessee (Dec. 18, 2025).** Attorney General Jonathan Skrmetti filed suit alleging that Roblox "lures children into an environment it knows is dangerous but promises is safe," including through exploitation by organized predatory networks such as "Group 764," which used the platform to recruit children for CSAM production.

**South Carolina (Dec. 16, 2025).** Attorney General Alan Wilson issued a civil investigative demand seeking information about the number of South Carolina children who use the platform, Roblox's content moderation practices, and the company's marketing to children. AG Wilson has indicated he is "exploring" a lawsuit.

**Oklahoma (Late 2025).** Attorney General Gentner Drummond signaled the intent to file suit; the matter is in the investigative stage as of the filing of this Statement.

**Nebraska (Mar. 4, 2026).** Attorney General Mike Hilgers filed suit in Adams District Court alleging that Roblox has "for years" known it has "a pedophile problem" and has failed to implement basic safeguards while marketing the platform as safe for children as young as six. The complaint seeks civil penalties, punitive damages, and injunctive relief including mandatory age and identity verification.

*(b) Discord Inc.*

Two state attorneys general have filed or launched formal actions against Discord based on child sexual exploitation and safety failures arising from substantially identical design features at issue in this MDL:

**New Jersey (Apr. 2025).** Attorney General Matthew Platkin filed suit in New Jersey Superior Court alleging that Discord's design—including inadequate age verification, default messaging settings that expose minors to adult strangers, and a "Safe Direct Messaging" feature that failed to function as advertised—violated the New Jersey Consumer Fraud Act and left children "vulnerable to online predators." The complaint is grounded in a pre-suit investigation that tested Discord's actual safety features and documented the gap between Discord's public representations and its operational reality.

**Florida (Apr.–May 2025).** Attorney General James Uthmeier launched a civil investigation of Discord, issuing multiple subpoenas seeking records of specific child sexual exploitation incidents on the platform, Discord's marketing to children and parents, and Discord's content and platform moderation practices. AG Uthmeier labeled Discord "a safe haven for child predators" and publicly stated that a formal lawsuit is forthcoming. These subpoenas necessarily generated documentary production covering the same conduct alleged in this MDL.

*(c) Snap Inc. (Snapchat).*

Five state attorneys general have filed suit against Snap premised on child safety failures substantially identical to those alleged in this MDL, and the FTC has separately taken enforcement action arising from Snap's interactions with young users:

**New Mexico (Sep. 2024).** Attorney General Torrez—building directly on the legal theory he successfully pursued against Meta—filed suit against Snap in the First Judicial District Court of Santa Fe County. The complaint alleges that Snapchat's design, including its disappearing-

content feature and "Quick Add" recommendation algorithm, creates an environment that facilitates child sextortion and CSAM trafficking, and that Snap repeatedly misled users and the public about the platform's safety. The court denied Snap's motion to dismiss in April 2025, and the case is now in active discovery—generating records that directly track the allegations in this MDL.

**Florida (Apr. 21, 2025).** Attorney General Uthmeier filed suit in Santa Rosa County Circuit Court alleging that Snap failed to implement age verification required by Florida's Social Media Protection Act and continued to use algorithmic targeting that kept minors engaged on the platform while exposing them to predatory content and contact.

**Utah (Jun. 2025).** The Utah Department of Commerce's Division of Consumer Protection filed a state-court action against Snap alleging sexual exploitation of children and digital addiction practices. A prior subpoena by the Division of Consumer Protection in 2023 had already established a documentary record. The state court case has proceeded after a federal court dismissed a parallel federal action under the *Younger* abstention doctrine.

**Kansas (Sep. 23, 2025).** Attorney General Kris Kobach filed suit in Washington County District Court alleging multiple violations of the Kansas Consumer Protection Act premised on Snap's knowing misrepresentation that its platform is safe for teens, its algorithmic design intended to maximize minor user engagement, and its failure to prevent exposure of minors to sexual content.

