May 8, 2026

**VIA EMAIL**

The Honorable Ajay S. Krishnan
United States Magistrate Judge
Northern District of California
Ronald V. Dellums Federal Building
1301 Clay Street, Suite 400S
Oakland, CA 94612

**Re:** *In re Roblox Corp. Child Sexual Exploitation and Assault Litig.*, MDL No. 3166, Case No. 25-md-03166-RS — Joint Brief Regarding Reproduction of Discovery Dispute

Dear Judge Krishnan:

Pursuant to the Court's standing order, the parties submit this joint letter brief concerning Plaintiffs' request for Defendants Roblox Corporation ("Roblox"), Discord Inc. ("Discord"), Snap Inc. ("Snap"), and Meta Platforms, Inc. ("Meta") to reproduce documents previously produced in connection with government investigations, litigation, and congressional requests. The parties respectfully request that the Court hold argument on May 13, 2026, or the Court's next available hearing date, and that the Court notice the hearing at least three days in advance to facilitate attorney travel to California. Counsel for certain Defendants respectfully request permission for members of their legal team to appear and participate remotely.

## PLAINTIFFS' POSITION

**Background.** This MDL does not start from a blank slate. Defendants have faced government investigations and lawsuits arising from the sexual exploitation of children on their platforms. The Florida AG issued civil and criminal subpoenas to Roblox investigating whether platform failures were "aiding predators in accessing and harming children." The New Jersey AG concluded a multiyear investigation and sued Discord for "deceptive and unconscionable business practices that misled parents about the efficacy of its safety controls and obscured the risk children faced when using the application." And this week, the Nevada Attorney General sued Discord asserting materially identical child sexual exploitation claims. The New Mexico AG sued Meta to protect children from sexual abuse and trafficking, and sued Snap over sextortion and the spread of CSAM. Within seven days of the April 22 CMC, three additional attorneys general announced settlements with Roblox totaling over $35 million — Nevada ($12 million), Alabama ($12.2 million), and West Virginia ($11 million) — each following independent, multi-month investigations into the same platform conduct at issue here. The investigations focused on grooming and sexual predator access; the settlement terms require Roblox to end encryption of minor communications and restrict adult-to-minor Robux transfers. On April 9, 2026, the Senate Judiciary Committee sent formal letters to all four Defendants regarding NCMEC reporting deficiencies, with NCMEC identifying Roblox as "a primary location where suspects meet and recruit minors for abuse." *See* Press Releases (Ex. A).

**The Request.** Plaintiffs seek reproduction of documents Defendants have already collected, privilege-reviewed, and produced in response to these government investigations—without new collection, new privilege review, or new searches. Defendants bear none of those costs; that work was completed when

the productions were first assembled. The relevance of these materials is established by the investigations themselves: more than a dozen state attorneys general, the FTC, and the United States Senate have each concluded that documents of this type bear on the same question presented here.

**Precedent Favors Reproduction Now.** Courts in this district have ordered this relief at the outset of MDLs. In the Uber MDL, Judge Breyer ordered Uber to "promptly produce to Plaintiffs, prior to receipt of formal document requests from Plaintiffs, all documents Defendants produced to legislative, regulatory, or enforcement entities in connection with government investigations or inquiries within the United States of Uber with respect to sexual assault . . . and any associated privilege logs." *In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, Pretrial Order No. 5 at 3–4, No. 3:23-md-03084-CRB, ECF No. 175 (N.D. Cal. Dec. 28, 2023) (Ex. B). Judge Gonzalez Rogers ordered the same relief in the Social Media MDL, requiring defendants to submit government subpoenas *in camera* and to reproduce responsive materials before discovery was open and before motions to dismiss were filed. *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, Discovery Order No. 1 at 1–4, No. 4:22-md-03047, ECF No. 125 (N.D. Cal. Dec. 29, 2022) (Ex. C). Plaintiffs propose the same *in camera* mechanism rather than the broader full-production approach ordered in Uber.

