**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL No. 3166 |
| | Case No.: 3:25-md-03166-RS |
| This document relates to: | **[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL** |
| ALL ACTIONS | |

Pursuant to Federal Rule of Civil Procedure 26(c) and the Court's authority to manage these coordinated proceedings, and finding good cause established, the Court orders that:

## I.    Purpose and Scope

1.    **Scope of Order.** This Order governs Plaintiffs' handling of a device or other source of potentially relevant evidence in a Plaintiff's possession, custody, or control, that is believed to contain CSAM ("CSAM Evidence"), as well as the incidental discovery of CSAM in devices that are not believed to contain CSAM ("No-Known-CSAM Evidence"). CSAM Evidence refers to devices or other sources of evidence as to which Plaintiffs' counsel or their retained agents possess specific, articulable information (beyond the general risk arising from the nature of the claims in this proceeding) providing a reasonable basis to believe that the source may contain child sexual abuse material ("CSAM"). No-Known-CSAM Evidence refers to devices that are not known or reasonably believed to contain CSAM, but are collected or reviewed in a manner that may result in the incidental discovery of CSAM. "CSAM" means child pornography as defined in 18 U.S.C. § 2256(8). This Order governs the Plaintiffs handling of this evidence, and does not require the Federal Bureau of

Investigation ("FBI") or any other law enforcement agency to which CSAM Evidence is provided to take any action.

2.    **Plaintiffs' Pre-Collection Client Consultation.** Before collecting any electronic devices or data from any Plaintiff, Plaintiff's counsel shall conduct a confidential investigation to determine whether the Plaintiff's devices may contain CSAM Evidence, including: (1) whether the Plaintiff has received, stored, or transmitted any images or videos depicting CSAM on their devices; and (2) whether the Plaintiff has downloaded, received, or been sent any materials from offenders or other sources that likely contain CSAM. If counsel determines that there is specific, articulable information (beyond the general risk arising from the nature of the claims in this proceeding) providing a reasonable basis to believe that CSAM Evidence exists on the device, the protocol as outlined in Section II governs. If counsel does not have specific, articulable information providing a reasonable basis to believe CSAM is present, Section III governs.

**II.    CSAM Evidence**

3.    **Transfer of CSAM Evidence.** Upon identifying CSAM Evidence, Plaintiffs' counsel shall promptly arrange for such evidence to be transferred to the Federal Bureau of Investigation ("FBI") with its consent ("receiving law enforcement agency"). If the FBI will not consent to receive evidence in a particular case, Plaintiffs' counsel shall promptly provide the evidence to another receiving law enforcement agency willing and authorized to receive it. Any transfer shall occur in the manner directed or approved by the receiving law enforcement agency. Nothing in this Order shall prohibit any Plaintiff from complying with a valid subpoena, search warrant, court order, or other lawful compulsory process issued by or at the request of law enforcement.

4.    **Notice to Receiving Law Enforcement Agency and Preservation and Return Request.** At the time CSAM Evidence is transferred pursuant to this Order, Plaintiffs' counsel shall (1) provide the receiving law enforcement agency with a copy of this Order, which constitutes written notice that the CSAM Evidence may contain evidence relevant to this civil litigation, including non-CSAM evidence; and (2) request a copy of the device's data in report form (in sanitized form without CSAM should the device be found to contain CSAM). If Plaintiffs' request for a copy of the device's

[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL

data is denied, Plaintiffs will use formal process to attempt to obtain the data. Plaintiffs' counsel and the receiving law enforcement agency shall execute the Acknowledgment of Law Enforcement Receipt of CSAM Evidence and Return and Preservation Request, attached hereto as Exhibit A. Plaintiffs' counsel shall maintain a copy of the Acknowledgment for the duration of this litigation, and a copy shall also be left with the receiving law enforcement agency. Plaintiffs' counsel shall also provide a copy of each Acknowledgment to an attorney designated by the Defendants within fourteen (14) days of its execution.

