**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION

MDL No. 3166

Case No. 3:25-md-03166-RS

This document relates to:

ALL ACTIONS

**[PROPOSED] ORDER GOVERNING CSAM PRESERVATION**

This Order shall govern the Defendants', Roblox Corporation ("Roblox"), Discord Inc. ("Discord"), Snap Inc. ("Snap"), and Meta Platforms, Inc. ("Meta"), preservation obligations with respect to the discovery of information relating to Child Sexual Abuse Material ("CSAM") for all actions currently in or hereafter added or transferred to this MDL Proceeding, and all actions later sent back to their respective transferor courts (collectively, the "Litigation").

I.    **PURPOSE**

The purpose of this Order is to facilitate the preservation of information relating to CSAM in a manner in accordance with applicable law, and to give the Defendants greater clarity as to their preservation obligations with respect to information relating to CSAM for purposes of this Litigation. This Order does not: (a) alter or affect the applicability of any federal, state, or local rule of procedure, as applicable; (b) address, limit, determine, or affect the relevance, discoverability, or admissibility as evidence of any Document or information, regardless of whether the Document or information is preserved, or is produced; (c) alter or affect the objections to discovery available under applicable rules of procedure; or (d) displace applicable federal and state laws with respect to CSAM, including, without limitation, 18 U.S.C. §§ 2251, 2252, 2252A, or with respect to Defendants' reporting

obligations, including, without limitation, 18 U.S.C. § 2258A. Nothing in this Order shall be construed as imposing an obligation on Defendants to search and/or monitor for CSAM. This Order is not intended to, and does not, establish or suggest that any particular document, information, or tangible object is or is not discoverable, relevant, or admissible in this matter, or subject to privilege or work product protection. Each Party reserves any and all objections to the production of documents or information that may fall within the scope of this Order. This Order shall continue in full force and effect until further Order of this Court.

## II.    DEFINITIONS

a)  The term "Individual Plaintiff" means any individual who has filed suit against one or more Defendants in this coordinated litigation, or a decedent for whose loss compensation is requested by an individual who has filed suit in this coordinated litigation.

b)  The term "Child Sexual Abuse Material" or "CSAM" means child pornography, as defined in 18 U.S.C. § 2256(8).

c)  The term "CSAM associated with" when used in connection with the term "User Account" (as "User Account" is defined below) means a specific instance of CSAM reported to NCMEC by a Defendant that was uploaded, sent, or received by a User Account on that Defendant's platform, any CSAM that a Defendant has identified as potentially depicting an Individual Plaintiff, and/or any CSAM that was uploaded, sent, or received by a User Account identified in sections J or K (for Roblox or Discord) or G (for Meta or Snap) of an Individual Plaintiff's User Account Preservation Form.

d)  The term "NCMEC" means the National Center for Missing and Exploited Children.

e)  The term "Parties" means Plaintiffs and Defendants.

f)  The term "User Account" means any account that an Individual Plaintiff has identified in a Plaintiff User Account Preservation Form or that a Defendant knows or has reason to know was used by an Individual Plaintiff.

## III.    DEFENDANTS' REPORTING AND PRESERVATION OBLIGATIONS

a)  For any CSAM associated with a User Account, to the extent reasonably practicable, each Defendant will record and preserve a description or classification of the CSAM using the Tech

Coalition's Industry Classification system according to the A1-B2 scale as applicable (the "CSAM Classification"), unless the CSAM image previously (prior to entry of this Order) has been submitted to NCMEC and destroyed without making a CSAM Classification so that recording a description or classification of the CSAM is no longer possible.

b) For any CSAM associated with a User Account, each Defendant shall preserve the following categories of information relating to such CSAM, if reasonably available, in the Defendant's possession, custody, or control:

    i. Information Regarding CSAM Media: The type of media (e.g., images or videos) and the number of media files submitted to NCMEC, including any available metadata, the date and time that media was uploaded to or created on a Defendant's platform, hash values of the reported CSAM, and upload IP addresses.

