**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL No. 3166 |
| _____ | Case No. 3:25-md-03166-RS |
| This document relates to: | **AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES** |
| ALL ACTIONS | |

This order is entered to provide standards and procedures for the fair and equitable sharing among Plaintiffs and their counsel of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs in this complex litigation. At the appropriate time, and by separate order, the Court anticipates establishing a mechanism for creating a Common Benefit Fund ("CBF") and determining an appropriate holdback amount for contribution to that fund. Failure to follow the guidelines and procedures of this Order will mean that time and expenses incurred by counsel will not be reimbursable from the CBF or from any settlement fund approved by the Court. The ultimate determination of what is compensable common benefit work or expenses is within the purview of the Court.

## I.    ELIGIBILITY FOR COMMON BENEFIT FEES AND EXPENSES

The recovery of any common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" are counsel who have been appointed as leadership for this MDL as well as any other counsel, including in related state court proceedings, who have signed the "Participation Agreement" (attached as **Exhibit A**), and who have been previously authorized in writing (via email or otherwise) by Co-Lead Counsel to perform Common Benefit work (along with attorneys and staff at their respective firms).

- 1 -

Participating Counsel shall only be eligible to receive common benefit attorneys' fees and cost reimbursement if the time expended, costs incurred and activity in question were (a) for the common benefit, (b) appropriately authorized (as defined herein specifically in Section III), (c) timely and appropriately submitted, and (d) approved by this Court or any Special Master appointed by the Court to perform that function. Notwithstanding the above, any conduct in these proceedings that imposes common *detriment* may impact Participating Counsel's eligibility to receive common benefit attorneys' fees and may be considered in any common benefit allocation or award.

## II.    COMMON BENEFIT WORK AND EXPENSES

"Common Benefit Work" includes all work done that complies with this Order and otherwise inures to the common benefit of all Plaintiffs in this MDL. To be considered, Authorized Common Benefit Work must be authorized by Co-Lead Counsel. With the exception of cases selected by the parties or the Court for the determination of cross-cutting issues (and a bellwether trial pool, if any is implemented at a later date), no time spent on developing or processing purely individual issues in any case for an individual client will be considered or should be submitted, nor will time spent on any unauthorized  work be compensated.

Nothing in this Common Benefit Order shall vest Participating Counsel with the right to access all discovery produced by each Defendant. Participating Counsel's ability to access discovery produced by Defendants or works derived therefrom shall be subject to the restrictions on access to Confidential or Highly Confidential Discovery materials produced by Defendants (to be set forth in the applicable Protective Order(s)). Furthermore, Participating Counsel representing a plaintiff or plaintiffs who are not suing a given Defendant shall have no right to access discovery produced by that Defendant, except for Plaintiffs' Co-Lead Counsel, the Plaintiffs' Executive Committee, the Plaintiffs' Executive Committee Development Counsel, and Plaintiffs' Counsel serving on Committees or otherwise performing common benefit work at the direction of Plaintiffs' Co-Lead Counsel for which access to such discovery is necessary to perform such common benefit work. This Common Benefit Order does not govern the ability of any non-MDL Participating Counsel's to use Common Benefit Work Product in non-MDL actions, including but not limited to admitting Common

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

Benefit Work Product into evidence. To the extent the provisions of this Common Benefit Order are, or any party argues they are, inconsistent or in conflict with those of any other non-vacated order (including but not limited to any Protective Order(s)) entered in this MDL by any United States district judge or magistrate judge concerning Participating Counsel's access to or use of discovery produced by a Defendant, the more restrictive provision shall govern.

Examples of authorized and unauthorized common benefit work include but are not limited to:

1.  Depositions: Participating Counsel may attend any deposition, space permitting; however, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by Co- Lead Counsel, the time and expenses shall not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients.

2.  Periodic MDL Conference Calls: These calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. The attorneys designated by the Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered for common benefit. Nothing in this paragraph shall be construed to prevent members of appointed leadership from submitting common benefit time for participation in leadership communications that are germane to all members of leadership and are necessary to fulfill their obligations.

3.  Periodic Status Conferences. Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. Co-Lead Counsel will make decisions regarding matters to be discussed and argued at the status conferences to determine counsel who will make presentations and ensure proper coordination on issues. The time spent by attorneys authorized and/or designated by Co-Lead Counsel to address issues that will be raised at a given status conference are considered for common benefit. Similarly, Co-Lead Counsel, as well as any other attorney whose attendance at a status conference has been ordered by the Court may submit their time for evaluation as a common benefit.

