Audrey Siegel (SBN 286771)
Christopher A. Seeger
David R. Buchanan
Caleb A. Seeley
Gala Grand
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 369-9100
Facsimile: (973) 679-8656
asiegel@seegerweiss.com
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
cseeley@seegerweiss.com
ggrand@seegerweiss.com

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
E-Mail: kgrombacher@bradleygrombacher.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>JANE DOE L.B., as guardian of minor plaintiff, JOHN DOE L.B.,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION,<br><br>Defendant. | **Matter Relates to MDL No. 3166**<br><br>Case No.: 3:26-CV-01105-RS<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF JANE DOE L.B. AS GUARDIAN OF MINOR PLAINTIFF JOHN DOE L.B.** |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE**

That Seeger Weiss LLP and Bradley/Grombacher, LLP counsel of record for Plaintiff Jane Doe L.B., as guardian of minor plaintiff, John Doe L.B. moves this Court for an order permitting its withdrawal as counsel for plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Kiley L. Grombacher, filed contemporaneously. A Proposed Order is attached as Exhibit A.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Civil Local Rule 11-5 and the California Rules of Professional Conduct (including Rule 1.16), Seeger Weiss LLP submits this Memorandum of Law in support of its Motion for an order granting leave to withdraw as counsel for Plaintiff Jane Doe L.B. as guardian of Minor Plaintiff John Doe L.B. Seeger Weiss LLP, respectfully request the Court grant the Motion.

### I. INTRODUCTION

Counsel of record, Seeger Weiss LLP and Bradley/Grombacher, LLP, seeks to withdraw as counsel on the grounds that there has been a breakdown in attorney-client relationship. Withdrawal is not sought for tactical advantage and will not advance either side's position on the merits. It is sought because the representation has become untenable. Plaintiff has repeatedly not responded to communication attempts by counsel to provide requested information to the defendants (i.e. User Data Forms) to continue moving their case forward.

Civil Local Rule 11-5 requires court approval after reasonable advance notice. The California Rules of Professional Conduct likewise authorize withdrawal where the client's conduct

renders representation unreasonably difficult or where other good cause exists. Cal. R. Prof. Conduct 1.16(b)(4),(b)(7). They also require that, before terminating representation, counsel take reasonable steps to protect the client's interests and avoid foreseeable prejudice. Cal. R. Prof. Conduct 1.16(d), (e). Counsel has done so by repeatedly attempting to reach Plaintiff, providing notice of the intent to withdraw, and advising Plaintiff to secure substitute counsel promptly. (Decl. ¶¶ 3-9)

The discretionary factors strongly favor withdrawal. The reasons are substantial. This case is part of an MDL that has proceeded through bellwether selection. Due to the communication breakdown, Counsel is unable to collect and submit the necessary information (i.e. User Data Forms) to move the case forward through any future bellwether selection process, Motion to Dismiss Briefing, and potentially being selected as a Bellwether case at trial or other conclusionary stage. Withdrawal, properly managed with reasonable conditions including, if appropriate, a short compliance deadline for Plaintiff to appear through new counsel or to proceed *pro se*, will not unfairly prejudice Defendants and will preserve the integrity of further proceedings at the MDL and individual case level.

## II. BACKGROUND

This action was filed in the Northern District of California on February 4, 2026 by Audrey Siegel of Seeger Weiss LLP. It was subsequently transferred into the *In re: Roblox Corporation Child Sexual Exploitation and Assault Litigation*, MDL 3166 on March 18, 2026 via referral order.

On February 5, 2026, attorneys Christopher A. Seeger, David R. Buchanan and Caleb Seeley of Seeger Weiss LLP filed their appearance in the above listed MDL.

Following the filing of the instant complaint, and follow up calls with Plaintiff on 4/10/2026 and 4/14/2026, Bradley/Grombacher repeatedly attempted to contact Plaintiff to no avail.

Bradley/Grombacher attempted to contact Plaintiff via Telephone on 4/13/2026, 4/20/2026, 4/24/2026, 4/25/2026, 6/25/2026, 6/26/2026, and 7/30/2026. Bradley/Grombacher also attempted to contact the Plaintiff via Text Messaging on 4/28/2026, 5/1/2026, 6/9/2026, and 7/30/2026. Bradley/Grombacher also attempted to contact Plaintiff via Mailings on 4/16/2026, 5/26/2026, 6/8/2026. Bradley/Grombacher also attempted to contact Plaintiff via Email on 6/9/2026 and 7/30/2026.

On April 16, 2026, Plaintiff ceased communicating with Bradley/Grombacher. Despite these repeated efforts through telephone calls, voicemail messages, text messages, emails, and mailings Plaintiff has failed to respond to Bradley/Grombacher or otherwise participate in the prosecution of her case.

On July 30, 2026, via telephone call, voicemail, text message and email, Bradley/Grombacher informed Plaintiff that the firm was terminating its attorney-client relationship due to this inability to communicate and moving to withdraw their representation of Plaintiff in this matter. Bradley/Grombacher further informed Plaintiff that the firm had not been able to take necessary action on her behalf, which may result in dismissal of her claims. Bradley/Grombacher asked Plaintiff to contact the firm and up to the date of this filing Plaintiff has not contacted the firm.

Audrey Siegel, Christopher A. Seeger, David R. Buchanan, and Caleb Seeley of Seeger Weiss LLP, and Kiley Grombacher of Bradley/Grombacher LLP now seek permission to withdraw as counsel for Plaintiff Jane Doe L.B. due to Plaintiff's lack of communication with counsel.

A client's failure to communicate with counsel is proper grounds to withdraw as counsel. *See*, *e.g.*, *Federal Solutions Group, Inc. v. H2L1-CSC, JV*, No. 4:17-cv-05433-KAW, 2019 WL 4918256, at *2 (N.D. Cal. Oct. 4, 2019) (granting plaintiff's counsel motion to withdraw because plaintiff had "fail[ed] to respond to counsel's repeated attempts to communicate").

## III. CONCLUSION

For the foregoing reasons, Counsel respectfully requests that the Court enter an order granting Counsel leave to withdraw as counsel of record for Plaintiff Jane Doe L.B., effective upon entry of the Court's order; directing Counsel to serve the order on Plaintiff; and establishing reasonable conditions and deadlines to ensure an orderly transition consistent with Civil Local Rule 11-5 and California Rule of Professional Conduct 1.16.

Date: September 3, 2026

Respectfully submitted,

By: /s/ *Audrey Siegel*

Audrey Siegel (SBN 286771)
Christopher A. Seeger
David R. Buchanan
Caleb A. Seeley
Gala Grand
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 369-9100
Facsimile: (973) 679-8656
asiegel@seegerweiss.com
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
cseeley@seegerweiss.com
ggrand@seegerweiss.com

Kiley L. Grombacher, Esq. (SBN 245960)
**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
E-Mail: kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff Jane Doe L.B. as Guardian of minor Plaintiff John Doe L.B.