Ashley Siegel (SBN 286771)
Christopher A. Seeger
David R. Buchanan
Caleb A. Seeley
Gala Grand
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 369-9100
Facsimile: (973) 679-8656
asiegel@seegerweiss.com
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
cseeley@seegerweiss.com
ggrand@seegerweiss.com

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
E-Mail: kgrombacher@bradleygrombacher.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE L.B., as guardian of minor plaintiff, JOHN DOE L.B.,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION,<br><br>Defendant. | Case No.: 3:26-CV-01105-rs<br><br>**DECLARATION OF KILEY L. GROMBACHER REGARDING COUNSEL'S DILIGENT EFFORTS TO CONTACT PLAINTIFF JANE DOE L.B.** |

**DECLARATION OF KILEY L. GROMBACHER**

I, Kiley L. Grombacher, declare as follows:

1. I am an attorney duly licensed to practice before all courts of the State of California and am a partner with Bradley/Grombacher, LLP, co-counsel for Plaintiff, Jane Doe L.B. ("Plaintiff"), in this action, along with SEEGER WEISS LLP. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2. Throughout the representation of Plaintiff, my office made numerous diligent efforts to communicate with Plaintiff regarding the prosecution of her case, obtain information necessary to proceed, and secure her participation in this litigation.

3. On February 4, 2026, our office sent Plaintiff an email regarding her case.

4. On April 10, 2026, our office spoke with Plaintiff by telephone regarding her case. Following the conversation, we sent Plaintiff a text message and emailed, via DocuSign, the Guardian ad Litem forms and additional Roblox information documents requiring her review and signature.

5. On April 13, 2026, our office attempted to contact Plaintiff by telephone and left a voicemail message.

6. On April 14, 2026, our office spoke with Plaintiff by telephone regarding the Guardian ad Litem paperwork and the additional Roblox information needed to proceed with her case. A follow-up text message was sent after the call.

7. On April 16, 2026, our office sent the Guardian ad Litem forms via overnight delivery and also sent Plaintiff a text message requesting additional Roblox account information and reminding her that the Guardian ad Litem documents required her signature.

8. After April 16, 2026, Plaintiff ceased communicating with our office despite numerous attempts to reach her. Those efforts included:

a. April 20, 2026 – Attempted telephone call.

b. April 24, 2026 – Attempted telephone call, left a voicemail message, and followed up with a text message.

c. April 25, 2026 – Attempted telephone call and followed up with a text message.

d. April 28, 2026 – Sent a text message advising Plaintiff that her participation and signatures on necessary documents were required and that her case could be dismissed if she failed to respond.

e. May 1, 2026 – Sent a text message advising Plaintiff that her case could be dismissed if we did not hear from her.

f. May 26, 2026 – Sent an "Attempts to Contact You" letter to Plaintiff requesting that she immediately contact our office regarding her case.

g. June 8, 2026 – Sent certified "Non-Pursuit" letters to Plaintiff at both of her last known addresses: 547 Bangs Street, Aurora, Illinois; and 1222 S. 4th Street, Apt. A, Aurora, Illinois.

h. June 9, 2026 – Sent both an email and text message advising Plaintiff that we could not continue prosecuting her case without her participation and informing her that the case would be dismissed if we did not hear from her by June 15, 2026.

i. June 25, 2026 – Attempted telephone call, left a voicemail message, and sent a text message.

j. June 26, 2026 – Attempted telephone call.

k. July 30, 2026- Attempted telephone call, left a voicemail message and followed up with a text message and email advising Plaintiff that we cannot continue without the information requested and will file a motion to withdraw as counsel.

9. Despite these repeated efforts through telephone calls, voicemail messages, text messages, emails, overnight delivery, regular mail, and certified mail, Plaintiff has failed to respond to our office or otherwise participate in the prosecution of her case.

10. Plaintiff's continued lack of communication has prevented counsel from obtaining necessary information, executed documents, and instructions required to prosecute this action. Without Plaintiff's participation, counsel cannot effectively continue representing her interests in this matter.

11. My office has exhausted all reasonable means of contacting Plaintiff, but our efforts have been unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of September, 2026, at Westlake Village, CA.

Kiley Grombacher

Kiley L. Grombacher, Esq.