Ambika Kumar (*pro hac vice*)
ambikakumar@dwt.com
Xiang Li (SBN 291587)
xiangli@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel: 206-622-3150
Fax: 206-757-7777

Adam S. Sieff (SBN 302030)
adamsieff@dwt.com
Marcy Blattner Micale (SBN 319868)
marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Tel: 213-633-6800
Fax: 213-633-6899

*Attorneys for Defendant*
DISCORD INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL No. 3166<br>Case No. 3:25-md-03166-RS |
| This document relates to:<br><br>No. 3:25-cv-3520<br><br>No. 3:25-cv-10982<br><br>No. 3:25-cv-5753<br><br>No. 3:26-cv-810<br><br>No. 3:25-cv-10607<br><br>No. 3:25-cv-7291 | **[PROPOSED] ORDER GRANTING DEFENDANT DISCORD INC.'S OMNIBUS MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**<br><br>Hon. Richard Seeborg<br><br>Date: January 13, 2027<br>Time: 9:30 a.m.<br>Courtroom: 12 |

**[PROPOSED] ORDER**

Defendant Discord Inc.'s ("Discord") Omnibus Motion to Compel Arbitration and Stay Litigation ("Motion") came on regularly for hearing on January 13, 2027, at 9:30 a.m. Having read and considered the Motion, all other evidence submitted in support of, and in opposition to, the Motion, and the arguments of the parties presented at the hearing, this Court finds that:

1. Plaintiffs accepted Discord's Terms of Service (the "Terms"), all versions of which contain an arbitration agreement governed by the Federal Arbitration Act, 9 U.S.C. § 1.

2. Because the Terms "clearly and unmistakably" delegate threshold issues such as the scope, validity, and enforceability of the arbitration agreement to the arbitrator, the Court must consider whether an arbitration agreement between Plaintiffs and Discord exists. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *see also Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (parties may delegate "threshold issues concerning the arbitration agreement").

3. The Court finds that an agreement to arbitrate exists. *Rent-A-Center, W., Inc.*, 561 U.S. at 69 n.1, 88 n.2 ("[t]he issue of the agreement's validity is different from the issue whether any agreement between the parties was ever concluded," i.e., whether "it was in fact agreed to").

4. Plaintiffs therefore must arbitrate their disputes—including as to the enforceability of the arbitration agreement—with Discord in accordance with their arbitration agreements. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67 (2019).

5. The Court further finds that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act does not apply to Plaintiffs' cases against Discord.

Plaintiffs are therefore **ORDERED** to arbitrate their claims against Discord. Each of their cases is hereby **STAYED** pending the outcome of the arbitration proceedings.

**IT IS SO ORDERED.**

DATED:______________________, 2027.

By:___________________________
Honorable Richard Seeborg
United States District Judge