COOLEY LLP
Tiana Demas (*pro hac vice*)
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
Telephone: +1 312 881 6500
Facsimile: +1 312 881 6598
Email: tdemas@cooley.com

Max A. Bernstein (305722)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222
Email: mbernstein@cooley.com

Attorneys for Defendant
ROBLOX CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION | MDL No. 3166<br><br>Case No. 3:25-md-03166-RS |
| This document relates to:<br><br>3:25-cv-03520<br>3:25-cv-10982<br>3:26-cv-01681<br>3:25-cv-10812<br>3:25-cv-10607<br>3:25-cv-07291 | **DECLARATION OF ARGEMIRA FLÓREZ IN SUPPORT OF DEFENDANT ROBLOX CORPORATION'S OMNIBUS MOTION TO COMPEL ARBITRATION**<br><br>Date: January 13, 2027<br>Time: 9:30 a.m.<br>Courtroom: 12, 19th Floor<br>Judge: Hon. Richard Seeborg<br><br>**[FILED CONCURRENTLY WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OMNIBUS MOTION TO COMPEL ARBITRATION]** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL**

I, Argemira Flórez, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate at the law firm of Cooley LLP, counsel for Defendant Roblox Corporation ("Roblox") in the above-titled action. The matters set forth herein are of my own personal knowledge, and if called as a witness to testify, I could and would testify to these matters. I submit this declaration in support of Roblox's Omnibus Motion to Compel Arbitration.

2. On April 10, 2026, Judge Krishnan ordered the Parties to engage in a user account information exchange process. That order appears at ECF No. 290. Through this process, Plaintiffs, including the Plaintiffs selected for bellwether motion to compel briefing, identified their Roblox accounts, or phone number(s) or email address(es) related to their Roblox accounts, and later claimed those accounts or other accounts identified by Roblox as their own.

3. The Plaintiff in Case No. 3:25-cv-03520 ("Plaintiff A") claimed the following accounts:

| No. | Username |
|---|---|
| 1 | [redacted] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |

4. The Plaintiff in Case No. 3:25-cv-10982 ("Plaintiff B") claimed the following account:

| No. | Username |
|---|---|
| 1 | [redacted] |

5. The Plaintiff in Case No. 3:26-cv-01681 ("Plaintiff C") claimed the following accounts:

| No. | Username |
|---|---|
| 1 | [redacted] |
| 2 | |
| 3 | |

6. The Plaintiff in Case No. 3:25-cv-10812 ("Plaintiff D") claimed the following accounts:

| No. | Username |
|---|---|
| 1 | [redacted] |
| 2 | |

7. The Plaintiff in Case No. 3:25-cv-10607 ("Plaintiff G") claimed the following accounts:

| No. | Username |
|---|---|
| 1 | [redacted] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

8. The Plaintiff in Case No. 3:25-cv-07291 ("Plaintiff H") claimed the following accounts:

| No. | Username |
|---|---|
| 1 | [redacted] |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |

9. Plaintiff D originally disclosed a single Roblox username, [redacted], and did not provide any email address or phone number. This username did not yield any potentially related account under the UAIO process. Plaintiff D alleged in her Amended Complaint that she started using Roblox in 2020. (*See* ECF No. 396 at 2.) But the single account she disclosed showed a creation date of March 15, 2025.

10. Given the discrepancy between the timeframe of Plaintiff's alleged Roblox use and the claimed account's creation date, Roblox alerted Plaintiff's counsel that Plaintiff D's disclosure was incomplete and was told only that Plaintiff does not "recall" other accounts. Roblox then went beyond the UAIO's requirements by manually investigating to find potentially related accounts. Roblox surfaced as a possibility, and Plaintiff D later claimed, the [redacted] account. Consistent with the UAIO, Roblox then produced this account data. A true and correct copy of the email correspondence described in this paragraph is attached as **Exhibit 1.**

11. Plaintiff D has still not disclosed the accounts she used between 2020 and 2025, despite alleging Roblox use during this period. (*See* ECF No. 396, ¶ 10 ("D.H., who is now 14 years old, first downloaded and started playing Roblox in 2020 when she was approximately 8 years old.").) This means that the account data for Plaintiff D is incomplete and does not reflect these missing accounts' agreement to the Roblox Terms of Use.

12. The Declaration of Ronita Jit (the "Jit Declaration"), filed concurrently herewith, explains that Roblox materially updated its Terms of Use during this period, including on August 1, 2023; February 15, 2024; June 12, 2024; November 6, 2024; June 4, 2025; June 30, 2025; and April 30, 2026. The Jit Declaration also explains that all users had to agree to these updates via a "Blocker Card" to continue using Roblox. If Plaintiff D had other Roblox account(s) during this timeframe, as alleged in the Complaint, she would have had to click "I Agree" on these Blocker Cards to continue using Roblox.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 22nd day of September, 2026 at San Francisco, California.

Dated: September 22, 2026

COOLEY LLP

By: [signature]
Argemira Flórez

Attorneys for Defendant
ROBLOX CORPORATION

**ATTORNEY ATTESTATION**

I, Tiana Demas, am the ECF User whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Executed on September 22, 2026, at Chicago, Illinois.

*/s/ Tiana Demas*
Tiana Demans