Alexandra M. Walsh
**ANAPOL WEISS**
14 Ridge Square, NW, 3rd Floor
Washington, DC 20016
Telephone: (771) 224-8065
Fax: (215) 735-2211
awalsh@anapolweiss.com

Sarah London
**GIRARD SHARP LLP**
601 California St #1400
San Francisco, CA 94108
Telephone: (866) 981-4800
Fax: (415)981-4800
slondon@girardsharp.com

Bryan Aylstock
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Telephone: (850) 202-1010
Fax: (850) 916-7449
baylstock@awkolaw.com

Lead Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>This document relates to:<br><br>3:25-cv-03520<br>3:25-cv-10982<br>3:26-cv-01681<br>3:25-cv-10812<br>3:25-cv-10607<br>3:25-cv-07291 | MDL No. 3166<br>Case No. 3:25-md-03166-RS (ASK)<br><br>**DECLARATION OF D. PATRICK HUYETT IN SUPPORT OF ROBLOX CORPORATION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>District Judge: Hon. Richard Seeborg<br>Magistrate Judge: Ajay S. Krishnan |

I, D. Patrick Huyett, declare under penalty of perjury:

1. I am a member in good standing of the Bar of Pennsylvania, and I am admitted *pro hac vice* in this action. I am a Partner at Anapol Weiss and am authorized by Lead Counsel in the above-captioned matter to submit this declaration.

2. I submit this declaration in support of Roblox's Administrative Motion to Consider Whether Another Party's Materials Should be Filed Under Seal Pursuant to Local Rule 79.5(f). Dkt. No. 444.[1] Unless otherwise noted, I have personal knowledge of the facts set forth in this declaration.

3. There exists good cause to seal the materials identified in Roblox's Administrative Motion, overcoming the strong presumption of public access in civil cases.

4. Plaintiffs seek to seal portions of Roblox's Omnibus Motion to Compel Arbitration, the supporting Declaration of Argemira Flórez ("Flórez Decl.") and corresponding exhibit, as well as certain exhibits to the Declaration of Ronita Jit ("Jit Decl."). The exact portions for which sealing is requested (the "Designated Materials") are identified below:

| **Document sought to be sealed** | **Party claiming confidentiality** | **Portions to be filed under seal** |
|---|---|---|
| Roblox's Omnibus Motion to Compel Arbitration | Plaintiffs | Portions highlighted on pages 12–17. |
| Flórez Decl. | Plaintiffs | Portions highlighted on pages 1–4. |
| Exhibit 1 to Flórez Decl. | Plaintiffs | Entirety |
| Exhibits 1–6 to Jit Decl. | Plaintiffs | Entirety |
| Exhibits 48–92 to Jit Decl. | Plaintiffs | Entirety |

5. There is a strong presumption in favor of public access to court records. *See Phillips*

[1] Under Local Rule 79.5(f)(3), Plaintiffs' statement should have been filed by September 29, 2026. Counsel regrets the delay and respectfully requests that Court accept this Declaration as timely filed.

*ex rel. Ests. of Byrd v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). There are generally two standards that govern requests to seal documents—(1) the "compelling reasons" standard, and (2) the "good cause" standard. *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). If a party seeks to seal a document that is attached to a motion that is "more than tangentially related" to the merits of the case, then that party or parties must establish a compelling reason to do so. *Id*. at 1099. Under this more stringent standard, the court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135 (9th Cir. 2003)) (alteration in original). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Id*. (internal quotations omitted). In contrast, when a document is attached to a motion that is unrelated or only tangentially related to the merits of the case, "a party need only satisfy the less exacting 'good cause' standard." *Id*.

6. For good cause to exist, a party must show that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd*, 307 F.3d at 1210-11. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id*. at 1211.

7. Here, there is an overriding interest supporting the sealing of the Designated Materials. These cases involve highly sensitive and deeply personal facts. Each Plaintiff here alleges that they were sexually exploited as a result of Roblox's conduct in designing, operating, and marketing its online platform. The allegations in these cases center on the sexual exploitation and abuse that each Plaintiff endured as a minor, such as online grooming, coerced production of child sex abuse material, and/or sexual assault.

