# EXHIBIT B

*Parties and counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION,<br><br>____________<br>____________<br>____________<br>____________<br>____________<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL NO. 3166<br><br>Case No. 25-md-03166-RS<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

Plaintiffs and Defendants hereby submit the attached Stipulated Proposed Protective Order for entry by the Court. The undersigned parties hereby stipulate as follows:

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive, personal health and/or educational, and/or other private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties

acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Liaison Counsel for Plaintiffs and Defendants are responsible for ensuring that all Parties added to this Action after this Protective Order is entered are informed of their obligations hereunder. Unless otherwise stated, all periods of time provided for in this Protective Order are calculated as calendar days.

## 2. DEFINITIONS

2.1 Action: Action shall refer to the actions currently included in MDL No. 3166, any other action hereafter added or transferred to MDL No. 3166, and all actions later remanded to their respective transferor courts from MDL No. 3166.

2.2 Challenging Party: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Protective Order.

2.3 Competitive Decision-Making: the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, service development or design, product or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding or enforcement of intellectual property. It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

2.4 "CONFIDENTIAL" Protected Material: Disclosure or Discovery Material that would qualify for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party. This includes but is not limited to the following categories

of information: personal health information, personally identifiable information (e.g. information that would be subject to redaction under Federal Rules of Civil Procedure 5.2 as well as any information that would be harmful to an individual should the information be made public), or any information from or about an individual consumer.

2.5 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.6 Designated House Counsel: House Counsel who have responsibility for managing this action, whose primary responsibilities are not Competitive Decision-Making as defined in Section 2.3, and who seek access to "HIGHLY CONFIDENTIAL (COMPETITOR)" information in this Action.

2.7 Designating Party: a Party or Non-Party that designates Disclosure or Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL-AEO."

2.8 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee or contractor of a Party or a Party's competitor (provided that, for purposes of this definition, "contractor" does not include engagement as an expert witness or litigation expert consultant), and (3) at the time of retention, is not anticipated to become an employee or contractor (excluding expert witness or litigation expert consultant engagements) of a Party or of a Party's competitor.

2.10 <u>"EXPORT CONTROL PROTECTED MATERIAL"</u>: Highly Confidential (Competitor) Protected Material of a technical nature that the Producing Party has reason to believe is subject to export control regulations.

2.11 <u>"HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material</u>: Protected Material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.12 <u>"HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL-AEO" Protected Material</u>: Protected Material consisting of the information referenced in Section III, subsection (e) of the Order Governing CSAM Preservation, ECF No. 416, and paragraphs 4, 6, and 7 of the Order Regarding Plaintiff Evidence Believed to Contain Child Sexual Abuse Material, ECF No. 415.

2.13 <u>House Counsel</u>: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.14 <u>Insurance Representative</u>: An employee or outside counsel of a liability insurer who may provide coverage to a Defendant in this Action, who has a need to know "CONFIDENTIAL" Protected Material in order to fulfill a duty to defend or evaluate a potential coverage obligation, and whose need to know "CONFIDENTIAL" Protected Material cannot be satisfied by disclosure to a previously authorized Insurance Representative. For the avoidance of doubt, an Insurance Representative cannot use Protected Material for any other purpose, including but not limited to use in any other litigation or arbitration proceeding.

2.15 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action from whom discovery has been sought and/or whose Disclosure or Discovery Material is produced in this Action.

2.16 Outside Counsel: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

2.17 Party: any party to this Action, including all of its officers, directors, employees (including House Counsel), consultants, contractors, retained experts, and Outside Counsel (and their support staffs).

2.18 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.19 Professional Vendors: persons or entities that are engaged by a Party or Counsel to provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, organizing, storing, reviewing, categorizing, or retrieving data in any form or medium) and their employees and subcontractors.

2.20 Protected Documents: documents and accompanying metadata protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, and/or privacy laws.

2.21 Protected Health Information ("PHI"): has the meaning set forth in 45 C.F.R. §§ 160.103 and 164.501, being part of the implementing regulations of the Health Insurance Portability and Accountability Act of 1996, and includes but is not limited to individually identifiable health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of health care to an individual; or (c) the past, present, or future payment for health care provided to an individual which identifies

the individual or with respect to which there is a reasonable basis to believe the information could be used to identify the individual.

2.22 Protected Material: any Disclosure or Discovery Material that is or may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or as "HIGHLY CONFIDENTIAL-AEO."

