**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br>This document relates to:<br>ALL ACTIONS | MDL No. 3166<br>Case No. 3:25-md-03166-RS<br>**JOINT CASE MANAGEMENT STATEMENT** |

The Parties to these actions submit this Joint Case Management Statement in connection with the Case Management Conference scheduled for November 16, 2026, at 10:00 a.m. PST.

## I. PROPOSED AGENDA

A. MDL Case Filings – Anticipated Cases to be Filed in the MDL

B. Anticipated Motion to Amend Guardian *Ad Litem* Orders

C. Joint Platform

D. Protective Order

E. ESI Preservation Update

F. Bellwether Motions to Compel Arbitration

G. Next Steps in the Litigation Following Resolution of the Motions to Compel Arbitration

H. Next Case Management Conference

## II. STATUS OF CASE FILINGS

### A. Number of MDL Case Filings

As of November 9, 2026, there are approximately 193 cases pending in this MDL, with 31 cases filed since the last Case Management Conference on August 24, 2026. The chart below details the number of cases in the MDL involving each Defendant.[1]

| Defendant | Number of Cases Involving Defendant |
|---|---|
| Roblox | 193 |
| Discord | 71 |
| Snap | 41 |
| Meta | 8 |

Plaintiffs anticipate that many cases will be filed after the MDL reaches certain milestones, such as the Court's rulings on Motions to Compel Arbitration and Motions to Dismiss Under Rule 12(b)(6). Further, most states have laws that toll minors' statutes of limitations until they reach the age of majority, providing minor survivors additional time to file their claims. In addition to these considerations, Plaintiffs' counsel on MDL leadership have many clients whose claims will become

[1] Since the last Case Management Conference, seven cases have been voluntarily dismissed: six without prejudice (ECF Nos. 438, 492-496), and one with prejudice (ECF No. 477). In addition, there remain three cases in which the Court has granted motions to withdraw (ECF Nos. 406-408), and no new counsel has appeared. Defendants request that the Court issue orders to show cause why these cases should not be dismissed. Two of those cases (25-CV-10813, 25-CV-8076) involve claims brought on behalf of minors who cannot be represented by their parents *pro se*. *See Johns v. City of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *Grizzell v. San Elijo Elementary School*, 110 F. 4th 1177, 1181 (same). The Court recently terminated another case where counsel had withdrawn, and the Court ordered Plaintiff "to file a statement that she intends to represent herself, or new counsel must appear," by October 15, 2026, but Plaintiff did not file anything. *See* ECF No. 439.

part of this MDL at a later date because many of these children and their families are currently undergoing the process of reporting to law enforcement and cooperating with law enforcement investigation, and counsel is cognizant of the toll that this takes on the minor survivor.

Defendants note that, without account identifiers for these putative, potential future plaintiffs, they are unable to apply account preservations and delay in filing these suits could result in data loss. Plaintiffs will confer with Defendants concerning what information exchange may be appropriate.

### B. Status of JCCP

Approximately 37 cases have been coordinated or are pending coordination in the JCCP in the Los Angeles County Superior Court. On September 23, 2026, Judge Lawrence P. Riff was assigned to the proceeding, and on October 6, 2026, a plaintiff's counsel exercised a peremptory challenge under California Code of Civil Procedure § 170.6. On October 29, 2026, the case was reassigned to Judge William F. Highberger.

### C. Other Cases

Defendants have provided a current list of civil actions arising from allegations of child sexual assault, abuse, and exploitation on their platforms in which they are named as a defendant, attached as Exhibit A.

## III. ANTICIPATED MOTION TO AMEND GUARDIAN A*D LITEM* ORDERS

*Plaintiffs' Position*: Plaintiffs seek to amend the Court's Guardian Ad Litem Orders, ECF Nos. 162, 213, 268, and 273, to make explicit that the appointment of a guardian ad litem vests the guardian with the authority to manage and control the minor's litigation, subject to Court supervision. The need for this amendment arises from arguments by Defendants Roblox and Discord in their Motions to Compel Arbitration that minor plaintiffs have purportedly entered arbitration agreements with Defendants even *after* minor plaintiffs filed suit in this litigation. The Court appointed

*Guardians Ad Litem* because minors are not competent to make legal decisions, *see* ECF No. 250 ("Consolidated Order for Appointment of Guardian *Ad Litem*). Plaintiffs therefore request that the Court rule that no Defendant may enter into an agreement with a minor Plaintiff concerning any aspect of this litigation without the consent of their Guardian *Ad Litem* and the Court's approval.

