**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>This document relates to:<br><br>*All cases* | MDL No. 3166<br>Case No. 3:25-md-03166-RS (ASK)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND GUARDIAN AD LITEM ORDERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 13, 2027<br>Time: 9:30 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. Richard Seeborg |

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 13, 2027, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12 of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Richard Seeborg, Plaintiffs will, and hereby do, move this Court for entry of an Order, pursuant to Federal Rule of Civil Procedure 17, amending the Court's Orders Regarding Appointments of Guardians Ad Litem, Dkt. Nos. 162, 213, 268, and 273, to make explicit that Defendants may not obtain an agreement to compromise or surrender rights in pending litigation from a minor without their guardian's participation.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Proposed Order, the pleadings and records on file in this action, and upon any additional evidence and argument that may be presented before or at the hearing of this motion.

# TABLE OF CONTENTS

**Page**

ISSUE TO BE DECIDED .......... 1
INTRODUCTION .......... 1
BACKGROUND .......... 1
LEGAL STANDARD .......... 2
ARGUMENT .......... 3
CONCLUSION .......... 6

# TABLE OF AUTHORITIES


Cases — Page(s)

*Blair v. Rent-A-Ctr., Inc.*,
928 F.3d 819 (9th Cir. 2019) .......... 5

*Brown v. Alexander,*
2015 WL 7350183 (N.D. Cal. Nov. 20, 2015) .......... 2

*Chui v. Chui*,
291 Cal. Rptr. 3d 213 (Cal. Ct. App. 2022) .......... 3

*D.G. v. Superior Court*,
100 Cal. App. 3d 535 (1979) .......... 3

*Dacanay v. Mendoza*,
573 F.2d 1075 (9th Cir. 1978) .......... 2, 3

*Davis v. Walker*,
745 F.3d 1303 (9th Cir. 2014) .......... 2

*Dean v. Holiday Inns, Inc.*,
860 F.2d 670 (6th Cir. 1988) .......... 3

*Doe v. Roblox*,
No. A-26-944838-C (Nev. Dist. Ct. Nov. 10, 2026) .......... 4, 5

*Est. of Escobedo v. City of Redwood City*,
2006 WL 571354 (N.D. Cal. Mar. 2, 2006) .......... 3, 4

*Gaddis v. United States*,
381 F.3d 444 (5th Cir. 2004) .......... 2, 5

*Roberts v. Ohio Cas. Ins. Co.*,
256 F.2d 35 (5th Cir. 1958) .......... 4

*Salmeron v. United States*,
724 F.2d 1357 (9th Cir. 1983) .......... 3

*Sam M. ex rel. Elliott v. Carcieri*,
608 F.3d 77 (1st Cir. 2010) .......... 2

*Smith v. Org. of Foster Fams. For Equal. & Reform*,
431 U.S. 816 (1977) .......... 3, 4

*United States v. 30.64 Acres of Land, More or Less*,
795 F.2d 796 (9th Cir. 1986) .......... 2, 3

<u>Statutes</u>

9 U.S.C. § 2 ..... 5

<u>Rules</u>

Fed. R. Civ. P. 17(c) ..... 2

## MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUE TO BE DECIDED

Whether the Court should amend its prior Orders Regarding Appointments of Guardians Ad Litem, Dkt. Nos. 162, 213, 268, and 273, to make explicit that Defendants may not obtain an agreement to compromise or surrender rights in pending litigation from a minor without their guardian's participation.

## INTRODUCTION

Roblox and Discord are exploiting the very vulnerability this Court's guardian-ad-litem orders were designed to prevent. The law presumes that minors are not competent to make legal decisions. For this reason, courts appoint representatives to make legal decisions for minors subject to judicial oversight. When this Court appointed a guardian for each minor Plaintiff, its orders of appointment did not state the obvious: *the guardian*, not the minor, controls the litigation. There was no need to do so. The appointment would be meaningless if a party could bypass the guardian and deal with minors directly, particularly in ways that threaten to compromise or surrender their suit in federal court.

