Alexandra M. Walsh
**ANAPOL WEISS**
14 Ridge Square, NW, 3rd Floor
Washington, DC 20016
Telephone: (771) 224-8065
Fax: (215) 735-2211
awalsh@anapolweiss.com

Sarah London
**GIRARD SHARP LLP**
601 California St #1400
San Francisco, CA 94108
Telephone: (866) 981-4800
Fax: (415) 981-4800
slondon@girardsharp.com

Bryan Aylstock
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Telephone: (850) 202-1010
Fax: (850) 916-7449
baylstock@awkolaw.com

Lead Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION AND ASSAULT LITIGATION<br><br>This document relates to:<br><br>*All cases* | MDL No. 3166<br>Case No. 3:25-md-03166-RS (ASK)<br><br>**DECLARATION OF ANDRE MURA IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND GUARDIAN AD LITEM ORDERS**<br><br>District Judge: Hon. Richard Seeborg<br>Magistrate Judge: Ajay S. Krishnan |

I, Andre Mura, declare as follows:

1. I am a partner at Gibbs Mura LLP, a member in good standing of the Bar of California, and admitted in this Court. In this matter, I was appointed to Plaintiffs' Executive Committee, and I also serve as co-chair of Law and Briefing.

2. I submit this declaration in support of Plaintiffs' Motion to Amend Guardian Ad Litem Orders.

3. Attached as **Exhibit 1** is a true and correct copy of the Order Denying Defendant Roblox Corporation's Motion to Compel Arbitration and Stay Proceedings in *Doe. v. Roblox*, No. A-26-944838-C (Nev. Dist. Ct. Nov. 10, 2026).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of November, 2026.

*<u>/s/ Andre Mura</u>*
Andre Mura (SBN 298541)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel: 510-350-9717
amm@classlawgroup.com

# EXHIBIT 1

Electronically Filed
11/10/2026 1:48 PM
TIMOTHY F. ANDREWS
CLERK OF THE COURT

WEINBERG WHEELER HUDGINS GUNN & DIAL

**ODM**

D. Lee Roberts, Jr., Esq.
Nevada Bar No. 8877
lroberts@wwhgd.com
Rosemary Missisian, Esq.
Nevada Bar No. 8575
rmissisian@wwhgd.com
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 938-3864

Tor A. Hoerman, Esq.
Bar No.: 6229439 (IL); 61566 (MO)
*Pro Hac Vice*
Tor@thlawyer.com
Steven D. Davis, Esq.
Bar No.: 6281263 (IL); 56281 (MO); 249633 (CA)
*Pro Hac Vice*
Sdavis@thlawyer.com
Kenneth J. Brennan, Esq.
Bar No.: 6239037 (IL); 47523 (MO)
*Pro Hac Vice*
Kbrennan@thlawyer.com
TORHOERMAN LAW LLC
210 S. Main Street
Edwardsville, IL 62025
618-656-4400

Jacob W. Plattenberger, Esq.
Bar No.: 6297431 (IL)
*Pro Hac Vice*
Jake@thlawyer.com
227 West Monroe, Suite 2650
Chicago, IL 60606

*Attorney for Plaintiff John Doe*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JOHN DOE, a minor, by and through JANE DOE, Parent of JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>ROBLOX CORPORATION,<br><br>Defendant. | Case No.: A-26-944838-C<br>Dept. No.: 20<br><br>**ORDER DENYING DEFENDANT ROBLOX CORPORATION'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date of Hearing: September 30, 2026<br>Time of Hearing: 3:00 pm |

WEINBERG WHEELER HUDGINS GUNN & DIAL

Defendant Roblox Corporation's ("Roblox") Motion to Compel Arbitration and Stay Proceedings (the "Motion") came on for hearing on September 30, 2026. The Court has considered the papers, the arguments of counsel, and the in-court testimony of Jane Doe. The Court announced its ruling from the bench. For the reasons stated below and on the record during the September 30, 2026, hearings, incorporated by reference herein, the Motion is DENIED.

## I. BACKGROUND

1. Plaintiff John Doe ("John Doe") is a minor. His mother, Jane Doe, commenced this action on his behalf as his next friend on April 23, 2026. Plaintiff alleges that Roblox's platform was unsafe and allowed an adult to contact, groom, and sexually exploit him in 2025.

2. Roblox was served with the summons and complaint on April 27, 2026.

3. Roblox moves to compel arbitration on two grounds. First, it relies on the arbitration agreement, including a delegation provision, in Section 13 of the Roblox Terms of Use, which Roblox contends John Doe accepted before this dispute arose (the "Predispute Agreement"). Second, it relies on John Doe's purported acceptance of Roblox's Terms of Service on April 30, 2026, three days after Roblox was served, which Roblox contends constituted acceptance of the Roblox Terms (the "April 30 Click").

## II. THE EFAA RENDERS THE PREDISPUTE AGREEMENT UNENFORCEABLE

4. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") provides that, "at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a).

5. A "sexual assault dispute" is "a dispute involving a nonconsensual

sexual act or sexual contact, as such terms are defined in section 2246 of title 18 or similar applicable Tribal or State law, including when the victim lacks capacity to consent.” 9 U.S.C. § 401(3).