**Texas (Feb. 2026).** Attorney General Paxton filed suit alleging that Snap failed to warn parents and consumers about the volume of inappropriate content on the platform and knowingly misrepresented its safety while exposing minors to sexual content, nudity, and drug use.

**FTC Referral to DOJ (Jan. 16, 2025).** The FTC referred a complaint against Snap to the Department of Justice alleging that Snap's AI chatbot feature ("My AI") posed risks and caused harm to young Snapchat users, including through interactions that facilitated grooming-related communications. The referral arose from compliance monitoring under Snap's 2014 FTC consent order and generated a documentary record regarding Snap's knowledge of, and response to, child exploitation risks in its design.

*(d) Meta Platforms, Inc. (Facebook/Instagram).*

Among the government proceedings targeting Meta, the action most directly bearing on child sexual predation—as opposed to the broader addiction and mental health litigation brought by the multistate AG coalition—is the standalone enforcement action brought by the New Mexico Attorney General:

**New Mexico, State Court (2023–Present).** New Mexico Attorney General Raúl Torrez filed suit against Meta focused specifically on child sexual exploitation, alleging that Meta's platform design—including its recommendation algorithms—steered adult predators toward children and that Meta concealed what it knew about the resulting harm. AG Torrez conducted an extensive undercover investigation, in which his office created accounts on Facebook and Instagram posing as children under 14 and documented the sexual solicitations those accounts received, as well as Meta's response (or lack thereof). The investigation led to the arrest of multiple adults who traveled to locations where they believed they would meet the decoy child accounts. After a nearly seven-week trial in early 2026, a New Mexico jury found Meta liable for willful violations of the New Mexico Unfair Practices Act and awarded $375 million in

damages. *State of New Mexico v. Meta Platforms, Inc.*, No. D-101-CV-2023-02172 (N.M. 1st Jud. Dist. Ct.). The injunctive relief phase—in which the State seeks mandatory changes to Meta's age verification, recommendation algorithms, and predator-removal practices—remains pending. The investigation and trial record generated by this case represents among the most extensive government documentary records targeting a platform's role in enabling child sexual exploitation.

### (e) Federal Congressional Oversight.

Two rounds of congressional document requests have also generated records directly bearing on all Defendants' knowledge of and response to child sexual exploitation on their platforms:

**Senate Judiciary Committee CEO Hearing (Jan. 31, 2024).** The Senate Judiciary Committee convened a bipartisan hearing entitled "Big Tech and the Online Child Sexual Exploitation Crisis," at which the chief executives of Meta, Snap, and Discord, among others, were required to testify. Committee Chairman Dick Durbin's opening statement directly identified the specific platform design features at issue in this MDL: Discord's use in child abductions and grooming; Snap's disappearing-message design as enabling sextortion of children; and Meta's Instagram helped connect and promote a network of pedophiles. The hearing generated public testimony, documentary submissions, and written responses by each of the Defendants-in-interest.

**Senate Judiciary Committee Document Request Letters (Apr. 9, 2026).** Senate Judiciary Committee Chairman Chuck Grassley and Ranking Member Dick Durbin jointly sent formal letters to Roblox, Snap, Discord, Meta, and four other major platforms requesting information about NCMEC CyberTipline reporting deficiencies identified in NCMEC's 2025 annual review. With respect to Roblox, NCMEC reported that the platform submitted over 65,000 exploitation reports in 2025 but characterized Roblox as "a primary location where suspects meet and recruit minors for abuse, including by various [sadistic online exploitation] groups," and identified Roblox's failures to identify child victims in chat-related exploitation reports. As to Discord, NCMEC documented a pattern of over-reporting irrelevant content while frequently omitting account and location information from reports of actual child exploitation. Chairman Grassley stated that he is "concerned that some companies have not provided NCMEC and law enforcement with sufficient data needed to protect kids and prosecute suspected predators." These letters, and any responses Defendants provide, are directly relevant to Defendants' knowledge and to the adequacy of their reporting practices at issue in this MDL.