**Production Now Will Enable Effective Amendments and Sharpen Motion-to-Dismiss Briefing.** Plaintiffs will soon be amending the complaints for arbitration bellwethers; those amended complaints will likely also frame the motions to dismiss. Defendants will move to dismiss across multiple theories—Section 230, negligence, and products liability—and each theory will involve similar questions about what each Defendant knew about exploitation on its platform, and when, and what each chose to do or not do in response. Under *Iqbal* and *Twombly*, plausible factual allegations of knowledge and notice are required to survive dismissal on any of these theories. The government investigation documents—the internal safety assessments, NCMEC correspondence, abuse-report data, and executive communications produced to state AGs and federal investigators—are a primary non-public source of those facts. Plaintiffs have strong Section 230 arguments and notice-based claims on the existing public record, but the internal documents will allow Plaintiffs to allege in detail what each Defendant knew, when it knew it, how it came to know it, and how it responded.

Amended complaints that reflect the full factual record will frame every motion-to-dismiss issue with greater precision at the outset, reducing the likelihood of supplemental amendment or piecemeal briefing later. Judge Gonzalez Rogers ordered early production for this reason: "fulsome master complaint(s) at this juncture will streamline these proceedings at their conception, including how [Section 230] relates to the underlying claims." Ex. B at 2. Deferring production to formal discovery does not avoid these issues—it means the Court encounters them on a less complete record, requiring additional rounds of pleading and briefing to resolve.

**This Request Is an Exercise of § 1407 and Rule 16.1 Case Management Authority.** Plaintiffs are not serving Rule 26 document requests. In accordance with Fed. R. Civ. P. 1, they are asking the Court to exercise its case management authority under 28 U.S.C. § 1407—and, independently, under newly enacted Federal Rule of Civil Procedure 16.1—to require reproduction of materials already assembled. Defendants contend there is "no authority" for production outside Rules 26 through 34. That argument ignores Rule 16.1, adopted in 2025 specifically to govern MDL proceedings, which expressly authorizes courts to order early exchanges of factual information "independently from the discovery rules." Fed. R. Civ. P. 16.1, Committee Notes on Rules (2025); *see also* CMO No. 1 at 3, *In re Class Action Settlement Admin. Litig.*, Misc. Action No. 25-179 (D.D.C. Apr. 30, 2026) (ordering early discovery during motion-to-dismiss briefing "as contemplated by Federal Rule of Civil Procedure 16.1 and its committee notes"). The question is not whether formal discovery is open. It is whether early reproduction will produce more

complete pleadings and more efficient proceedings. Judges Breyer and Gonzalez Rogers answered yes under § 1407; Rule 16.1 now provides an additional, textually explicit basis for the same result.