5. **Preservation Pending Transfer.** Pending transfer under Paragraph 3, the CSAM Evidence shall be preserved without imaging, copying, review, alteration, deletion, destruction, or further dissemination. Nothing in this Order requires Plaintiffs' counsel to take possession of CSAM Evidence pending transfer.

6. **Devices Previously Transferred to Law Enforcement.** Within ninety (90) days after entry of this Order, Plaintiffs' counsel shall identify any of Plaintiffs' devices previously transferred to, seized by, or otherwise placed in the custody of a federal, state, or local law enforcement agency ("Previously-Transferred Device"). For each such Previously-Transferred Device that is still in the custody of a law enforcement agency, Plaintiffs' counsel shall promptly (1)  provide the receiving agency with a copy of this Order and the Acknowledgment of Law Enforcement Receipt of CSAM Evidence and Preservation Request attached as Exhibit A; and (2) request a copy of the device's data in report form (in sanitized form should the device be found to contain CSAM). If Plaintiffs' request for a copy of the device's data is denied, Plaintiffs will use formal process to attempt to obtain the data. Plaintiffs may also, with the consent of the FBI and the law enforcement agency currently in possession, request that the device be transferred to FBI's custody. Plaintiffs' counsel shall maintain a copy of the Acknowledgment form for the duration of this litigation, and a copy shall also be left with the receiving law enforcement agency. Plaintiffs' counsel shall also provide a copy of each Acknowledgment form to an attorney designated by the Defendants within fourteen (14) days of its execution. Plaintiffs' counsel shall promptly notify Defendants of any Previously-Transferred Evidence as to which law enforcement: (a) will not confirm possession; or (b) has destroyed.

[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL

7.      **Notice of Anticipated Disposition of CSAM Evidence or Previously-Transferred Devices.** If Plaintiffs' counsel receives notice from a receiving law enforcement agency that the agency anticipates destroying, deleting, disposing of, or returning any CSAM Evidence or Previously-Transferred Devices, Plaintiffs' counsel shall provide notice to an attorney designated by the Defendants within seven (7) days if Plaintiffs' counsel does not possess a complete copy of the device's data (sanitized if it is found to contain CSAM). The Parties shall promptly meet and confer regarding whether any further preservation steps or Court intervention are appropriate. If the Parties cannot reach agreement before the anticipated action, any Party may seek expedited guidance from the Court.

**III.    Devices Containing No-Known-CSAM Evidence.**

8.      **Scope.** This Section applies to any vendors (the "Vendor") that any Plaintiff may engage in connection with No-Known-CSAM Evidence. For such evidence, this Section governs the Vendor's: (1) collecting physical devices, such as cellular phones, tablets, or computers, from Plaintiffs; (2) retrieving electronically stored information ("ESI") from these devices; (3) handling of a protocol for any incidental discovery of CSAM; and (4) segregating identified CSAM from distribution, to the extent it is incidentally discovered.

9.      **Provision of Devices Containing No-Known-CSAM Evidence to the Vendor.** Upon receiving any No-Known-CSAM devices from a Plaintiff, the Vendor will undertake the following steps upon receiving such devices:

a.      The Vendor will retrieve ESI from these devices. Should the Vendor identify any CSAM, the Vendor will serve as the custodian of the identified CSAM pending further order of the Court. The Vendor shall segregate and preserve the identified CSAM but shall not distribute it. The Vendor shall not allow any person, other than NCMEC or law enforcement, to access or receive such image or copy it. Before returning a physical device to Plaintiffs, the Vendor will log all metadata and hash values associated with any identified CSAM, and will delete any identified CSAM from the physical device. The Vendor shall then retain all ESI (excluding any identified potential CSAM) for data hosting.