    ii. Information Regarding Location of the CSAM: The surface or feature on the Defendant Platform on which the CSAM was found or used in connection with the creation or distribution of the CSAM or underlying sexual abuse and exploitation.

    iii. Information Regarding the Reported Account or Profile: For the account or profile that was reported to NCMEC, any username, email address, physical address, phone number, date of birth associated with the account, IP address, payment information (excluding personal identifiable information), and location provided by the account holder and geolocation.

    iv. Information Regarding the Distribution of CSAM: Any username, email address, physical address, phone number, date of birth, IP address, payment information (excluding personal identifiable information), and geolocation information for senders or recipients of the CSAM, and the date and time of any distribution of the CSAM.

    v. Related Communications: Communications on the Defendant Platform from the User Account or the account that was used to upload, send or receive the CSAM and communications reflecting any grooming, solicitations, or sexual abuse or exploitation that led to the creation or sharing of the CSAM.

[PROPOSED] ORDER GOVERNING CSAM PRESERVATION

vi. <u>Information Regarding Suspected Victims</u>: To the extent reasonably available and/or discernable, any username, email address, physical address, phone number, date of birth or age (including estimated age), gender, IP address for the User account, and incident type (*e.g.*, child pornography, sex trafficking, sex tourism, or sexual molestation).

vii. <u>Information Regarding Internal Handling of the CSAM</u>: Any reports of the CSAM and any handling and resolution of such reports, whether the CSAM was discovered by internal processes, automatic hash match, or by user report, date and time when the CSAM was discovered on the Defendant's platform, date and time of removal or takedown of the CSAM, information collected as part of the process of submitting the CSAM to NCMEC, and any internal coding.

viii. <u>Information Regarding Related Investigations</u>: To the extent reasonably discernable, information, if any, related to criminal cases and law enforcement tracking or reference numbers relevant to the CSAM.

c) For any CSAM associated with a User Account that is reported to NCMEC after the date of entry of this Order, each Defendant will include the reported CSAM images or recordings (to the extent reasonably available and in Defendants' possession, custody or control) in the associated CyberTipline report submitted to NCMEC during the pendency of this litigation.

d) Defendants shall preserve the contents of any submission to the NCMEC Cyber Tipline for the duration of this litigation, excluding the CSAM images or recordings themselves, along with an identification number for the NCMEC report and the time and date the NCMEC report was submitted. Defendants shall also keep a record of the identity of the account or location where material reported to NCMEC was found. Except to the extent ordered by this Court, this provision shall not be construed to require Defendants to preserve CSAM itself for the duration of this litigation, or to alter Defendants' temporary preservation of CSAM under 18 U.S.C. § 2258A(h)(1).

e) Every 180 days, Defendants shall provide notice, to an attorney designated by Plaintiffs, of the submission of any CyberTipline reports made to NCMEC relating to CSAM associated with a User Account that is identified in connection with this litigation. Such notice shall identify only: (i)

[PROPOSED] ORDER GOVERNING CSAM PRESERVATION

the CyberTipline report number; (ii) the date of submission; and (iii) the User Account to which the report pertains. The notice provision shall not apply to any CSAM identified through a Defendants' ordinary-course content moderation efforts. The notice shall not include the actual CSAM and shall be treated as Attorneys' Eyes Only, except counsel shall be permitted to disclose information in the notice to law enforcement.[1]

## IV.    CONTINUING OBLIGATIONS

Periodically, no less than once per calendar year, the Parties will meet and confer to discuss the CSAM preservation/reporting obligations outlined herein. This Order does not address or resolve any objections to the scope of any Party's discovery requests. Agreement to this Order does not prejudice or waive Defendants' position that discovery should remain stayed pending the resolution of threshold and dispositive motions in this proceeding, including but not limited to motions to compel arbitration and to dismiss.

**IT IS SO ORDERED.**

Dated:_____

_____
HON. AJAY S. KRISHNAN
United States Magistrate Judge

---

[1] This provision qualifies as "legal process," consistent with 18 U.S.C. § 2258A(g)(4).

- 5 -

[PROPOSED] ORDER GOVERNING CSAM PRESERVATION