4.  Committee Meetings or Calls: During committee phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by the Co-Lead Counsel in consultation with the Executive Committee.

5.  Identification and Work Up of Experts: Participating Counsel are encouraged to identify and share potential experts who can assist the common benefit, but must do so in coordination with Co-Lead Counsel in order for such time and expenses to be approved.

- 3 -

6. Attendance at Seminars: Mere attendance at a seminar does not qualify as common benefit work or a common benefit expense unless the individual is attending at the direction of Co-Lead Counsel and for the benefit of the MDL plaintiffs.

7. Document Review: Only document review specifically authorized by the Co-Lead Counsel for the MDL and assigned to an attorney will be considered common benefit work. The review done in a designated attorney's office will be performed by appropriately trained individuals selected by the attorney. If a reviewer elects to review documents that have not been assigned to that attorney by the Co-Lead Counsel for the MDL, that review is not considered common benefit.

8. Review of Pleadings and Orders: Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by the Co-Lead Counsel to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel reviewing those pleadings and orders are doing so for their own benefit and the benefit of their own clients, and the review is not considered common benefit. Nothing in this paragraph shall be construed to prevent the Executive Committee from submitting common benefit time for reviewing orders of the Court that are germane to all members of the Executive Committee and are necessary for review to fulfill their committee or court appointed obligations.

9. Emails: Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working. If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

10. Review of Discovery Responses: Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by the Co-Lead Counsel to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel reviewing those discovery responses are doing so for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

11. Bellwether Cases. While the work-up of individual cases is not considered common benefit, in the event that a case is selected as part of an approved bellwether process in the MDL, the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered for common benefit to the extent it complies with other provisions of this order.

12. Contract Attorneys and Law Students. Contract attorneys may be used for Common Benefit Work only if specifically disclosed and with prior written authorization of Co-Lead Counsel, including their billing rates. Law students performing work

- 4 -

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

under attorney supervision may submit time with approval of their supervising attorney, subject to Co-Lead Counsel review. Time for contract attorneys and law students must be billed at rates commensurate with their experience level and market rates for similar work, and all such time remains subject to the approval and verification requirements of this order.

13.  Staff Hours. Common benefit time performed by paralegals or other staff will be approved based on the requirements set forth in this order for attorneys.

14.  Travel. Travel time alone (i.e., time spent in transit without performing substantive common benefit work) is not compensable. Time spent performing authorized common benefit work during travel is compensable and should be recorded with specificity as to the work performed. Travel costs (airfare, hotel, meals, etc.) remain reimbursable as set forth in Section IV.3 of this Order.

## III.    COMMON BENEFIT TIMEKEEPING PROTOCOLS

### A.    Recording Requirements

All time must be approved by Co-Lead Counsel (or their designees) in writing and be accurately and contemporaneously maintained. Any counsel intending to seek payment of common benefit attorneys' fees and reimbursement of common benefit costs and expenses shall keep contemporaneous billing records of time spent in connection with Common Benefit Work in this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (e.g., "conducted deposition of John Doe").  Descriptions must bear sufficient detail to identify the precise task and how it relates to Common Benefit Work. Individuals identified in time descriptions must be described by at least their first initial and last name, not by initials. "John Doe" is preferred; "J. Doe" is acceptable; and "JD" is unacceptable. Each time entry must be separately categorized using one of the categories in **Exhibit B**, and "block billing" will not be considered.  Time entries that are not sufficiently detailed may not be considered for common benefit payments.  In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission. Only reasonable expenditures of time will be compensable.

While the time entry categories are generally self-explanatory, below are further explanations for some of the categories that have the potential for confusion.

1.  Lead Counsel/PSC Duties (3) – This category code should only be used for work done by Co-Lead Counsel, PEC members, other Court-appointed counsel, and their assigned attorneys and staff, in their capacity as PEC or PEDC members. This category should be used primarily for PEC or PEDC members' more general or

administrative responsibilities that do not fit into other, more specific categories. These include, but are not limited to, organizing PEC files, communications to all Plaintiffs' counsel, and maintaining the public MDL website. This category should not be used by any timekeeper who is not Court-appointed counsel or one of their assigned attorneys or staff.