8. Roblox has moved to compel Plaintiffs' claims into confidential arbitration. As part of Roblox's motion to compel arbitration, its supporting declarations and exhibits, Roblox has

included information in the Designated Materials sufficient to identify individual Plaintiffs, including Roblox usernames, email addresses, dates of birth, and genders. The exhibits also include information about Internet Protocol ("IP") addresses used by Plaintiffs and the associated city and state. All told, public disclosure of this information could readily lead to the identification of the individual Plaintiffs, all but one of whom are still minors.

9. Plaintiffs have a legitimate privacy interest in maintaining their anonymity in these cases. Courts have repeatedly held that allegations of sexual abuse justify anonymity and have regularly recognized the importance of protecting the privacy of sexual abuse victims. *See, e.g.*, *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (stating that "fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses" (quoting *Doe v. Blue Cross & Blue Shield United of Wisc*., 112 F.3d 869, 872 (7th Cir. 1997))); *Doe v. Pasadena Hosp. Ass'n, Ltd.*, No. 218-CV-09648-DDP (SKx), 2018 WL 6831533, at *2 (C.D. Cal. Dec. 26, 2018) ("Plaintiff's . . . allegations of sexual abuse and harassment present special circumstances of a highly personal nature.").

10. All the information in the Designated Materials that Plaintiffs seek to seal would, if revealed, compromise their privacy interests and maintaining their anonymity as survivors of sexual abuse. It would also disclose sensitive personal information about plaintiffs such as their birth dates, e-mail addresses, and locations. *See, e.g.*, *Activision Publ'g v. Ug*, No. 22-cv-00051-MWF, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (sealing "personal information" such as "the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy"); *Shannon Cross v. Cent. Contra Costa Transit Auth.*, No. 21-cv-01312-JST, 2024 WL 3658045, at *2 (N.D. Cal. July 22, 2024) (sealing personal information such as "dates of birth," "home addresses," and "email addresses").

11. Further, the public interest also supports allowing plaintiffs to maintain their anonymity in these cases. Permitting "sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting

such crimes." *M.R. v. Fed. Corr. Inst. "FCI" Dublin*, No. 22-CV-05137-VKD, 2022 WL 5225881, at *2 (N.D. Cal. Oct. 5, 2022) (citing *Penzato*, 2011 WL 1833007 at *5). Here, Plaintiffs were sexually exploited and abused by predators they met on Roblox. This case seeks to hold these companies accountable for their failure to protect children from such harm. It is in the public interest to protect and encourage victims of sexual exploitation harassment and assault to come forward without the risk of humiliation, harassment, retaliation, further trauma, and unwanted public attention in order to prevent future victimization of vulnerable children. The public's usual interest in disclosure is thus outweighed by the public's interest in promoting the reporting of sexual exploitation and abuse of children. *See M.R.*, 2022 WL 5225881 at *1 (collecting cases).

12. Plaintiffs allege that they were sexually exploited and abused on Roblox's platform. As a result of this abuse, each Plaintiff has experienced significant harm, including but not limited to significant psychological distress, humiliation, and fear for safety. Public exposure of Plaintiffs' identities and other related information about them, such as their location, would force them to relive these events under public scrutiny with the risk of re-traumatization, humiliation, exposure to the very predators who abused them, online retaliation, and renewed targeting. Public disclosure of these identifying details would have a devastating effect on Plaintiffs, including exacerbating the invasion of privacy, humiliation, and psychological and physical harms already experienced. The potential is all the greater given this litigation seeks to hold some of America's preeminent companies liable for pervasive issues of sexual exploitation and assault and "may garner significant media attention." *M.R.*, 2022 WL 5225881 at *2. These harms go well beyond general embarrassment; they pose serious emotional and psychological risks to survivors of sexual abuse.

13. A less restrictive alternative to sealing is not sufficient. Plaintiffs seek only to seal information that could identify them and harm them if disseminated publicly and the proposed redactions are narrowly tailored to that end.

14. There is no prejudice to either party if the Designated Materials are sealed.

15. Therefore, there is good cause to seal the Designated Materials as respectfully

requested by Plaintiffs.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 6th day of October, 2026.

/s/ D. Patrick Huyett
D. Patrick Huyett (*pro hac vice*)
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
phuyett@anapolweiss.com