2.23 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

3.1 The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2 The protections conferred by this Protective Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order or another Court's Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by separate agreement or order. Protected Material produced and/or provided in this litigation and covered by the protections conferred by this Order may not be used in other past, current, or future litigation involving the Producing Party, unless the material is no longer subject to the protections conferred by this Order referenced in the preceding exceptions above. If there is any dispute about

whether any Protected Material is in the public domain, the Challenging Party and Producing Party agree to meet and confer in accordance with Section 6 of this Order. Before filing any document or information of another Party that the Receiving Party knows or has reason to believe (i) were taken or leaked without permission, or (ii) entered the public domain through unlawful conduct or a breach of confidentiality obligation owed to the Designating Party, the Receiving Party shall first meet and confer with the Designating Party in accordance with Section 6 of this Order. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. <u>DURATION</u>**

4.1 Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment of the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction even after termination of this Action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court from time to time deems appropriate.

**5. <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, information, or oral or written communications that qualify—so that other portions of the material, documents, items, information, or communications

for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Absent such a designation, except as required by any independent statutory or regulatory obligation, the Receiving Party shall have no obligation to treat the disclosed material, documents, items, or oral or written communications as “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL (COMPETITOR),” or “HIGHLY CONFIDENTIAL-AEO” unless and until notified pursuant to Section 5.7 of an inadvertent failure to designate. The Parties agree this provision does not prevent a Producing Party from designating a document “CONFIDENTIAL” even if portions of that document do not so qualify, subject to the procedures prescribed in Section 6 of this Order.

5.2 Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5.3 If it comes to a Designating Party’s attention that Disclosure or Discovery Material that it designated for protection does not qualify for the protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.4 Manner and Timing of Designations. Except as otherwise provided in this Protective Order (see, e.g., Sections 5.5(c), 5.7 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

5.5 <u>Designation</u> in conformity with this Protective Order requires:

(a) <u>For Protected Material in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL

(COMPETITOR)," or "HIGHLY CONFIDENTIAL-AEO" to each page that contains Protected Material. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name of the native documents and on any related imaged slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

Any Party or Non-Party may designate any information, document, or thing, or portion of any document or thing, produced by another Party (or a third party) as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL-AEO" if the material contains the Designating Party's Confidential material, in which case the Designating Party shall be deemed a Producing Party for purposes of this Order.

(b) Notwithstanding the foregoing, a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL (COMPETITOR)" information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL-AEO") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practical to do so.

(c) For testimony given in deposition or other pretrial hearing, that the Designating Party designate any testimony or exhibits "CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL-AEO" either on the record before the close of the deposition or in writing on or before the later of 45 days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend in an obvious manner on the title page, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The Party initiating the deposition shall inform the court reporter of these requirements.

Pending designation as set forth above, the entire transcript, including exhibits, shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL (COMPETITOR)" information. If no designation is made within the time period above, the transcript shall be considered not to contain any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL-AEO" information. The foregoing provision is expressly subject to the restrictions set forth in Section 5.6 below.

(d) For Protected Material produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL-AEO." If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(e) The Parties shall also make a good-faith effort to state in letters enclosing productions whether the production contains Protected Material.

5.6 Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. The use of Protected Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Parties shall give other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

5.7 Inadvertent Failures to Designate. An inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. In the event a Producing Party discovers that it produced Disclosure or Discovery material without the correct confidentiality designations (for example, where a Receiving Party's Expert uses the Disclosure or Discovery material to support the Expert's opinions, such as by citing it in an expert report or including it on a materials considered list), the Producing Party shall give written notice of the corrected designation (the "Re-Designation Notice") within 30 calendar days of such discovery. Upon receipt

of the Re-Designation Notice , the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. If a Producing Party determines that the particularly sensitive nature of the incorrectly designated materials require an understanding of which persons received access to the materials, the Parties shall meet and confer to determine the appropriate scope, if any, of such a disclosure by the Receiving Party.

After the Producing Party provides a Re-Designation Notice, it shall give written notice of the corrected designation (the "Re-Designation Notice") and produce an overlay load file reflecting the corrected confidentiality designation. Upon receipt, the Receiving Party shall apply the overlay load file to its review platform so that the corrected designation supersedes the original designation and shall promptly destroy the original produced Protected Material and all copies thereof, or, upon the Producing Party's written consent, promptly sequester the original produced Protected Materials and all copies thereof. The Receiving Party shall notify the Producing Party in writing of such destruction (or sequestration, if applicable) within 14 calendar days of receipt of the Re-Designation Production Notice. The Receiving Party shall thereafter treat the affected materials in accordance with the corrected designation. This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which is separately addressed Section 12 Production of Privileged or Otherwise Protected Materials.