Plaintiffs provided Defendants with a draft stipulation and proposed order to amend the Guardian *Ad Litem* Order and conferred with Defendants. No Defendant has agreed to join the stipulation, and thus Plaintiffs will move for relief. The parties will discuss a briefing schedule for Plaintiffs' anticipated motion, which Plaintiffs will notice for a hearing on January 13, to coincide with the hearing on Defendants' motions to compel arbitration.

*Defendants' Position*: Plaintiffs' position would extend Guardian *Ad Litem* authority well beyond its bounds. A Guardian *Ad Litem*'s role is to represent the minor in this litigation. The appointment does not strip the minor of capacity to enter ordinary agreements outside it, including the terms that govern continued use of an online service. Defendants agree that a motion would be appropriate to allow the parties to brief the issue and present relevant authorities.

## IV. JOINT PLATFORM

The Parties have agreed on Rubris as a joint platform for the exchange of information throughout this MDL.

## V. PROTECTIVE ORDER

On October 28, 2026, Magistrate Judge Krishnan held a hearing concerning the Parties' competing proposed Protective Orders governing discovery in this MDL. *See* ECF No. 474 (Joint Letter Brief Regarding Proposed Protective Order). Judge Krishnan resolved the remaining disputes and instructed the Parties to revise the Protective Order consistent with his rulings. The Parties are

working together to implement Judge Krishnan's rulings and will submit a revised Protective Order for Judge Krishnan's consideration.

## VI. ESI PRESERVATION UPDATE

The Parties have continued ESI-preservation discussions consistent with this District's E-Discovery Guidelines. Plaintiffs and Roblox have met four times and expect those discussions to continue. Plaintiffs and Discord have met twice and expect to hold a follow-up meeting in the coming weeks to address outstanding questions. Meta and Snap have provided Plaintiffs with Rule 30(b)(6) deposition transcripts and exhibits concerning ESI from the Social Media Addiction MDL. Plaintiffs are reviewing those materials and will determine whether they believe that additional preservation-related information is needed and, if so, will meet and confer with Meta and Snap concerning those additional requests.

## VII. BELLWETHER MOTIONS TO COMPEL ARBITRATION

*Defendants Roblox and Discord's Position*: As scheduled, Roblox and Discord filed their omnibus bellwether motions to compel arbitration on September 22, 2026 (ECF Nos. 442–461) and Plaintiffs filed their responses in opposition on October 27, 2026 (ECF No. 479). Plaintiffs' response raises two issues about which the parties seek guidance from the Court.

First, Plaintiffs' response included a purported expert declaration from Justin M. Seitz, an ostensible expert in informational technology. ECF No. 479-14. Mr. Seitz's declaration provides certain opinions regarding the alleged reliability of data produced pursuant to the User Account Information Order. *Id.* ¶ 32. Defendant Roblox reserves its right to challenge the propriety and admissibility of these opinions and intends to seek guidance from the Court regarding the Court's preference for how such objections should be raised.

Second, Discord respectfully asks the Court, under its April 27, 2026 Order (ECF No. 317),

to allow Discord to select and brief a replacement pilot for *John Doe A.W. v. Roblox Corporation, et al.*, Case No. 3:25-cv-10982, which Plaintiff voluntarily dismissed after Defendants' omnibus motions were filed. Roblox may do the same.