Yet now there is the need to make this point explicit. Otherwise, Roblox and Discord will continue to bypass the court-appointed guardians by presenting minor Plaintiffs with agreements that purport to surrender their federal suits when those minors return to the platforms to play a game or talk to a friend. The Court should not permit Defendants to take advantage of the happenstance of child's play and do indirectly what they could never do directly: seek to compromise this litigation without the knowledge or consent of the guardians and without this Court's approval.

Having appointed guardians ad litem because minors are not competent to make legal decisions, *see* Dkt. No. 250, the Court should reaffirm that no party may enter into an agreement with a minor Plaintiff concerning any aspect of this litigation without the consent of the appointed representative and the consent of this Court.

## BACKGROUND

The Court has entered orders governing the appointment of guardians ad litem for minor Plaintiffs, Dkt. Nos. 162, 213, 268, and 273, and has appointed guardians ad litem pursuant to those

procedures, Dkt. No. 250. Discord and Roblox have nevertheless argued that they can enter into arbitration agreements with the minor Plaintiffs that affect pending claims without approval from guardians ad litem or the Court. *See* Discord's Omnibus Mot. to Compel Arbitration ("Discord Mot.") 34–35, Dkt. No. 442; Roblox's Omnibus Motion to Compel Arbitration ("Roblox Mot.") 26–27, Dkt. No. 452.

**LEGAL STANDARD**

Rule 17(c) of the Federal Rules of Civil Procedure governs a minor's access to federal court. It directs that a minor may sue in federal court through a duly appointed representative, which includes a general guardian, committee, conservator, or like fiduciary. Fed. R. Civ. P. 17(c)(1). If, however, a minor lacks a general guardian or a duly appointed representative, Rule 17(c)(2) directs the court to appoint a legal guardian or next friend. Fed. R. Civ. P. 17(c)(2); *see Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014); *Sam M. ex rel. Elliott v. Carcieri*, 608 F.3d 77, 85 (1st Cir. 2010). Rule 17(c) also requires a district court to "take whatever measures it deems proper to protect an incompetent person during litigation." *Davis*, 745 F.3d at 1311 (quoting *United States v. 30.64 Acres of Land, More or Less*, 795 F.2d 796, 805 (9th Cir. 1986)); *see also* Fed. R. Civ. P. 17(c)(2) (empowering courts to "issue another appropriate order . . . to protect a minor"). A court's "power to appoint guardians *ad litem*" and "as Rule 17(c) expressly directs, to 'make such other order as it deems proper for the protection of the infant or incompetent person,'" serve to "ensure that the minor has proper access to the federal judicial system . . . ." *Gaddis v. United States*, 381 F.3d 444, 453–54 (5th Cir. 2004) (en banc) (quoting Fed. R. Civ. P. 17(c), amended non-substantively in 2007, *see* Fed. R. Civ. P. 17(c) advisory committee's notes to 2007 amendment). Even when a court delegates authority to a guardian ad litem, the court retains ultimate responsibility to protect the minor's interests. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978) ("While the infant sues or is defended by a guardian ad litem or next friend, every step in the proceeding occurs under the aegis of the court."); *Brown v. Alexander,* 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015) (Seeborg, J.).

## ARGUMENT

Minor Plaintiffs cannot control litigation or compromise their suits without the involvement of their guardians ad litem and the Court. Yet Discord and Roblox contend that they can contract directly with minor Plaintiffs to eliminate their access to the federal judicial system for pending claims. The Court should issue an order under Rule 17(c)(2) shielding minor Plaintiffs from end-runs around their guardians and this Court.