6. The EFAA, 9 U.S.C. § 402(b) authorizes a court—not the arbitrator—to decide the threshold question whether the EFAA applies to an agreement to arbitrate and renders that agreement invalid or enforceable at the election of the person alleging conduct constituting a sexual assault dispute. That is so “irrespective of whether the party resisting arbitration challenges the arbitration agreement specifically or in conjunction with other terms of the contract containing such agreement, and irrespective of whether the agreement purports to delegate such determinations to an arbitrator.” 9 U.S.C. § 402(b).

7. This case relates to a sexual assault dispute within the meaning of 9 U.S.C. §§ 401 and 402. Plaintiff alleges that an adult used Roblox’s platform to contact, groom, and sexually exploit him while he was a minor, which included convincing John Doe to send to the adult sexually explicit images of himself masturbating.

8. Roblox argues that Section 402 applies only when the defendant moving to compel arbitration committed the alleged sexual assault or is vicariously liable for the assailant. The Court rejects this argument. The statute applies to “a case” that “relates to the sexual assault dispute.” 9 U.S.C. § 402(a). It does not limit its protection to claims against the assailant or those vicariously liable for the assailant.

9. Plaintiff has elected not to enforce the Predispute Agreement. Even assuming John Doe entered into the Predispute Agreement, it, including its delegation provision, is neither valid nor enforceable with respect to this case.

## III. THE APRIL 30 CLICK DID NOT CREATE AN ENFORCEABLE AGREEMENT TO ARBITRATE THIS ACTION

10. Section 402 does not reach an arbitration agreement made after the



WEINBERG WHEELER HUDGINS GUNN & DIAL

WEINBERG WHEELER HUDGINS GUNN & DIAL

dispute arose. The question is therefore whether the April 30 Click created an enforceable post-dispute agreement to arbitrate this pending action brought by John Doe through his mother as his "next of friend." The Court concludes that it did not.

11. No Nevada authority addresses this precise question. Nevada law, however, consistently commits the commencement and management of a minor's litigation to the parent, guardian, or guardian ad litem acting for the minor. See NRS 12.080 (parent or guardian may maintain action for injury to a minor child); NRCP 17(c) (minor sues by representative, next friend, or guardian ad litem); NRS 41.200 (compromise of a minor's claim requires petition by parent or guardian and court approval).

12. These provisions are not directly on point, and the Court does not equate an agreement to arbitrate with the compromise of a minor's claim. Together, however, they reflect a settled principle: once litigation is commenced on a minor's behalf, it is within the next of friend's statutory right to "maintain an action" for the minor. A minor cannot, without the representative's participation, surrender or redirect rights in the pending action.

13. The Court finds that John Doe himself made the April 30 Click. The Court finds that John Doe's mother, his next friend, did not make the April 30 Click, and she testified that she has never used or been on the Roblox platform or website.

14. This ruling does not turn on John Doe's general capacity to contract. It turns on who controls litigation already commenced on a minor's behalf. The April 30 Click was made by John Doe, after suit was filed and served, without the participation of his next friend or counsel. It is not effective to move this pending action to arbitration. This conclusion applies equally to the delegation provision in the Terms presented on April 30. Because the April 30 Click was ineffective to bind John Doe in this pending action, it did not bind him to delegate any question to an arbitrator, and the Court must decide whether it created an enforceable agreement.

15. This principle is not directed at arbitration agreements. It is a generally

applicable rule governing who may initiate and maintain litigation on a minor's behalf, and it applies equally to any agreement purporting to dispose of or alter a minor's rights in pending litigation. It is therefore a ground that exists "at law or in equity for the revocation of any contract," 9 U.S.C. § 2, and is consistent with the Federal Arbitration Act.

## IV. REMAINING ISSUES

16. The grounds stated above are each dispositive of the Motion. The EFAA renders any purported Predispute Agreement unenforceable at Plaintiff's election, and the April 30 Click did not create an enforceable agreement to arbitrate this action. The Court therefore does not reach the parties' remaining contentions, including those concerning contract formation and John Doe's purported disaffirmance of the Roblox Terms. Nothing in this Order expresses any view on those issues.

///

///

///

///

///

///

///

///

WEINBERG WHEELER HUDGINS GUNN & DIAL

# ORDER

IT IS HEREBY ORDERED that Defendant Roblox Corporation's Motion to Compel Arbitration and Stay Proceedings is DENIED.

DATED this ____ day of October, 2026.

Dated this 10th day of November, 2026

DISTRICT COURT JUDGE

**B14 CED 4C6F 814A**
**Eric Johnson**
**District Court Judge**

Respectfully submitted by:

*/s/ Rosemary Missisian*
D. Lee Roberts, Jr., Esq.
Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
*Attorney for Plaintiff John Doe*

Approved as to form and content:

*/s/ Argemira Florez Feng*
GREGORY A. BROWER, ESQ., Nevada Bar No. 5232
EMILY L. DYER, ESQ., Nevada Bar No. 14512
ASHLEY N. SCHOBERT, ESQ., Nevada Bar No. 16317
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

MICHAEL ATTANASIO, ESQ., *(pro hac vice)*
TIANA DEMAS, ESQ., *(pro hac vice)*
MAX BERSTEIN, ESQ., *(pro hac vice)*
ARGEMIRA FLOREZ FENG, ESQ., *(pro hac vice)*
COOLEY, LLP
10265 Science Center Dr.
San Diego, CA 92121-1117
Telephone: 858.550.6020
Facsimile: 858.550.6420

WEINBERG WHEELER HUDGINS GUNN & DIAL