Reproduction of relevant materials that Defendants have already produced as a result of these matters at this early stage will substantially benefit all parties and the Court. As Judge Gonzalez-Rogers explained when ordering analogous off-the-shelf production in the *Social Media* MDL, doing so "promotes judicial efficiency in this multi-district litigation" and enables "fulsome" pleadings "at this juncture" that "will streamline these proceedings at their conception." Ex. A. Here, too, these documents will help Plaintiffs amend their bellwether complaints on a more fulsome factual record, and fashion better discovery requests once formal discovery opens.

Defendants' burden objection is not well-taken and should not delay production. Reproduction of previously-produced documents is categorically distinct from new collection-and-review: Defendants have already made relevance and responsiveness determinations, gathered responsive documents, logged any withheld materials, and produced the rest. There is no new collection effort required, no new privilege review (those calls have been made), and no new responsiveness determination. If Defendants contend that particular prior productions included materials they view as outside the scope of this MDL, they can identify the relevant subsets by reference to the requesting government agency, subject matter, or custodians, rather than withholding entire production sets wholesale. Any residual scope disputes can be resolved efficiently by Magistrate Judge Krishnan. As Judge Gonzalez-Rogers observed in the *Social Media* MDL, this type of targeted production "imposes little burden on defendants" relative to its benefit. Ex. A. The burden of targeted identification is in any event far outweighed by the cost to Plaintiffs—and the Court—of proceeding to motion-to-dismiss briefing without access to documents that are already in Defendants' possession and have already been produced to government investigators pursuing the same allegations.[1]

Finally, any suggestion (by Roblox or Discord) that ordering such productions is inconsistent with the Federal Arbitration Act should be rejected. Defendants have claimed that arbitration be decided early and quickly, and they will get what they asked for. But there is no stay in this MDL. And no reason not to accomplish what can be accomplished with minimal burden, no delay, and immense added value.

### 3. Defendants' Statement

Given the Court's clear order referring all discovery disputes to Judge Ajay S. Krishnan, this case management statement is not the appropriate vehicle for Plaintiffs to brief a motion to compel

---

[1] The Court should reject Defendants' assertion that this is the wrong vehicle for raising this issue. Since Plaintiffs are requesting these documents in conjunction with the motion to dismiss briefing, the most efficient process is for the Court to address this issue at the Case Management Conference so that the parties have clear guidance soon. As noted above, Judge Gonzalez-Rogers ordered Defendants to make these productions in the Social Media MDL before formal discovery began. *See* Ex. A at 2. The Court should do the same here.

the production of millions of documents that Defendants produced in separate, unrelated government investigations and lawsuits. ECF No. 188 (referring case to Judge Krishnan "for all discovery purposes"); *see also* Dkt. Entry 3/26/2026 (referring case to Judge Krishnan for discovery). Nor is this dispute ripe for any Court's review or relevant for motion to dismiss briefing. Before transmitting a draft of this joint case management statement, Plaintiffs never raised with Defendants—let alone met and conferred in good faith about—their request for discovery relating to "lawsuits" and "Senate Judiciary Committee Document Request Letters" issued to Defendants less than one week ago.

Plaintiffs' attempt to circumvent the referral to Judge Krishnan is puzzling given that Plaintiffs, Roblox, and Discord recently presented to Judge Krishnan a separate dispute about the proper contours of a pre-arbitration user information exchange. In advance of that April 8 hearing, the parties met and conferred and submitted a joint letter brief, per Judge Krishnan's standing order. ECF No. 270. Plaintiffs identify no reason to sidestep that process here, and there is none. Should Plaintiffs persist in these premature discovery demands after an appropriate meet-and-confer, there is a clear process for resolving them, which Plaintiffs have inexplicably ignored. In fact, during the April 8 hearing, Judge Krishnan noted that if Plaintiffs seek additional discovery beyond arbitrability-related documents and information, he would first want further "briefing [] on the Defendants' . . . arguments" that there should be no discovery before their motions to compel arbitration and Section 230 arguments are decided. 4/8/2026 Tr. 6:11-7:9. That threshold issue should be resolved before any responses to and evaluation of Plaintiffs' requests for voluminous documents produced in unrelated investigations and lawsuits. In sum, Plaintiffs' request comes at the wrong place at the wrong time through the wrong process.[2]