**The Pending Arbitration Motions Do Not Justify a Stay.** Roblox and Discord argue that their pending motions to compel arbitration require a freeze on this production. That argument fails for six reasons. *First,* Roblox has not demonstrated that it can move to compel all cases to arbitration. Plaintiffs have identified at least one case against Roblox that involved misconduct prior to 2016—when Roblox added the arbitration clause to its terms of service.  As such, Defendants have no basis to compel that case to arbitration or invoke a complete stay of all discovery.[1] *Second*, *Coinbase* does not support a stay here. That decision held that a district court must stay proceedings when a defendant *appeals* a denial of arbitration under 9 U.S.C. § 16(a) — it addresses the appellate stage, not the pendency of an initial motion. More fundamentally, *Coinbase*'s entire rationale was preserving arbitration's efficiency benefits, which are "irretrievably lost" if litigation proceeds during appeal. That rationale has no purchase where the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act voids the arbitration clause as a matter of federal statute. There are no arbitration benefits to protect when arbitration is categorically unavailable. *Coinbase* presupposes a valid arbitration agreement; EFAA eliminates that premise. *Third*, because this is a § 1407 and Rule 16.1 case management order rather than a formal discovery request, the stay doctrine does not reach it. Litigation stays apply to discovery and dispositive motions, not to a transferee court's authority to require reproduction of already-assembled materials. *Fourth*, Roblox and Discord cannot show that reproducing documents they have already produced elsewhere would prejudice their arbitration rights in any cases. *Fifth*, even if a stay were otherwise available, Roblox and Discord cannot demonstrate the likelihood of success required under *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936): the EFAA categorically bars enforcement of pre-dispute arbitration agreements against victims of sexual assault and sexual harassment, and Plaintiffs' claims fall within that bar. *See* 9 U.S.C. § 402. *Sixth*, even if arbitration were ultimately compelled, Plaintiffs would be entitled to these same documents in that proceeding, as FedArb Rule 1.04 applies the Federal Rules of Civil Procedure, including Rule 26, as the default procedure in all FedArb arbitrations. Success in compelling arbitration would not spare Defendants from producing these materials. It would only determine the forum in which they are produced, while depriving Plaintiffs of documents they need now to amend their complaints and brief motions that will be litigated in this Court.

**Burden and Proposed Process.** Defendants contend that identifying responsive documents would require re-reviewing every prior production. That concern does not justify withholding production. Plaintiffs are willing to work cooperatively with Defendants to narrow the scope and exclude any productions not reasonably tied to child exploitation on the relevant platforms—but the possibility of some overbreadth does not justify withholding the entire production.  To the extent Defendants believe any prior production contains materials outside the scope of this MDL, search terms, custodian filters, issue tags, and production logs from their prior review are available to identify and set aside such materials. Any burden

---

[1] Plaintiffs have never agreed to stay all discovery. Defendants' ECF 178 argument is not just wrong — ECF 178 is affirmative evidence that Plaintiffs never agreed to stay all discovery. The very sentence following the clause Defendants selectively quote states that the agreement is "without prejudice ... to Plaintiffs' position that discovery should not be stayed; and the Parties reserve all rights and arguments in that regard." ECF No. 178. Plaintiffs' agreement with Snap and Meta related to ESI and preservation issues only. Moreover, a Section 230 defense does not automatically stay discovery. Applying Ninth Circuit precedent, a federal court recently held there is "no indication that a claim of [Section 230] protection automatically stays discovery," observing that *Roommates.com* itself required careful factual analysis of how content was created and developed—analysis that demands the precise documents sought here. *Horn v. Amazon.com, Inc.*, No. 23-cv-01727, 2025 U.S. Dist. LEXIS 36661, at *5 (W.D. Wash. Feb. 28, 2025). Indeed, Judge Gonzalez Rogers ordered early reproduction in the Social Media MDL for precisely this reason: "fulsome master complaint(s) at this juncture will streamline these proceedings at their conception, including how [Section 230] relates to the underlying claims."

is outweighed by the benefit to the Court and all parties of more complete initial pleadings and a more focused first round of briefing. Plaintiffs propose the three-step process from the Social Media MDL: (1) Defendants submit prior government subpoenas and CIDs for *in camera* review within seven days; (2) the Court identifies which productions fall within MDL scope and orders reproduction within thirty days; and (3) any residual scope disputes are submitted to Your Honor on a letter-brief schedule. Plaintiffs would also accept full reproduction, as ordered in Uber, which would eliminate the categorization issue entirely. Plaintiffs respectfully request that the Court enter such an order.

## **DEFENDANTS' POSITION**

MDLs are not "some kind of judicial border country, where the rules are few and the law rarely makes an appearance." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020). They are governed by the Federal Rules of Civil Procedure. *Id.* Plaintiffs ignore Supreme Court precedent mandating a merits discovery stay until a final decision on arbitrability, *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742–43 (2023), and the well-established rule that Plaintiffs may not augment their allegations through discovery. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Plaintiffs cite no authority permitting MDL courts to compel document production outside Rules 26 to 34 before discovery has opened—because none exists.