[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL

b.      Should one or more Plaintiffs choose to engage a general discovery vendor apart from the Vendor, the Vendor shall then produce all ESI (excluding any identified potential CSAM) for data hosting by the vendor Plaintiffs have selected to handle standard discovery ("ESI Vendor"). Should the Vendor inadvertently produce potential CSAM to the ESI Vendor, the ESI Vendor shall segregate the identified potential CSAM, log all metadata and hash values associated with any identified potential CSAM, and return the identified potential CSAM to the Vendor to maintain until further order of the Court.[1] The ESI Vendor shall not retain any identified potential CSAM and shall not allow any person to access such image or copy it.

c.      The Vendor and the ESI Vendor shall not disclose whether CSAM has been identified on a physical device to Parties outside this litigation, other than law enforcement or NCMEC, except pursuant to Court order or a valid subpoena.

d.      Should an issue arise with the ability of any Plaintiff or Vendor to comply with the above, the Parties shall meet and confer on a potential solution and, if necessary, raise the issue with the Court.

10.    **Accidental Discovery Protocol**: If Plaintiffs' counsel or staff identify potential CSAM, they shall: (1) immediately cease all interaction with the file; (2) not reproduce, forward, or transmit the file; and (3) immediately notify supervising counsel and the Plaintiffs' CSAM Liaison, to the extent one is designated, who shall: (i) coordinate with the Vendor regarding the segregation of that material from non-CSAM material that must be preserved; and (ii) facilitate reporting to NCMEC or the appropriate law enforcement agency.

**IV.    Miscellaneous**

11.    **Optional Designation of Plaintiffs' CSAM Liaison.** Plaintiffs' Co-Lead Counsel may designate one or more attorneys or other qualified persons to serve as Plaintiffs' CSAM Liaison for purposes of implementing this Order. Any such liaison may assist Plaintiffs' counsel with liaising with the receiving law enforcement agency, coordinating and documenting transfer of CSAM

---

[1] This procedure is adopted without prejudice to Defendants' ability to seek amendment of this procedure to require a record of the deleted CSAM, such as according to the Tech Coalition's Industry Classification System. All Parties agree to meet and confer in good faith regarding any such future amendment before seeking relief from the Court.

[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL

Evidence, providing the required notice and preservation request, maintaining chain-of-custody records, communicating with the receiving agency concerning anticipated disposition of CSAM Evidence, and seeking expedited guidance from the Court when necessary.

12.     **Future Access, Inspection, and Discovery Reserved.** This Order does not determine whether, when, or under what procedures any Party, counsel, expert, vendor, or other person may later inspect, review, test, or otherwise use evidence in this litigation. Those questions, including whether to appoint a Special Master pursuant to Federal Rule of Civil Procedure 53 or another appropriate neutral to assist the Court and Parties in the preservation and handling of CSAM Evidence, are reserved for further agreement of the Parties or further order of the Court. Any Party may seek modification of this Order for good cause.

13.     **Continuing Obligations.** Periodically, no less than once per calendar year, the Parties will meet and confer to discuss the CSAM preservation/reporting obligations outlined herein. This Order does not address or resolve any objections to the scope of any Party's discovery requests. Agreement to this Order does not prejudice or waive Defendants' position that discovery should remain stayed pending the resolution of threshold and dispositive motions in this proceeding, including but not limited to motions to compel arbitration and to dismiss.

14.     **Disclaimer.** This Order does not: (a) alter or affect the applicability of any federal, state, or local rule of procedure, as applicable; (b) address, limit, determine, or affect the relevance, discoverability, or admissibility as evidence of any Document or information, regardless of whether the Document or information is preserved, or is produced; (c) alter or affect the objections to discovery available under applicable rules of procedure; (d) determine that any particular evidence is within a Party's possession, custody, or control; or (e) displace applicable federal and state laws with respect to CSAM, including, without limitation, 18 U.S.C. §§ 2251, 2252, 2252A, or with respect to Defendants' reporting obligations, including, without limitation, 18 U.S.C. § 2258A. This Order is not intended to, and does not, establish or suggest that any particular document, information, or tangible object is or is not discoverable, relevant, or admissible in this matter, or subject to privilege or work product protection. Each Party reserves any and all objections to the production of documents

[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL

or information that may fall within the scope of this Order. This Order shall continue in full force and effect until further Order of this Court.