2. <u>Document Review (8)</u> – For the purposes of this category, the word "document" specifically means documents or other information produced in discovery (or, for a producing party, that are being reviewed for possible production). In other words, this category is not to be used for every instance of reading a document—it is more specific. Time entry descriptions for document review tasks should include specific details such as custodians, search query, number of document folders reviewed, or other similar details. Task Code 8 should not be used for defensive document review; that work is captured by Task Code 7.

3. <u>Miscellaneous (20)</u> – This is a general category that should not be used if a more specific category can be used instead. Any activities done in connection with or as part of a larger task like a brief, or a Court appearance, or a meeting, should be categorized according to that larger task. This category should be used relatively infrequently. However, when it is used, it is critical that the description of the task be sufficiently detailed to make clear how the work was Common Benefit Work.

### B.    Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff. Counsel shall not bill a rate other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment nor is there any presumption that such rates will be awarded.

### IV.    COMMON BENEFIT EXPENSES PROTOCOL

#### 1.    Shared Costs

"Shared Costs" are costs that will be paid out of the Common Benefit Expense Fund administered by Co-Lead Counsel. Participating Counsel shall contribute to the Common Benefit Expense Fund at times and in amounts sufficient to cover Plaintiffs' Shared Costs. The timing and amount of each assessment will be determined by Co-Lead Counsel, and each assessment will be paid within 14 days as instructed by Co-Lead Counsel. Failure to pay assessments will be grounds for removal from the appointments made in previous Court orders or other common benefit assignments. Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole. No client-related costs, save certain costs relating to cases selected as bellwether cases that will be for the

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

common benefit (e.g., related to liability and causation), shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this Court. All Shared Costs must be approved by Co-Lead Counsel in writing prior to the cost being incurred. All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

  a. Court, filing, and service costs related to common issues;

  b. Costs for transcripts of court hearings;

  c. Court reporter and interpreter costs for depositions;

  d. Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;

  e. Common benefit administrative expenses (e.g., expenses for courtroom equipment or technology, service costs for court filings and discovery documents, costs related to hosting Co-Lead Counsel and leadership meetings and conference calls);

  f. Legal, tax, accountant, or financial institution fees relating to the Fund;

  g. Expert witness and consultant fees and expenses for experts approved by Co-Lead Counsel whose opinions and testimony would be for the common benefit;

  h. Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

  i. Research by outside third-party vendors, consultants, and attorneys, approved by Co-Lead Counsel;

  j. Translation costs approved by Co-Lead Counsel;

  k. Investigative services approved by Co-Lead Counsel;

  l. Reimbursements of assessments paid by Co-Lead Counsel or by a non-Lead Counsel firm from whom an assessment was requested by Co-Lead Counsel in the event no further litigation-related payments will be needed from the Fund.

Co-Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Requests for payments from the Fund for common benefit

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

expenses shall include sufficient information to permit Co-Lead Counsel and, if appropriate, a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

### 2. Held Costs

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Co-Lead Counsel determines. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all Plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain common benefit costs relating to future bellwether cases at the discretion of Co-Lead Counsel. Held Costs shall be recorded in accordance with the guidelines set forth herein and shall be subject to the travel and administrative limitations set forth in this Order.

### 3. Travel Limitations

Only reasonable expenses will be reimbursed. Except in extraordinary circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

a. <u>Airfare.</u> Absent approval by Co-Lead Counsel, only refundable economy-class airfare may be reimbursed. Airfare deemed to be excessive or which is not related to an assigned task or judicial requirement will not be reimbursed. Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination.

b. <u>Hotel.</u> Absent approval by Co-Lead Counsel, only reasonable and appropriate hotel accommodations at a standard business hotel may be reimbursed when necessary for the common benefit. Hotel accommodations deemed to be excessive or which are not related to an assigned task or judicial requirement will not be reimbursed.

c. <u>Meals.</u> Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal.

d. <u>Cash Expenses.</u> Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

e. <u>Rental Automobiles.</u> Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel or materials necessary to be transported to a deposition or trial.

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

f.   <u>Mileage.</u> Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

### 4.   <u>Non-Travel Limitations</u>

a.   <u>Shipping, Overnight, Courier, and Delivery Charges.</u> All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

b.   <u>Postage Charges.</u> A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

c.   <u>Computerized Research – Lexis/Westlaw.</u> Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services.

d.   <u>In-House Photocopies and Telephone:</u> Counsel may not submit in-house photocopies or telephone services as held common benefit expenses unless specifically authorized in writing by Co-Lead Counsel and must comply with any limitations provided in such authorization.