**6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain the confidentiality designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation within the time

and manner described above in this section if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

6.4 Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

6.5 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action and associated appeals. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. A Receiving Party must comply with the provisions of Section 14 Final Disposition for the Duration of this Protective Order. A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 Artificial Intelligence and Large Language Models

(a) The Receiving Party shall not input, upload, submit, or otherwise transfer any Producing Party's Protected Material into any Open Gen AI platform. An "Open Gen AI platform" is defined as any large language model or generative artificial intelligence tool or

platform that is not subject to contractual terms prohibiting the provider from using user inputs or outputs to train, refine, or improve models beyond those dedicated to the inputting user, OR made accessible to any person or entity not authorized to receive Protected Material under this Order.

(b) Protected Material may be uploaded, input, or submitted to a large language model or generative artificial intelligence tool or platform only if the platform qualifies as a Closed Gen AI platform. A "Closed Gen AI platform" is defined as: any large language model or generative artificial intelligence tool or platform accessible to a Receiving Party under a written agreement that (i) prohibits the provider from using (including to train, refine, or improve any models), retaining, or sharing the Producing Party's inputs, outputs, or metadata for any purpose other than delivering the contracted service to that Receiving Party, and (ii) maintains the confidentiality and data security of Protected Material in accordance with, at minimum, the safeguards described in Section 7 of this Order; and (iii) prohibits the disclosure of any inputs, outputs, metadata, or other information created, generated, stored, or derived by or in connection with the platform to any person or entity not authorized to receive Protected Material under this Order.

(c) By transferring any Producing Party's Protected Material to a Closed Gen AI platform, the Receiving Party certifies that its contract with its platform provider:

(i) remains in effect through at least the final disposition of this action, as defined in Section 4 herein;

(ii) satisfies the security and confidentiality requirements of this Order for that same duration; and

(iii) grants the Receiving Party the right to remove or delete all such Protected Material, including any outputs created, generated, stored, or derived by or in connection with the platform, upon the Receiving Party's request to its platform provider and no later than the Final Disposition of this action.

(d) Any model, input, or output created, generated, stored, or derived by the Receiving Party or its platform provider through the use of Protected Material in or in connection with a Closed Gen AI platform shall be deemed Protected Material subject to Sections 1 and 6 of this Order and shall not be used for any purpose other than prosecuting or defending this litigation. The Receiving Party shall destroy all such material (including by affirmatively exercising its right to remove or delete all such material from the platform) and certify its destruction in accordance with Section 14 below.

7.3 Data Security of Protected Material. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.4 Pre-Trial Disclosure of "CONFIDENTIAL" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel;

(b) Insurance Representatives to whom disclosure is reasonably necessary for this Action, consistent with the restrictions set forth in Sections 2.13, 7.8, and 8, and who have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Receiving Party, or the officers, directors, and employees (including House Counsel) of the Receiving Party (if an entity) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(i) any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(j) the author or recipient of a document containing the Protected Material; and

(k) any custodian or other person who otherwise possessed or personally knew the information contained in the Protected Material;

(l) and other persons who may be specifically designated by written advance consent of the Party or pursuant to court order.

7.5 Any party producing or disclosing any PHI as defined herein will designate it "CONFIDENTIAL" under this Protective Order.

7.6 <u>Pre-Trial Disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL-AEO" Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL-AEO" only to:

(a) the Receiving Party's Outside Counsel;

(b) Up to five Designated House Counsel of a Party who have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(c) Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the Protected Material;

(i) during their depositions, 30(b)(6) witnesses of the Designating Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the material was produced by, originated with, or contains communications with or by the Party on whose behalf the witness is testifying;

(j) any custodian or other person who otherwise possessed or personally knew the information contained in the Protected Material.

7.7 This Protective Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Designating Party of its own information that it designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL-AEO."

7.8 Disclosure of Protected Material to Designated House Counsel or Insurance Representatives. Any Protected Material provided to Designated House Counsel or Insurance Representatives pursuant to Sections 7.4(b) or 7.6(b) above, shall be provided through a secure, third-party platform and access shall be limited to read-only. Each Designated House Counsel or Insurance Representative shall be provided their own access credentials, which they shall not share with anyone else.