The Court ordered a balanced Pilot Case process to "streamline motion practice" across this MDL: four Pilot Cases selected by Defendants and four by Plaintiffs, for "up to eight total Pilot Cases." ECF No. 317 at 2–3. "To improve the changes that the collection of Pilot Cases will provide guidance to the Parties on a broad set of other cases in this MDL," the Order permitted each Defendant to "substitute one selection" after the complaints were amended. *Id.* at 3. On August 26, 2026, Roblox and Discord selected *A.W.* as a substitute Pilot Case.

On September 22, 2026, Defendants filed omnibus motions to compel arbitration in the Pilot Cases, including *A.W.* ECF Nos. 442, 444. On October 23, 2026, four days before Plaintiffs' opposition was due and without notice to Defendants, A.W. dismissed his complaint. The dismissal came after the substitution window had closed. It reduced Defendants' selections while leaving Plaintiffs' intact, leaving the Court to decide fewer representative issues, and in a less representative combination, than the Order contemplated. The Court foresaw this problem. The Order provides that "[s]hould events render the Pilot Cases non-representative or otherwise undermine the purpose of the Pilot Cases selection process (*for example, the voluntary dismissal of a Pilot Case*), the Parties agree to meet and confer to attempt to resolve the issue, and to promptly raise any dispute with the Court, with the goal of preserving the current case schedule, wherever possible." ECF No. 317 at 3 (emphasis added).

Roblox intends to meet and confer with Plaintiffs and provide its position on requested relief in short order. Discord is meeting and conferring with Plaintiffs, but the parties have not reached a resolution. To preserve the schedule, Discord proposes: (1) Discord will identify a replacement Pilot

Case within 2 days of the Case Management Conference; (2) Discord will file a supplemental brief of no more than 12 pages within 5 days of identifying the replacement Pilot Case; (3) Plaintiffs will respond with a brief of no more than 6 pages within 14 days and Discord will reply with a brief of no more than 6 pages within 14 days; and (4) the replacement case will be heard with the existing Pilot Cases, or on the next available date, without changing any other deadline.

Discord is willing to meet and confer on a schedule should the Court permit a replacement. That schedule will, however, necessarily be abbreviated, as Plaintiffs dismissed the Pilot Case just four days before the deadline for Defendants' oppositions, and the Court's Order expresses a strong preference to avoid disruptions to the case schedule. Plaintiffs' concerns about expert evidence lack merit, as Plaintiffs have provided no expert testimony in connection with the Pilot Case motions for Discord. So, too, their concerns about analyzing data are overstated: The vast majority of the data is irrelevant to motions to compel arbitration, and Plaintiffs are by now familiar with how to isolate the data that is relevant.

*Plaintiffs' Position*: Plaintiff A.W. dismissed his complaint with prejudice. Defendants have not identified any way in which this dismissal "render[s] the Pilot Cases non-representative or otherwise undermine[s] the purpose of the Pilot Cases selection process." ECF No. 317 at 3. Plaintiffs are not aware of any unique fact or legal issues raised by the motions to compel arbitration of A.W.'s case that are not already presented by the remaining bellwethers. The substitution schedule proposed by Discord is also unworkable. Discord suggests that Plaintiffs do not need time to evaluate Discord's data. Putting aside that Roblox has not yet decided whether it wants to partake in any substitution process, Discord's position ignores that responding to a motion to compel in these cases requires processing and analyzing the voluminous and complex data Defendants provide for each case, often with an expert (as illustrated in the Seitz Declaration), and working closely with the new minor

plaintiff, his or her GAL, and their counsel. This process is time-consuming and laborious. Plaintiffs would also need time to amend the complaint. Because Defendants have not identified any need for a substitution, nor proposed a workable schedule to include one, the Court should proceed to decide the bellwether motions concerning the seven remaining bellwethers.

## VIII. NEXT STEPS IN THE LITIGATION FOLLOWING RESOLUTION OF THE MOTIONS TO COMPEL ARBITRATION

The Court ordered that the bellwether selection process for Defendants' Motions to Dismiss will begin immediately after the Court issues an order on the Motions to Compel. *See* ECF No. 269 at 2. The Parties will meet and confer regarding the bellwether selection process and the scope of Defendants' Motions to Dismiss, which may call for adjustment of the schedule to streamline the process further. Plaintiffs welcome any further guidance the Court wishes to provide concerning the process for continuing efficiently to move the litigation forward to the merits.