As a general principle, children "lack the capacity to make" litigation-related decisions. *Smith v. Org. of Foster Fams. For Equal. & Reform*, 431 U.S. 816, 841 n.44 (1977); *see also* Dkt. No. 162 at 1 (a minor is "without the capacity to sue in California"). Therefore, "[i]t has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Courts may delegate some of that authority by appointing a guardian ad litem. *See Dacanay*, 573 F.2d at 1079 (citations omitted) ("It is an ancient precept of Anglo-American jurisprudence that infant and other incompetent parties are wards of [the] court . . . . The guardian ad litem is but an officer of the court."); *D.G. v. Superior Court*, 100 Cal. App. 3d 535, 544 (1979) ("In effect the court is the guardian, and the person named as guardian ad litem is an officer of the court appointing him and is the agent of the court.") (citation omitted); *Chui v. Chui*, 291 Cal. Rptr. 3d 213, 232 (Cal. Ct. App. 2022), *as modified on denial of reh'g* (Mar. 28, 2022) (similar). The appointment, by its nature, vests the guardian with "complete control . . . to direct, manage and control litigation subject to judicial oversight . . . ." *Est. of Escobedo v. City of Redwood City*, 2006 WL 571354, at *9 (N.D. Cal. Mar. 2, 2006). The court's oversight "works as a further safeguard to protect the minor and makes sure any compromise is fair to the minor and in his or her best interest." *Id.* (citing in part *30.64 Acres of Land*, 795 F.2d at 804, 805).

This Court has already acted to safeguard the interests of minor Plaintiffs by ordering the appointment under Rule 17(c) of a "representative authorized to represent the minor's interest in this case[.]" Dkt. No. 162 at 2, 4; *see also* Dkt. No. 250. Accordingly, any agreements affecting minor Plaintiffs' rights in this case require approval from their guardians and this Court. *See Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988) ("[T]he general rule hold[s] that settlement of a minor's

claim *or agreements or waivers affecting a minor's rights or interests* are always subject to approval or amendment by the court with jurisdiction to pass on such agreements or actions.") (emphasis added) (citing additional cases). Despite this, Discord and Roblox contend that they can present agreements compromising minor Plaintiffs' access to the federal judicial system directly to these children, and that these children can decide to surrender their right to a federal forum without the involvement of a guardian or the supervision of the Court. Discord Mot. at 34–35; Roblox Mot. at 26–27.[1] Defendants are wrong. They were required to get sign-off from minor Plaintiffs' guardians and this Court. *See Escobedo*, 2006 WL 571354, at *9 ("a minor's contrary wishes can not veto a guardian's decision").

Discord, for its part, appears to concede the invalidity of any "agreements" that postdate the appointment of a Plaintiff's guardian, when it focuses on the fact that one minor Plaintiff purportedly entered into agreements after filing suit but before her guardian ad litem was appointed. Discord Mot. at 35–36 n.32 (distinguishing P.C.).[2] That is a distinction without a difference. Children lack the capacity to make litigation-related decisions on their own *regardless* of whether they are represented by a guardian ad litem. *See Smith*, 431 U.S. at 841 n.44. And minor Plaintiffs are protected by the Court *regardless* of whether or when a guardian ad litem is appointed. *See Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958). Therefore, the same protections Discord acknowledges exist after the appointment of a guardian ad litem necessarily exist from the outset of the case. These protections prevent Defendants from entering agreements directly with minor Plaintiffs, without regard to the timing of a guardian ad litem appointment.

A court applying Nevada law has recently rejected Roblox's attempt to circumvent an appointed guardian and force a minor child's claims into arbitration because "once litigation is commenced on a minor's behalf," the "minor cannot, without the representative's participation, surrender or redirect rights in the pending action." *Doe v. Roblox*, No. A-26-944838-C (Nev. Dist. Ct.

[1] Defendants cannot evade the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act through post-filing clicks, and enforcing any such post-filing agreement would be unconscionable. *See* Pls.' Omnibus Opp. to Defs.' Mots. to Compel Arbitration, Dkt. No. 479. Plaintiffs do not repeat those arguments here.

[2] Discord also makes the same argument as to A.W., who has since voluntarily dismissed their claim. Dkt. No. 477.