Finally, Plaintiffs' effort to compel the review and production of millions of documents are especially inappropriate as to Snap and Meta, given that Plaintiffs agreed months ago to not seek any

---

[2] In the appropriate forum, Defendants will illustrate the myriad reasons why Plaintiffs' requests should be rejected—including their timing before threshold motions have been briefed much less decided; their relevance; and the burdens that conducting a wholesale re-review of these unrelated productions would pose—when they have a meaningful opportunity to brief the issue in an orderly way before Judge Krishnan, with client input and, where appropriate, supporting declarations. But this case management statement is not the vehicle through which any dispute (once ripe) should be resolved.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:25-md-03166-RS

formal discovery from them unless and until the Court orders that discovery is open in this MDL for all purposes. ECF No. 179 at 6.

## V.    NEXT CASE MANAGEMENT CONFERENCE

Plaintiffs respectfully request that the Court set the next Case Management Conference approximately 45 days from the April 22, 2026 Case Management Conference. Defendants respectfully request that the court set the next Case Management Conference approximately 90 days from the April 22, 2026 Case Management Conference.

Respectfully submitted,

*/s/ Sarah R. London*

SARAH R. LONDON
ANDREW R. KAUFMAN
ISABEL VELEZ
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com
akaufman@girardsharp.com

ALEXANDRA M. WALSH
D. PATRICK HUYETT
PAIGE BOLDT
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Ste. 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
awalsh@anapolweiss.com
phuyett@anapolweiss.com
pboldt@anapolweiss.com

BRYAN F. AYLSTOCK
HILLARY NAPPI
JENNIFER HOEKSTRA
**AYLSTOCK WITKIN KREIS
OVERHOLTZ, PLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Telephone: (850) 202-1010
BAylstock@awkolaw.com
HNappi@awk-saa.com
JHoekstra@awkolaw.com

*Co-Lead Counsel for Plaintiffs*

*/s/ Tiana Demas*
Tiana Demas (*pro hac vice*)

TIANA DEMAS (*pro hac vice*)
**COOLEY LLP**
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
tdemas@cooley.com

MAX A. BERNSTEIN
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 293-2000
mbernstein@cooley.com

*Attorneys for Defendant Roblox Corporation*

AMBIKA KUMAR (pro hac vice)
XIANG LI
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 622-3100
ambikakumar@dwt.com
xiangli@dwt.com

ADAM S. SIEFF
**DAVIS WRIGHT TREMAINE LLP**
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
adamsieff@dwt.com

SARAH E. BURNS
SAM F. CATE-GUMPERT
**DAVIS WRIGHT TREMAINE LLP**
50 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 276-6500
sarahburns@dwt.com
samcategumpert@dwt.com

*Attorneys for Defendant Discord Inc.*

LEAH GODESKY
HEATHER WELLES
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 246-8501
lgodesky@omm.com

- 13 -

hwelles@omm.com

*Attorneys for Defendant Snap Inc.*

MEGAN RODGERS
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Telephone: (650) 632-2112
mrodgers@cov.com

ASHLEY SIMONSEN
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067
Telephone: (424) 332-4800
asimonsen@cov.com

ISAAC CHAPUT
**COVINGTON & BURLING LLP**
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7053
ichaput@cov.com

*Attorneys for Meta Platforms, Inc.*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:25-md-03166-RS

## ATTESTATION

Pursuant to Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 15, 2026                    /s/ Sarah R. London
                                         Sarah R. London

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:25-md-03166-RS