Although Plaintiffs invoke Rule 16.1, that rule concerns case-management reports and solicits only "the parties' initial views" on "how and when" they will exchange information about the factual bases for their claims and defenses. Its committee notes add no authority and address Rule 11 concerns, contemplating early production of a ***plaintiff's*** evidence supporting her allegations—not a defendant's information enabling a plaintiff to reverse-engineer them. The notes discourage premature exchanges where, as here, dispositive motions are forthcoming. Nor does *In re Class Action Settlement Admin. Litig.* help Plaintiffs. There, no defendant raised motions to compel arbitration, and the early discovery was limited to formal requests on threshold, plaintiff-specific issues.

Plaintiffs' request for early merits discovery is particularly improper because Section 230 protects Defendants not just from "ultimate liability" but also from "costly and protracted legal battles," including discovery. *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008). Just last month, a federal court dismissed **with prejudice** claims against Discord that Plaintiffs characterized as "essentially identical." *Jane Doe v. Discord Inc.*, 2026 WL 1067574 (N.D. Ohio 2026); Ex. D at 3. Plaintiffs have no response. In any event, the productions Plaintiffs seek do not concern the "same question," violate an agreement not to take discovery from Snap or Meta, and would impose a substantial burden while Roblox and Discord are working to produce user data to select pilot arbitration motions. The proposal disregards the proportionality, relevance, breadth, and burden limits of Rule 26 and bypasses Rule 34. This Court need not indulge this premature fishing expedition.

***No Merits Discovery During Motions to Compel Arbitration.*** Plaintiffs, Roblox, and Discord are already engaged in a burdensome information exchange. That should remain the focus of discovery, so the Court can decide the question of arbitration ***before*** its benefits—"efficiency, less expense, ***less intrusive discovery***, and the like"—are "irretrievably lost." *Coinbase,* 599 U.S. at 743 (emphasis added). A discovery stay avoids "wast[ing] scarce judicial resources . . . on a dispute that [may] ultimately head to arbitration." *Id.* at 742–43. Accordingly, district courts after *Coinbase* uniformly stay discovery pending

4

motions to compel arbitration.[2] Roblox and Discord will be entitled to a stay pending appeal even if Plaintiffs prevail. *Coinbase*, 599 U.S. at 743; *see also McSweeney v. Cohen*, 2025 WL 1898351, at *2 (S.D.N.Y. 2025) ("further discovery" "premature" since "discovery is stayed regardless" pending appeal).

Plaintiffs ask the Court to prejudge the merits of the arbitration motions and claim they will be entitled to the same discovery in arbitration. ***First***, the EFAA does not "categorically bar" arbitration. Two federal courts have held that it does not apply to services like Defendants' on which a victim and an alleged assailant communicate. *Farnham v. Grindr, LLC*, 2025 WL 3062698, at *2 (M.D. Fla. 2025); *M.D. v. Verizon Commc'ns Inc.*, 2025 WL 2712831, at *1 (E.D.N.C. 2025). ***Second***, the EFAA's applicability is a novel issue Judge Seeborg will decide. ***Third***, *Coinbase*'s mandatory stay of discovery equally applies to cases involving the EFAA.[3] ***Fourth***, neither § 1407 nor Rule 16.1 alter the *Coinbase* principle that no discovery should proceed until arbitration issues have been decided through appeal. *See supra* at 4. The appropriate trier of fact should hear the parties' discovery dispute—and here, that could well be an arbitrator.[4]