**IT IS SO ORDERED.**

Dated:_____

_____
HON. AJAY S. KRISHNAN
United States Magistrate Judge

[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: ROBLOX CORPORATION
CHILD SEXUAL EXPLOITATION
AND ASSAULT LITIGATION

MDL No. 3166

Case No.: 3:25-md-03166-RS

**ACKNOWLEDGMENT OF LAW ENFORCEMENT RECEIPT OF EVIDENCE AND RETURN AND PRESERVATION REQUEST**

**ACKNOWLEDGMENT**

This Acknowledgment relates to CSAM Evidence (or "Covered Evidence") transferred pursuant to the Court's Order Regarding Plaintiff Evidence Believed to Contain Child Sexual Abuse Material. **This Acknowledgment serves as a written request that the receiving agency (1) return a copy of the device's or devices' data with any CSAM removed or redacted (or Plaintiff shall issue formal legal process for the request) and (2) preserve the Covered Evidence, available chain-of-custody information, and potentially relevant non-CSAM evidence, and notify Plaintiffs' counsel before any anticipated destruction, deletion, disposition, or return of the Covered Evidence.**

1. **Transferor Information**

    Plaintiff's Federal Civil Case Number: _____

    Plaintiff's Counsel / Law Firm: _____

    Transferring Individual: _____

    Telephone / Email: _____

    Date and Time of Transfer: _____

2. **Covered Evidence Transferred** (may be identified on a separate form, evidence log, inventory, or other such document that contains the below information)

    Type of Device or Evidence: _____

    Manufacturer / Model: _____

    Serial Number / IMEI / Other Identifier, if available: _____

    Condition at Time of Transfer: _____

- 1 -
[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL

- 2 -

Other Identifying Information: _____

_____

3. **Materials Provided to Receiving Agency**

At the time of transfer, Plaintiffs' counsel or another designated person provided the receiving law enforcement agency with:

☐ The Covered Evidence identified above.

☐ A copy of the Court's Order Regarding Plaintiff Evidence Believed to Contain Child Sexual Abuse Material.

☐ This Acknowledgment serves as notice that the Covered Evidence may contain evidence relevant to pending civil litigation, including potentially relevant non-CSAM evidence.

☐ **This Acknowledgment serves as a written request that the receiving agency return the device's or devices' data (with CSAM removed or redacted) and preserve the Covered Evidence, available chain-of-custody information, and potentially relevant non-CSAM evidence, and notify Plaintiffs' counsel before any anticipated destruction, deletion, disposition, or return of the Covered Evidence.**

4. **Receiving Law Enforcement Agency Information**

Receiving Agency: _____

Agency Office / Division / Unit: _____

Agency Address: _____

Receiving Official Name: _____

Title / Badge Number, if applicable: _____

Telephone / Email: _____

Agency Incident Identification Number, if assigned: _____

[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL

## 5. **Acknowledgment of Receipt**

By signing below, the receiving official acknowledges that the agency received the Covered Evidence and the materials checked above on the date and time identified below.

Receiving Official Signature: _____

Printed Name and Title:_____

Agency: _____

Date and Time Received: _____

## 6. **Counsel Certification**

I certify that the Covered Evidence identified above was transferred to the receiving law enforcement agency as described above.

Counsel Signature: _____

Printed Name:_____

Law Firm: _____

Date: _____

- 3 -

[PROPOSED] ORDER REGARDING PLAINTIFF EVIDENCE BELIEVED TO CONTAIN CHILD SEXUAL ABUSE MATERIAL