### 5.   <u>Expense Reporting</u>

Forms detailing expenses consistent with Exhibit B shall be certified by a senior attorney of each firm attesting to the accuracy of the submissions and that counsel believes in good faith that all claimed expenses are compensable under this Order. For those firms submitting time who are not a member of appointed leadership in the MDL, the forms shall be signed by a senior attorney in that firm. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, there should be two separate entries for that person for that date, each with the appropriate expense description and category code. Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, generally there should be a separate entry for each

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-related expenses.) Expense entries without sufficient detail may be rejected at Co-Lead Counsel's discretion.

## V.      SUBMISSION OF TIME AND EXPENSES

### C.      MONTHLY REPORTS REQUIRED

All Participating Counsel working on common benefit activities shall submit separate reports of their time and expense records every month. Failure to provide time and expense records on a monthly basis as set forth in this Order, except as provided in Section V.B., will result in a waiver of any claim for recovery of those time and expenses unless a good cause extension with evidentiary support is granted in writing by Co-Lead Counsel.

Co-Lead Counsel shall ensure that a consistent reporting system is used for all Participating Counsel. Beginning August 20, 2026, submissions shall be made for all time and expenses incurred from the formation of this MDL through July 31, 2026, and continuing monthly thereafter. Participating Counsel who performed Roblox-related work related to the claims in these proceedings prior to MDL formation that they believe qualifies as Common Benefit work may submit such time and expenses with their initial submission on August 20, 2026. for consideration by Co-Lead Counsel. No determination has been made as to whether pre-MDL time or expenses shall be compensable, and submitting such time does not create a presumption that such time will be included in any common benefit award.  Each firm seeking credit for pre-MDL work must include a Declaration signed by

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

Participating Counsel describing in sufficient detail the Common Benefit work performed that it believes will be used in the MDL. The Declaration is limited to five (5) double-spaced pages and shall include (a) description of the specific work performed; (b) a good faith estimate of time spent for the common benefit; (c) identification of the professionals involved and their hourly rates; and (d) a description of common benefit expenses incurred. Supporting receipts for expenses shall be attached separately and do not count toward the five-page limit.

### D.    FORM OF REPORTS

Counsel must report time and expenses in the form provided in **Exhibit B,** or in such updated form as Co-Lead Counsel may distribute to Participating Counsel. This means that each monthly submission will consist of one expense submission and one time submission utilizing only the category codes identified in Exhibit B. The submissions along with supporting documentation must be submitted on or before the 20th of each month (or if the 20th falls on a weekend or holiday, the next week day), and should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g., a submission due October 20, 2026, shall contain all common benefit time and expenses incurred from September 1, 2026 through September 30, 2026). In all reports, the date must be provided in month/day/year format.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 20th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult. Firms may submit incurred expenses up to three months after they were incurred. Any expenses submitted more than three months after they were incurred may be rejected at the Co-Lead Counsel's discretion.

The forms detailing time and expenses shall be certified by a senior attorney of each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**IT IS SO ORDERED.**

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

Dated: _July 31, 2026_

_____
RICHARD SEEBORG
United States District Judge

AMENDED PRETRIAL ORDER REGARDING MANAGEMENT OF TIMEKEEPING, COST REIMBURSEMENT AND RELATED COMMON BENEFIT ISSUES

# EXHIBIT A

**In Re: Roblox Corporation Child Sexual Exploitation and Assault Litigation**
**MDL 3166**
**Attorney Participation Agreement**

This Participation Agreement is made as of the date identified below, by and between the Plaintiffs' Co-Lead Counsel, the Plaintiffs' Executive Committee, and the Plaintiffs' Executive Committee Development Counsel, appointed by the United States District Court for the Northern District of California in MDL No. 3166 (*In re:* Roblox Corporation Sexual Child Exploitation and Assault Litigation) (collectively "Plaintiffs' Leadership")), and:_____(hereinafter "Participating Counsel").