**8. <u>CHALLENGES TO DESIGNATED HOUSE COUNSEL OR INSURANCE REPRESENTATIVES</u>**

8.1 Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, before disclosing any Protected Material designated as "CONFIDENTIAL" (in the case of Insurance Representatives) or "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL-AEO" (in the case of a Party's Designated House Counsel), a Party must submit in writing to the Designating Party a written statement that: (1) sets forth the full name of each Designated House Counsel or Insurance Representative and the city and state of his or her residence, and (2) (for Insurance Representatives only) states the Insurance Representative's job title and a brief explanation regarding the individual's need to know the Confidential Information, and (3) (for Designated House Counsel only) describes each Designated House Counsel's primary job duties and responsibilities in sufficient detail to determine if each Designated House Counsel is involved in Competitive Decision-Making. If at any time, a Party decides to replace a Designated House Counsel or Insurance Representative, the Party must submit a written statement regarding its proposed replacement Designated House Counsel or Insurance Representative pursuant to this paragraph and follow the procedures in Sections 8.2 and 8.3 below.

8.2 A Party may disclose Protected Material to its Designated House Counsel or to an Insurance Representative in accordance with the provisions of this Protective Order unless the Party

receives a written objection from a Designating Party within 10 days of receiving notice as described in Section 8.1. If the Party replaces any of its Designated House Counsel or Insurance Representatives pursuant to Section 8.1, the Party may disclose Protected Material in accordance with this Protective Order unless such Party receives a written objection from a Designating Party within 10 days of receiving the Party's written statement. Any objection must set forth in detail the grounds on which it is based.

8.3 If a Party receives a timely written objection, it must meet and confer with the Designating Party to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Designating Party will then have 7 additional days to comply with Magistrate Judge Krishnan's Standing Order or to file a motion with the Court objecting to the Designated House Counsel or Insurance Representative. The Party will not disclose any "CONFIDENTIAL" designated Protected Material to Insurance Representatives or "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL-AEO" designated Protected Material to the proffered Designated House Counsel pending resolution of the dispute.

**9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

9.1 If a Party or other person or entity authorized to receive Protected Material under Section 7 is served with a subpoena, motion to disclose, or court order in other litigation that compels disclosure of any Protected Material produced by another Party or Non-Party in this Action, that Receiving Party must:

(a) promptly notify in writing the Designating Party, including a copy of the subpoena, motion to disclose, or court order;

(b) promptly notify in writing the Party who caused the subpoena, motion, or order to issue in the other matter that some or all of the material covered by the subpoena or order

is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, including giving the Designating Party an opportunity to seek a protective order before producing any Protected Material and designating such production the same level of confidentiality under the governing protective order in the other litigation.

9.2 If the Designating Party seeks a protective order within a reasonable amount of time after receiving notice of the subpoena or court order from the Party served with the subpoena, motion, or court order, that Party shall not produce any Protected Material before a determination by the court from which the subpoena, motion, or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena, motion, or order does not in any way waive the protections this Protective Order provides against disclosure in any other matter, including this Action.

9.3 Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>**

10.1 Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Protective Order. The terms, remedies, and relief provided by this Protective Order are applicable to Protected Material produced by a Non-Party in this Action. Such Protected Material produced by Non-Parties in connection with this

Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party.

(b) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

10.3 If the Non-Party fails to object or seek a protective order from this Court within 28 days after receiving the notice and accompanying information, then the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any of the Non-Party's information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

11.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, or if the Receiving Party learns that the Protected Materials have been compromised to a security breach, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosure(s) or security breach;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

In addition, for security breaches, the Receiving Party must immediately investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the Designating Party in investigating any such security incident. In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

11.2 Nothing in these provisions limits or prohibits a Party or Non-Party from seeking any available legal or equitable remedies or relief for the unauthorized disclosure of its Protected Material, including but not limited to attorneys' fees and costs associated with enforcing its rights under this Protective Order.