Upon resolution of the Motions to Compel, Plaintiffs also anticipate seeking to open discovery. In keeping with prior guidance from the Court, Plaintiffs will direct that request to Judge Krishnan, unless this Court instructs otherwise.

Defendants believe this request is premature, as there may be appeals of the Motions to Compel and accompanying stays in this Court, and because discovery should remain closed until after resolution of Defendants' Motions to Dismiss. Should the Court wish to entertain arguments on this point, Defendants request an opportunity for briefing, including to incorporate the reasons discovery should remain closed, as explained in prior CMC statements. ECF Nos. 111 at 15-16, 179 at 4-8, 300 at 10-12.

## IX. NEXT CASE MANAGEMENT CONFERENCE

*Plaintiffs' Position*: Plaintiffs respectfully request that the Court set the next Case

Management Conference directly after the Motion to Compel Arbitration Hearing on January 13, 2027. If the Court is not amenable to this request, Plaintiffs request that the next Case Management Conference not be tied to the resolution of the Bellwether Motions to Compel Arbitration, and that the next Conference be set approximately two months from November 16, 2026.

*Defendants' Position*: Defendants respectfully request that the Court set the next Case Management Conference on a date shortly after the Court has decided the Bellwether Motions to Compel Arbitration, as the outcomes of those motions will impact topics for the conference.

November 9, 2026

Respectfully submitted,

*/s/ Sarah R. London*
SARAH R. LONDON
ANDREW R. KAUFMAN
ISABEL VELEZ
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com
akaufman@girardsharp.com

ALEXANDRA M. WALSH
D. PATRICK HUYETT
PAIGE BOLDT
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Ste. 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
awalsh@anapolweiss.com
phuyett@anapolweiss.com
pboldt@anapolweiss.com

BRYAN F. AYLSTOCK
HILLARY NAPPI
JENNIFER HOEKSTRA
**AYLSTOCK WITKIN KREIS**

**OVERHOLTZ, PLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Telephone: (850) 202-1010
BAylstock@awkolaw.com
HNappi@awk-saa.com
JHoekstra@awkolaw.com

*Co-Lead Counsel for Plaintiffs*

*/s/ Tiana Demas*
Tiana Demas (*pro hac vice*)

TIANA DEMAS (*pro hac vice*)
**COOLEY LLP**
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
tdemas@cooley.com

MAX A. BERNSTEIN
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 293-2000
mbernstein@cooley.com

*Attorneys for Defendant Roblox Corporation*

*/s/ Ambika Kumar*
Ambika Kumar (*pro hac vice*)

AMBIKA KUMAR (pro hac vice)
XIANG LI
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 622-3100
ambikakumar@dwt.com
xiangli@dwt.com

ADAM S. SIEFF
**DAVIS WRIGHT TREMAINE LLP**
350 South Grand Avenue, 27th Floor

Los Angeles, California 90071
Telephone: (213) 633-6800
adamsieff@dwt.com

SARAH E. BURNS
SAM F. CATE-GUMPERT
**DAVIS WRIGHT TREMAINE LLP**
50 California Street, Suite 2300
San Francisco, California 94111
Telephone: (415) 276-6500
sarahburns@dwt.com
samcategumpert@dwt.com

*Attorneys for Defendant Discord Inc.*

*/s/ Leah Godesky*
Leah Godesky

LEAH GODESKY
HEATHER WELLES
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 246-8501
lgodesky@omm.com
hwelles@omm.com

*Attorneys for Defendant Snap Inc.*

*/s/ Isaac Chaput*
Isaac Chaput

ISAAC CHAPUT
**COVINGTON & BURLING LLP**
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-7053
ichaput@cov.com

MEGAN RODGERS
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306

Telephone: (650) 632-2112
mrodgers@cov.com

ASHLEY SIMONSEN
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067
Telephone: (424) 332-4800
asimonsen@cov.com

*Attorneys for Meta Platforms, Inc.*