Nov. 10, 2026) (Order Denying Defendant Roblox Corporation's Motion to Compel Arbitration and Stay Proceedings). The ruling was founded on principles "governing who may initiate and maintain litigation on a minor's behalf." *Id.* These are grounds that exist "at law or in equity for the revocation of any contract," and are not arbitration-specific. *Id.* (quoting 9 U.S.C. § 2). Therefore, the denial of Roblox's request to arbitrate did not implicate the Federal Arbitration Act (FAA). *Id.* Similarly, minor Plaintiffs' proposal in this case is based on principles that apply equally to arbitration agreements and to any other agreement that affects a minor's pending claims. Consequently, it also would not be preempted by the FAA. *See Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 825 (9th Cir. 2019).

Given Discord and Roblox's troubling position that they can contract directly with minors about this litigation even if a guardian has been appointed, and Discord's equally troubling contention that it can circumvent the Court's protections by inducing minor Plaintiffs to enter litigation-ending agreements regarding their pending claims before the appointment of a guardian ad litem, Plaintiffs must now ask the Court to amend its prior Orders to make explicit that minors have been protected from the initiation of their federal lawsuits:

> To protect the interests of all individual Plaintiffs who are minors, the Court's guardian-ad-litem procedures (at Dkt. Nos. 162, 213, 268, and 273) have applied and will continue to apply to all aspects of the litigation, and any party wishing to enter an agreement with a minor Plaintiff concerning some aspect of the litigation—including, but not limited to, the compromise, surrender, or settlement of any claims in this forum—must obtain the agreement of a guardian ad litem and the consent of the Court.

Proposed Order ¶ 1. Such an order protecting minors from being presented with litigation-ending agreements at any time during the pendency of their suit "is important not only to ensure that the minor's rights and interests are fully protected . . ., but also to ensure that the minor has proper access to the federal judicial system at all." *Gaddis*, 381 F.3d at 453–54.

## CONCLUSION

For these reasons, the Court should amend its prior Orders Regarding Appointments of Guardians Ad Litem, Dkt. Nos. 162, 213, 268, and 273, to preclude Defendants from obtaining an agreement to compromise or surrender rights in pending litigation from a minor without their guardian's participation.

Dated: November 17, 2026

Respectfully submitted,

By: /s/ *Sarah R. London*
Sarah R. London (SBN 267083)
Andrew R. Kaufman (*pro hac vice*)
Isabel Velez (SBN 359574)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com
akaufman@girardsharp.com
ivelez@girardsharp.com

By: /s/ *Alexandra M. Walsh*
Alexandra M. Walsh (*pro hac vice forthcoming*)
D. Patrick Huyett (*pro hac vice forthcoming*)
Paige Boldt (SBN 308772)
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 608-9645
awalsh@anapolweiss.com
phuyett@anapolweiss.com
pboldt@anapolweiss.com

By: /s/ *Bryan F. Aylstock*
Bryan F. Aylstock (*pro hac vice*)
Hillary Nappi (*pro hac vice*)
Jennifer Hoekstra (*pro hac vice forthcoming*)
**AYLSTOCK WITKIN KREIS OVERHOLTZ, PLC**
17 East Main Street, Suite 200

Pensacola, Florida 32502
Telephone: (850) 202-1010
BAylstock@awkolaw.com
HNappi@awk-saa.com
JHoekstra@awkolaw.com

*Co-Lead Counsel for Plaintiffs*

Joe Masterman (*pro hac vice*)
**COOPER MASTERMAN, PLLC**
1717 Pennsylvania Ave, NW
Washington, DC 20006
Tel: (202) 866-0171
joe@coopermasterman.com

Andre M. Mura (SBN 298541)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel: 510-350-9717
amm@classlawgroup.com

*Co-Chairs of Law and Briefing*
(with Andrew Kaufman of Girard Sharp)

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: November 17, 2026

By: */s/ Andre Mura*
Andre Mura