***Section 230 Also Prevents Merits Discovery.*** Section 230—a defense the parties will not even brief until 2027—is further reason to deny discovery. A court has already applied Section 230 to dismiss materially identical claims against Discord. *Jane Doe v. Discord*, 2026 WL 1067574. Permitting discovery ***before*** the Court can resolve this threshold issue would eviscerate this bar. *See e.g.*, *Bride v. Snap Inc.*, 2022 WL 17184600, *3 (C.D. Cal. 2022) (staying discovery given Section 230); *Onuoha v. Facebook, Inc.*, 2017 WL 11681325, at *1 (N.D. Cal. 2017) (same); *Doe v. Reddit, Inc.*, 2021 WL 4348731, at *3 (C.D. Cal. 2021) (same). And Plaintiffs' ostensible purpose for amendment—to show Defendants' alleged knowledge of harm to users—is irrelevant to Section 230. *Universal Commc'ns Servs., Inc. v. Lycos, Inc.*, 478 F.3d 413, 420 (1st Cir. 2007) (Section 230 bars liability even with alleged notice).

Plaintiffs' reliance on *Uber* and the *Social Media* MDL is misplaced. Neither involved motions to compel arbitration. Moreover, in *Uber,* the defendant was not seeking to dismiss the entire action and asked for discovery to begin promptly. *In re Uber*, No. 23-md-3084, ECF No. 171 at 2-3, ECF No. 383 at vii. *In re Social Media* only permitted limited discovery on the basis that (unlike here) documents would *not* need to be reviewed again, and because the Court perceived an ambiguity in Section 230 that would be decided by *Gonzalez v. Google LLC*, 598 U.S. 617 (2022). *See In re Social Media*, No. 22-md-3047, ECF No. 125 at 2. But *Gonzalez* did not alter Section 230, and the Ninth Circuit has since affirmed it bars identical claims. *See Doe v. Grindr*, 128 F. 4th 1148 (9th Cir. 2025).

***Courts Regularly Reject Overbroad Requests Like Plaintiffs' Here.*** The investigations Plaintiffs seek to discover are not limited to alleged sexual exploitation of children who first communicated with predators on Roblox and then switched to other platforms. In fact, as to Discord, Snap, and Meta, no government requests even reference Roblox. *See* Ex. E (Teller Decl.) ¶ 5; Ex. F (Mancari Decl.) ¶ 3. As to Meta and Snap, all state investigations and lawsuits focus on alleged social-media addiction and related mental-health issues, not at issue here. The investigations also involve different time periods, features, and

---

[2] *See Hernandez v. Experian Info. Sols. Inc.,* 2026 WL 856447, at *2 (D. Ariz. 2026); *Corley v. Lineage Logistics,* 2025 WL 4697050, at *2 (N.D. Ga. 2025); *Q.R. v. Multi Media, LLC*, 2025 WL 2430541, at *5 (D. Kan. 2025); *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577–78 (Bankr. D. Del. 2025) (same).

[3] *E.g.*, *Diaz-Roa v. Hermes Law, P.C.*, 2025 WL 1151483, at *3 (S.D.N.Y. 2025) (*Coinbase* required stay from motion denied under EFAA)); *Ding v. Structure Thera., Inc.,* 755 F. Supp. 3d 1200, 1219 (N.D. Cal. 2024) (similar); *McSweeney v. Cohen*, 2025 WL 1898351, at *1 (S.D.N.Y. 2025) (similar).

[4] Plaintiffs will not be entitled to the same discovery in arbitration–a question for the arbitrator. FedArb Rule 1.04, which governs under Roblox's Terms of Use, requires applying the Federal Rules only if "feasible in the judgment" of the tribunal. The rules under Discord's Terms  forbid "comprehensive discovery." NAM Rule 12.

platforms. Teller Decl. ¶¶ 4–5; Ex. G (Iliadis Decl.) ¶¶ 4–6; Mancari Decl. ¶ 5. Still other investigations concern irrelevant topics such as drugs, guns, or business practices. Teller Decl. ¶ 5; Mancari Decl. ¶ 5. As to Roblox, the investigations cover data privacy, allegedly addictive qualities, and third-party advertising. Ex. H (Wright Decl.) ¶ 3. Nearly every investigation covers multiple wholly unrelated topics. Plaintiffs "are not entitled to complete access" to this discovery "simply because there may be an overlap" between their claims and allegations in other matters. *In re Volkswagen "Clean Diesel" Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. 2017); *see also Wollam v. Wright Med. Grp., Inc.*, 2011 WL 1899774, at *1 (D. Colo. 2011) (agreeing "cloned discovery is not necessarily relevant and discoverable").