WHEREAS, Plaintiffs' Leadership, in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of state and federal court proceedings involving claims of Roblox Corporation Child Sexual Exploitation and Assault related injuries and resolution of any such claims (the "Common Benefit Work Product");

WHERES, certain Participating Counsel, including but not limited to Plaintiffs' Counsel serving on Committees or otherwise performing common benefit work at the direction of Plaintiffs' Co-Lead Counsel, also seek to develop work product for the common benefit; and

WHEREAS, the Participating Counsel have been retained by client(s) to pursue claims arising from the use of Roblox and involving child sexual abuse, exploitation, or assault and wish to acquire the Common Benefit Work Product and establish an amicable and cooperative working relationship with Plaintiffs' Leadership for the mutual benefit of their respective clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

## Scope of Agreement

1.      This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product pursuant to the Common Benefit Order(s) entered by the Court in MDL 3166.

2.      This Participation Agreements incorporates by reference any and all Orders of the Court entered, or which may subsequently be entered, regarding, *inter alia*, common benefit administration and/or assessments and incorporates fully herein all defined terms from such Order(s). Participating Counsel agree to participate in an MDL based trauma-informed training program to ensure that each is aware of the issues involved with those children who have been subjected to trauma from sexual exploitation and assault.  Further, Participating Counsel specifically agree to be irrevocably bound by the MDL Court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of the Court's Orders or to otherwise challenge their adequacy.[1]

3.      To the extent any Participating Counsel gain access to discovery materials produced in the MDL by entering into this Participation Agreement, such Participating Counsel agree to be bound by any applicable Protective Order(s) entered in this MDL. To the extent the provisions of this Participation Agreement are, or any party argues they are, inconsistent or in conflict with those of any Protective Order(s) entered in this MDL, the more restrictive provision shall govern.

4.      This Agreement applies to each and every claim, case, or action arising from the

---

[1] Plaintiffs' Co-Lead Counsel reserve the right to seek to modify this Order following the appointment of leadership in the JCCP and/or other state court proceedings.

use of Roblox and involving child sexual abuse, exploitation, or assault in which the Participating Counsel has or will have a financial interest, regardless of whether the claim, case, or action is currently filed in state or federal court and, so long as Participating Counsel has at least one filed case arising from the use of Roblox and involving child sexual abuse, exploitation or assault, this Agreement shall also apply to any unfiled or tolled cases in which Participating Counsel has a financial interest.

5.       Participating Counsel shall provide an executed copy of this Participation Agreement to Co-Lead Counsel at_____.

### Rights and Privileges of Participating Counsel

6.       Any plaintiffs' attorney who executes this Agreement is entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement, regardless of the venue in which the attorney's cases are pending.

7.       Upon request of the Participating Counsel, Plaintiffs' Leadership will provide within a reasonable time to the Participating Counsel, to the extent developed and still accessible, the Common Benefit Work Product to which Participating Counsel is entitled access under the Common Benefit Order, including access to Plaintiffs' Leadership's virtual depository, and, if and when developed, a complete trial package. Nothing in this Order precludes Plaintiffs' Leadership from winding down a virtual depository at an appropriate stage in the MDL.

8.       As the litigation progresses and Common Benefit Work Product continues to be generated, Plaintiffs' Leadership will provide Participating Counsel with such work product and will otherwise cooperate with the Participating Counsel to coordinate the MDL litigation and any related state litigation for the benefit of the plaintiffs.

9.      Participating Counsel are also eligible to submit for consideration claims for reimbursement of common benefit costs and time submissions for authorized common benefit work in accordance with the terms of the Court's Common Benefit Orders. Should the Court establish a percentage assessment to be held back from each claimant's Gross Monetary Recovery[1] ("Common Benefit Assessment") and funds become available for distribution to Participating Counsel pursuant to and subject to any Order of the Court, Participating Counsel may apply to the Court for common-benefit fees and reimbursement of expenses, provided that the time worked and/or expenses incurred are in compliance with the Court's Common Benefit Orders, Participating Counsel has complied with all Court Orders and ethical obligations, and cooperated with Co-Lead Counsel in ensuring all cases are adequately screened before filing and advocacy is trauma-informed.

## **Obligations of Participating Counsel**

10.      Should the Court at some future point establish a Common Benefit Assessment, Participating Counsel and their law firms agree to deposit, or cause to be deposited, the Common Benefit Assessment into the common benefit fund designated as the repository for such Common Benefit Assessments. It is the intention of the parties that, absent extraordinary circumstances, such Common Benefit Assessment would be in full and final satisfaction of any present or future obligation on the part of each claimant and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to,

---

[1] A "Gross Monetary Recovery" occurs when a claimant or his/her counsel either agree or have agreed, for monetary consideration, to settle, compromise, dismiss, or reduce the amount of a claim or, without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any claim relating to Roblox Corporation Child Sexual Exploitation and Assault related injuries.