## 12. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1 In the event a Producing Party discovers that it produced Protected Document(s) (for example, where a Receiving Party's Expert uses the document to support the Expert's

opinions, such as by citing it in an expert report or including it on a materials considered list), the Producing Party shall promptly provide written notice of the claim of privilege or protection to the Receiving Party (a "Clawback Notice") that sufficiently identifies the Protected Document(s) within 30 calendar days of such discovery. As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the Protected Document contains privileged or protected material, a new copy of the Protected Document utilizing the same bates number(s) as the original that has been redacted to protect the privileged or protected material; or (ii) if the entire Protected Document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the Protected Document has been withheld. Any Protected Material that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

12.2 Within ten (10) business days of receipt of a Clawback Notice (regardless of whether the Receiving Party agrees with the Producing Party's claim of privilege or protection), the Receiving Party must promptly return, sequester, or destroy the Protected Document(s) all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the Producing Party when this return, sequestration, and/or destruction is complete.

12.3 Within ten (10) business days of the issuance of a Clawback Notice, the Producing Party shall produce a privilege log with respect to the Clawed-Back Material, if and as required by the privilege- logging procedures agreed to by the Parties or ordered by the Court.

12.4 If a Receiving Party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the Receiving Party shall notify the Producing Party of its challenge within 14 business days of receiving the Clawback Notice. Within 14 business days

of the Producing Party receiving notification of the challenge, or a shorter time if the Parties agree that the exigencies of the case require it, or if ordered by the Court, the Parties shall meet and confer in an effort to resolve their disagreement. If the Parties are unable to resolve their disagreement, either Party may submit the issue to the Court for a determination. The Receiving Party must not use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the Receiving Party is challenging the Protected Document(s). Upon the Court's or the Receiving Party's request, the Producing Party shall submit the Protected Document(s) identified in the Clawback Notice to the Court for in camera review to assist the Court in resolving the Receiving Party's challenge.

12.5 In the event that a Receiving Party discovers that it has received or examined material that is or reasonably objectively appears to be subject to a claim of Privilege or Protection by a Producing Party ("Potentially Protected Material"), the Receiving Party promptly shall (i) sequester the material; and (ii) within 7 calendar days of such discovery, notify the Producing Party of the possible production or disclosure by identifying the bates range(s) of the material at issue (a "Production Notice"). Upon the Producing Party's receiving a Production Notice, the Producing Party shall have 14 calendar days to assert Privilege or Protection over the identified information and provide a Clawback Notice (thereby invoking the Clawback process set forth above in Paragraphs 12.1-12.4). If the Producing Party determines that the subject material is privileged or protected, the Receiving Party shall immediately return and/or destroy the Protected Document(s) and the Producing Party shall promptly provide any replacement images as described in Paragraph 12.1 above. If the Producing Party does not provide a Clawback Notice within the 14-day period, the information in question shall be deemed not to be Privileged or Protected. A Receiving Party's identification of material as Potentially Privileged Material shall be deemed made without prejudice

to, and fully preserving, any argument(s) they may assert with respect to any claim by the Producing Party that the material is Privileged or Protected.

12.6 If, during a deposition, a Producing Party claims that any Disclosure or Discovery Material being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the Producing Party shall state such claim on the record and may, in its sole discretion, do one or more of the following: (a) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or protection; (b) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (c) object to the use of the Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Document until the matter has been resolved by agreement or by the Court. In all events, once the Protected Document is no longer in use at the deposition, the Receiving Party shall immediately sequester all copies of the Protected Document until the Producing Party serves a Clawback Notice. As to any testimony subject to a claim of privilege or protection, the Producing Party shall serve a Clawback Notice within four business days after receipt of the final transcript of the deposition, after which the Parties shall follow the procedures set forth in Paragraphs 12.1-12.4, as applicable. Pending determination of the challenge to such a Clawback Notice, all Parties with access to the deposition transcript shall treat the relevant testimony in accordance with Paragraph 12.4. In the event the Court decides the clawback dispute in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision, without prejudice to the Parties' rights and remedies.

12.7 If a Receiving Party uses Disclosure or Discovery Materials in a brief or at a hearing, and the Producing Party has not served a Clawback Notice as to those Disclosure or Discovery Materials in advance of the briefing event or hearing, the Producing Party must serve a Clawback Notice within four business days of receipt of the briefing or the hearing. If the Producing Party serves a Clawback Notice, the procedures set forth in Paragraphs 12.1-12.4 apply. To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, the Receiving Party shall (a) withdraw the portion of the briefing and exhibits that contain the privileged or protected material, (b) request the court seal that material, or (c) join or not oppose a motion to seal the privileged or protected material.