***The Requested Discovery Would Improperly Reveal Confidential Investigations.*** Defendants cannot disclose the existence of confidential, ongoing investigations, as they are protected by statute and/or confidentiality agreements. Wright Decl. ¶ 4; *see also* Order re: Requested Modifications to Discovery Ruling No. 22 at 2, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804 (N.D. Ohio Apr. 30, 2020), ECF No. 3286 (denying requests into confidential investigations).

***Plaintiffs' Request Is Unduly Burdensome.*** Roblox, Snap, and Meta, have produced millions of documents spanning tens of millions of pages. Teller Decl. ¶ 6; Iliadis Decl. ¶ 7; Mancari Decl. ¶ 6; Wright Decl. ¶ 4. Contrary to Plaintiffs' assertion that these materials can be reproduced without burden, reproduction would require new responsiveness determinations tied to the claims and defenses in this MDL because prior productions are not organized, tagged, or indexed by individual requests or issues. Teller Decl. ¶ 8; Iliadis Decl. ¶ 9; Mancari Decl. ¶ 12; Wright Decl. ¶ 7. A re-review would require thousands of hours of attorney time for Snap alone. Teller Decl. ¶ 9; *see Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal. 2009) (reproduction of "over 52,000 pages" is unduly burdensome). Plaintiffs' suggestion that search terms, custodian filters, or issue tags could eliminate this burden is misplaced. Search terms would need to be negotiated and would still generate voluminous documents; many custodians worked across teams and issues; and issue tags drafted by attorneys could be unreliable for production purposes. Teller Decl. ¶ 10; Mancari Decl. ¶¶ 10–11. Plaintiffs' proposal would impose duplicative discovery by requiring Defendants to re-review prior productions and then conduct a second review under Rule 34 would also create two parallel discovery tracks. *See Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *18–19 (S.D. Cal. 2019). That would be "definitionally unduly burdensome." *Id.* (denying discovery).

## Snap and Meta-Specific Arguments

Plaintiffs' request is independently barred as to Snap and Meta. In a February 20 court-filed case management conference statement, Plaintiffs agreed they would not seek from Snap or Meta "a Rule 30(b)(6) deposition (***or any other formal discovery***), a Rule 26(f) conference, or a Rule 26(f) report . . . ***unless and until the Court orders that discovery is open in this MDL for all purposes***." ECF No. 179 at 6 (emphasis added). This broad language is contrary to Plaintiffs' attempt to characterize the agreement as limited to "ESI" and "preservation issues." And while it is true that Plaintiffs reserved their right to eventually ask the Court to open discovery "in this MDL for all purposes," that is not what Plaintiffs are seeking to do here. Having agreed to defer discovery to secure other concessions from Snap and Meta, Plaintiffs cannot now unilaterally re-write the scope of that agreement or obtain that same discovery by giving it another label. Moreover, Plaintiffs should not be permitted to exploit the Court's dispositive-motion schedule to pursue a fishing expedition. Snap and Meta are prepared to move to dismiss but cannot do so until the Court rules on Roblox and Discord's motions to compel arbitration pursuant to the Court's order. As the Court has already suggested, that delay should ***not*** burden Snap and Meta. *See* Apr. 22, 2026 Tr. at 22:18-23, 24:3-18 (describing the burden on Snap and Meta of delayed motions to dismiss as merely "hanging around" with minimal expense). Yet that is precisely what Plaintiffs are attempting to do. If any

claims against Snap or Meta remain once the Court decides those motions, discovery should proceed consistent with the Federal Rules, including requests for production from all parties (not just Plaintiffs), an opportunity for responses and objections, and an appropriate production and logging schedule.