Plaintiffs' Leadership, Participating Counsel, and/or any other counsel eligible to receive

disbursements a common benefit fund pursuant to an Order of the Court regarding assessments.

11.     Pursuant to CMO 1, Plaintiffs' Leadership may share Common Benefit Work Product with Participating Counsel only pursuant to this Agreement or another signed written agreement approved by the Court. Participating Counsel shall not share or otherwise provide access to the Common Benefit Work Product to Non-Participating Counsel who have not been given written authorization to access MDL common benefit work product.

PLAINTIFFS' LEADERSHIP

By:

_____


PARTICIPATING ATTORNEYS

By: _____

Firm: _____

Date:_____

2

3

# EXHIBIT B

**Roblox Corporation Child Sexual Exploitation and Assault Litigation, MDL No. 3166**

| Firm Name: | | | | | TOTAL TIME (.1 hour increments): | | 0.0 | |
|---|---|---|---|---|---|---|---|---|

**Categories:** 1. Investigation/Factual Research 2. Attorney Meetings/Strategy 3. Lead Counsel/PSC Duties 4. Court Appearances 5. Pleadings 6. Written Discovery 7. Plaintiff Discovery (Doc. Production, DME) 8. Document Review 9. Legal Research/Memoranda 10. Scientific Research 11. Motions/Briefs 12. Depositions (Prepare/Take/Defend) 13. Experts/Consultants 14. Settlement/Mediation 15. Bellwether Selection 16. Trial Preparation 17. Trial 18. Appeal 19. Client Communications 20. Miscellaneous

| Last Name, First Name | Professional level: Partner (PT), Of Counsel (OC), Associate (A), Staff Attorney (SA), Contract Attorney (CA), Law Clerk (LC), or Paralegal/Staff (PL) | Date of Service | Category Code | Detailed Description of Work performed | Lead Counsel Who Assigned or Approved Work | Billing Rate (per hour) | Time spent (by 0.1 increments) | Fees Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Professional Level | Category Code |
| --- | --- |
| Partner (PT) | |
| Of Counsel (OC) | |
| Associate (A) | |
| Staff Attorney (SA) | |
| Contract Attorney (CA) | |
| Law Clerk (LC) | |
| Paralegal/Staff (PL) | |

**Lead Counsel**

Alexandra Walsh

Sarah London

Bryan Aylstock

**Roblox Corporation Child Sexual Exploitation and Assault Litigation, MDL No. 3166**

Firm Name: | | | | TOTAL AMOUNT OF EXPENSES INCURRED: | $ | - |

Categories: 1. Assessment Fees 2. Federal Express / Local Courier, etc. 3. Postage Charges 4. Facsimile Charges 5. Long Distance 6. In-House Photocopying 7. Outside Photocopying 8. Hotels 9. Meals 10. Mileage 11. Air Travel 12. Deposition Costs 13. Lexis/Westlaw 14. Court Fees 15. Witness / Expert Fees 16. Investigation Fees / Service Fees 17. Transcripts 18. Ground Transportation (i.e. Rental, Taxis, etc.) 19. Miscellaneous (Describe)

| Last Name, First Name | Date | Category Code | Detailed Description | Lead Counsel Who Authorized or Approved Cost (Hard Costs Only) | Amount | Supporting Documentation File Name (Note: These should each be unique file names, if adding multiple PDF files for an expense entry separate file names with a semicolon.) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Category Code**

1. Assessment Fees
2. Federal Express / Local Courier, etc.
3. Postage Charges
4. Facsimile Charges
5. Long Distance
6. In-House Photocopying
7. Outside Photocopying
8. Hotels
9. Meals
10. Mileage
11. Air Travel
12. Deposition Costs
13. Lexis/Westlaw
14. Court Fees
15. Witness / Expert Fees
16. Investigation Fees / Service Fees
17. Transcripts
18. Ground Transportation (i.e. Rental, Taxis, etc.)
19. Miscellaneous (Describe)

**Lead Counsel**

Alexandra Walsh

Sarah R London

Bryan Aylstock