12.8 Any disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

12.9 This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Specifically, the production or disclosure of any privileged or protected information, regardless of medium or manner in which it is presented (production, letter, written discovery), and whether inadvertent or otherwise, shall not be considered a waiver of that privilege or protection, including subject matter waiver, in this litigation or in any other federal or state proceeding. Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents. Instead, this Stipulated Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no Party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

12.10 Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**13. MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person or Party to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

13.3 Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested parties, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, unless otherwise permitted or ordered by the Court, and Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material. If a Court determines that certain Protected Material may not be filed under seal, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4 Use by the Producing Party. Nothing in this Order shall be deemed to restrict a Party's use of its own documents, testimony, or other information produced in this case, regardless of whether such documents, testimony, or information have been designated as Protected Material.

13.5 Prosecution Bar. Absent written consent from the Designating Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL (COMPETITOR)"

Protected Material must not be involved in (i) the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material to which access is received, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"); or (ii) litigation related to patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material to which access is received. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review). This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material is first received by the individual and ends two (2) years after final disposition of this Action has expired, as defined by Section 4.

13.6 No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

13.7 Prohibition on Use of Privileged Information. Subject to the requirements of Section 12.5, regarding Produced Protected Documents, to the extent any Party is aware that it has obtained Protected Documents, has received a Clawback Notice, or it is reasonably apparent that the Party has obtained, privileged or protected information through production, disclosure, or

communications, such Protected Documents and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action. The Party must immediately notify the opposing Party of its possession of such privileged information and certify the return or destruction of the Protected Documents and/or information.

13.8 Privilege Logs. The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs will be memorialized in a separate agreement. The Parties shall reach agreement on privilege log requirements, including format, date cutoffs, and categorical logging parameter, and shall submit an agreed upon or competing privilege log protocol to the Court.

13.9 Source Code. This Protective Order is not intended to, and does not, govern the confidential treatment of Defendants' Source Code. The Parties will meet and confer to address the production and/or inspection of source code and enter into a separate order governing the same if needed.

13.10 Export Control. Except to the extent permitted by law, no Protected Material designated "EXPORT CONTROL PROTECTED MATERIAL" may leave the territorial boundaries of the United States of America, be viewed outside the territorial limits of the United States of America, or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). At the time of production, a Disclosing Party will identify to the Receiving Party the Export Control Classification Numbers of the technical data contained in the Disclosing Party's "EXPORT CONTROL PROTECTED MATERIAL" productions to the best of its knowledge, and the Receiving Party must ensure that it complies with all applicable export control regulations.

13.11 Modifications. To promote judicial and discovery efficiencies, any non-material term herein (e.g., time periods) may be adjusted by agreement of the involved parties, where confirmed in writing, and without further order of the Court.

## 14. FINAL DISPOSITION

14.1 Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material and provide written confirmation of destruction.

14.2 Notwithstanding the foregoing, any Receiving Party that is an insurance company with a potential coverage obligation with respect to this Action, or a Defendant that is pursuing insurance coverage for this Action, shall be permitted to retain copies of Protected Material subject to all requirements of this Protective Order and solely to the extent such retention is necessary to comply with applicable law and its regulatory and contractual obligations or to pursue insurance coverage from its insurer; and such insurance company and Defendant shall return or destroy such Protected Material within 60 days of the end of the above-stated reasons or obligations to retain the Protected Material.

14.3 As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must promptly thereafter submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all of the Protected Material that was returned or destroyed and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, a Party's own client records, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15. STANDARD PROTECTIVE ORDER**

This Order supersedes any applicable standard protective order or pre-suit confidentiality agreement, and as of the date of this Order, this Order governs the treatment of Protected Material produced in this action, including Protected Material produced when the standard protective order or pre-suit confidentiality agreement was in effect in this action.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: ______, 2026

By: ______________________________
[Signature blocks of counsel]

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: ______, 2026

By: ______________________________
AJAY S. KRISHNAN
United States Magistrate Judge

## ATTESTATION

I, __________________, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document

Dated: April ___, 2026

By: */s/* ___________________________________
[insert]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | )<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 3166<br><br>Case No. 25-md-03166-RS<br><br>Honorable Richard Seeborg |

## EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print/type full name], of [print/type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case In re: Roblox Corp. Child Sexual Exploitation and Assault Litig., No. 25-md-03166-RS (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Protective Order and any updates made thereto, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: ______________________________________________

City and State where sworn and signed: ________________________

Signature: ___________________________________________

Printed name: ________________________________________