## Discord-Specific Arguments

Similar to iMessage or WhatsApp—and unlike social media—Discord operates a communications service. Recognizing this, a federal court rejected claims that ***Plaintiffs*** argued were "identical." *Jane Doe v. Discord, Inc.*, 2026 WL 1067574. Discovery is particularly improper against Discord for two more reasons. ***First***, Plaintiffs identify no litigation from which Discord could reproduce materials responsive to the claims in this MDL. Discord was not required to produce documents in *Social Media*, nor has it produced documents in the two government cases Plaintiffs characterize as concerning sexual exploitation. The investigations preceding those cases, in which Discord did produce documents, were not triggered by sexual exploitation allegations. And there have been no productions to the Indiana Attorney General, who most recently filed an action, of any kind. ***Second***, Discord will likely appeal any order denying its arbitration motions. *Coinbase*, 599 U.S. at 743. Plaintiffs do not dispute that Discord may move to compel arbitration in all cases, nor that the rules governing arbitration under Discord's Terms limit discovery. And the EFAA is not a "categorical bar." *Supra* at 5.

The Court should deny Plaintiffs' request for merits discovery as to all defendants.

---

**Respectfully submitted,**

**For Plaintiffs:**

*/s/ Tyler W. Hudson*
Tyler W. Hudson *(pro hac vice)*

TYLER W. HUDSON *(pro hac vice)*
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Telephone: (816) 701-1100
thudson@wcllp.com

*/s/ Daniel J. Marcet*
Daniel J. Marcet *(pro hac vice)*

DANIEL J. MARCET *(pro hac vice)*
**SEEGER WEISS LLP**
4830 W. Kenned Blvd, Suite 600
Tampa, Florida 33609
Telephone: (727) 422-6413
dmarcet@seegerweiss.com

*/s/ D. Patrick Huyett*
D. Patrick Huyett *(pro hac vice)*

D. PATRICK HUYETT *(pro hac vice)*
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
phuyett@anapolweiss.com

*Attorneys for Plaintiffs*


**For Defendants:**

*/s/ Tiana Demas*
Tiana Demas (*pro hac vice*)

TIANA DEMAS (*pro hac vice*)
**COOLEY LLP**
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
tdemas@cooley.com

SIMONA AGNOLUCCI
MAX A. BERNSTEIN
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 293-2000
sagnolucci@cooley.com
mbernstein@cooley.com

*Attorneys for Defendant Roblox Corporation*

*/s/ Ambika Kumar*
Ambika Kumar (*pro hac vice*)

AMBIKA KUMAR (pro hac vice)
XIANG LI
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104

8

Telephone: (206) 622-3100
ambikakumar@dwt.com
xiangli@dwt.com

ADAM S. SIEFF
**DAVIS WRIGHT TREMAINE LLP**
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
adamsieff@dwt.com

*Attorneys for Defendant Discord Inc.*

*/s/ Leah Godesky*
Leah Godesky

LEAH GODESKY
HEATHER WELLES
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars 8th Floor
Los Angeles, CA 90067
Telephone:  (310) 246-8501
lgodesky@omm.comhwelles@omm.com

*Attorneys for Defendant Snap Inc.*

*/s/ Isaac D. Chaput*
Isaac D. Chaput

ISSAC D. CHAPUT
**COVINGTON & BURLING LLP**
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:  (415) 591-7020
ichaput@cov.com

MEGAN L. RODGERS
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone:  (650) 632-4700
mrodgers@cov.com

9

MICHAEL X. IMBROSCIO
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone:  (202) 662-6000
mimbroscio@cov.co

*Attorneys for Defendant Meta Platforms, Inc.*